1
2
3
4
5
6
7  **ALBERT F. COOMBES, ESQ.   SBN 60861**
   **15915 Ventura Blvd., Penthouse 4,**
8  **Encino, Ca. 91436**
   **Tel:   (818) 986-1533**
9  **Fax:   (818) 986-1657**
10 **Pro Se Defendant**
11
12
                    **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14

15 | **CHRISTINE CHANG,**              ) | No.   C 07 4005 EMC
   | **individually and as Guardian Ad** )
16 | **Litem for ERIC SUN, disabled,**  )
   |                                    )
17 |                   Plaintiffs,      ) | **NOTICE OF MOTION AND**
   |                                    ) | **MOTION TO DISMISS FOR LACK OF**
18 | vs.                                ) | **JURISDICTION OVER THE SUBJECT**
   |                                    ) | **MATTER AND/OR FAILURE TO**
19 | **ROCKRIDGE MANOR**                ) | **STATE A CLAIM UPON WHICH**
   | **CONDOMINIUM et al.**             ) | **RELIEF CAN BE GRANTED AND IN**
20 |                                    ) | **THE ALTERNATIVE, FOR A MORE**
   |                   Defendants.      ) | **DEFINITE STATEMENT**
21 |                                    ) | **[FRCP 12(b)(1) and (6) and 12(e)]**
   |                                    )
22 |                                    )
   |                                    ) | Date:       11/28/07
23 |                                    ) | Time:       10:30 a.m.
   |                                    ) | Courtroom:  C
24 |_____)

25        TO PLAINTIFFS IN PRO PER:

26        PLEASE TAKE NOTICE that on November 28, 2007 at 10:30 a.m. or as soon

27 thereafter as the matter may be heard in the above-entitled court, located at 450 Golden

28

**DEFENDANT ALBERT COOMBES' MOTION**
**PURSUANT TO FRCP 12(b) 1 & 6 and 12(e)**
                                    - 1 -

Gate Avenue, San Francisco, California 94102, defendant Albert Coombes will move the court to dismiss the action pursuant to FRCP 12(b)(1) and 12(b)(6) because of lack of jurisdiction over the subject matter and because plaintiffs' complaint fails to state a claim upon which relief can be granted, on the grounds that:

1. Although plaintiffs' complaint alleges violations of their civil rights, privileges and immunities guaranteed under the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution, none of the allegations directed to this answering defendant are in any way connected to any such violations.

2. Plaintiffs have failed to state facts sufficient to sustain causes of action for malicious prosecution/abuse of process, negligence, conspiracy to defraud and fraud against this answering defendant.

3. On the face of their complaint, plaintiffs have admitted that the statute of limitations has run on their claims for civil rights violations, negligence, malicious prosecution and abuse of process against this answering defendant.

In the alternative, defendant requests a more definitive statement pursuant to FCRP 12(e) because plaintiffs' complaint is so indefinite and uncertain that defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: October 8, 2007

/S/     **ALBERT COOMBES**
ALBERT F. COOMBES
Pro Se Defendant

////

////

////

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF ISSUES

The issues to be decided in this motion are:

1. Is plaintiffs' federal claim insubstantial?

2. Have plaintiffs pled sufficient facts against this defendant to successfully allege that he violated their civil rights, privileges and immunities guaranteed under the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments of the Constitution and Title 42 U.S.C. Section 1983?

3. Have plaintiffs pled sufficient facts against this defendant to allege prima facie causes of action for malicious prosecution, abuse of process, negligence, conspiracy to defraud and fraud?

4. Does plaintiffs' admission in their complaint that this defendants alleged wrongful acts occurred prior to September 10, 2004, negate their claims for civil rights violations, negligence, malicious prosecution and abuse of process because they are time-barred by the applicable Statute of Limitations?

5. Is the plaintiffs' complaint so indefinite and uncertain that the nature of the claim being asserted against this defendant cannot be ascertained and therefore defendant cannot reasonably be expected to frame a proper response?

## II

## RELEVANT FACTS

In Paragraph 1 of their complaint, plaintiffs state that they are seeking monetary damages for violations of the civil rights, privileges and immunities guaranteed under the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution of the United States of America and Title 42 U.S.C. Section 1983 and that jurisdiction is based

**DEFENDANT ALBERT COOMBES' MOTION**
**PURSUANT TO FRCP 12(b) 1 & 6 and 12(e)**

- 3 -

on 28 U.S.C. Section 1331 and 1343 (a)(1(3), (4).

Plaintiffs thereafter devote only two paragraphs of purprted factual allegations against this defendant.

Paragraph 109 (quoted verbatim) states: "Plaintiffs' fifth attorney Albert Coombes who Pamela Zimba consulted closely in every processes and legal proceeds. One month before Rockridge Manor trial was to begin[1]. Zimba held Plaintiff Chang by duress insisted Plaintiff Chang hiring Albert coombes with a retainer of $7,500, or otherwise, Zimba were to stop representing Plaintiffs immediately. When Plaintiffs settled with Defendants Rockridge Manor without trial, Albert Coombes represented Plaintiffs for about a week taking one expert witness' deposition, but extorted the total $7,500 with falsified accountings."

Paragraph 110 (quoted verbatim) states: "Upon information and belief and allegations, Albert Coombes was liable to Plaintiffs' injuries for Pamela Zimba's intentional, malicious, reckless, wanton, fraudulent representation. Plaintiff Chang witnessed Zimba's constant consultation of Albert Coombes on every processes and legal proceedings."

On the basis of what is alleged in these two paragraphs, plaintiffs have sued this defendant for: 1. Violations of their civil rights under the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution; 2. Malicious Prosecution/Abuse of Process; 3. Negligence; 4. Conspiracy to defraud; and 5. Fraud.

### III
### ARGUMENT

**A. Federal Jurisdiction**:

If a federal claim is "insubstantial," it cannot serve as the basis for "federal question" jurisdiction when the question presented is too insubstantial to consider.

---

[1] In Paragraph 107 of the complaint, plaintiffs allege the trial was to begin on September 10, 2004.

**DEFENDANT ALBERT COOMBES' MOTION
PURSUANT TO FRCP 12(b) 1 & 6 and 12(e)**

1  [Hagans v. Lavine (1974) 415 US 528, 537-538, 94 S.Ct. 1372, 1379-1380; Cook v. Peter Hiewit Sons Co. (9th Cir. 1985) 775 F2d 1030, 1035.]

A federal claim is not "colorable" if it "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or ... is wholly insubstantial and frivolous." [Bell v. Hood (1946) 327 US 678, 682-683, 66 S.Ct. 773, 776; Musson Theatrical, Inc. V. Federal Express Corp. (6th Cir. 1996) 89 F3d 1244, 1248.]

Mere allegations that plaintiffs were denied certain rights do not raise "colorable" constitutional claims. Plaintiffs must allege facts showing the basis on which their civil rights claim is based. [Hoye v. Sullivan (9th Cir. 1993) 985 F2d 990, 991.]

In their complaint, the plaintiffs have done no more than mouth the words "violations of civil rights" Nowhere, with regard to this defendant, do they allege facts showing the basis for their civil rights claim.

Therefore, jurisdiction should be denied for failure to raise a colorable constitutional claim by alleging sufficient facts showing the basis for the claim.

**B:  Did Plaintiffs Alleged Sufficient Facts Showing This Defendant Violated Their Civil Rights?**

In the aforementioned two paragraphs devoted to this defendant, plaintiffs have failed to allege any facts on which to base a claim for violation of their civil rights.

They have done no more than accuse him of charging too much for his services.

**C:  Have Plaintiffs Alleged Sufficient Facts To Substantiate Claims For Malicious Prosecution/Abuse Of Process, Negligence, Conspiracy To Defraud And Fraud Against This Defendant?**

(i)  Malicious Prosecution/Abuse of Process

The tort of Malicious Prosecution involves the malicious commencement of a civil proceeding which is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice.

The following elements must be shown: 1. Favorable termination of a prior

1  proceeding; 2. Lack of probable cause; and 3. Malice. [Williams v. Coombs (1986) 179
2  Cal.App.3d 626.]

3        None of these elements appear in plaintiffs allegations against this defendant.

4        The tort of Abuse of Process is committed by the misuse of process, such as
5  attachment or injunction. [Tranchina v. Arcinas (1947) 78 Cal.App.2d 522, 524.]

6        The essence of the tort is "misuse of the power of the court; it is an act done in the
7  name of the court and under its authority for the purpose of perpetrating an injustice."
8  [Meadows v. Bakersfield Savings & Loan Co. (1967) 250 Cal.App.2d 749, 753.]

9        Like Malicious Prosecution it requires the element of malice which may be
10 inferred from the wilful act in the use of the process not proper in the regular conduct of
11 the proceeding. [Templeton Feed & Grain v. Ralston Purina Co. (1968) 69 C.2d 461, 466;
12 Weisenburg v. Molina (1976) 58 Cal.App.3d 478, 489.]

13       Plaintiffs have failed to allege any of the above these elements against this
14 defendant.

15       (ii)    Negligence

16       Negligence involves the elements of duty, breach, causation and damages.
17 Plaintiffs' Third Cause of Action alleges in general terms that each and every defendant
18 owed a duty of care to the plaintiffs which they breached.

19       However, the factual allegations against this defendant merely state that he
20 somehow extorted $7,500.00 out of the plaintiffs for work he did on their case.   Such
21 allegations either sound in contract or fraud not negligence.

22       (iii)    Conspiracy to Defraud and Fraud

23       In all averments of fraud, the circumstances constituting the fraud shall be stated
24 "with particularity." Fraud must be pled "with a high degree of meticulousness."
25 [FRCP 9(b); Desaigoudar v. Meyercord (9th Cir. 2000) 223 F3d 1020, 1022-1023.]

26       Fraud averments failing to meet the Rule 9(b) standard are disregarded, and the
27 remaining allegations evaluated to see if a valid claim has been stated. [Vess v. Ciba-
28 Geigy Corp. USA (9th Cir. 2003) 317 F3d 1097, 1105.]

**DEFENDANT ALBERT COOMBES' MOTION
PURSUANT TO FRCP 12(b) 1 & 6 and 12(e)**

1    Allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). [Moore v. Kayport Package Express, Inc. (9th Cir. 1989) 885 F2d 531, 540; Wool v. Tandem Computers, Inc. (9th Cir. 1987) 818 F2d 1433, 1439.]

Rule 9(b) is usually interpreted to require that the plaintiffs include in their complaint facts specifying the alleged fraudulent allegations; allegations that the representations were false when made; the identity of the speaker; when and where the statements were made; and the manner in which the representations were false and misleading. [In re GlenFed, Inc. Secur. Litig. (9th Cir. 1994) 42 F3d 154, 1547, fn.7 (en banc); DiLeo v. Ernst & Young (7th Cir. 1990) 901 F2d 624, 627; Arnold & Assocs., Inc. v. Misys Healthcare Systems, a div. of Misys, PLC (D AZ 2003) 275 F.Supp.2d, 1013, 1018 (citing text).]

Here plaintiffs have failed to follow the Rule 9(b) requirements. The conclusory allegations in their Fourth and Fifth Causes of Action are insufficient to state a complaint for fraud or conspiracy to defraud.

**D:   Are The Plaintiffs' Claims For Violation Of Their Civil Rights, Negligence, Malicious Prosecution And Abuse Of Process Time-Barred?**

California Code of Civil Procedure §335.1 provides for a two-year limitations period for negligence, malicious prosecution and abuse of process. Further, CCP §335.1 has been borrowed by the federal courts in California for use in 42 USCS §1983 cases. [Washington v. Cambra (2003, ND Cal) 2003 US Dist Lexis 20336 citing Wilson v. Garcia, 471 U.S. 261, 276, 85 L.Ed.2d 254, 105 S.Ct. 1938 (1985); Elliott v. City of Union City (9th Cir. 1994) 25 F3d 800, 802.]

With regard to this defendant's alleged action, plaintiffs state in Paragraph 107 that the Rockridge Manor trial was set for September 10, 2004. Then, at Paragraph 109 they state that one month before the Rockridge Manor trial was to begin they hired Albert Coombes with a retainer of $7,500. They add that when they settled with Rockridge Manor, Albert Coombes had represented them for about one week.

**DEFENDANT ALBERT COOMBES' MOTION
PURSUANT TO FRCP 12(b) 1 & 6 and 12(e)**

- 7 -

This would mean that any action against this defendant controlled by the CCP§335.1 two-year limitations period would have had to have been filed on or before September/October, 2006. Plaintiffs filed their complaint on August 3, 2007, almost one year beyond the statute.

### E: The Plaintiffs' Complaint Is So Indefinite And Uncertain That This Defendant Cannot Reasonably Be Expected To Frame A Proper Response?

Plaintiffs complaint is against 16 defendants who are lumped together in a meandering factual background which rambles on for 109 paragraphs (paragraphs 24 to133).

Nowhere in those 109 paragraphs is there a clear definition of what was done to the plaintiffs by any particular defendants. Instead the story wanders from the conclusions and generalizations regarding the actions of the Rockridge Manor defendants to musings about the actions of five attorneys (three of whom are not defendants in the suit), a superior court judge, and the involvement of the combined University of California at Berkeley defendants.

All of this is further confused by the fact that in Paragraphs 108 and 109, plaintiffs state that they accepted a settlement with the Rockridge Manor defendants.

In their five causes of action they lump all the defendants together in vague terms, without further explanation, as follows:

1. First Cause of Action: "These Defendants acted in concert or acted independently to cause the same harm."
2. Second Cause of Action: "These Defendants corrupted every and each Plaintiffs attorneys in covering up their violation of laws or violence."
3. Third Cause of Action: "These Defendants intentionally, maliciously, wantonly, recklessly breached their duties to Plaintiffs Chang and Sun."
4. Fourth Cause of Action: "All Defendants in Rockridge Manor, University Of California Berkeley, Attorney Pamela Zimba, and Attorney Albert Coombes, conspired together to defraud against Plaintiffs."

5. Fifth Cause of Action) "All Defendants individually or as agent, representative, corporation, or public servant, had fraudulently defrauded Plaintiffs."

Plaintiffs cause further confusion by incorporating all of the first 133 paragraphs of their complaint in the First Cause of Action but not incorporating them into the remaining causes of action.

## CONCLUSION

For all of the foregoing reasons it is respectfully requested that Plaintiffs' complaint be dismissed with prejudice or in the alternative they be ordered to provide a more definite statement before this defendant has to file a responsive pleading.

DATED: October 8, 2007                    Respectfully submitted,


                                          /s/ ALBERT COOMBES
                                          ALBERT F. COOMBES
                                          Pro Se Defendant

////

////

////

////

////

////

////

////

////

////

## CERTIFICATE OF SERVICE

I, ALBERT COOMBES, hereby certify that on October 10, 2007, I forwarded a true and correct copy of my Notice Of Motion And Motion To Dismiss Plaintiffs'

1  Complaint For Lack Of Jurisdiction Over The Subject Matter And/Or Failure To State A
2  Claim Upon Which Relief Can Be Granted And In The Alternative, For A More Definite
3  Statement to the plaintiffs herein by placing a true copy thereof in a sealed envelope with
4  first class postage prepaid and addressed as follows:

> Christine Chang
> Individually and as Guardian Ad Litem for Eric Sun
> 341 Tideway Drive, #214
> Alameda, Ca. 94501

I caused such envelope to be placed for collection and mailing in the United States Mail at Encino, California.

Dated: October 10, 2007

                    /s/ ALBERT COOMBES
                        ALBERT COOMBES
                        Pro Se Defendant