1  GAYLYNN KIRN CONANT, State Bar No. 161247
   gkc@llcllp.com
2  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
3  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
4  Telephone:    (510) 433-2600
   Facsimile:    (510) 433-2699
5
6  Attorneys for Defendants

7  THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA, ROBERT BIRGENEAU,
   CONSTANCE PEPPERS CELAYA, ADAN
8  TEJADA, VICTORIA HARRISON, ALLAN
   KOLLING, TOM KLATT and SUSAN VON
9  SEEBURG

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14
   CHRISTINE CHANG, individually and as          Case No.  C-07-4005 EMC
15 Guardian ad Litem for ERIC SUN,
   disabled,                                     **MEMORANDUM OF POINTS AND**
16                                               **AUTHORITIES IN SUPPORT OF THE**
                   Plaintiff,                    **MOTION/APPLICATION OF**
17                                               **DEFENDANTS THE REGENTS OF THE**
        v.                                       **UNIVERSITY OF CALIFORNIA, ROBERT**
18                                               **BIRGENEAU, CONSTANCE PEPPERS**
   ROCKRIDGE MANOR                               **CELAYA, ADAN TEJADA, VICTORIA**
19 CONDOMINIUM, et al.,                          **HARRISON,  ALLAN KOLLING, TOM**
                                                 **KLATT AND SUSAN VON SEEBURG FOR**
20                 Defendants.                   **RELIEF FROM DEFAULT/OPPOSITION**
                                                 **TO MOTION FOR DEFAULT JUDGMENT**
21                                               **AND LEAVE TO FILE MOTION TO**
                                                 **DISMISS**
22
                                                 Date:       November 28, 2007
23                                               Time:       10:30 a.m.
                                                 Courtroom:  C
24                                               Judge:      Magistrate Judge Edward M. Chen

25

26 **I.    INTRODUCTION**

27          This is an action brought by plaintiffs in the aftermath of an unsuccessful civil action in

   Alameda Superior Court against defendant Constance Peppers Celaya for an alleged assault that
28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1  occurred in a privately owned condominium complex in Oakland in 2001.  Three years after

2  judgment was entered in Ms. Celaya's favor, Plaintiffs Christine Chang and Eric Sun have filed

3  the instant Complaint against the University of California and multiple U.C. Berkeley officials

4  alleging five causes of action against all named defendants for: (1) Violations of Civil Rights, (2)

5  Malicious Prosecution/Abuse of Process, (3) Negligence, (4) Conspiracy and (5) Fraud.

6       It appears from the Complaint that the claims arise from Plaintiffs' contention that U.C.

7  Berkeley Officials should have provided Plaintiff's with employment records concerning Ms.

8  Celaya when she requested them, and they should have taken action in response to Plaintiffs'

9  notification to the University that she had allegedly been assaulted by Ms. Celaya (in a private

10  dispute in a laundry room of the condominium complex).

11       Plaintiff Christine Chang has served an incomplete and inaccurate Proof of Service

12  indicating that all of the University of California affiliated defendants (The Regents Of The

13  University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria

14  Harrison, Allan Kolling, Tom Klatt and Susan Von Seeburg ("University defendants") were

15  "personally served" at two addresses indicated on the proof on September 7, 2007.  [See Proof of

16  Service dated September 7, 2007 attached as Exhibit A to Conant Declaration].

17       Plaintiffs subsequently filed and mail-served several "Motion(s) for Default Judgment Be

18  Entered" [sic] on each University defendant on October 5, 2007.

19       As of the filing of the instant motion/application, the docket does not show that a default

20  judgment has been entered against any defendant.

21       Nevertheless, it appears that service was affected on U.C. Berkeley Chancellor Robert

22  Birgeneau, Victoria Harrison and Allan Kolling via substitute service on September 7, 2007.  The

23  remaining parties were not properly served with Summons and Complaint (see accompanying

24  declarations).

25       In order to facilitate getting this matter at issue and before the Court, all of the University

26  defendants are prepared to appear via motion to dismiss which is being filed concurrently with the

27  instant application.   To the extent that some of the University defendants did not file an

28  appearance within twenty days of being served, defendants seek relief from the default and leave

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

- 2 -

MPA IN SUPPORT OF MOT/APP. FOR
RELIEF FROM DEFAULT C-07-4005 EMC

1  to file their Motion to Dismiss on the grounds that the failure to file a timely response to the

2  complaint was the result of a mistake of fact and excusable neglect .

3  ## II.    FACTS RELATING TO DEFAULT

4         On or about September 10, 2007, the third party administrator for The Regents of the

5  University of California received notice from the Office of General Counsel for the Regents of

6  the University of California that a blind suit had been filed by Christine Chang and Eric Sun

7  against several defendants, including several University of California, Berkeley officials.  Shortly

8  thereafter, Jim Taylor was assigned as the claims representative to handle the Chang matter,

9  including assigning the defense of the case to outside counsel.

10        Due to the medical leave of another claims representative, Mr. Taylor's case load has

11  increased significantly in the last two months, requiring him to be out of the office more

12  frequently to attend Mandatory Settlement Conferences, mediations and campus coordination

13  meetings for both general liability and employment law suits filed against The Regents.  In

14  addition, the number of incoming, new cases has doubled during this time.  As a result of the

15  increased work load, Mr. Taylor inadvertently believed the Chang complaint had been filed in

16  state court and believed that none of the University of California affiliated witnesses had been

17  served with summons and complaint as of September 10, 2007.

18        Due to the press of other time-sensitive business, Mr. Taylor did not have the opportunity

19  to assign the matter to outside defense counsel until October 4, 2007.  The delay in assigning the

20  case to defense counsel was inadvertent and due to Mr. Taylor's work backlog and my belief that

21  service had not been affected on any of the named defendants.  There was no reference in the

22  assignment letter to defense counsel to any service on the University of California defendants, as

23  it was still Mr. Taylor's belief that no service had been effected.

24        It was not until the week of October 8th that Mr. Taylor learned from defense counsel that

25  the court electronic docket showed that plaintiff had filed a proof of service representing that all

26  of the University of California affiliated defendants had been served on September 7, 2007.  At

27  that time Mr. Taylor reviewed his file and discovered that the Office of General Counsel had

28  previously advised that Summons and Complaint had apparently been served, via substituted

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

- 3 -

1    service, on the Chancellor of University of California, Berkeley, Robert Birgeneau on September

2    7, 2007. Mr. Taylor had no information that any of the other named University of California

3    defendants were properly served with Summons and Complaint. [See Declaration of Jim Taylor].

4        Meanwhile, defense counsel (GayLynn Conant) received and reviewed copies of the

5    Summons and Complaint and Mr. Taylor's defense assignment on Monday, October 8, 2007. A

6    review of the Court's electronic docket showed plaintiffs had filed a proof of service representing

7    that each of the eight named University of California affiliated defendants had been personally

8    served on September 7, 2007 which suggested all of the University defendants had failed to

9    respond to the complaint within twenty days.

10        Defense counsel contacted each of the defendants to determine the actual service status

11    and it appeared that several of the defendants had not been properly served with Summons and

12    Complaint. [See Von Seeburg, Tejeda, Klatt, Conant and Celaya Declarations]. Meanwhile, On

13    October 10, 2007 defense counsel was advised that several of the University defendants had

14    received a "Motion for Default Judgment Be Entered" via mail. As there appeared to be multiple

15    defenses to the claims asserted against the University defendants, defense counsel promptly began

16    preparation of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the

17    alternative, for a more definite statement pursuant to FRCP 12(e).

18        The motion to dismiss, and the instant motion/application for relief from default were

19    filed as quickly as possible given defense counsels existing work load and calendar and within

20    seven business days of defense counsel's initial receipt and review of the Summons and

21    Complaint.

22        As several other named defendants have not yet appeared in the action, the case is not yet

23    at issue, so there can be no prejudice to the Plaintiffs if defendants are permitted to appear and

24    have their Motion to Dismiss heard as noticed.

25    III.    **FACTS RELATING TO MERITORIOUS DEFENSE**

26        Without repeating the entire motion to dismiss, there are multiple defenses to the instant

27    action on behalf of all of the University defendants. The grand majority of the 139 paragraph

28    Complaint appears to relate to a 2001 alleged assault on Ms. Chang and/or Mr. Sun at a

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

- 4 -

MPA IN SUPPORT OF MOT/APP. FOR
RELIEF FROM DEFAULT C-07-4005 EMC

1   residential condominium complex in Oakland by defendant Celaya. [See, e.g. paragraphs 62, 69].

2   This alleged incident was the subject of a civil lawsuit filed by plaintiffs Christine Chang and Eric

3   Sun in Alameda County Superior Court on April 2, 2002.  The case was tried and judgment

4   entered in Ms. Celaya's favor on August 11, 2004.  [See Request for Judicial Notice, Exhibits A

5   and B, the complaint and judgment in action number 2002-046048 and paragraph 99 of the

6   instant complaint].

7        Meanwhile, plaintiffs allege that the day after the 2001 "assault/battery," she contacted the

8   U.C. Berkeley Police Department ("UCBPD"), Ms. Celaya's employer, to complain about Ms.

9   Celaya.  "A few days later" Ms. Chang was advised by UCBPD that it would not take any action

10  concerning this (off-campus) incident and the Complaint alleges that the UCBPD "took no

11  action" in response to the civil complaint filed in Alameda County Superior Court. [Paragraphs

12  115 and 116].

13       Plaintiff also complains that she was not provided with Ms. Celaya's UC Berkeley

14  personnel file, although the complaint admits that none of her attorneys ever subpoenaed Ms.

15  Celalya's "police offensive training records" while the prior case was pending [Paragraph 117].

16       A year after judgment was entered in Ms. Celaya's favor, Ms. Chang filed a Motion to

17  Vacate/Set Aside the Judgment. That motion was denied on September 29, 2005 as untimely by

18  approximately six months.  [Paragraph 125].  The Complaint alleges that around this time (the

19  Complaint is vague as to time), Ms. Chang "mailed subpoena [sic]  to U.C. Berkeley Police

20  Department for aggravated assault/battery Defendant Constance Peppers Celaya's police

21  offensive training and update records." [Paragraph 126].  Although it is unclear from the

22  Complaint, it appears that Ms. Chang was seeking production of a portion of Ms. Celaya's

23  personnel file at the September 16, 2005 hearing on her tardy motion to vacate the judgment.  The

24  order denying Ms. Chang's motion to vacate is silent on any purported subpoena issue.  [See

25  Request for Judicial Notice, Exhibit C].

26       Thereafter, Ms. Chang alleges she "wrote a letter with evidence to Defendant U.C.

27  Berkeley Chancellor Robert Birgeneau" and that Chancellor Birgeneau "delegated his duties to

28  his staffs."  [Paragraph 133].  The Complaint does not contain any allegations that any actions by

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

MPA IN SUPPORT OF MOT/APP. FOR
RELIEF FROM DEFAULT C-07-4005 EMC

1    any of the University officials were motivated by personal issues or for personal gain.

2         Thus, it appears there are multiple defenses to the Complaint including:

3    •    The claims asserted against the University defendants are barred by the immunity

4         afforded to state public entities and their officials by the Eleventh Amendment to

5         the U.S. Constitution;

6    •    The claims asserted against the University defendants are barred by the implied

7         immunity afforded to public employees not otherwise immune by virtue of the

8         Eleventh Amendment to the U.S. Constitution;

9    •    Plaintiff's federal civil rights claim fails as no cognizable interest under §1983 has

10        been identified and the vague, conclusory allegations of university participation in

11        civil rights violations are insufficient to state a cause of action;

12   •    The tort claims are barred by immunities available to the University defendants;

13   •    The tort claims asserted are barred by the litigation privilege [California Civil

14        Code §47(b);

15   •    All causes of action asserted against the University  defendants concerning the

16        "pre-judgment conduct" are barred by the applicable statute of limitations;

17   •    All causes of action asserted against the University defendants are without merit as

18        plaintiffs' Complaint is devoid of facts sufficient to state a cause of action for any

19        conceivable theory in any event.

20   •    Christine Chang has no standing to represent plaintiff Eric Sun in propria persona.

21   **IV.    AUTHORITY FOR RELIEF FROM DEFAULT**

22        Rule 55(c) of the Federal Rules of Civil Procedure provides:  "For good cause shown the

23   court may set aside an entry of default and, if a judgment by default has been entered, may

24   likewise set it aside in accordance with Rule 60(b)."

25        Since provisions for relief are remedial in nature, they may be liberally applied and default

26   judgments are generally disfavored.  Where a defendant seeks timely relief from default and has a

27   meritorious defense, doubts about relief should be resolved in favor of granting the motion or

28   application for relief from default.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Pena v.

- 6 -

1  Seguros La Comercial, S.A. 770 F.2d 811, 814; Schwab v. Bulluck's, Inc. 508 F.2d 353, 355 (9th

2  Cir. 1985).

3         Mistake, inadvertence, surprise or excusable neglect constitutes "good cause" for relief

4  from default. Chrysler Credit Corp. v. Macino, 710 F.2d 363, 368 (7th Cir. 1983). Where a

5  default judgment is obtained because of a mistaken understanding of the facts concerning the duty

6  to respond or mistaken information as to the date service of process is affected, relief from default

7  is appropriate. See, e.g. 999 v. Cox & Co. 574 F.Supp. 1026, 1029 (ED MO 1983). In this case,

8  there was considerable confusion as to whether service of process had been affected and an

9  inadvertent delay in assigning the case to outside defense counsel on behalf of all of the

10  University defendants. There has been no culpable conduct on the part of any defendant as there

11  has been no intent to take advantage of the opposing party or interfere with judicial decision-

12  making, or otherwise manipulate the legal process. See, TCI Group Life Ins. Plan v. Knoebber,

13  244 F.3d 691, 697. Likewise, the case is not at issue, no Case Management Conference has

14  occurred and the Initial Disclosure deadline has not lapsed. Thus, there is no basis to any claim

15  by plaintiffs of prejudice.

16         Consequently, defendants request that they be relieved from any default (in terms of

17  failure to respond to the Complaint within 20 days of alleged service) and that their Motion to

18  Dismiss be heard on the noticed date of Novemeber 28, 2007, a date in which another defendant's

19  (Albert Combes) motion to dismiss is already set to be heard.

20  Dated:    October 17, 2007                LOMBARDI, LOPER & CONANT, LLP

21

22                                   By: _____

23                                       GAYLYNN KIRN CONANT
                                         Attorneys for Defendants
24                                       THE REGENTS OF THE UNIVERSITY
                                         OF CALIFORNIA, ROBERT
25                                       BIRGENEAU, CONSTANCE PEPPERS
                                         CELAYA, ADAN TEJADA, VICTORIA
26                                       HARRISON, ALLAN KOLLING, TOM
                                         KLATT and SUSAN VON SEEBURG
27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

MPA IN SUPPORT OF MOT/APP. FOR
                                          RELIEF FROM DEFAULT C-07-4005 EMC