GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA, ROBERT BIRGENEAU,
CONSTANCE PEPPERS CELAYA, ADAN
TEJADA, VICTORIA HARRISON, ALLAN
KOLLING, TOM KLATT and SUSAN VON
SEEBURG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>Plaintiff,<br><br>v.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case No. C-07-4005 EMC<br><br>**DECLARATION OF JIM TAYLOR IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT**<br><br>Date:          November 28, 2007<br>Time:         10:30 a.m.<br>Courtroom: C<br>Judge:        Magistrate Judge Edward M. Chen |

I, JIM TAYLOR, declare and state as follows:

1.  I am a claims representative with SEDGWICK CLAIMS SERVICES, the third party administrator for The Regents of the University of California. I have personal knowledge of the following facts and could and would testify thereto if called upon to do so.

2.  On or about September 10, 2007, our company received notice from the Office of General Counsel for the Regents of the University of California that a Complaint had been filed by Christine Chang and Eric Sun against several defendants, including several University of California, Berkeley officials. Shortly thereafter, I was assigned as the claims representative to handle the Chang matter.

DECLARATION OF JIM TAYLOR
C-07-4005 EMC

3. Due to the medical leave of another claims representative, my case load has increased significantly in the last two months, requiring me to be out of the office more frequently to attend Mandatory Settlement Conferences, mediations and campus coordination meetings for both general liability and employment law suits filed against The Regents. In addition, the number of incoming, new cases has doubled during this time. As a result of the increased work load, I inadvertently believed the Chang complaint had been filed in state court and believed that none of the University of California affiliated witnesses had been served with summons and complaint.

4. Accordingly, due to the press of other time-sensitive business, I did not have the opportunity to assign the matter to outside defense counsel until October 4, 2007. The delay in assigning the case to defense counsel was inadvertent and due to my work backlog and my belief that service had not been affected on any of the named defendants. There was no reference in my letter to defense counsel to any service on the University of California defendants, as it was still my belief that no service had been effected.

5. It was not until the week of October 8th that I learned from defense counsel that the court docket showed that plaintiff had filed a proof of service representing that all of the University of California affiliated defendants had been served. At that time I again reviewed my file and discovered that the Office of General Counsel had previously advised that Summons and Complaint had apparently been served, via substituted service, on the Chancellor of University of California, Berkeley, Robert Birgeneau on September 7, 2007. I have no information that any of the other named University of California defendants were properly served with Summons and Complaint on that date.

Executed this 17th day of October, 2007 at Walnut Creek, California.



JIM TAYLOR

-2-

DECLARATION OF JIM TAYLOR
C-07-4005 EMC