1  GAYLYNN KIRN CONANT, State Bar No. 161247
   gkc@llcllp.com
2  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
3  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
4  Telephone:     (510) 433-2600
   Facsimile:      (510) 433-2699
5
   Attorneys for Defendants
6  THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA, ROBERT BIRGENEAU,
7  CONSTANCE PEPPERS CELAYA, ADAN
   TEJADA, VICTORIA HARRISON, ALLAN
8  KOLLING, TOM KLATT and SUSAN VON
   SEEBURG

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

12

13  CHRISTINE CHANG, individually and as    Case No.  C-07-4005 EMC
    Guardian ad Litem for ERIC SUN,
    disabled,                                **MEMORANDUM OF POINTS AND**
14                                           **AUTHORITIES IN SUPPORT OF**
                Plaintiff,                   **MOTION TO DISMISS PURSUANT TO**
15                                           **FRCP 12(b)(6) OR, IN THE**
         v.                                  **ALTERNATIVE,  MOTION FOR A MORE**
16                                           **DEFINITE STATEMENT [F.R.C.P. 12(e)]**
    ROCKRIDGE MANOR
17  CONDOMINIUM, et al.,                    Date:        November 28, 2007
                                            Time:        10:30 a.m.
18              Defendants.                 Courtroom:   C
                                            Judge:       Magistrate Judge Edward M. Chen
19

20

21

22

23

24

25

26

27

28

30284-37261 GKC 543922.1                              MPA IN SUPPORT OF DEFENDANTS'
                                                      MOTION TO DISMISS C-07-4005 EMC

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. SUMMARY OF ALLEGATIONS ................................................................................ 1
III. SUMMARY OF ARGUMENT ...................................................................................... 2
IV. LEGAL ARGUMENT .................................................................................................... 3
    A. STANDARD OF REVIEW FOR MOTION TO DISMISS .................................. 3
    B. THE COMPLAINT IS BARRED AS TO EACH OF THE UNIVERSITY OF CALIFORNIA DEFENDANTS BY THE IMMUNITY PROVIDED BY THE ELEVENTH AMENDMENT ................................................................. 3
    C. THE CLAIMS AGAINST THE UNIVERSITY OFFICIALS/EMPLOYEES ARE BARRED BY THE IMPLIED IMMUNITY DOCTRINE ................................................................................................ 4
    D. PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIM FAILS AS NO COGNIZABLE INTEREST UNDER §1983 HAS BEEN IDENTIFIED AND THE VAGUE, CONCLUSORY ALLEGATIONS OF UNIVERSITY PARTICIPATION IN CIVIL RIGHTS VIOLATIONS ARE INSUFFICIENT .................................................................................... 5
    E. THE STATE-BASED TORT CLAIMS ARE BARRED AS SUCH CLAIMS CANNOT BE ASSERTED AGAINST THE UNIVERSITY OF CALIFORNIA ......................................................................................................... 7
    F. EACH TORT CAUSES OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE DISCRETIONARY IMMUNITY AFFORD TO PUBLIC EMPLOYEES .......................................... 7
    G. ALTERNATIVELY, THE STATE-BASED CLAIMS AGAINST THE UNIVERSITY OF CALIFORNIA OFFICIALS ARE BARRED BY THE LITIGATION PRIVILEGE ..................................................................................... 8
    H. THE CLAIMS FOR VIOLATION OF CIVIL RIGHTS, MALICIOUS PROSECUTIONS/ABUSE OF PROCESS, NEGLIGENCE AND CONSPIRACY ARE BARRED BY THE STATUTE OF LIMITATIONS .......... 9
    I. ANY TORT CLAIMS ARE BARRED AS THE ESSENTIAL ELEMENTS CANNOT BE ESTABLISHED ........................................................ 9
CONCLUSION……………………………………………………………………………..11

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

Anderson v. Creighton
   483 U.S. 635 (1987)..................................................................................................... 5

B.V. Engineering v. University of California Los Angeles
   858 F.2d 1394 (9th Cir. 1970, cert. den., 401 U.S. 981)............................................... 4

Balistreri v. Pacifica Police Department
   901 F.2d 696 (9th Cir. 1990)......................................................................................... 3

Daniels v. Williams
   474 U.S. 327 (1986)..................................................................................................... 6

Hans v. Louisiana
   134 U.S. 1, 10 S.Ct. 504 (1890) ................................................................................... 4

Harlow v. Fitzgerald
   457 U.S. 800 (1982)..................................................................................................... 4

Hunter v. Bryant
   (1991) 502 U.S. 224 ..................................................................................................... 8

Johnson v. Barker
   799 F.2d 1396 (9th Cir. 1986)....................................................................................... 6

Kimel v. Florida Bd. of Regents
   528 U.S. 62, 120 S.Ct. 631 (2000) ............................................................................... 4

Leeds v. Meltz
   85 F.3d 51 (2d Cir. 1993).............................................................................................. 3

Michell v. Forsyth
   472 U.S. 511 (1985).................................................................................................. 4, 5

Moore v. Kayport Package Express, Inc.
   885 F.2d 531 (1989).................................................................................................... 10

Pena v. Gardner
   976 F.2d 469 (9th Cir. 1992)......................................................................................... 6

Pennhurst State School & Hosp. v. Halderman
   465 U.S. 89 (1984)....................................................................................................... 4

Pomerantz v. County of Los Angeles
   674 F.2d 1288 (9th Cir. 1982)....................................................................................... 6

Quern v. Jordan
   440 U.S. 332 (1979)..................................................................................................... 4

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# TABLE OF AUTHORITIES

**Page**

Sykes v. California (DMV)
   497 F.2d 197 (9th Cir. 1974) .................................................................................................. 6

Thompson v. City of Shasta Lake
   314 F.Supp.2d 1017 (E.D. Cal. 2004) .................................................................................... 9

Van Ort v. Estate of Stanewich
   92 F.3d 831 (9th Cir. 1996) .................................................................................................... 6

Vaughan v. Regents of the University of California
   504 F.Supp. 1349 (E.D. Cal. 1981) ........................................................................................ 4

Will v. Michigan Department of State Police
   491 U.S. 58, 109 S.Ct. at 2313 ............................................................................................... 4

**State Cases**

Agosta v. Astor
   120 Cal.App.4th 133 (2004) ................................................................................................ 10

Benavidez v. San Jose Police Department
   71 Cal.App.4th 853 (1999) .................................................................................................. 10

Citizens Capital Corp. v. Spohn
   (1982) 133 Cal.App.3d 887 ................................................................................................... 8

City of Sacramento v. Superior Court
   131 Cal.App.3d 395 (1982) ................................................................................................. 10

Colome v. State Athletic Commission of California
   (1996) 47 Cal.App.4th 1444 .................................................................................................. 7

Foothill Federal Credit Union v. Superior Court (King)
   66 Cal. Rptr. 3d 249 (2007) ............................................................................................... 8, 9

Hoff v. Vacaville Unified School District
   19 Cal.4th 925 (1998) .......................................................................................................... 10

Kayfetz v. State of Calif.
   (1984) 156 Cal.App.3d 491 ................................................................................................... 8

Kemmerer v. Fresno County
   (1988) 200 Cal.App.3d 1426 ................................................................................................. 8

Lipman v. Brisbane Elementary School Dist.
   (1961) 55 Cal. 2d 224 ............................................................................................................ 7

Michael J. v. Los Angeles County Dept. of Adoptions \
   (1988) 201 Cal.App.3d 859 ................................................................................................... 7

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# TABLE OF AUTHORITIES

**Page**

Palmer v. Regents of University of California
 (2003) 107 Cal.App.4th 899 ............................................................................................... 7

Silberg v. Anderson
 (1990) 50 Cal.3d 205 ..................................................................................................... 8, 9

Summers v. City of Cathedral City
 (1990) 225 Cal.App.3d 1047............................................................................................. 8

Thompson v. County of Alameda,
 27 Cal.3d 741 (1980) ...................................................................................................... 10

**Federal Statutes**

42 USC §1983 ....................................................................................................................... 5

**State Statutes**

Cal. Gov't Code §815(a)........................................................................................................ 7
Cal. Gov't. Code §818.8 ...................................................................................................... 10
Cal. Gov't Code §820.2 ......................................................................................................... 7
Cal. Gov't Code §821.6 ......................................................................................................... 8
California Civil Code §47(b) ................................................................................................. 3
California Code of Civil Procedure §335.1........................................................................... 9

**Federal Rules**

FRCP 9(b) ............................................................................................................................ 10
Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1

## I. INTRODUCTION

Plaintiffs Christine Chang and Eric Sun have filed the instant Complaint against multiple U.C. Berkeley officials and others alleging five causes of action against all named defendants for: (1) Violations of Civil Rights, (2) Malicious Prosecution/Abuse of Process, (3) Negligence, (4) Conspiracy and (5) Fraud).  In addition to basic pleading deficiencies, each of these causes of action is barred as a matter of law as to all of the University of California affiliated defendants. Accordingly, The Regents Of The University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, , Allan Kolling, Tom Klatt and Susan Vonseeburg ("University defendants") move for dismissal of the instant action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, the essential elements of the five causes of action are not pled with sufficient particularity and what allegations appear in the lengthy complaint are largely incoherent.  Thus, if the Complaint is not dismissed by way of FRCP 12(b)(6),  the University defendants move, in the alternative,  for an order requiring a more definite statement concerning the allegations and claims asserted against them pursuant to F.R.C.P. 12(e).

## II. SUMMARY OF ALLEGATIONS

The grand majority of the 139 paragraph Complaint appears to relate to a 2001 alleged assault on Ms. Chang Mr. Sun at a residential condominium complex in Oakland by defendant Celaya. [See, e.g. paragraphs 62, 69]. This alleged incident was the subject of a civil lawsuit filed by plaintiffs Christine Chang and Eric Sun in Alameda County Superior Court on April 2, 2002.  The case was tried and judgment entered in Ms. Celaya's favor on August 11, 2004.  [See Request for Judicial Notice, Exhibits A and B, the complaint and judgment in action number 2002-046048 and paragraph 99 of the instant complaint].

Meanwhile, plaintiffs allege that the day after the 2001 "assault/battery," she contacted the U.C. Berkeley Police Department ("UCBPD"), Ms. Celaya's employer, to complain about Ms. Celaya.  "A few days later" Ms. Chang was advised by UCBPD that it would not take any action concerning this (off-campus) incident and the Complaint alleges that the UCBPD "took no

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  action" in response to the civil complaint filed in Alameda County Superior Court. [Paragraphs
2  115 and 116].

3  Plaintiff also complains that she was not provided with Ms. Celaya's UC Berkeley
4  personnel file, although the complaint admits that none of her attorneys ever subpoenaed Ms.
5  Celalya's "police offensive training records" while the prior case was pending [Paragraph 117].

6  A year after judgment was entered in Ms. Celaya's favor, Ms. Chang filed a Motion to
7  Vacate/Set Aside the Judgment. That motion was denied on September 29, 2005 as untimely by
8  approximately six months. [Paragraph 125]. The Complaint alleges that around this time (the
9  Complaint is vague as to time), Ms. Chang "mailed subpoena [sic] to U.C. Berkeley Police
10 Department for aggravated assault/battery Defendant Constance Peppers Celaya's police
11 offensive training and update records." [Paragraph 126]. Although it is unclear from the
12 Complaint, it appears that Ms. Chang was seeking production of a portion of Ms. Celaya's
13 personnel file at the September 16, 2005 hearing on her tardy motion to vacate the judgment. The
14 order denying Ms. Chang's motion to vacate is silent on any purported subpoena issue. [See
15 Request for Judicial Notice, Exhibit C].

16 Thereafter, Ms. Chang alleges she "wrote a letter with evidence to Defendant U.C.
17 Berkeley Chancellor Robert Birgeneau" and that Chancellor Birgeneau "delegated his duties to
18 his staffs." [Paragraph 133]. The Complaint does not contain any allegations that any actions by
19 any of the University officials were motivated by personal issues or for personal gain.

20 **III.  SUMMARY OF ARGUMENT**

21 • The claims asserted against the University defendants are barred by the immunity
22   afforded to state public entities and their officials by the Eleventh Amendment to
23   the U.S. Constitution;

24 • The claims asserted against the University defendants are barred by the implied
25   immunity afforded to public employees not otherwise immune by virtue of the
26   Eleventh Amendment to the U.S. Constitution;

27
28

30284-37261 GKC 543922.1        - 2 -        MPA IN SUPPORT OF DEFENDANTS'
                                             MOTION TO DISMISS C-07-4005 EMC

- Plaintiff's federal civil rights claim fails as no cognizable interest under §1983 has been identified and the vague, conclusory allegations of university participation in civil rights violations are insufficient to state a cause of action;
- The tort claims are barred by immunities available to the University defendants;
- The tort claims asserted are barred by the litigation privilege [California Civil Code §47(b);
- All causes of action asserted against the University defendants concerning the "pre-judgment conduct" are barred by the applicable statute of limitations;
- All causes of action asserted against the University defendants are without merit as plaintiffs' Complaint is devoid of facts sufficient to state a cause of action for any conceivable theory in any event;
- Christine Chang has no standing to represent plaintiff Eric Sun in propria persona.

## IV. LEGAL ARGUMENT

### A. STANDARD OF REVIEW FOR MOTION TO DISMISS

F.R.C.P. 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a motion to dismiss under FRCP 12(b)(6) the Court is only required to accept as true well-pleaded allegations. It is not required to accept conclusions of law. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."]. A dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Department, 901 F.2d 696 (9th Cir. 1990).

### B. THE COMPLAINT IS BARRED AS TO EACH OF THE UNIVERSITY OF CALIFORNIA DEFENDANTS BY THE IMMUNITY PROVIDED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment to the U.S. Constitution generally bars federal courts from exercising jurisdiction over cases brought by citizens against state entities. The Amendment has been interpreted for over a century to bar suits against states by their own citizens as well as

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30284-37261 GKC 543922.1 - 3 - MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS C-07-4005 EMC

"Citizens of another State." <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 S.Ct. 504 (1890); <u>Kimel v. Florida Bd. of Regents</u>, 528 U.S. 62, 72-73, 120 S.Ct. 631 (2000).  Further, the Eleventh Amendment bars claims against state entities for both monetary and equitable relief. e.g., <u>Quern v. Jordan</u>, 440 U.S. 332, 337 (1979 [monetary]; <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100-01 (1984) [equitable].

The Regents and the entities it administers are considered instrumentalities of the state for Eleventh Amendment purposes, and following the principles announced in <u>Will</u> the Ninth Circuit Court of Appeals has held specifically that The Regents is not a "person" within the meaning of Section 1983. <u>Thompson v. City of Los Angeles</u>, <u>supra</u>, 885 F.2d at 1443; <u>B.V. Engineering v. University of California Los Angeles</u>, 858 F.2d 1394, (9th Cir. 1970, cert. den., 401 U.S. 981); <u>Vaughan v. Regents of the University of California</u>, 504 F.Supp. 1349, 1353-1354 (E.D. Cal. 1981).

Further, as plaintiffs have sued the various University of California officials because of things they allegedly did or did not do in the course and scope of their capacity as administrative employees of The Regents, they too are entitled to Eleventh Amendment immunity. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. at 2313 ["[w]e hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"] (emphasis added).

Based upon the immunity from suit in federal court afforded to The Regents and its officials, the case must be dismissed in its entirety.

**C.    THE CLAIMS AGAINST THE UNIVERSITY OFFICIALS/EMPLOYEES ARE BARRED BY THE IMPLIED IMMUNITY DOCTRINE**

The individual defendants are also qualifiedly immune from suit and liability for damages because Plaintiff fails to plead that they violated clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>Harlow v. Fitzgerald</u> 457 U.S. 800, 818 (1982); <u>Michell v. Forsyth</u> 472 U.S. 511, 525-526 (1985) ["Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."].

1    Plaintiff asserts, in conclusory fashion, that the individual University defendants are also being sued in their individual capacities, as opposed to official capacities only. Assuming *arguendo* that these conclusory allegations were sufficient to preclude dismissal based upon the 11th Amendment (a contention without merit based upon the pleading admissions contained in the complaint), pubic employees are still protected by the common law qualified immunity. This qualified immunity is not merely an immunity from liability, but "an immunity from suit," meaning an immunity from the burdens of trial and pretrial discovery and protects public employees who carry out executive and administrative functions. Mitchell v. Forsyth, supra, at 526.

The complaint alleges acts by the individual University defendants which occurred in the course and scope of their public employment and which entail administrative and/or executive functions (ie how to respond to a subpoena, whether to respond to a community complaint about a University employee concerning a matter unrelated to University business). These administrative and discretionary acts are clearly barred by the implied immunity doctrine. The complaint is devoid of any indication of how exactly the University defendants violated the plaintiffs' civil rights or otherwise violated the constitution. The plaintiffs were required to plead, with sufficient specificity that a reasonable official would understand that what he or she is doing violates a certain constitutional right. Anderson v. Creighton 483 U.S. 635, 639-640, 646 (1987) [

Consequently, regardless of whether the Complaint is barred by the immunity afforded by the 11th Amendment, the matter must be dismissed as to each University defendant under the implied immunity doctrine.

**D.     PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIM FAILS AS NO COGNIZABLE INTEREST UNDER §1983 HAS BEEN IDENTIFIED AND THE VAGUE, CONCLUSORY ALLEGATIONS OF UNIVERSITY PARTICIPATION IN CIVIL RIGHTS VIOLATIONS ARE INSUFFICIENT**

Plaintiffs' Complaint also fails, on its face, to identify a cognizable liberty or property interest under 42 USC §1983 or to otherwise set forth with specificity what actions by University officials violated Plaintiffs' constitutional rights. A defendant cannot be liable under §1983 unless that defendant "caused" or "participated in" conduct violating the plaintiff's federal rights.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  Pomerantz v. County of Los Angeles 674 F.2d 1288, 1291 (9th Cir. 1982)   Thus, a complaint
2  which presents only generalized and vague allegations that University official participated in
3  "civil rights violations" are insufficient to withstand a motion to dismiss.  Pena v. Gardner 976
4  F.2d 469, 471 (9th Cir. 1992).  "Supervisory liability" against University officials by virtue of Ms.
5  Celaya's employment with the University of California does not lie because none of the named
6  defendants (ie Robert Birgeneau, Adan Tejada, Victoria Harrison, Allan Kolling and Tom Klatt
7  Liability under §1983 is imposed for depriving the claimant of rights secured by the Constitution
8  or other federal laws; not for negligent breach of a duty of care arising from tort law.   Daniels v.
9  Williams 474 U.S. 327, 329 (1986).  The torts of "abuse of process," "malicious prosecution" and
10 "conspiracy"[1] as pled in the instant action are also insufficient.  Johnson v. Barker 799 F.2d 1396,
11 1399-1400 (9th Cir. 1986).   The Complaint specifies no identifiable liberty or property interest
12 that has been violated by any defendant.  The vague theories of "conspiracy, "negligence,"
13 "fraud," etc. are insufficient and thus, the civil rights cause of action is subject to dismissal.

14     With regard to the claim against Ms. Celaya, there is no allegation that the alleged assault
15 (or her defense of the state court action) was taken under color of state law or while Ms. Celaya
16 was acting on behalf of the University.  Thus, she is not a "person" subject to individual liability
17 under §1983.  See, Sykes v. California (DMV) 497 F.2d 197, 200 (9th Cir. 1974); Van Ort v.
18 Estate of Stanewich 92 F.3d 831,835-36 (9th Cir. 1996) (an off-duty police officer who shot a
19 home-owner while committing a burglary at a location he had investigated while on duty held not
20 state actor acting under color of state law as he was not acting in the course of his employment at
21 the time of the incident)[2].

22     For all of the foregoing reasons, plaintiff's "violation of civil rights" claim is subject to
23 dismissal as to all of the University defendants.

---

[1] A conspiracy among state officials and private citizens to convict plaintiff on groundless charges *might* be sufficient to raise an issue of an unconstitutional taking of liberty. See Johnson v. Barker 799 F.2d 1396, 1400 (9th Cir. 1986). However, as the instant Complaint makes clear, no such liberty interest arises from an unsuccessful civil action initiated by the plaintiffs.

[2] To the extent the Complaint seeks to relitigate the underlying civil action arising from the alleged assault, such an attempt is barred by the doctrine of res judicata. See exhibits to Request for Judicial Notice.

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

**E. THE STATE-BASED TORT CLAIMS ARE BARRED AS SUCH CLAIMS CANNOT BE ASSERTED AGAINST THE UNIVERSITY OF CALIFORNIA**

State-based tort claims against a governmental entity are limited to statutory and constitutional liabilities only because all common law and judicially declared forms of tort liability were abolished by the passage of the Tort Claims Act. See, e.g., Palmer v. Regents of University of California (2003) 107 Cal.App.4th 899, 909; Michael J. v. Los Angeles County Dept. of Adoptions (1988) 201 Cal.App.3d 859, 866. Thus, California public entities like the University of California , are immune from suit, unless otherwise provided by statute. (Cal. Gov't Code §815(a)) Plaintiffs have failed to identify a statutory basis for the various tort claims (2nd, 3rd, 4th and 5th causes of action) and therefore they are barred as a matter of law against The Regents.

**F. EACH TORT CAUSES OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE DISCRETIONARY IMMUNITY AFFORD TO PUBLIC EMPLOYEES**

All of the state-based tort causes of action (second, third, forth and fifth) against the individual defendants are barred by the discretionary immunity afforded to public employees in Cal. Gov't Code §820.2, which states:

> [e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

The rationale for the immunity was explained in Lipman v. Brisbane Elementary School Dist. (1961) 55 Cal. 2d 224, 229: "[t]he subjection of officials, the innocent as well as the guilty, to the burden of trial and to the danger of its outcome would impair their zeal in the performance of their functions, and it is better to leave the injury unredressed than to subject honest officials to the constant dread of retaliation."

It is state policy to protect its public officials from decisions made in the course and scope of their employment. Colome v. State Athletic Commission of California (1996) 47 Cal.App.4th 1444, 1455-1457. Courts have further held that immunity issues should be determined early on in the case so as to avoid an unnecessary waste of time and expense and to avoid disruption to the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

activities of public officials. Hunter v. Bryant (1991) 502 U.S. 224, 228. . The conclusory allegation that the defendants acted outside the scope of their employment is insufficient to defeat a motion to dismiss. The court is permitted to look beyond this "conclusion" and look at the pleaded facts. The pleaded facts in this case clearly establish the discretionary immunity as a matter of law.

Furthermore, such decisions are entitled to immunity even if the public entity employees are alleged to have acted maliciously or without probable cause. Govt. Code §821.6; Kemmerer v. Fresno County (1988) 200 Cal.App.3d 1426, 1435; Summers v. City of Cathedral City (1990) 225 Cal.App.3d 1047, 1064; Kayfetz v. State of Calif. (1984) 156 Cal.App.3d 491, 496 (wrongful discipline, libel); Citizens Capital Corp. v. Spohn (1982) 133 Cal.App.3d 887, 888-889 (conspiracy, wrongful discipline).

### G. ALTERNATIVELY, THE STATE-BASED CLAIMS AGAINST THE UNIVERSITY OF CALIFORNIA OFFICIALS ARE BARRED BY THE LITIGATION PRIVILEGE

The allegations in the Complaint directed to the University of California defendants, are essentially, a complaint that acts or omissions on the part of University officials adversely impacted plaintiffs' prosecution of their civil complaint and then later, her tardy motion to vacate the judgment. Thus, plaintiffs claims the University of California did not respond properly to a subpoena seeking production of documents at the hearing on plaintiffs' late motion to vacate the judgment, did not respond to Ms. Chang's written complaints against Ms. Celaya and/or conspired with Judge Castellanos to defeat plaintiffs' state court action and tardy motion to vacate the adverse judgment. None of these purported "acts or omissions" give rise to a private right of action under any tort or constitutional theory and are barred by the absolute litigation privilege. Silberg v. Anderson (1990) 50 Cal.3d 205, 212, cited extensively in Foothill Federal Credit Union v. Superior Court (King) 66 Cal. Rptr. 3d 249 (2007); 07 Cal.Daily Op.Serv. 11554.

The litigation privilege has been broadly construed to bar all tort actions except for malicious prosecution. The privilege applies to all communication required or permitted by law

30284-37261 GKC 543922.1 - 8 - MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS C-07-4005 EMC

in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved. Silberg v. Anderson, supra, 50 Cal.3d at 212 and 215-216. This includes conduct by a third party recipient of a records subpoena. See, e.g., Foothill Federal Credit Union v. Superior Court (King), supra. Thus, each of plaintiffs' state tort claims, including fraud, conspiracy, negligence and abuse of process are barred. Furthermore, as the University of California defendants did not prosecute any action, there are no facts to support a malicious prosecution claim against them either.

### H. THE CLAIMS FOR VIOLATION OF CIVIL RIGHTS, MALICIOUS PROSECUTIONS/ABUSE OF PROCESS, NEGLIGENCE AND CONSPIRACY ARE BARRED BY THE STATUTE OF LIMITATIONS

Setting aside the other pleading deficiencies, the claims based upon the pre-judgment conduct are time-barred. Thus, any claims asserted against any of the University of California defendants arising from the assault, the post-assault complaints and the trial of the state court action are barred by the two year statute of limitations. The Complaint complains of an assault that allegedly occurred in December 2001 and acts or omissions on the part of the University of California defendants which allegedly occurred before or during the trial of the state court action Ms. Chang filed against Ms. Celaya. Judgment was entered in August 2004 three years before the instant action was filed. Thus, any claim based upon any purported conduct that occurred pre-judgment is time-barred by the two year statute of limitations set forth in California Code of Civil Procedure §335.1. This includes the §1983 claim, which borrows the California statute of limitations for tort claims. Thompson v. City of Shasta Lake 314 F.Supp.2d 1017, 1023 (E.D. Cal. 2004); Washington v. Cambra WL 22697273 (N.D. Cal. 2003).

### I. ANY TORT CLAIMS ARE BARRED AS THE ESSENTIAL ELEMENTS CANNOT BE ESTABLISHED

a. Negligence

Plaintiffs were required to plead facts showing the University defendants owed plaintiffs a legal duty to use due care, a breach of that legal duty and that the breach was the proximate or

30284-37261 GKC 543922.1  - 9 -  MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS C-07-4005 EMC

legal cause of a resulting injury. City of Sacramento v. Superior Court, 131 Cal.App.3d 395, 402 (1982). The issue of whether a duty of care is owned is a question of law. Thompson v. County of Alameda, 27 Cal.3d 741, 750 (1980). Plaintiffs have failed to allege facts to establish any of the required elements under a negligence theory, and based upon the pleading admissions, no amendment can cure the defect. See, Hoff v. Vacaville Unified School District, 19 Cal.4th 925, 933 (1998) [no duty of care by school toward non-student injured by a student off school property.]; Benavidez v. San Jose Police Department, 71 Cal.App.4th 853 (1999) [no duty of car between police and victim when no specific promise of assistance made.]  There simply is no basis for plaintiffs' belief that the University owned them a duty of care or otherwise caused a specific harm.

      b. Conspiracy to defraud/Fraud

The Federal Rules of Civil Procedure require that the plaintiffs must allege, with specificity, the circumstances allegedly constituting fraud. FRCP 9(b). Allegations that are vague or conclusory are insufficient to satisfy FRCP 9(b). Moore v. Kayport Package Express, Inc. 885 F.2d 531, 540 (1989). Plaintiffs have failed to allege facts specifying what false representations were made, if any, that they were intentional, when and where the statements were made, how the false representations were misleading and justifiably relied upon and how Plaintiffs were damaged. See, e.g. Agosta v. Astor, 120 Cal.App.4th 133, 155 (2004).

Moreover, to the extent the fraud claim is based upon alleged misrepresentations, the University is immune from liability, regardless of whether the mispresentation is negligent or intentional. California Government Code §818.8. Likewise, University employees are immune from liability for misrepresentation unless there are facts showing actual fraud, corruption or actual malice. Govt. Code §818.8. The instant Complaint is devoid of any facts that would obviate the immunity afforded to University employees for any alleged misrepresentations.

      c. Malicious Prosecution/Abuse of Process

As discussed above, none of the University defendants prosecuted an action or otherwise "took action" against plaintiffs in connection with the underlying state court action. There are simply no facts alleged in the Complaint, nor new facts which could be alleged by way of

30284-37261 GKC 543922.1    - 10 -    MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS C-07-4005 EMC

1 amendment, that could conceivably state a claim against any of the defendants in this action.

2 As a result of these basic pleading deficiencies, the University defendants request that the tort causes of action be dismissed, or at a minimum, their alternative motion for a more definite statement be granted.

## **CONCLUSION**

Based upon the foregoing points and authorities, defendants The Regents of the University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, , Allan Kolling, Tom Klatt and Susan Vonseeburg respectfully request that their motion to dismiss be granted in its entirety as Plaintiffs' claims fail as to all defendants as a matter of law. Plaintiffs' violation of civil rights and tort claims are subject to dismissal based upon incurable pleading deficiencies and absolute immunities and defenses available to defendants. Accordingly, the case should be dismissed, with prejudice.

Dated:   October 17, 2007                           LOMBARDI, LOPER & CONANT, LLP


By: /s/ GayLynn Kirn Conant
   GAYLYNN KIRN CONANT
   Attorneys for Defendants
   The Regents Of The University of
   California, Robert Birgeneau Constance
   Peppers Celaya, Adan Tejada, Victoria
   Harrison, , Allan Kolling, Tom Klatt and
   Susan Vonseeburg

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

30284-37261 GKC 543922.1         - 11 -         MPA IN SUPPORT OF DEFENDANTS'
                                                MOTION TO DISMISS C-07-4005 EMC