1  GAYLYNN KIRN CONANT, State Bar No. 161247
   gkc@llcllp.com
2  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
3  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
4  Telephone:     (510) 433-2600
   Facsimile:     (510) 433-2699
5
   Attorneys for Defendants
6
   THE REGENTS OF THE UNIVERSITY OF
7  CALIFORNIA, ROBERT BIRGENEAU,
   CONSTANCE PEPPERS CELAYA, ADAN
8  TEJADA, VICTORIA HARRISON, ALLAN
   KOLLING, TOM KLATT and SUSAN VON
9  SEEBURG

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14
   CHRISTINE CHANG, individually and as        Case No.  C-07-4005 EMC
15 Guardian ad Litem for ERIC SUN,
   disabled,                                   **REQUEST FOR JUDICIAL NOTICE IN
16                                             SUPPORT OF MOTION OF
                 Plaintiff,                    DEFENDANTS THE REGENTS OF THE
17                                             UNIVERSITY OF CALIFORNIA, ROBERT
            v.                                 BIRGENEAU, CONSTANCE PEPPERS
18                                             CELAYA, ADAN TEJADA, VICTORIA
   ROCKRIDGE MANOR                             HARRISON,  ALLAN KOLLING, TOM
19 CONDOMINIUM, et al.,                        KLATT AND SUSAN VON SEEBURG TO
                                               DISMISS PURSUANT TO FRCP 12(b)(6)
20               Defendants.                   OR, IN THE ALTERNATIVE,  MOTION
                                               FOR MORE DEFINITE STATEMENT
21                                             [F.R.C.P. 12(e)]**

22                                             Date:        November 28, 2007
                                               Time:        10:30 a.m.
23                                             Courtroom:  C
                                               Judge:       Magistrate Judge Edward M. Chen
24

25       THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU,

26 CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN

27 KOLLING, TOM KLATT and SUSAN VON SEEBURG hereby request that judicial notice be

28 taken of the following documents in support of their Motion to Dismiss:

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1.    Plaintiffs' Complaint filed in the underlying Alameda County Superior Court Action (Docket Number 2002-046048. A true and correct copy is attached hereto as Exhibit A. The Court may take judicial notice of this document as it is a document filed in a federal and/or state court. See Federal Rule of Evidence 201 and Holder v. Holder, 305 F. 3d 854, 866 (9th Cir. 2002).

2.    Judgment entered in Alameda County Superior Court action number 2002-046048 on August 11, 2004. A true and correct copy is attached hereto as Exhibit B. The Court may take judicial notice of this document as it is a document filed in a federal and/or state court. See Federal Rule of Evidence 201 and Holder v. Holder, 305 F. 3d 854, 866 (9th Cir. 2002).

3.    Order on Motion to Vacate/Set Aside in Alameda County Superior Court action number 2002-046048 dated September 29, 2005. A true and correct copy is attached hereto as Exhibit C. The Court may take judicial notice of this document as it is a document filed in a federal and/or state court. See Federal Rule of Evidence 201 and Holder v. Holder, 305 F. 3d 854, 866 (9th Cir. 2002) and United States v. Ritchie, 342 F. 3d 903, 909 (9th Cir. 2003).

Dated:    October 17, 2007                    LOMBARDI, LOPER & CONANT, LLP


By: /s/ GayLynn Kirn Conant
    GAYLYNN KIRN CONANT
    Attorneys for Defendants

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

**EXHIBIT A**



1696140

1   BRETT S. ALLEN, (SBN 165097)
    LAW OFFICE OF BRETT S. ALLEN
2   909 Marina Village Parkway, #669
    Alameda, CA 94501
3   Tel: (510) 872-9933

4   Attorney for Plaintiffs
    Christine Chang and
5   Eric Sun

**F I L E D**
ALAMEDA COUNTY

APR 0 3 2002

CLERK OF THE SUPERIOR COURT
By_____ Deputy

6

7

8            SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF ALAMEDA

10           UNLIMITED JURISDICTION

11

12   CHRISTINE CHANG and ERIC SUN     CASE NO.: **2002-046048**

13         Plaintiffs,

14         vs.

15   CANDACE CELAYA, and DOES 1-30,
    inclusive

16

17         Defendants.

COMPLAINT FOR INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS, ASSAULT AND BATTERY

18     Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each

19   of them as follows:

20              **GENERAL ALLEGATIONS**

21   1.     At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and

22   ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.

23   2.     Plaintiffs are informed and believe that at all times relevant to this lawsuit

24   defendant CANDACE CELAYA was and is a natural person residing in Alameda

25   County.

26   3.     Defendants Does 1 through 30, inclusive, are sued herein under fictitious

27   names because their true names and capacities, whether individual, associate,

28

                      1

1   corporate or governmental, are not now known to Plaintiffs. Plaintiffs are

2   informed and believe and upon such information and belief allege that each of

3   the Defendants named as a Doe is negligently or otherwise legally responsible in

4   some manner for the events herein alleged, and that said Defendants negligently

5   acted or omitted to act in one or more of their occupations and businesses and

6   that such negligence or fault proximately caused the injuries and damages

7   hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities

8   of said Defendants when the same are ascertained.

9   4.     At all times herein mentioned, each and every one of the Defendants

10   herein was the agent, servant and employee of each other, and each was acting

11   within the course and scope of such agency, service and employment.

12   5.     At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and

13   ERIC SUN resided in unit number 314 located in the Rockridge Manor

14   Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

15   6.     At all times relevant to this lawsuit, plaintiffs are informed and believe that

16   defendant CANDACE CELAYA resided in the Rockridge Manor Condominium

17   complex located at 2005 Pleasant Valley Avenue, Oakland, California.

**FIRST CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

20   7.     On or about December 10, 2001, Defendant CELAYA, verbally threatened

21   plaintiffs with bodily injury.

22   8.     Defendant's conduct as alleged here was intentional and malicious and

23   done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,

24   and emotional and physical distress.

25   9.     As the proximate result of the aforementioned acts, Plaintiffs suffered

26   humiliation, mental anguish, embarrassment, shame, and emotional and physical

27   distress, and have been injured in mind and body, all to Plaintiffs's damage.

28   10.     As a result of Defendant's conduct as alleged herein, Plaintiffs suffered

2

1  severe emotional distress according to proof at trial including but not limited to

2  humiliation, embarrassment, anguish, pain, and betrayal.

3  **SECOND CAUSE OF ACTION**<br>(Assault)

4

5  11.      Plaintiffs incorporate herein by reference each and every allegation as set

6  forth in Paragraphs 1 through 10 above.

7  12.      On or about December 10, 2001, in the laundry room located of the

8  Rockridge Manor Condominium complex located at 2005 Pleasant Valley

9  Avenue, Oakland, California, defendant CELAYA, approached plaintiffs in a

10  menacing manor, with closed fists, and stated her intention of striking plaintiffs

11  with her hands.

12  13.      In doing the acts as alleged above, defendant CELAYA intended to place

13  plaintiffs in apprehension of great bodily harm.

14  14.      As a result of defendant CELAYA's acts as alleged above, plaintiffs, in

15  fact, were placed in great apprehension of great bodily harm.

16  **THIRD CAUSE OF ACTION**<br>(Battery)

17

18  15.      Plaintiffs incorporate herein by reference each and every allegation as set

19  forth in Paragraphs 1 through 14 above.

20  16.      Immediately thereafter, defendant CELAYA pushed plaintiff CHANG in the

21  chest and grabbed CHANG'S neck with her hands. Defendant CELAYA then

22  repeatedly struck CHANG in the face with her fists. CHANG was able to back

23  away but defendant CELAYA once again grabbed CHANG'S neck and

24  threatened to kill her. CELAYA continued the attack by pushing CHANG against

25  the wall. Plaintiff SUN heard the noise and entered the laundry room. CELAYA

26  pushed and hit SUN in the shoulders, neck, and arm. She also scratched SUN

27  causing his finger to bleed.

28  17.      In doing the acts as alleged above, defendant CELAYA acted with the

3

1   intent to make physical contact with both plaintiffs.

2               **SECOND AND THIRD CAUSES OF ACTION**
                            (Continued)
3

4   18.        At no time did plaintiffs consent to any of the acts of defendant alleged in

5   the second and third causes of action, above.

6   19.        As a proximate result of the acts of defendant as alleged in the second

7   and third causes of action, plaintiff CHANG suffered bruises to her neck and

8   face.

9   20.        As a proximate result of the acts of defendant as alleged in the second

10  and third causes of action, plaintiff SUN suffered bruises to his shoulders and a

11  cut to his finger.

12  21.        As a proximate result of the acts of defendant as alleged in the second

13  and third causes of action, plaintiffs were hurt and injured in their health,

14  strength, and activity, sustaining injuries to their persons, all of which have

15  caused, and continue to cause, plaintiffs great mental and nervous pain and

16  suffering. As a result of these injuries, plaintiffs have suffered general damages

17  in an amount to be determined at trial.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    4

22.    The aforementioned conduct of defendant was willful and malicious and was intended to oppress and cause injury to plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

1.    For general damages according to proof at the time of trial;

2.    For costs of suit herein incurred;

3.    For punitive damages; and

4.    For such other and further relief as the Court deems just and proper.

Dated: April 1, 2002

Law Office of Brett S. Allen

Brett S. Allen
Attorney for Plaintiffs
CHRISTINE CHANG and
ERIC SUN

5

**EXHIBIT B**

LAW OFFICES OF PAMELA ZIMBA
Attn: Zimba, Pamela
110 East D Street
Suite A
Benicia, CA    94510

Constance Peppers Celaya
2005 Pleasant Valley Avenue
Condo # 306
Oakland, CA    94611-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Chang** | **No. 2002046048** |
| Plaintiff/Petitioner(s) | |
| **vs.** | **JUDGMENT** |
| **Celaya** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   18                    Honorable    Cecilia P. Castellanos                , Judge

Matter having been taken under submission, now called for decision.

IT IS ADJUDGED that the Plaintiff(s), Christine Chang; Eric Sun take nothing by this action from the Defendant(s), Constance Peppers Celaya and that said defendant(s) recover from the Plaintiff(s) $0.00 costs.Other Condition(s) of Judgment:
    This Judgment is effective 08/06/04.

This Judgment was entered on 08/11/2004

Date:    08/11/2004                              By    _[signature]_ facsimile

                                                     Judge Cecilia P. Castellanos

---

**Judgment**

E1933969

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: 2002046048
Judgment after Court Trial of 08/11/2004

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/11/2004.

Executive Officer / Clerk of the Superior Court

By ____Joanne M. Norcup___ digital

Deputy Clerk

**EXHIBIT C**



Constance Peppers Celaya
2005 Pleasant Valley Avenue
Condo # 306
Oakland, CA   94611-____

LAW OFFICES OF PAMELA
ZIMBA
Attn: Zimba, Pamela
110 East D Street
Suite A
Benicia, CA   94510

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Chang | |
| Plaintiff/Petitioner(s) | No. 2002046048 |
| VS. | Order |
| Celaya | Motion to Vacate/Set Aside |
| Defendant/Respondent(s) | Denied |
| (Abbreviated Title) | |

The Motion to Vacate/Set Aside filed for Christine Chang was set for hearing on 09/16/2005 at 09:30 AM in Department 18 before the Honorable Cecilia P. Castellanos.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The motion of Plaintiff Christine Chang, appearing In Pro Per, for reconsideration of the final judgment is denied as untimely.(Plaintiff Eric Sun did not join in the motion). The Plaintiff's motion was not timely filed and served. The judgment in this case was filed on August 11, 2004. It was served on all parties on the same day. Both Plaintiffs were represented by counsel during and after the court trial. A motion for reconsideration under California Code of Civil Procedure section 1008 must be made within 10 days after service upon the party of the entry of the order. Plaintiff's motion was filed a year later - on August 11, 2005. Moreover, a motion for relief from a judgment under Code of Civil Procedure section 473 must be made within a reasonable time, "in no case exceeding six months after the judgment . . . was taken." (Subsection [b]). In addition to the untimely nature of the motion, the Plaintiff also did not present in her motion or at the hearing any good cause for the motion to be granted on the merits.

Dated:  09/29/2005

_____
Judge Cecilia P. Castellanos

_____
Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: 2002046048
Order After Hearing Re: of 09/29/2005

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 09/29/2005.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

## DECLARATION OF SERVICE BY MAIL (CCP 1013(a), 2015.5)

On the date shown below, I served the foregoing document by depositing a true copy thereof, enclosed in a separate sealed envelope, with the postage thereon fully prepaid, in the United States mail box at 1225 Fallon Street, Oakland, CA; each of which envelopes was addressed respectively to the persons and addresses shown.

Christine Chang
341 Tideway Drive #214
Alameda, CA  94501

Pamela Zimba
Attorney at Law
110 East D Street, Suite A
Benicia, CA  94510

Constance Peppers Celaya
2005 Pleasant Valley Avenue, Condo #306
Oakland, CA  94611

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, California on September 29, 2005.

By:   May Choo, Deputy Clerk