GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:     (510) 433-2600
Facsimile:      (510) 433-2699

Attorneys for Defendants

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA (erroneously sued as U.C. Berkeley),
ROBERT BIRGENEAU, CONSTANCE PEPPERS
CELAYA, ADAN TEJADA, VICTORIA
HARRISON, ALLAN KOLLING, TOM KLATT
and SUSAN VON SEEBURG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>Plaintiff,<br><br>v.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case No.  C-07-4005 EMC<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        November 7, 2007<br>Time:        1:30 p.m.<br>Courtroom: C<br>Judge:       Magistrate Judge Edward M. Chen |

Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (erroneously sued as U.C. Berkeley), ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT and SUSAN VON SEEBURG ("University defendants") submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

**1.     A brief description of the events underlying the action**

1    Plaintiffs Christine Chang and Eric Sun have filed the instant Complaint against multiple U.C. Berkeley officials and others alleging five causes of action against all named defendants for: (1) Violations of Civil Rights, (2) Malicious Prosecution/Abuse of Process, (3) Negligence, (4) Conspiracy and (5) Fraud). The Complaint appears to relate to a 2001 alleged assault on Ms. Chang and Mr. Sun at a residential condominium complex in Oakland by defendant Celaya. [See, e.g. ¶¶ 62, 69]. This incident was the subject of a civil lawsuit filed by plaintiffs Christine Chang and Eric Sun in Alameda County Superior Court on April 2, 2002. The case was tried and judgment entered in Ms. Celaya's favor on August 11, 2004.

Meanwhile, plaintiffs allege that the day after the 2001 "assault/battery," she contacted the U.C. Berkeley Police Department ("UCBPD"), Ms. Celaya's employer, to complain about Ms. Celaya. "A few days later" Ms. Chang was advised by UCBPD that it would not take any action concerning this (off-campus) incident and the Complaint alleges that the UCBPD "took no action" in response to the civil complaint filed in Alameda County Superior Court. [¶¶ 115 and 116].

Plaintiff also complains that she was not provided with Ms. Celaya's UC Berkeley personnel file, although the complaint admits that none of her attorneys ever subpoenaed Ms. Celaya's "police offensive training records" while the prior case was pending [Paragraph 117].

A year after judgment was entered in Ms. Celaya's favor, Ms. Chang filed a Motion to Vacate/Set Aside the Judgment. That motion was denied on September 29, 2005 as untimely by approximately six months. [¶ 125]. The Complaint alleges that around this time (the Complaint is vague as to time), Ms. Chang "mailed subpoena [sic] to U.C. Berkeley Police Department for aggravated assault/battery Defendant Constance Peppers Celaya's police offensive training and update records." [¶ 126]. Although it is unclear from the Complaint, it appears that Ms. Chang was seeking production of a portion of Ms. Celaya's personnel file at the September 16, 2005 hearing on her tardy motion to vacate the judgment. The order denying Ms. Chang's motion to vacate is silent on any purported subpoena issue.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Thereafter, Ms. Chang alleges she "wrote a letter with evidence to Defendant U.C. Berkeley Chancellor Robert Birgeneau" and that Chancellor Birgeneau "delegated his duties to his staffs." [¶ 133].

**1.  Principal Factual Issues Disputed by the Parties:**

As a large majority of the factual allegations have nothing to do with the University defendants, it is difficult to summarize the principal factual disputes at this point. Most of the disputes applicable to the claims against the University defendants are legal (e.g.  whether Plaintiffs can state a claim or whether defendants' pending Motion to Dismiss     will be granted).

**2.  The Principal Legal Issues Which the Parties Dispute**

- Whether Plaintiffs can state any cognizable causes of action against the University defendants;'
- Whether each of the potential claims are time-barred in any event;
- Whether Plaintiff Chang has standing to bring an action on behalf of her son, Mr. Sun, in propria persona;
- Whether the claims against the University defendants are barred by the 11th Amendment Immunity and other governmental immunities.

**3.  Other Factual Issues**

Unknown at this time.

**4.  Unserved Parties and Reason**

Several parties are named in the complaint and it is unknown whether they have been properly served with service of process.

**5.  Joinder of Additional Parties**

The University defendants are unaware of any additional parties to be joined.

**ALTERNATIVE DISPUTE RESOLUTION**

**6.  The following parties consent to the assignment of this case to a magistrate judge**

The University defendants consent to the assignment of this case to Magistrate Judge

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  Chen and have filed a consent form previously.

2  **8/9.   ADR Process**

3  As it is anticipated that most, if not all of the named defendants will be filing motions to
4  dismiss as their first appearance, a decision on ADR is pre-mature.  The University defendants
5  propose Early Neutral Evaluation if the case is not resolved by the pending motion to dismiss.

6  **DISCLOSURES**

7  **10.    The parties certify that they have made the following disclosures**

8  The University defendants request that the Rule 26 Initial Disclosure deadline be
9  continued for a reasonable period of time after the motions to dismiss are ruled upon and the case
10 is at issue with respect to all named defendants.

11 **DISCOVERY**

12 **11.    The parties agree to the following discovery plan**

13 The University defendants propose the following discovery plan

14 General Discovery Cut-off:  July 31, 2008

15 Dispositive Hearing Deadline:  October 31, 2008

16 Expert Witness Designation:  September 30, 2008

17 Rebuttal Cut-off:  per Rule

18 Expert Discovery Cut-off:  November 30, 2008

19 **TRIAL SCHEDULE**

20 **12.    The parties request a trial date as follows**

21 The University defendants propose a January 2009 trial date.

22 **13.    The parties expect that a trial will last for the following number of days**

23 Five days.

24 **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

25
26 Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the
   brochure entitled "Dispute Resolution Procedures in the Northern District of California,"
27
28 discussed the available dispute resolution options provided by the Court and private entities and

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

has considered whether this case might benefit from any of the available dispute resolution options

Dated:   October 29, 2007                             LOMBARDI, LOPER & CONANT, LLP


                                                      By:  /s/ GayLynn Kirn Conant
                                                         GAYLYNN KIRN CONANT
                                                         Attorneys for Defendants

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

30284-37261 GKC 544724.1                - 5 -                CASE MANAGEMENT CONF. STMT.
                                                                    C-07-4005 EMC