1 | ANDREW R. ADLER, ESQ. (CAL. BAR #56415)
2 | JASON O. BALOGH, ESQ. (CAL. BAR #238199)
  | BOORNAZIAN, JENSEN & GARTHE
  | A Professional Corporation
3 | 555 12th Street, Suite 1800
  | P. O. Box 12925
4 | Oakland, CA 94604-2925
  | Telephone: (510) 834-4350
5 | Facsimile: (510) 839-1897

6 | Attorneys for Defendant Pamela Zimba

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | CHRISTINE CHANG, Individually and as    )    Case No.: C 07 4005 EMC
   | Guardian Ad Litem for ERIC SUN, disabled, )
11 |                                          )    DEFENDANT PAMELA ZIMBA'S
   |              Plaintiff,                   )    SEPARATE CASE MANAGEMENT
12 |                                          )    CONFERENCE STATEMENT
   | vs.                                      )
13 |                                          )
   | ROCKRIDGE MANOR CONDOMINIUM,             )    Date:   November 7, 2007
14 | et al.,                                  )    Time:   1:30 p.m.
   |                                          )    Room:   Courtroom C
15 |              Defendants.                 )
   |                                          )
16 | _____ )    Complaint Filed:  August 3, 2007

17 |        Defendant Pamela Zimba submits the following separate Case Management Conference

18 | Statement:

19 | 1.    Jurisdiction and Service

20 |        Ms. Zimba contends that the Court does not have subject matter jurisdiction over plaintiff's

21 | claims, as they do not pose any substantial federal question.  Defendant intends to file a motion to

22 | dismiss with respect to that contention.  Defendant is unaware of any other issues concerning

23 | personal jurisdiction and venue, and does not know whether any other named defendant has yet to

24 | be served.

25 | 2.    Facts

26 |        Ms. Zimba is an attorney.  She was one of several attorneys who represented Ms. Chang

27 | and Mr. Sun as plaintiffs in two Alameda County Superior Court actions, *Christine Chang, et al.*

28 | *al. v. Constance Celaya*, Alameda County Superior Court #2002-048048 and *Christine Chang, et*

*al. v. Eva Amman, et al.*, Alameda County Superior Court #2001-023364, both of which were resolved in 2004.   In the instant action, Ms. Chang – acting for herself and as guardian ad litem for Mr. Sun, her disabled adult son – charges that all of those attorneys, including Ms. Zimba, acted inappropriately and/or negligently in the course of those underlying matters, apparently with the result that the *Celaya* action resulted in a judgment for Ms. Celaya, while the *Amman* action was settled for $36,000.  Ms. Zimba denies those charges.

3.    Legal Issues

Ms. Chang's Complaint raises legal issues regarding lack of subject matter jurisdiction and, in several instances, failure to state a sufficient factual basis for a claim.  The Complaint also raises substantial issues regarding plaintiff's compliance with California Code of Civil Procedure §335.1, the state statute of limitations applicable to her causes of action for violation of civil rights (causes of action 1 and 4) and malicious prosecution/abuse of process (cause of action 2).  All of these issues will be addressed in the motion to dismiss that Ms. Zimba expects to file prior to the Case Management Conference.  That motion will also request a more definite statement with respect to the fraud claims contained in plaintiff's fifth cause of action.

As to Ms. Zimba, Ms. Chang's pleadings also raise substantial legal issues regarding her compliance with California Code of Civil Procedure §340.6, the state statute of limitations applicable to her cause of action for negligence (cause of action 3).   Ms. Zimba expects to address those issues at some later point in the litigation.

4.    Motions

As noted, Ms. Zimba expects to have a motion to dismiss/for a more definite statement on file prior to the initial Case Management Conference.  In the future, Ms. Zimba will likely file a motion for judgment on the pleadings and/or summary judgment with respect to any causes of action that survive the motion to dismiss.

5.    Amendment of Pleadings

Because she anticipates filing a motion to dismiss, Ms. Zimba has not yet filed an Answer to plaintiff's Complaint.  Accordingly, Ms. Zimba is unable to state whether she will be called upon to file an Answer and/or to anticipate what amendments, if any, might be necessary at later

1  stages of the case.

2  6.    Evidence Preservation

3      Ms. Zimba transferred her paper files regarding the two underlying Alameda County

4  lawsuits to Ms. Chang when she ceased representing Ms. Chang and Mr. Sun in those actions, and

5  did not keep paper copies of their contents.  To the extent Ms. Zimba used her office computer

6  system to generate correspondence, pleadings, etc. with respect to those files, she has preserved

7  those electronic files, and will continue to do so.

8  7.    Disclosures

9      As of this writing, Ms. Zimba and her counsel have not received any disclosures from Ms.

10  Chang or any other litigant.  Given that Ms. Chang is appearing in pro per, and is apparently

11  generally unaware of her obligations under Rule 26, Ms. Zimba and her counsel respectfully

12  request the Court to inform her of those obligations and, in turn, set a date for all participating

13  parties to make the required disclosures.

14  8.    Discovery

15      If the Court denies defendants' motions with respect to the jurisdictional issues, Ms. Zimba

16  will commence written discovery against Ms. Chang by issuing interrogatories and demands for

17  production of documents, including the legal files with respect to the *Celaya* and *Amman* cases,

18  and cooperate with other defendants in noticing and proceeding with appropriate depositions.  Ms.

19  Zimba notes that the nature of plaintiff's claims against her may require her to depose various

20  witnesses to the events involved in the two underlying actions.

21  9.    Class Actions

22      This is not a class action.

23  10.    Related Cases

24      Ms. Zimba and her counsel are not aware of any pending related cases.

25  11.    Relief

26      In the unlikely event that Ms. Chang is able to prevail against Ms. Zimba on any claim or

27  cause of action, her damages would be calculated by (1), determining what she and Mr. Sun would

28  have recovered in the underlying actions but for Ms. Zimba's alleged misconduct and (2),

-3-

1  subtracting from that sum the thirty-six thousand dollars ($36,000) they did recover from the

2  defendants in the *Amman* case.     In making that determination, plaintiff would not only have to

3  show that appropriate prosecution of one or both of those actions would have led to a judgment in

4  her favor and/or in favor of Mr. Sun, but also that such a judgment would have been collectible

5  from the hypothetical judgment debtor(s).

6  12.     Settlement and ADR

7       Because this case is still at its very early stages, and given that plaintiff is in pro per, it is

8  difficult for counsel to comment on the likelihood of settlement or the utility of specific ADR

9  methodologies.  However, counsel anticipates that the case might benefit from neutral evaluation

10 shortly after the Court has heard and ruled on defendants' initial pleading motions.

11 13.     Consent to Magistrate Judge for All Purposes

12      Ms. Zimba does consent to the Court's reference of this matter to Magistrate Judge Chen

13 for all purposes, and will file her Consent to Proceed Before a United States Magistrate Judge with

14 this Statement.

15 14.     Other References

16      Ms. Zimba and her counsel do not presently believe that this case is suitable for binding

17 arbitration, use of a special master or reference to the Judicial Panel on Multidistrict Litigation.

18 15.     Narrowing of Issues

19      Counsel expects that the upcoming motions to dismiss should substantially narrow the

20 issues raised by plaintiff's claims.

21 16.     Expedited Schedule

22      With a pro per plaintiff and more than a dozen named defendants, this case does not

23 presently appear likely to lend itself to the setting of an expedited schedule.

24 17.     Scheduling

25      Ms. Zimba generally concurs with the scheduling proposal made in co-defendant

26 Coombes' Case Management Statement, but would prefer that the trial be set for February 2009 or

27 thereafter.

28 ///

-4-

Defendant Pamela Zimba's Separate Case Management Statement - Case #C 07 4005 EMC

18.    Trial

Plaintiff has requested a jury trial.

19.    Disclosure of Non-Party Interested Parties or Persons

Ms. Zimba is being defended by her errors and omissions carrier, Greenwich Insurance Co., a subsidiary of XL America Companies.

20.    Other Matters

Ms. Zimba notes that while Ms. Chang is certainly entitled to represent herself as an individual plaintiff in the instant action, she is prohibited from appearing in pro per in her capacity as guardian ad litem for her disabled son, Eric Sun.  See, e.g., *Johns v. County of San Diego* (9th Cir. 1997) 114 F.3d 874.

DATED:   November 1, 2007

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
ANDREW R. ADLER, ESQ.
Attorneys for Defendant
Pamela Zimba, Esq.

25168/417975

**PROOF OF SERVICE BY MAIL**
**(C.C.P.  SECTIONS 1013(a) -2015.5)**

    I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

    I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the DEFENDANT PAMELA ZIMBA'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Ms. Christine Chang                Plaintiff In Pro Per
341 Tideway Drive, #214
Alameda, CA  94501
Tel:  510-769-8232

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed at Oakland, California, on November 1, 2007.

_____
LESLIE HASSBERG

-6-

Defendant Pamela Zimba's Separate Case Management Statement - Case #C 07 4005 EMC