Sara B. Allman, Esq. CSB #107932
Paul A. Conroy, Esq. CSB #84527
**Allman & Nielsen, P.C.**
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700
Facsimile: 415.461.2726

Attorneys for Defendant
ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION AND SPECIALLY APPEARING DEFENDANTS CHARLES BLAKENEY AND PURPORTED ENTITIES ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS

**IN THE UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled

Plaintiffs,

v.

ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSOCIATION; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive,

JOINDER

UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ADAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive,

JOINDER

PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive,

Defendants

Case No.: C07-4005 EMC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

Date:
Time:
Room: C
Judge: Magistrate Judge Edward M. Chen

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-1-

## I. INTRODUCTION

Moving parties Rockridge Manor Homeowners' Association ("Rockridge") and Charles Blakeney were defendants in Alameda County Superior Court action no. 2001-023364 entitled "Christine Chang and Eric Sun v. Eva Ammann, Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA and does 2-100, inclusive". That case was settled pursuant to a release, order approving compromise of a mentally disabled adult (plaintiff Eric Sun), and a dismissal with prejudice of the entire action filed on April 5, 2005.

The instant complaint repeats the allegations of the state court action and also complains of the conduct of plaintiffs' attorneys and the defendants during the course of litigating that action.

Plaintiffs also attempt to revive another state court action, *Chang v. Celaya,* a case which resulted in a defense judgment on August 11, 2004, following trial. In that respect, other allegations in the instant complaint are asserted against Constance Celaya and the University of California.

Moving parties seek an order setting aside the default and permitting Rockridge to pursue its Motion for Summary Judgment and Motion to Dismiss. Defendant Rockridge was served, however its manager was under the misimpression that the case was being defended by the Association's insurance company. As a result, no action was taken to defend the case until after the manager received notice of plaintiff's Motion for Default Judgment. The three other moving parties, Charles Blakeney, Rockridge Manor Condominium and Rockridge Manor Board of Directors, were not served, yet their defaults were entered. The latter three defendants are specially appearing for the purpose of setting aside the default and are not making a general appearance in this action. All four defendants will, at times, hereinafter be referred to as the "Rockridge defendants".

## II. ISSUES TO BE DECIDED

1. Whether good cause exists for setting aside the default entered against defendant Rockridge Manor Homeowners' Association, which was served, but through mistake and excusable neglect, did not file a responsive pleading within the statutorily permitted time.

2. Whether defendants Charles Blakeney, Rockridge Manor Condominium and Rockridge Manor Board of Directors were served and whether good cause exists for setting aside the default entered against them.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-2-

## III. FACTS

1. Service of the summons and complaint

As shown by the accompanying declaration of Adelio Zunino, Mr. Zunino is the manager of the Rockridge Manor Condominium Complex, governed by the Rockridge Manor Homeowners Association. Mr. Zunino recalls that on either Friday, September 7, 2007 or Monday, September 10, 2007 a man approached him at the condominium complex carrying envelopes. The man asked Mr. Zunino whether he was an employee of the complex. When Mr. Zunino replied that he was the manager, he was given the envelopes containing five copies of the summons and complaint in this action, addressed to the first five defendants listed in the caption of plaintiffs' complaint herein. Mr. Zunino had no further conversation with the person who served him and did not state whether he was accepting service for any person or entity.

2. Communications between Rockridge and its insurance agent.

That day or the next day, Mr. Zunino contacted the association's insurance agent, Scott Halbrook, advising him that he had received the summons and complaint. Mr. Halbrook sells Farmers Insurance products, including policies issued by Truck Insurance Exchange, a Farmers Insurance affiliate. Mr. Zunino also noticed that Truck Insurance Exchange, the association's insurance company, was listed on the summons and complaint. Mr. Zunino concluded that by this advising the insurance agent of the summons and complaint, he had satisfied his obligation of informing Truck Insurance Exchange of the action and the necessity for a defense of the case. He believed at that time that the case would be defended.

However, Mr. Halbrook, based upon this discussion with Mr. Zunino, and his September 19, 2007 meeting with the Association's Board of Directors, was of a different belief. He believed that the Rockridge defendants were being defended by the same attorney who had defended the earlier state action, and that it was therefore not necessary for him to report the claim to the Farmers Insurance Claims Department. Apparently, the defense of this case was never tendered to Farmers Insurance Claims Department. Therefore defense counsel was not assigned to defend the case.

3. Entry of Default.

A review of the on-line court docket reveals that plaintiffs claim to have served all of the moving parties on September 7, 2007. Thereafter, plaintiffs filed their Motion for Default Judgment on August 5, 2007 and served the Motion for Default by certified mail, received by Mr. Zunino on

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-3-

either October 9 or October 10, 2007. Upon receiving the Motion for Default, Mr. Zunino contacted Board of Directors member Charles Blakeney and insurance agent Scott Halbrook, resulting in the Farmers Insurance Claims Department being contacted. The Truck Insurance Claims Department obtained a copy of the summons and complaint from Mr. Zunino on October 10, 2007.

After claims handling procedures were followed, the defense of the Rockridge defendants was assigned to Allman & Nielsen, P.C. on October 18, 2007. This motion, and the accompanying Motion to Dismiss and Motion for Summary Judgment, follow.

4. Relief requested and good cause.

Defendant Rockridge Manor Homeowners Association appears in this action for the purpose of setting aside the default and asserting meritorious defenses which are the subject of the accompanying Motion for Summary Judgment and Motion to Dismiss. Defendant Charles Blakeney, who has not been served in this matter, but against whom a default has been entered, makes a special appearance for the sole purpose of setting aside the default. Mr. Blakeney does not admit, but specifically denies, that he has been served in this matter, and therefore denies that the court has personal jurisdiction over him. Defendants "Rockridge Manor Condominium" and "Rockridge Manor Board of Directors" have not been served, nor could they be served, as they are not legal entities. To the extent that such named "defendants" are before this court, they make a special appearance for the purpose of obtaining a court order setting aside the default purportedly entered against them.

Moving parties have a meritorious defense, as they have been released by plaintiffs following settlement of the state court action. The release is effective to bar all of the allegations made against moving parties by plaintiffs in this action. Reference is made to the accompanying Motion for Summary Judgment, which is premised upon the release. Additional and complete defenses are asserted in the accompanying Motion to Dismiss, consisting of the failure by plaintiffs to state a cause of action against moving parties, the bar of the statute of limitations and the defense of the litigation privilege. Furthermore, the complaint is so ambiguous that it does not provide proper notice to defendants of the claims being presented by plaintiffs. Therefore plaintiffs should be compelled to provide a more definite statement. Reference is made to the accompanying Motion to Dismiss for more particulars.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-4-

## IV. GOOD CAUSE EXISTS FOR SETTING ASIDE THE DEFAULT ENTERED AGAINST MOVING PARTIES

Federal Rules of Civil Procedure, Rule 55 (c) provides:

> For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)

In *Coon v. Grenier*, 867 Fed.2nd 73,76 (1st Cir. 1989) the court observed that the standard for setting aside an entry of default should be construed liberally:

> Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping with both the philosophy that actions should be ordinarily be resolved on their merits [citation omitted] and with the Command of the Civil Rules themselves... Early in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the non-movant or to discommode the court calendar. Cf. Phillips, 103 F.R.D. at 179 (Liberality justified under rule 55 (c) because entry of default, a clerical act, and not a final judgment) in these circumstances, a distrct court should resolve doubts in favor of a party seeking relief from the entry of a default. [citations omitted]

In determining whether there is good cause for setting aside a default, three factors are considered:

(1) Whether the defendant's culpable conduct led to the default; (2) Whether the defendant has a meritorious defense; and (3) Whether re-opening the default judgment would prejudice the plaintiff. *TCI Group Life Insurance Plan v. Knobber,* 244 F.3d 691, 696 (9th Cir. 2001); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

The *TCI* court applied the "Falk" standard to the facts before it and, with respect to the first prong of the test, noted that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at p. 697. The court stated that the term "intentional" is used to describe "...willful, deliberate, or evidence of bad faith [citation omitted]. Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not "intentional" under our default cases and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable. *Id.* at p. 697-698.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-5-

Here, there is no culpable conduct on the part of Rockridge Manor Homeowners' Association. Mr. Zunino, the Association's manager, thought that he had adequately reported his receipt of the summons and complaint to the Association's insurance carrier by informing the insurance agent of his receipt of the papers. Mr. Zunino anticipated that, as with the previous state court action, the case would be defended by attorneys retained by Truck Insurance Company. Mr. Halbrook, the insurance agent, having heard during the course of his discussions with Mr. Zunino and Board members that an attorney had been involved, was of the belief that the case was already being defended. He therefore did not tell Mr. Zunino to take further steps to place the insurance carrier on notice, nor did he take such steps. This situation is akin to two outfielders, each thinking that the other is going to catch the ball, resulting in the ball dropping to the ground between them. This is certainly not intentional or culpable conduct. It is excusable neglect.

Once Mr. Zunino discovered that plaintiff had requested entry of a default, the Farmers Claims Department was notified. Farmers quickly took steps to retain counsel and defend the action.

The second prong of the Falk standard, whether the defendant has a meritorious defense, is also met. Here, as demonstrated by the declaration by Paul A. Conroy, accompanying this motion, as well as the accompanying Motion for Summary Judgment and Motion to Dismiss, moving parties have several complete defenses to this action. The most obvious defense is, as articulated in the summary judgment motion, that the plaintiffs' action is barred by the release and dismissal of the state court action. Further defenses are that the action is barred by the statute of limitations and other defenses raised in the Motion to Dismiss.

The third and final prong of the Falk test is whether the plaintiff will be prejudiced by vacating the default judgment:

> To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'[citations omitted] To be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion'. *TCI Groupu Life Insurance Plan v. Knobber, supra,* 244 F.3d 691, 701.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-6-

As the TCI court observed, merely forcing a plaintiff "…to litigate on the merits cannot be considered prejudicial… [since] …had there been no default, the plaintiff would of course have had to litigate the merits of the case... vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Group Life Insurance Plan v. Knobber, supra,* 244 F.3d 691, 701.

Here, plaintiffs will not be prejudiced by setting aside the default. There will have been no significant delay, as this motion and the accompanying Motion to Dismiss and Motion for Summary Judgment are filed five weeks after Rockridge HOA's original due date for filing a responsive pleading. The three specially appearing defendants have not been served. No prejudice can be shown by plaintiff.

The default entered against Charles Blakeney should also be set aside for the above reasons, but most importantly, for the reason that he was not served. Service of the summons and complaint upon the manager of the Rockridge Manor Homeowners' Association does not constitute personal service upon any other person, including a member of the Association's Board of Directors. Mr. Zunino was not authorized to accept service for Mr. Blakeney and did not represent to the process server that he was accepting service for Mr. Blakeney, or for that matter, for any person or entity.

The defaults entered against Rockridge Manor Board of Directors" and "Rockridge Manor Condominium" should also be set aside as neither of those named defendants are legal entities. While the Board of Directors governs the corporation, it is not an entity, separate and apart from the corporation which it governs. "Rockridge Manor Condominium" is a term the plaintiff is apparently using which has no relation to any legal entity. As such, for the reason that they are not legal entities and therefore cannot be served, and for all of the reasons stated above, the defaults of "Rockridge Manor Condominium" and "Rockridge Manor Board of Directors" should be set aside.

## V. CONCLUSION

By reason of the matters stated above, and the facts set forth in the accompanying declaration of Adelio Zunino, Scott Halbrook, Charles Blakeney and Paul A. Conroy, as well as the accompanying Motion to Dismiss and Motion for Summary Judgment, the defaults entered against the moving parties should be set aside, and defendants should be permitted to present their Motion to Dismiss and Motion for Summary Judgment to the court.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-7-

Dated: November 2, 2007

ALLMAN & NIELSEN, P.C.

By:/s/ Paul A. Conroy
Paul A. Conroy
Attorney for Defendant
ROCKRIDGE MANOR
HOMEOWNERS' ASSOCIATION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-8-

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501
Telephone (510) 769-8232

Pro Se, individually and as Guardian ad Litem for ERIC SUN, disabled

Gaylyn Kirn Conant
LOMBARDI, LOPER & CONANT, LLP
Lake Meritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612
Telephone: (510) 433-2600
Facsimile: (510) 433-2699

Attorney for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT AND SUSAN VON SEEBURG

Lee J. Danforth
Coddington Hicks & Danforth
555 Twin Dolphin Drive Suite 300
Redwood City CA 94065
Telephone: (650) 592-5400

[ ] **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ] **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ] **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the addressee.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-9-

[x] **BY E-MAIL:** I transmitted a true electronic copy of the foregoing documents by e-mail to Christine Chang's e-mail address: Christie1chang@peoplepc.com, Gaylyn Kirn Conant's email address: gkc@llcllp.com, and Lee Danforth's email address: LDanforth@CHDLAWYERS.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on November 2, 2007, at Larkspur, California.

/s/ Paul A. Conroy
PAUL A. CONROY

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' MOTION FOR AN ORDER SETTING ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (FRCP, RULE 55(c))

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-10-