1  Sara B. Allman, Esq. CSB #107932
   Paul A. Conroy, Esq. CSB #84527
2  ■Allman & Nielsen, P.C. ■
3  100 Larkspur Landing Circle, Suite 212
   Larkspur, CA 94939
4  Telephone:  415.461.2700
5  Facsimile:  415.461.2726

6
   Attorneys for Defendant
7  ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION

8                 IN THE UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA

10
   CHRISTINE CHANG, individually and as Guardian          Case No.:  C07-4005 EMC
11 ad Litem for ERIC SUN, disabled

12      Plaintiffs,                                        **MEMORANDUM OF POINTS AND
                                                           AUTHORITIES IN SUPPORT OF
13      v.                                                 DEFENDANT ROCKRIDGE MANOR
                                                           HOMEOWNERS' ASSOCIATION'S
14                                                         MOTION FOR SUMMARY
   ROCKRIDGE MANOR CONDOMINIUM,                            JUDGMENT**
15 ROCKRIDGE MANOR HOMEOWNERS ASSO;
   ROCKRIGDE MANOR BOARD OF DIRECTORS;
16 ROCKRIDGE MANOR PRESIDENT OF BOARD                      Date:
   OF DIRECTORS CHARLES BLAKENEY;                          Time:
17 ROCKRIDGE MANOR MANAGER EVA                             Room: C
18 AMMANN; TRUCK INSURANCE EXCHANGE;                       Judge:  Magistrate Judge Edward M. Chen
   AND DOES 1-30, inclusive,
19                   JOINDER
20 UNIVERSITY OF CALIFORNIA BERKELEY; UC
   BERKELY CHANCELLOR ROBERT
21 BIRGENEAU; UC BERKELEY PUBLIC
22 RECORDS COORDINATOR ALAN KOLLING;
   UC BERKELEY GENERAL COUNSEL SUSAN
23 VON SEEBURG; UC BERKELEY POLICE
   DEPARTMENT CHIEF VICTORIA HARRISON;
24 UC BERKELEY POLICE DEPARTMENT
25 LIEUTENANT ADAN TEJADA; UC BERKELEY
   POLICE DEPARTMENT MANAGER TOM
26 KLATT; UC BERKELY POLICE DEPARTMENT
27 DISPATCHER CONSTANCE PEPPERS CELAYA;
   and DOES 31-60, inclusive,
28                   JOINDER
   PAMELA ZIMBA, ATTORNEY AT LAW;
29 ALBERT COOMBES, ATTORNEY AT LAW; and
30 DOES 61-90, inclusive,

31      Defendants

32

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1

# I.

2

## INTRODUCTION

This action repeats many of the same allegations and reiterates several of the same claims which were raised by plaintiffs in state court and resolved by way of release and dismissal. Defendant Rockridge Manor Homeowners' Association ("Rockridge") seeks summary judgment in its favor as well as summary judgment in favor of the unserved former president of its Board of Directors, Charles Blakeney and unserved and purported entities named by plaintiffs as "Rockridge Manor Board of Directors" and "Rockridge Manor Condominium." The above named defendants may be referred to hereinafter collectively as the "Rockridge defendants."

Moving party seeks summary judgment in favor of the four "Rockridge defendants"[1] based upon the indisputable fact that plaintiffs are barred from asserting any of the causes of action or claims made against the Rockridge defendants because all of such claims and causes of action have been released by plaintiffs.

# II.

## ISSUES TO BE DECIDED

1. Whether the causes of action and claims presented by plaintiff in this action are barred by the release, dismissal and order approving compromise entered in Alameda County Superior Court Action number 2001-023364.

# III.

## FACTS

1. <u>State Court Action</u>

On September 12, 2001, plaintiffs Christine Chang and Eric Sun initiated a Civil Action in Alameda County Superior Court, Action #2001-023364 entitled *Christine Chang and Eric Sun v. Eva Ammann, Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA* and DOES 2-100 inclusive. Plaintiffs filed their second amended complaint on June 10, 2002, a copy of which is attached as Exhibit "A" to the declaration of Paul A. Conroy, served and filed herewith. The second amended complaint was the operative complaint at the time the action was settled. The second amended complaint alleged that on or about September 14, 2000 defendant Eva Ammann, as manager of the condominium complex, falsely reported to the Department of Social Services that plaintiff Eric Sun was acting dangerously and possessed a gun. This conduct was allegedly ratified

---

[1] Summary judgment may be entered for a non-moving party. In re *Continental Airlines*, 981 F.2d 1450, 1458 (5th Cir.1993).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
-2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   by Rockridge and Charles Blakeney, a member of the Rockridge Board of Directors.  The causes of

2   action stated in the second amended complaint were intentional infliction of emotional distress,

3   negligence, slander and "intrusion" for which both plaintiffs claimed emotional distress damages as

4   well as punitive damages.

5   　　　As noted in plaintiffs' attorney's declaration filed in support of her motion to continue the

6   trial date in the state court action, attached to the accompanying Declaration of Paul A. Conroy as

7   Exhibit "D," plaintiffs' attorney had prepared a proposed, but unfiled, third amended complaint.

8   The proposed third amended complaint, attached to the Declaration of Paul A. Conroy as Exhibit

9   "C," alleged a cause of action for discrimination against Eric Sun based upon his mental disability,

10  pursuant to the California Unruh Civil Rights Act.  The proposed third amended complaint also

11  alleged a second cause of action, pursuant to California's Fair Employment and Housing Act,

12  claiming that defendants discriminated against plaintiff Eric Sun based upon his mental disability.

13  Plaintiffs never sought leave to file the proposed third amended complaint.

14  2.　Settlement of State Court Action

15  　　　After extensive discovery, the case settled.  A guardian ad litem was appointed for plaintiff

16  Eric Sun, given his mental disability.  A petition to the court was made by the guardian ad litem for

17  approval of the compromise. An order approving the compromise of the action with respect to

18  plaintiff Sun was entered on February 7, 2005.  The order is attached to the Declaration of Paul A.

19  Conroy as Exhibit "E".

20  　　　Thereafter, a release in favor of Rockridge, Charles Blakeney, Eva Ammann and other

21  named defendants, as well as their "agents, servants, employees, insurance carriers, legal

22  representatives, heirs, successors, and assigns (hereinafter "releasees")" was executed by plaintiff

23  Christine Chang and John Orr, plaintiff' Eric Sun's guardian ad litem.  This release, attached to the

24  Declaration of Paul A. Conroy as Exhibit "F", recites at paragraph number 3 that the plaintiffs

25  release and discharge "releases of any and all claims, demands, actions, causes of action, lien

26  claims, obligations, liabilities of any nature whatsoever and damages, <u>whether or not now known,</u>

27  <u>suspected or claimed</u>… which the plaintiffs ever had, now have, or hereafter may have or claim to

28  have against releasees, including any claims directly or indirectly arising out of the incidents and

29  matters which are alleged by plaintiffs to have occurred on r about September 20, 2000, <u>and at all</u>

30  <u>other times</u>." (emphasis added)  The release further provides at paragraph number 4 that "plaintiffs

31  shall never commence, prosecute…against releasees…any action at law…based upon any claims,

32  demands, actions, causes of action, lien claims, obligations, liabilities of any nature whatsoever, and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-3-

1  damages, <u>whether or not now known, suspected, or claimed, which they ever had, now have, or</u>

2  <u>hereafter may have or claim to have against releasees,</u> or any of them, including any claims directly

3  or indirectly arising out of the incidents and matters more particularly described in paragraph 3,

4  above."(emphasis added) The release further recites at paragraph number 5 that "this release may be

5  pled as a defense or asserted by way of a counter claim or cross-complaint..." The release includes

6  a waiver of plaintiffs' rights under section 1542 of the California Civil Code in paragraph 7, thus

7  releasing any and all unknown or unsuspected claims. The release further provides at paragraph 8

8  that it "shall apply to all unknown and unanticipated damages, including consequential damages,

9  which may result, appear or otherwise manifest themselves in the future, as well as those that are

10  now disclosed." The release was given in consideration of the payment of $36,000 to plaintiffs,

11  which settlement sum was tendered to plaintiffs and their attorney.

12       Pursuant to the settlement agreement, and following tender of the settlement funds,

13  plaintiffs' attorney Pamela Zimba filed a dismissal with prejudice of the entire action on April 5,

14  2005, attached to the Declaration of Paul A. Conroy as Exhibit "G."

15  3. <u>This action</u>

16       Plaintiffs filed the instant action on August 3, 2007, approximately two years and four

17  months after the state action was dismissed. The complaint names numerous defendants, including

18  Rockridge, which was served on or about September 7, 2007. Also named are other previously

19  released defendants, Charles Blakeney and Eva Ammann. Plaintiffs have also listed "Rockridge

20  Manor Condominium" and "Rockridge Manor Board of Directors" as purported defendants. With

21  the exception of Rockridge Manor Homeowners Association, none of the other Rockridge

22  defendants have been served.

23       The instant complaint recites a long history of the plaintiffs' residency at the Rockridge

24  Manor Condominium complex between 1991 and 2003. The same facts recited in the instant

25  complaint were the subject of the plaintiffs' second amended complaint, the proposed third

26  amended complaint and the extensive discovery, including several sessions of plaintiff Christine

27  Chang's deposition in the state court action. Much of the instant complaint is dedicated to

28  complaints about other defendants related to another state court action, *Chang v. Celaya*. The

29  instant complaint also levels complaints against the plaintiffs' various attorneys, a new allegation

30  ///

31  ///

32  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-4-

# IV.
## SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE ROCKRIDGE DEFENDANTS, AS PLAINTIFFS' COMPLAINT IS BARRED BY THE RELEASE AND DISMISSAL

1. Standard to be Applied on Summary Judgment Motion

Federal Rules of Civil Procedure, Rule 56, provides in pertinent part:

> (b) **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
> (c) **Motion and Proceedings Thereon...** The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In *Celotex Corporation v. Catrett*, 477 U.S. 317, 327 (1986) the Supreme Court observed:

> The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact.  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action...'" Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

In *Anderson v. Liberty Lobby, Inc.,* (1986) 477 U.S. 242, 249 the Supreme Court noted that "...at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial... there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."

Here, plaintiffs cannot provide any evidence to overcome the bar of the release and dismissal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-5-

2. <u>Plaintiffs' Action is Barred by the Release</u>

Affirmative defenses of release may be raised on a motion to dismiss or motion for summary judgment without first being asserted in an answer to the complaint. *Suckow Borax Mines Consolidated v. Borax Consolidated, Limited,* 185 Fed.2nd 196, 204 (9th Cir. 1950). Furthermore, "...affirmative defenses, even though not appearing on the face of the complaint, may be established upon motion to dismiss or for summary judgment when, by affidavits, depositions and admissions, a set of undisputed facts is revealed upon which the moving party is entitled to judgment as a matter of law. Clearly, Rule 56 permits affirmative defenses to be raised in a motion for summary judgment. *Id.* at p.205.

In the *Suckow* case, the court concluded that the affidavits submitted by the moving party established that there is no triable issue of fact as to whether plaintiff was aware of the existence of the proffered cause of action at the time the release was executed. The record before the Ninth Circuit Court of Appeals showed conclusively that the plaintiff had at least "suspected" that he had a potential right to pursue a cause of action which defendant respondent claimed was subject to the release. The court also noted that the release itself included all claims "known or unknown." The court therefore held that the releases were properly shown by defendants' affidavits and that they constituted a defense to the action entitling defendants to judgment as a matter of law. *Id.* at p. 206-207.

Here, as shown by the evidence attached to the Declaration of Paul A. Conroy, served and filed herewith, plaintiffs entered into the release with full knowledge of the matters alleged in the second amended complaint and set forth in the proposed third amended complaint. These pleadings involved the same set of facts and legal theories which plaintiff now presents against the Rockridge defendants in the instant complaint. In addition, the release releases defendants from all claims, both known and unknown.

3. <u>This Action Is Barred By The Dismissal Of The State Court Action</u>

The dismissal with prejudice of the state court action serves to bar the instant action under the principle of *res judicata.*

Under California law, a voluntary dismissal with prejudice is a determination on the merits and has preclusive effect.... *Gagnon Co. v. Nevada Desert Inn, Inc.*(1955) 45 Cal.2d 448,455. A federal court must give full faith and credit to a state court judgment. 28 U.S.C. § 1738. "[t]he res judicata effect of [the] state-court decision[ ] in [this] § 1983 action[ ] is a matter of state law." *Heck v. Humphrey,* 114 S.Ct. 2364, 2369 n. 2 (1994).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
-6-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## V.

## CONCLUSION

Moving party has established that plaintiffs entered into a release of any and all known and unknown claims against the Rockridge defendants.  Plaintiffs are unable to produce evidence that the release does not bar their action against defendants.

Moving party has also proved that plaintiffs dismissed their state court action with prejudice.  The state court action raised the same claims asserted here. The dismissal therefore has preclusive effect here.

Accordingly, moving party has shown that there is no genuine issue of fact to be determined by a jury.  Therefore Rockridge Manor Homeowners' Association, Charles Blakeney, Rockridge Manor Condominium and Rockridge Manor Board of Directors are entitled to judgment as a matter of law.

Dated: November 2, 2007

ALLMAN & NIELSEN, P.C.

By:/s/ Paul A. Conroy
Paul A. Conroy
Attorney for Defendant
ROCKRIDGE MANOR
HOMEOWNERS' ASSOCIATION

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-7-

1

## PROOF OF SERVICE

2

3       I am a citizen of the United States and employed in Marin County, California. I am over the
age of eighteen years and not a party to the within action. My business address is 100 Larkspur
4       Landing Circle, Suite 212, Larkspur, California 94939-1743.

5       On this date I served the foregoing documents described as:

6

7   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

8

9       on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a
sealed envelope addressed as follows:
10

11  Christine Chang                          Pro Se, individually and as Guardian ad Litem
    341 Tideway Drive #214                   for ERIC SUN, disabled
12  Alameda, CA 94501
13  Telephone (510) 769-8232

14
    Gaylyn Kirn Conant                       Attorney for Defendants
15  LOMBARDI, LOPER & CONANT, LLP            THE REGENTS OF THE UNIVERSITY OF
    Lake Meritt Plaza                        CALIFORNIA, ROBERT BIRGENEAU,
16  1999 Harrison Street, Suite 2600         CONSTANCE PEPPERS CELAYA, ADAN
17  Oakland, CA 94612                        TEJADA, VICTORIA HARRISON, ALLAN
    Telephone: (510) 433-2600                KOLLING, TOM KLATT AND SUSAN VON
18  Facsimile: (510) 433-2699                SEEBURG

19
    Lee J. Danforth
20  Coddington Hicks & Danforth
    555 Twin Dolphin Drive Suite 300
21  Redwood City CA 94065
22  Telephone: (650) 592-5400

23  [ ]     **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox
24          regularly maintained by the delivery service carrier at Larkspur, California.

25  [ ]     **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.
26

27  [ ]     **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the
            addressee.
28

29  [x]     **BY E-MAIL:** I transmitted a true electronic copy of the foregoing documents by e-mail to
            Christine Chang's e-mail address: Christie1chang@peoplepc.com, Gaylyn Kirn Conant's
30          email address: gkc@llcllp.com, and Lee Danforth's email address:
            LDanforth@CHDLAWYERS.com
31

32

1       I declare under penalty of perjury under the laws of the State of California that the foregoing
2   is true and correct to the best of my knowledge.

3       Executed on November 2, 2007, at Larkspur, California.

4

5       /s/ Paul A. Conroy
6       PAUL A. CONROY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-9-