Sara B. Allman, Esq. CSB #107932
Paul A. Conroy, Esq. CSB #84527
■Allman & Nielsen, P.C.■
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700
Facsimile:  415.461.2726

Attorneys for Defendant
ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled

      Plaintiffs,

      v.

ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSO; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive,
              JOINDER
UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ADAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive,
              JOINDER
PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive,

      Defendants

Case No.: C07-4005 EMC

**DECLARATION OF PAUL A. CONROY IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

Date:
Time:
Room: C
Judge:  Magistrate Judge Edward M. Chen

DECLARATION OF PAUL A CONROY IN SUPPORT OF
DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
-1-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    I, Paul A. Conroy, do declare as follows:

2    I am an attorney at law duly licensed to practice law and am practicing law in the state of

3    California. I am admitted to practice law in the United States District Court, Northern District of

4    California.

5    The following facts are known to me from my own personal knowledge:

6    I am of counsel to the law firm of Allman & Nielsen, P.C., which represented defendants

7    Charles Blakeney, Mike Solomon, Murray Singer and Rockridge Manor Homeowners Association

8    in Alameda County Superior Court action no. 2001-023364, entitled *Chang v. Ammann*. I

9    participated in defending the *Chang v. Ammann* case and I am familiar with the facts, legal issues,

10   litigation history and eventual settlement of that action.

11   Attached hereto as Exhibit "A" is a true and correct copy of the second amended complaint

12   filed on behalf of plaintiffs Christine Chang and Eric Sun in that Alameda County Superior Court

13   action on June 10, 2002.

14   Attached hereto as Exhibit "B" is a true and correct copy of the on-line docket for the *Chang*

15   *v. Ammann* case, which I printed on October 22, 2007.

16   In 2004, plaintiffs' attorney Pamela Zimba provided a copy of a third amended complaint to

17   Allman & Nielsen. Plaintiffs' attorney described this pleading, a true and correct copy of which is

18   attached hereto as Exhibit "C", as a proposed third amended complaint.

19   Subsequent to circulating the proposed amended complaint, plaintiffs' attorney served and

20   filed a "Supporting Declaration of Pamela Zimba" in support of her motion to continue the trial date

21   and to reopen discovery. That declaration, a true and correct copy of which is attached hereto as

22   Exhibit "D", filed on August 16, 2004, states at paragraph 23 that plaintiffs' attorney had decided

23   not to assert the proposed third amended complaint's causes of action for violation of the Unruh Act

24   and FEHA, that she intended to add further facts to a future amended complaint, and that a cause of

25   action would also be included for "depravation of rights". A third amended complaint was never

26   filed.

27   Thereafter, an agreement was made to settle the case. In furtherance of the settlement

28   agreement, and at defendants' request, the guardian ad litem for Eric Sun, John Orr, petitioned the

29   court and was granted an order approving the compromise of the action on behalf of plaintiff Eric

30   Sun, an adult person with a disability. The order authorized the guardian ad litem to execute the

31   release which was attached to the petition as attachment "A". A true and correct copy of the order

32

DECLARATION OF PAUL A CONROY IN SUPPORT OF
DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
                                   -2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle. Suite 212
Larkspur. CA 94939
Telephone: 415.461.2700 Facsimile: 415.461 2726

1  approving the compromise of the pending action, filed February 17, 2005, is attached hereto as

2  Exhibit "E".

3       Attached hereto as Exhibit "F" is a true and correct copy of the Full and Final Release of All

4  Claims Known and Unknown, and Covenant Not to Sue, executed by Ms. Chang and Mr. Orr. This

5  is the same release, verbatim, that was attached, unexecuted, to the Petition to Approve

6  Compromise of Pending Action.

7       Attached hereto as Exhibit G is a true and correct copy of the dismissal with prejudice of the

8  entire action, filed April 5, 2005.

9       I declare under penalty of perjury under the laws of the state of California that the foregoing

10  is true and correct and that this declaration was executed in Larkspur on November 2, 2007.

11

12

13

14                          _____

15                          Paul A. Conroy

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

**DECLARATION OF PAUL A CONROY IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

-3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**DECLARATION OF PAUL A. CONROY IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

Christine Chang                                   Pro Se, individually and as Guardian ad Litem
341 Tideway Drive #214                      for ERIC SUN, disabled
Alameda, CA 94501
Telephone (510) 769-8232

Gaylyn Kirn Conant                            Attorney for Defendants
LOMBARDI, LOPER & CONANT, LLP      THE REGENTS OF THE UNIVERSITY OF
Lake Meritt Plaza                              CALIFORNIA, ROBERT BIRGENEAU,
1999 Harrison Street, Suite 2600         CONSTANCE PEPPERS CELAYA, ADAN
Oakland, CA 94612                            TEJADA, VICTORIA HARRISON, ALLAN
Telephone: (510) 433-2600                 KOLLING, TOM KLATT AND SUSAN VON
Facsimile: (510) 433-2699                   SEEBURG

Lee J. Danforth
Coddington Hicks & Danforth
555 Twin Dolphin Drive Suite 300
Redwood City CA 94065
Telephone: (650) 592-5400

[x]    **BY E-MAIL:** I transmitted a true electronic copy of the foregoing documents by e-mail to
        Christine Chang's e-mail address: Christie1chang@peoplepc.com, Gaylyn Kirn Conant's
        email address: gkc@llcllp.com, and Lee Danforth's email address:
        LDanforth@CHDLAWYERS.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on November 2, 2007, at Larkspur, California.

/s/ Paul A. Conroy
PAUL A. CONROY

DECLARATION OF PAUL A CONROY IN SUPPORT OF
DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

-4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Exhibit "A"

1834686

1   BRETT S. ALLEN, (SBN 165097)
    LAW OFFICE OF BRETT S. ALLEN
2   909 Marina Village Parkway, #669
    Alameda, CA 94501
3   Tel: (510) 872-9933

4   Attorney for Plaintiffs
    Christine Chang and
5   Eric Sun

FILED
ALAMEDA COUNTY

02 JUN 10 PM 2:46

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10                        UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN          CASE NO.: 2001-023364

13          Plaintiffs,
                                          SECOND AMENDED COMPLAINT
14      vs.                               FOR INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS,
15  EVA AMMANN, CHARLES BLAKENEY,         NEGLIGENCE, SLANDER, AND
    MIKE SOLOMON, MURRAY SINGER,          INTRUSION
16  ROCKRIDGE MANOR HOA,
    ELIZABETH LADY and DOES 3-100,
17  inclusive

18          Defendants.

19

20      Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each

21  of them as follows:

22                      **GENERAL ALLEGATIONS**

23  1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and

24  ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.

25  2.      Plaintiffs are informed and believe that at all times relevant to this lawsuit

26  defendant EVA AMMANN was and is a natural person residing in Alameda

27  County.

28  3.      Plaintiffs are informed and believe that at all times relevant to this lawsuit

1

RECEIVED: APR 12 2002
CLERK OF THE SUPERIOR COURT OF ALAMEDA
STATE OF CALIFORNIA COUNTY OF ALAMEDA
BY MARGARET J. CORWIN, DEPUTY

1   defendant CHARLES BLAKENEY was and is a natural person residing in

2   Alameda County.

3   4.          Plaintiffs are informed and believe that at all times relevant to this lawsuit

4   defendant MIKE SOLOMON was and is a natural person residing in Alameda

5   County.

6   5.          Plaintiffs are informed and believe that at all times relevant to this lawsuit

7   defendant MURRAY SINGER was and is a natural person residing in Alameda

8   County.

9   6.          Plaintiffs are informed and believe that at all times relevant to this lawsuit

10  defendant ELIZABETH LADY was and is a natural person residing in Alameda

11  County.

12  7.          Upon filing the original cross-complaint herein, Plaintiffs were ignorant of

13  the true names of each Defendant and having designated this Defendant in the

14  complaint by a fictitious name, to-wit DOE-2, and having discovered the true

15  name of the Defendant to be the Defendant described in this paragraph, Plaintiff

16  hereby amends its complaint by inserting such true name in the place and stead

17  of such fictitious name wherever it appears in the complaint. ELIZABETH LADY.

18  8.          Defendants Does 3 through 100, inclusive, are sued herein under fictitious

19  names because their true names and capacities, whether individual, associate,

20  corporate or governmental, are not now known to Plaintiffs. Plaintiffs are

21  informed and believe and upon such information and belief allege that each of

22  the Defendants named as a Doe is negligently or otherwise legally responsible in

23  some manner for the events herein alleged, and that said Defendants negligently

24  acted or omitted to act in one or more of their occupations and businesses and

25  that such negligence or fault proximately caused the injuries and damages

26  hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities

27  of said Defendants when the same are ascertained.

28  9.          At all times herein mentioned, each and every one of the Defendants

2

1    herein was the agent, servant and employee of each other, and each was acting

2    within the course and scope of such agency, service and employment.

3    10.        At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and

4    ERIC SUN resided in unit number 314 located in the Rockridge Manor

5    Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

6    11.        At all times relevant to this lawsuit, plaintiffs are informed and believe that

7    defendant EVA AMMANN was the manager of Rockridge Manor Condominium

8    complex and resided in said complex located at 2005 Pleasant Valley Avenue,

9    Oakland, California.

10   12.        At all times relevant to this lawsuit, plaintiffs are informed and believe that

11   defendant CHARLES BLAKENEY was on the board of directors of the Rockridge

12   Manor Condominium complex and resided in said complex located at 2005

13   Pleasant Valley Avenue, Oakland, California.

14   13.        At all times relevant to this lawsuit, plaintiffs are informed and believe that

15   defendant MIKE SOLOMON was on the board of directors of the Rockridge

16   Manor Condominium complex and resided in the complex located at 2005

17   Pleasant Valley Avenue, Oakland, California.

18   14.        At all times relevant to this lawsuit, plaintiffs are informed and believe that

19   defendant MURRAY SINGER was on the board of directors of the Rockridge

20   Manor Condominium complex and resided in said complex located at 2005

21   Pleasant Valley Avenue, Oakland, California.

22   15.        At all times relevant to this lawsuit, plaintiffs are informed and believe that

23   defendant ELIZABETH LADY resided in said complex located at 2005 Pleasant

24   Valley Avenue, Oakland, California.

25                          **FIRST CAUSE OF ACTION**
                     Intentional Infliction of Emotional Distress
26                          Against All Defendants

27   16.        On or about September 14, 2000, defendants EVA AMMANN and

28   ELIZABETH LADY conspired and acted together and contacted the Department

                                    3

1  of Social Services and knowingly and falsely reported that plaintiff ERIC SUN

2  was acting dangerously and possessed a gun.

3  17.  Defendants' conduct as alleged here was intentional and malicious and

4  done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,

5  and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE

6  SOLOMON, MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct

7  in confirming and ratifying the wrongful conduct was done with a wanton and

8  reckless disregard of the consequences to Plaintiffs.

9  18.  As the proximate result of the aforementioned acts, Plaintiffs suffered

10  humiliation, mental anguish, embarrassment, shame, and emotional and physical

11  distress, and have been injured in mind and body, all to Plaintiffs's damage.

12  19.  As a result of Defendants's conduct as alleged herein, Plaintiffs suffered

13  severe emotional distress according to proof at trial including but not limited to

14  humiliation, embarrassment, anguish, pain, and betrayal.

15  20.  As more fully alleged above, in committing all of the foregoing acts of

16  misconduct, Defendants acted in a flagrant, aggravated, and wanton and

17  reckless disregard of the duties and obligations they owed to Plaintiffs and their

18  rights, and Plaintiffs are therefore entitled to and demand punitive damages.

19  21.  As more fully alleged above, pursuant to California Civil Code section

20  3345, Plaintiffs are entitled to have penalties, fines, and damages awarded

21  increased in an amount up to three times greater than would otherwise be

22  awarded.

23  **SECOND CAUSE OF ACTION**
Negligence Against All Defendants

24

25  22.  Plaintiffs incorporate herein by reference each and every allegation as set

26  forth in Paragraphs 1 through 21 above.

27  23.  Defendants named herein knew that Plaintiff ERIC SUN had emotional

28  problems and that calling the Department of Social Services and/or the police

4

1    would greatly harm his state of mind. Additionally, Defendants knew that calling

2    the police and/or the Department of Social Services would cause great emotional

3    harm to Plaintiff CHRISTINE CHANG. Despite this knowledge, Defendants and

4    each of them called and/or ratified the calling of the Department of Social

5    Services and/or the police and fraudulently reported that Plaintiff ERIC SUN

6    possessed a gun and was acting violently. Defendants breached their duty to

7    Plaintiffs by fraudulently, knowingly, and falsely informing or ratifying the

8    informing of the Department of Social Services and/or the police that Plaintiff

9    ERIC SUN possessed a gun and was violent.

10   24.      The result of Defendants's negligence as alleged herein, caused the

11   Plaintiffs loss of security, humiliation, frustration, mental anguish, and emotional

12   and physical distress.

### THIRD CAUSE OF ACTION
Slander Against All Defendants

15
16   25.      Plaintiffs incorporate herein by reference each and every allegation as set

     forth in Paragraphs 1 through 25 above.

17
18   26.      On or about September 14, 2000, defendant EVA AMMANN and/or

     ELIZABETH LADY contacted the Department of Social Services and knowingly

19
20   and falsely reported that plaintiff ERIC SUN was acting dangerously and

     possessed a gun.

21
22   27.      Defendants EVA AMMANN and ELIZABETH LADY's statements were

     made with wanton disregard for the truth and accused Plaintiff ERIC SUN of

23
24   possessing a firearm. Defendants CHARLES BLAKENEY, MIKE SOLOMON,

     MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct in confirming

25
26   and ratifying the wrongful conduct was done with a wanton and reckless

     disregard of the consequences to Plaintiffs Therefore, Plaintiff ERIC SUN is

27
     entitled to and demands punitive damages against all Defendants.

28

5

28.     The result of Defendants's slander as alleged herein, caused Plaintiff ERIC SUN loss of security, humiliation, frustration, mental anguish, and emotional and physical distress.

### FOURTH CAUSE OF ACTION
Intrusion Against All Defendants

29.     Plaintiffs incorporate herein by reference each and every allegation as set forth in Paragraphs 1 through 28 above.

30.     Defendants actions caused the Department of Social Services and the police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

31.     Defendants knew that falsely informing the Department of Social Services and/or the police would cause the police and Department of Social Services personnel to intrude into Plaintiff ERIC SUN's privacy by entering his condominium.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

### ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:

1.     For general damages according to proof at the time of trial;

2.     For costs of suit herein incurred;

3.     For punitive damages; and

4.     For such other and further relief as the Court deems just and proper.

///
///
///
///
///
///
///

6

**ON THE SECOND CAUSE OF ACTION:**

    1.    For general damages according to proof at the time of trial;

    2.    For costs of suit herein incurred; and

    3.    For such other and further relief as the Court deems just and proper.

Dated: April 1, 2002

Law Office of Brett S. Allen

Brett S. Allen
Attorney for Plaintiffs
CHRISTINE CHANG and
ERIC SUN

7

Exhibit "B"

| Date | Action | Image (Java) | Image (TIFF) |
|------|--------|--------------|--------------|
| 09/12/01 | Complaint - Other PI/PD/WD Tort Filed (Amended) | 📄 | 📄 |
| 09/12/01 | Civil Case Cover Sheet Filed for Christine Chang | 📄 | 📄 |
| 09/12/01 | Summons on Complaint Issued | | |
| 10/02/01 | First Amended Complaint Filed | 📄 | 📄 |
| 10/02/01 | Summons on Complaint Issued | | |
| 10/25/01 | Answer to 1st Amended Complaint Filed for Rockridge Manor HOA, Murray Singer, Mike Solomon, Charles | 📄 | 📄 |
| 12/28/01 | Initial Case Management Conference 04/17/2002 09:00 AM D- 19 | 📄 | 📄 |
| 01/18/02 | Answer to Complaint Filed for Eva Ammann | 📄 | 📄 |
| 04/10/02 | Case Management Statement of Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA File | 📄 | 📄 |
| 04/12/02 | Case Management Statement of Christine Chang, Eric Sun Filed | 📄 | 📄 |
| 04/12/02 | Motion to Amend Complaint Filed by Christine Chang, Eric Sun | 📄 | 📄 |
| 04/12/02 | Motion to Amend Complaint Hearing Confirmed for 06/10/2002 09:00 AM D- 31 | | |
| 04/17/02 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 04/17/02 | Hearing Continued to Case Management Conf Continuance dept: 19 date: 08/02/2002 time: 09:40 AM | | |
| 04/17/02 | Order re Case Management Filed | 📄 | 📄 |
| 06/10/02 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/10/02 | Motion to Amend Complaint Granted | 📄 | 📄 |
| 06/10/02 | Second Amended Complaint Filed | 📄 | 📄 |
| 07/11/02 | Summons on Amended Complaint Issued | | |
| 07/22/02 | Case Management Statement of Charles Blakeney, Mike Solomon Filed | 📄 | 📄 |
| 07/26/02 | Case Management Statement of Eva Ammann | 📄 | 📄 |

| | Filed | | |
|---|---|---|---|
| 08/01/02 | Order re Case Management Filed | 📄 | 📄 |
| 08/02/02 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 08/02/02 | Hearing Reset to Case Management Conf Continuance 12/06/2002 09:00 AM D- 140 | | |
| 10/07/02 | Answer to 2nd Amended Complaint Filed for Elizabeth Lady | 📄 | 📄 |
| 11/14/02 | Case Management Statement of Eva Ammann Filed | 📄 | 📄 |
| 11/18/02 | Case Management Statement of Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA File | 📄 | 📄 |
| 11/27/02 | Case Management Statement of Christine Chang, Eric Sun Filed | 📄 | 📄 |
| 11/27/02 | Case Management Statement of Elizabeth Lady Filed | 📄 | 📄 |
| 12/06/02 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 12/06/02 | Case Management Conference Order Issued | 📄 | 📄 |
| 12/06/02 | Civil Pre-Trial Settlement Conference 12/11/2002 01:30 PM D- 140 | | |
| 12/11/02 | Civil Pre-Trial Settlement Conference Commenced and Completed | 📄 | 📄 |
| 12/11/02 | Case Management Conf Continuance 07/25/2003 01:30 PM D- 303 | | |
| 12/19/02 | Association of Attorneys Filed | 📄 | 📄 |
| 03/13/03 | Letter dated 3/11/03 Filed | 📄 | 📄 |
| 03/18/03 | Statement of Non-Opposition of 'defendants Charles Blakeney, Mike Solomon Filed | 📄 | 📄 |
| 03/19/03 | Notice of Motion and Motion to be Relieved as Counsel Filed for Plaintiff | 📄 | 📄 |
| 03/19/03 | Notice of Motion and Motion to be Relieved as Counsel Hearing Confirmed for 04/08/2003 09:00 AM D- 3 | | |
| 04/08/03 | Motion to Compel Responses to Discovery Filed by Elizabeth Lady | 📄 | 📄 |

| 04/08/03 | Motion to Compel Responses to Discovery Hearing Confirmed for 05/05/2003 09:00 AM D- 31 | | |
|----------|------------------------------------------------------------------------------------------|---|---|
| 04/08/03 | Civil Law and Motion Hearing Commenced and Completed | 🗎 | 🗎 |
| 04/08/03 | Notice of Motion and Motion to be Relieved as Counsel Granted | | |
| 04/10/03 | Order Granting Attorney's Motion to be Relieved as Counsel Filed | 🗎 | 🗎 |
| 04/10/03 | Statement of Non-Opposition to Motion to be Relieved As Counsel Filed | 🗎 | 🗎 |
| 04/11/03 | Motion to Compel Responses to Discovery Hearing Dropped from dept: 31 date: 05/05/2003 time: 09:00 A | | |
| 04/23/03 | Letter re moton on 5/5/03 dropped Received | 🗎 | 🗎 |
| 06/25/03 | Substitution of Attorney Filed for Christine Chang | 🗎 | 🗎 |
| 07/10/03 | Case Management Statement of Elizabeth Lady Filed | 🗎 | 🗎 |
| 07/15/03 | Notice of Unavailabilty Filed | 🗎 | 🗎 |
| 07/17/03 | Case Management Statement of Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA File | 🗎 | 🗎 |
| 07/22/03 | Case Management Statement of Christine Chang Filed | 🗎 | 🗎 |
| 07/24/03 | Substitution of Attorney Filed for Elizabeth Lady | 🗎 | 🗎 |
| 07/25/03 | Case Management Conference Commenced and Continued | 🗎 | 🗎 |
| 07/25/03 | Order re Case Management Filed | 🗎 | 🗎 |
| 07/25/03 | Hearing Continued to Case Management Conf Continuance dept: 303 date: 10/03/2003 time: 01:30 PM | | |
| 08/05/03 | Notice of Change of Address Filed | 🗎 | 🗎 |
| 09/22/03 | Case Management Statement of Elizabeth Lady Filed | 🗎 | 🗎 |
| 09/29/03 | Case Management Statement of Christine Chang, Eric Sun Filed | 🗎 | 🗎 |
| 10/02/03 | Case Management Statement of Eva Ammann Filed | 🗎 | 🗎 |

| | | | |
|---|---|---|---|
| 10/03/03 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 10/03/03 | Order re Case Management Filed | 📄 | 📄 |
| 10/03/03 | Master Jury Trial 04/16/2004 08:45 AM D- 1 | | |
| 10/31/03 | Substitution of Attorney Filed for Eric Sun | 📄 | 📄 |
| 10/31/03 | Substitution of Attorney Filed for Christine Chang | 📄 | 📄 |
| 11/06/03 | Motion to Compel (Motion) Filed for Defendant | 📄 | 📄 |
| 11/06/03 | Motion to Compel (Motion) Hearing Confirmed for 12/01/2003 09:00 AM D- 31 | | |
| 11/12/03 | Motion for Joinder Filed for Defendant | 📄 | 📄 |
| 11/12/03 | Motion for Joinder 12/01/2003 09:00 AM D- 31 | | |
| 11/20/03 | Non-Opposition to Motion to Compel Deposition of Christine Chang Filed by Christine Chang | 📄 | 📄 |
| 11/20/03 | Declaration of Christine Chang re: Non-Opposition to Motion to Compel Deposition of Christine Chang | 📄 | 📄 |
| 12/01/03 | Civil Law and Motion Hearing Commenced and Continued | 📄 | 📄 |
| 12/01/03 | Motion to Compel (Motion) - Granted in Part | 📄 | 📄 |
| 12/01/03 | Motion to Compel (Motion) - Motion Rescheduled | | |
| 12/01/03 | Hearing Continued to Civil Law and Motion dept: 31 date: 12/11/2003 time: 09:00 AM | | |
| 12/01/03 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 12/01/03 | Motion for Joinder Granted | 📄 | 📄 |
| 12/09/03 | Substitution of Attorney Filed for Christine Chang, Eric Sun | 📄 | 📄 |
| 12/11/03 | Civil Law and Motion Hearing Commenced and Continued | 📄 | 📄 |
| 12/11/03 | Motion to Compel (Motion) - Motion Rescheduled | 📄 | 📄 |
| 12/11/03 | Hearing Continued to Civil Law and Motion dept: 31 date: 01/15/2004 time: 09:00 AM | | |
| 12/11/03 | Hearing Reset to Master Jury Trial 09/10/2004 08:45 AM D- 1 | | |
| 12/29/03 | Compliance Hearing 01/14/2004 09:00 AM D- 1 | 📄 | 📄 |
| 01/13/04 | Hearing Vacated: Compliance Hearing 01/14/2004 09:00 AM D- 1 | | |

| Date | Description | | |
|------|-------------|---|---|
| 01/15/04 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 01/15/04 | Motion to Compel (Motion) Granted | | |
| 02/25/04 | Application Re: Appointment of Guardian Ad Litem Filed for Eric Sun | 📄 | 📄 |
| 03/05/04 | Application Re: Appointment of Guardian Ad Litem As to Eric Sun Denied | 📄 | 📄 |
| 03/08/04 | Motion to Quash Filed | 📄 | 📄 |
| 03/08/04 | Motion to Quash 04/12/2004 02:00 PM D- 31 | | |
| 04/02/04 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 04/07/04 | Proof of Service Mermorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 04/12/04 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 04/12/04 | Motion to Quash Denied | 📄 | 📄 |
| 05/04/04 | Application Re: Appointment of Guardian Ad Litem Filed for Eric Sun | 📄 | 📄 |
| 05/04/04 | Application Re: Appointment of Guardian Ad Litem As to Eric Sun Denied | 📄 | 📄 |
| 06/25/04 | Notice of Unavailability of Counsel Filed | 📄 | 📄 |
| 06/28/04 | Memo to Case Filed | 📄 | 📄 |
| 07/29/04 | Memo to Case Jury Fee Deposit Paid -- $150.00 Filed | 📄 | 📄 |
| 08/04/04 | Application Re: Continuance Filed for Christine Chang, Eric Sun | 📄 | 📄 |
| 08/04/04 | Order Shortening Time Reservation Set for dept: 31 date: 08/06/2004 time: 08:45 AM | | |
| 08/04/04 | Order Shortening Time Reservation Set for dept: 303 date: 08/09/2004 time: 09:30 AM | | |
| 08/05/04 | Civil Ex-Parte Hearing Dropped from dept: 31 date: 08/06/2004 time: 08:45 AM | | |
| 08/09/04 | Application Re: Continuance Granted | 📄 | 📄 |
| 08/09/04 | Motion to Continue Trial Date Filed for Plaintiff | 📄 | 📄 |
| 08/09/04 | Motion to Continue Trial Date 08/16/2004 09:30 AM D- 303 | | |

| | | | |
|---|---|---|---|
| 08/09/04 | Hearing Minutes registered | 📄 | 📄 |
| 08/11/04 | Order Shortening Time Reservation Set for dept: 31 date: 08/13/2004 time: 08:45 AM | | |
| 08/12/04 | Civil Ex-Parte Hearing Dropped from dept: 31 date: 08/13/2004 time: 08:45 AM | | |
| 08/13/04 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 08/13/04 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 08/16/04 | Brief to Defendants' Oppositions Re: Motion to Continue Trial and Reopen Discovery Filed | 📄 | 📄 |
| 08/16/04 | Declaration of Pamela Zimba Filed | 📄 | 📄 |
| 08/16/04 | Proof of Personal Service on Motion to Continue Trial Date As to Eva Ammann, Charles Blakeney, Mike | 📄 | 📄 |
| 08/16/04 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 08/16/04 | Motion to Continue Trial Date Denied | 📄 | 📄 |
| 08/16/04 | Memo to Case Jury Fee Deposit Received Filed | 📄 | 📄 |
| 08/18/04 | Order Shortening Time Reservation Set for dept: 31 date: 08/20/2004 time: 08:45 AM | | |
| 08/20/04 | Application Re: Order Shortening Time Filed for Christine Chang | | |
| 08/20/04 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 08/20/04 | Application Re: Order Shortening Time Denied | 📄 | 📄 |
| 08/20/04 | Notice of Entry of Order Filed | 📄 | 📄 |
| 08/26/04 | Association of Attorneys Filed | 📄 | 📄 |
| 08/27/04 | Application Good Faith Settlement Filed for Elizabeth Lady | 📄 | 📄 |
| 08/30/04 | Memo to Case Re: Jury Fee Deposit For Plaintiff Filed | 📄 | 📄 |
| 09/07/04 | Hearing Reset to Master Jury Trial 09/10/2004 08:44 AM D- 1 | | |
| 09/10/04 | Master Jury Trial Called and Continued | 📄 | 📄 |
| 09/10/04 | Hearing Continued to Master Jury Trial dept: 1 date: | | |

| | 11/12/2004 time: 08:45 AM | | |
|---|---|---|---|
| 09/10/04 | Compliance Hearing 09/22/2004 09:00 AM D- 1 | | |
| 09/21/04 | Application Re: Good Faith Settlement Granted | 🗎 | 🗎 |
| 09/22/04 | Hearing Vacated: Compliance Hearing 09/22/2004 09:00 AM D- 1 | | |
| 10/21/04 | Application Re: Appointment of Guardian Ad Litem Filed for Eric Sun | 🗎 | 🗎 |
| 10/27/04 | Application Re: Appointment of Guardian Ad Litem Granted | 🗎 | 🗎 |
| 11/09/04 | Hearing Vacated: Motion to Continue Trial Date 08/16/2004 09:30 AM D- 303 | | |
| 11/09/04 | Compliance Hearing 02/09/2005 09:00 AM D- 1 | | |
| 11/09/04 | Hearing Vacated: Master Jury Trial 11/12/2004 08:45 AM D- 1 | | |
| 02/02/05 | Hearing Reset to Compliance Hearing 03/02/2005 09:00 AM D- 1 | 🗎 | 🗎 |
| 02/04/05 | Petition for Compromise Claim of Incompetent Filed | 🗎 | 🗎 |
| 02/04/05 | Petition for Compromise Claim of Incompetent Hearing Confirmed for 02/07/2005 09:30 AM D- 303 | | |
| 02/07/05 | Civil Law and Motion Hearing Commenced and Completed | 🗎 | 🗎 |
| 02/07/05 | Petition for Compromise Claim of Incompetent Granted | 🗎 | 🗎 |
| 03/01/05 | Letter dated 3/1/05, to Judge Miller, Dept. 1, re: continuance of compliance hearing Filed | 🗎 | 🗎 |
| 03/01/05 | Letter dated 3/1/05, to Judge Miller, Dept. 1, re: compliance hearing Filed | 🗎 | 🗎 |
| 03/01/05 | Hearing Reset to Compliance Hearing 04/06/2005 09:00 AM D- 1 | 🗎 | 🗎 |
| 04/05/05 | Request Re: Dismissal with prejudice - entire action Filed | 🗎 | 🗎 |
| 04/05/05 | Request Re: Dismissal with prejudice - entire action Entered | | |
| 07/06/05 | Memo to Case re: Forfeiture of Jury Deposit Received | 🗎 | 🗎 |
| 07/06/05 | Memo to Case re: Forfeiture of Jury Deposit Received | 🗎 | 🗎 |

Case 3:07-cv-04005-EMC     Document 61     Filed 11/02/2007     Page 21 of 63

| 07/06/05 | Memo to Case re: Forfeiture of Jury Deposit Received | 📄 | 📄 |
|----------|------------------------------------------------------|----|----|
| 07/07/05 | Memo to Case re: Forfeiture of Jury Deposit Received | 📄 | 📄 |

Exhibit "C"

1  Pamela Zimba, S.B.N. 147850
   LAW OFFICES OF PAMELA ZIMBA
2  Treasury Commons Building
   110 East D Street, Suite A
3  Benicia, CA 94510
   Tel:   707.745.6424
4  Fax:   707.745.8695

5

6                    SUPERIOR COURT OF CALIFORNIA

7                       COUNTY OF ALAMEDA

8

9  CHRISTINE CHANG and ERIC SUN          )    Case No. 2001-023364
                                         )
10            Plaintiffs,                )
                                         )    **THIRD AMENDED COMPLAINT**
11      vs.                              )
                                         )
12  EVA AMMANN, CHARLES BLAKENEY,        )
    MIKE SOLOMON, MURRAY SINGER,         )
13  ROCKRIDGE MANOR HOMEOWNER'S          )
    ASSOCIATION, ELIZABETH LADY and      )
14  DOES 1-100, inclusive,               )
                                         )
15            Defendants.                )
                                         )
16  _____  )

17       *Plaintiffs CHRISTINE CHANG and ERIC SUN complain of defendants EVA AMMANN,*

18  *CHARLES BLAKENEY, MIKE SOLOMON, MURRAY SINGER, ROCKRIDGE MANOR*

19  *HOMEOWNER'S ASSOCIATION, and ELIZABETH LADY and each of them as follows:*

20       1.      At all times relevant to this lawsuit, plaintiffs CHRISTINE CHANG ("CHANG") and

21  ERIC SUN ("SUN") were residents of Oakland, Alameda County, California.  Plaintiff CHRISTINE

22  CHANG is the mother of plaintiff ERIC SUN.  (CHANG and SUN are hereinafter collectively referred

23  to as "plaintiffs.")

24       2.      Plaintiffs are informed and believe and thereon allege that defendant EVA AMMANN

25  ("AMMANN") was and is a natural person residing in Alameda County, California.

THIRD AMENDED COMPLAINT                                                              1

3.     Plaintiffs are informed and believe and thereon allege that defendant CHARLES

BLAKENEY ("BLAKENEY") was and is a natural person residing in Alameda County, California.

4.     Plaintiffs are informed and believe and thereon allege that defendant MIKE SOLOMON

("SOLOMON") was and is a natural person residing in Alameda County, California.

5.     Plaintiffs are informed and believe and thereon allege that defendant MURRAY SINGER

("SINGER") was and is a natural person residing in Alameda County, California.

6.     Plaintiffs are informed and believe and thereon allege that defendant ELIZABETH

LADY ("LADY") was and is a natural person residing in Alameda County, California.

7.     Plaintiffs are informed and believe and thereon allege that defendant ROCKRIDGE

MANOR HOA ("HOA") is a business entity of unknown type, engaged in the business of providing

property management and or homeowner association services to its members, with a principal place of

business in Alameda County.  (Defendants AMMANN, BLAKENEY, SOLOMON, SINGER, LADY,

and HOA are hereinafter collectively referred to as "defendants.")

8.     The true names and capacities, whether corporate, associate, public entity, or individual,

of defendants sued as DOES 3 through 100, inclusive, are unknown to plaintiffs who therefore sues such

defendants by fictitious names.  Plaintiffs will amend this complaint to insert the true names and

capacities of such defendants when ascertained.

9.     Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

defendants are responsible in some manner for the occurrences herein alleged, and that damages herein

alleged were sustained by plaintiffs as a result of the acts of such defendants, and each of them.

10.     Plaintiffs are informed and believe and thereon allege that defendants DOES 3 through

100 acted as agents and employees of various other named or fictitious defendants, and performed the

actions identified herein within the course and scope of their agency or employment.  Plaintiffs are

informed and believe and thereon alleges that some of the defendants were the agents, servants and or

employees of their co-defendants, and each of them, and in doing the things hereinafter alleged, were

1   acting within the course and scope of their authority as such agents, servants and employees, and with

2   the permission and consent of their co-defendants.

3       11.    At all times relevant to this lawsuit, plaintiffs resided in unit number 314 located in the

4   Rockridge Manor Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California. (The

5   Rockridge Manor Condominium complex is hereinafter referred to as "Rockridge Manor.")

6       12.    At all times relevant to this lawsuit, plaintiffs are informed and believe and thereon allege

7   that defendant AMMANN was the manager of and resided at Rockridge Manor.

8       13.    At all times relevant to this lawsuit, plaintiffs are informed and believe and thereon allege

9   that defendant BLAKENEY was on the board of directors of the HOA and resided at Rockridge Manor.

10      14.    At all times relevant to this lawsuit, plaintiffs are informed and believe and thereon allege

11  that defendant SOLOMON was on the board of directors of the HOA and resided at Rockridge Manor.

12      15.    At all times relevant to this lawsuit, plaintiffs are informed and believe and thereon allege

13  that defendant SINGER was on the board of directors of the HOA and resided at Rockridge Manor.

14      16.    At all times relevant to this lawsuit, plaintiffs are informed and believe and thereon allege

15  that defendant LADY resided at Rockridge Manor.

16      17.    Between approximately 1997 and April 2000, plaintiff CHANG served on the board of

17  directors at Rockridge Manor. Plaintiff CHANG served with defendants BLAKENEY, SOLOMON,

18  and SINGER. At or about the same time defendant AMMANN was the manager at Rockridge Manor

19  and attended the board meetings in her capacity as the manager.

20      18.    In this same period of time, plaintiffs CHANG and SUN were personal friends with

21  defendant AMMANN and shared many intimate and personal matters with her, which included concerns

22  about SUN'S mental disability and his need for care. In addition, plaintiffs were neighbors of defendant

23  LADY'S and were known at Rockridge Manor and had lived there since 1991.

24      19.    During the time plaintiff CHANG served as a member of the board numerous conflicts

25  arose between plaintiff CHANG and the defendants over the operation of the HOA. Said conflicts

THIRD AMENDED COMPLAINT                                                                        3

1   included but were not limited to issues concerning the content of and the implementation of revision(s)

2   to the ByLaws ("ByLaws") and the Covenants, Conditions, and Restrictions ("CCR") of Rockridge

3   Manor HOA.  Plaintiff CHANG did not agree with the manner in which defendants implemented the

4   revisions and believed that it was counter to the interests of the members of the HOA and in violation of

5   the procedures for amending said documents.  Due to the escalating conflicts, plaintiff CHANG resigned

6   from the board of directors in or about April 2000.

7          20.     Thereafter, between April 2000 and September 2000, defendants HOA, BLAKENEY,

8   SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, engaged in a

9   pattern and practice of intruding on plaintiff CHANG'S privacy.  Said intrusions included but are not

10  limited to, confronting her about her refusal to remain on the board of directors and harassing her to

11  return to the board, inquiring into plaintiff SUN'S mental and emotional state and or her intentions about

12  arranging appointments with a psychiatrist for him, and reporting unsubstantiated allegations about

13  plaintiff SUN'S activities in and around Rockridge Manor to other members of the HOA.

14         21.     Plaintiffs are informed and believe and thereon allege that each and every defendant

15  knew and or should have known that plaintiff SUN had and has a mental disability.  Despite this

16  knowledge, between April 2000 and August 2000, defendants HOA, BLAKENEY, SOLOMON,

17  SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, engaged in a pattern and

18  practice of intruding into plaintiff SUN'S privacy and his right to be free from discrimination.  Said

19  actions included but are not limited to, making it difficult for him to enjoy the common areas within the

20  Rockridge Manor complex and making it difficult for him to enjoy the privacy of his own home.  In

21  addition, defendant LADY began a pattern and practice of complaining about SUN to AMMANN and

22  the maintenance crew, and began running the water in her downstairs unit, on a constant basis, when

23  SUN was in various rooms within his upstairs unit.  (The allegations set forth in paragraphs 20 and 21

24  are hereinafter referred to as the "April 2000 through August 2000 events.")

25  ///

THIRD AMENDED COMPLAINT                                                                                          4

22.    Said pattern and practice of intruding into plaintiffs' privacy and plaintiff SUN'S right to be free from discrimination escalated in or about September 14 and or September 15, 2000, when plaintiff CHANG was on vacation and plaintiff SUN was home alone. Plaintiffs are informed and believe and thereon allege that defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, knew that plaintiff CHANG was on vacation and that plaintiff SUN was home alone and took this opportunity to call the John George Pavilion Crisis Center in San Leandro ("John George") and report plaintiff SUN as being violent and or dangerous and or having a gun. Plaintiffs are further informed and believe and thereon allege that defendant AMMANN made the phone call to John George, that defendant LADY assisted and or encouraged AMMANN in making the phone call, and that defendants HOA, BLAKENEY, SOLOMON, and SINGER directed and or authorized the act(s) of AMMANN. (The September 14, 2000 and or September 15, 2000 telephone calls to John George are hereinafter referred to as the "September 2000 incident.")

23.    Plaintiffs are further informed and believe and thereon allege that no defendant attempted to talk with plaintiff SUN about his alleged behavior immediately prior to calling John George despite the fact that all defendants knew and had known plaintiff SUN for many years, despite the fact that defendants knew that plaintiff SUN was home alone, and despite the fact that defendants knew that plaintiff SUN suffered from a mental disability.

24.    Plaintiffs are informed and believe and thereon allege, that as a result of the phone call, John George called the Oakland Police Department, and a team of social workers and police officers were dispatched to plaintiffs' home on at least two occasions. On the second occasion, plaintiff SUN opened the door and the police officers barged into his home, pushed him onto the couch, begin interrogating him, and searched the home for a gun.

25.    Plaintiffs are also informed and believe and thereon allege that in the course of the interrogation, plaintiff SUN told the officers that defendant LADY was constantly running the water in

her downstairs unit and that plaintiff SUN could hear the water running in his unit. Plaintiffs are further informed and believe and thereon allege that the officers questioned defendant LADY, and that defendant LADY agreed to stop constantly running the water, if SUN would stop stomping the floor.

26. Immediately following the September 2000 incident plaintiff SUN called defendant AMMANN, who told him that BLAKENEY, SOLOMON, and SINGER through their position on the board of directors for HOA made the decision to dispatch John George to his unit. Despite this representation and despite repeated requests by CHANG for information regarding the events leading up to the September 2000 incident, defendants HOA, BLAKENEY, SOLOMON, and SINGER ignored her and did not make any information available to her which set forth said defendants' decision making process before authorizing AMMANN to call John George.

27. A representative of John George later told plaintiff CHANG that the call to John George lacked merit, that SUN did not possess a gun, and that he was not acting in a dangerous and or violent manner.

28. Plaintiffs are informed and believe and thereon allege that between late September 2000 and July 2003, defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 – 75 engaged in an escalating pattern and practice of discriminating against plaintiff SUN, harassing and intimidating plaintiffs CHANG and SUN, and violating plaintiffs' CHANG'S and SUN'S rights to privacy, which actions include but are not limited to (a) writing letters to plaintiffs and or association members that included unsubstantiated statements about plaintiffs, (b) soliciting other HOA owners to write letters to association members that included unsubstantiated statements about plaintiffs, (c) denying plaintiffs' access to the front entrance of their building and denying plaintiffs' guests access to the intercom system, (d) making announcements at annual association meetings about the filing of plaintiffs' lawsuit against the HOA, and (e) indirectly sanctioning an act of violence by another homeowner, Constance Celeya, against plaintiffs CHANG and SUN in or about December 2001, all of which exposed plaintiffs to hatred, contempt, and ridicule and caused them to be shunned and avoided

1  by other homeowners. The actions of said defendants resulted in CHANG'S forced sale of her unit in or

2  about July 2003. (The late September 2000 through July 2003 events are hereinafter referred to as the

3  "2000 through 2003 events.")

## FIRST CAUSE OF ACTION
### (Discrimination – Unruh Civil Rights Act)

6  *As and for a first cause of action against defendants HOA, BLAKENEY, SOLOMON,*

7  *SINGER, AMMANN, and DOES 3 through 75 and each of them, plaintiff SUN alleges as follows:*

8      29.     Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1

9  through 28, above, as though fully set forth herein.

10      30.     Plaintiffs are informed and believe and thereon allege that Defendant HOA and DOES 3

11  through 25, and each of them, is a business establishment within the meaning of the Unruh Civil Rights

12  Act. At all times herein mentioned, defendant HOA was a condominium association engaged in the

13  business of providing property management and or homeowner association services to its members, and

14  is situated in Oakland, Alameda County, California.

15      31.     Plaintiffs are informed and believe and thereon allege that Defendants BLAKENEY,

16  SOLOMON, SINGER, and DOES 26 through 50, and each of them, were individual directors of the

17  board of directors of Rockridge Manor HOA, and at all times herein mentioned were acting within the

18  scope of their authority as directors.

19      32.     Plaintiffs are informed and believe and thereon allege that Defendant AMMANN, and

20  DOES 51 through 75, and each of them, was the resident manager of Rockridge Manor, and at all times

21  herein mentioned was acting within the scope of her employment.

22      33.     Plaintiffs are informed and believe and thereon allege that said defendants engaged in an

23  ongoing pattern and practice of discriminating against plaintiffs, which actions include but are not

24  limited to (a) the April 2000 through August 2000 events as more fully set forth in paragraphs 20

25  ///

1   through 21, supra, (b) the September 2000 incident as more fully set forth in paragraph 22, supra, and (c)

2   the 2000 through 2003 events as more fully set forth in paragraph 28, supra.

3        34.    Plaintiff SUN is a mentally disabled person.

4        35.    Plaintiffs are informed and believe and thereon allege that said defendants, and each of

5   them, took the actions against plaintiff SUN as set forth herein, because plaintiff SUN is mentally

6   disabled.

7        36.    Said defendants' wrongful conduct as set forth herein, continued until plaintiff SUN and

8   plaintiff CHANG sold their unit and moved away from Rockridge Manor in or about July 2003.

9        37.    As a direct and proximate result of the acts or failures to act by said defendants, and each

10  of them, plaintiffs suffered loss of security, humiliation, frustration, mental anguish, and emotional and

11  physical distress.

12       38.    As a further proximate result of the wrongful acts of said defendants, plaintiff SUN is

13  entitled to recover statutory damages of $4,000, plus attorney's fees, as provided in Civil Code § 52.

14       39.    The above-recited actions of said defendants were done with malice, fraud, or oppression,

15  and in reckless disregard of plaintiff SUN'S rights.  Specifically, said defendants, and each of them,

16  made a groundless phone call to John George needlessly subjecting plaintiff SUN to police

17  interrogation, interfered with plaintiff SUN'S continuing right to use and enjoy his unit, intimidated

18  plaintiff SUN in such a way that he refrained from exercising his right to use the facilities and other

19  common areas at Rockridge Manor, and interfered with plaintiff SUN'S exercise of his right to be free

20  from discriminatory housing practices.

21       WHEREFORE, plaintiff SUN prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
*(Discrimination – Fair Employment and Housing Act)*

24  ***As and for a second cause of action against defendants HOA, BLAKENEY, SOLOMON,***

25  ***SINGER, AMMANN, and DOES 3 through 75, and each of them, plaintiff SUN alleges as follows:***

40.   Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1 through 39, above, as though fully set forth herein.

41.   Plaintiffs are informed and believe and thereon allege that Defendant HOA and DOES 3 through 25, and each of them, is a non-profit Mutual Benefit Corporation.  At all times herein mentioned, defendant HOA was a condominium association engaged in the business of providing property management and or homeowner association services to its members, and is situated in Oakland, Alameda County, California.

42.   Plaintiffs are informed and believe and thereon allege that Defendants BLAKENEY, SOLOMON, SINGER, and DOES 26 through 50, and each of them, were individual directors of the board of directors of Rockridge Manor HOA, and at all times herein mentioned were acting within the scope of their authority as directors.

43.   Plaintiffs are informed and believe and thereon allege that Defendant AMMANN, and DOES 51 through 75, and each of them, was the resident manager of Rockridge Manor, and at all times herein mentioned was acting within the scope of her employment.

44.   Plaintiffs are informed and believe and thereon allege that said defendants engaged in an ongoing pattern and practice of discriminating against plaintiffs, which actions include but are not limited to (a) the April 2000 through August 2000 events as more fully set forth in paragraphs 20 through 21, supra, (b) the September 2000 incident as more fully set forth in paragraph 22, supra, and (c) the 2000 through 2003 events as more fully set forth in paragraph 28.

45.   Plaintiffs are informed and believe and thereon allege that said defendants, and each of them, took the actions against plaintiff SUN as set forth herein, because plaintiff SUN is mentally disabled.

46.   Said defendants' wrongful conduct as set forth herein, continued until plaintiff SUN and plaintiff CHANG sold their unit and moved away from Rockridge Manor in or about July 2003.

/ / /

1    47.    Said defendants' interference with plaintiff SUN'S exercise of his right to be free from

2  discriminatory housing practices constitutes a violation of Government Code § 12955(a).

3    48.    As a direct and proximate result of said defendants' discriminatory housing practices,

4  plaintiff SUN has sustained damages in an amount according to proof at the time of trial.

5    49.    Plaintiff SUN has incurred reasonable attorney's fees in this action.

6    WHEREFORE, plaintiff SUN prays for judgment as hereinafter set forth.

7    **THIRD CAUSE OF ACTION**
    *(Breach of Fiduciary Duty)*

8

9    *As and for a third cause of action against defendants HOA, BLAKENEY, SOLOMON,*

10  *SINGER, AMMANN, and DOES 3 through 75 and each of them, plaintiffs allege as follows:*

11    50.    Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1

12  through 49, above, as though fully set forth herein.

13    51.    Plaintiffs are informed and believe and thereon allege that Defendant HOA and DOES 3

14  through 25, and each of them, is a non-profit Mutual Benefit Corporation.  At all times herein

15  mentioned, defendant HOA was a condominium association engaged in the business of providing

16  property management and or homeowner association services to its members, and is situated in Oakland,

17  Alameda County, California.

18    52.    Plaintiffs are informed and believe and thereon allege that Defendants BLAKENEY,

19  SOLOMON, SINGER, and DOES 26 through 50, and each of them, were individual directors of the

20  board of directors of Rockridge Manor HOA, and at all times herein mentioned were acting within the

21  scope of their authority as directors.

22    53.    Plaintiffs are informed and believe and thereon allege that Defendant AMMANN, and

23  DOES 51 through 75, and each of them, was the resident manager of Rockridge Manor, and at all times

24  herein mentioned was acting within the scope of her employment.

25  ///

54.    Said defendants, and each of them, breached their fiduciary duty to plaintiffs by failing to conform to the parameters set forth in the ByLaws and CCR's in such a way as to fairly and objectively carry out their requirements, by interfering with plaintiff SUN'S exercise of his right to be free from discriminatory housing practices, by intruding on plaintiffs' rights of privacy, and by failing to act in a manner that would not create an unreasonable risk of harm to its members.

55.    As a direct and proximate result of the acts or failures to act by said defendants, and each of them, plaintiffs have been damaged in an amount according to proof at the time of trial.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence)

**As and for a fourth cause of action against defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, plaintiffs allege as follows:**

56.    Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1 through 55, above, as though fully set forth herein.

57.    Plaintiffs are informed and believe and thereon allege that defendant HOA is engaged in the business of providing property management and or homeowner association services to its members and is responsible to its members.

58.    Plaintiffs are informed and believe and thereon allege that defendants BLAKENEY, SOLOMON, SINGER, and each of them, were members of the board of directors of defendant HOA and were responsible to the association's members, and were responsible for any and all actions taken by defendant AMMANN in the course and scope of her responsibilities as resident manager.

59.    Plaintiffs are informed and believe and thereon allege that defendant AMMANN, as resident manager, was responsible to the association's members and reported to defendants HOA, BLAKENEY, SOLOMON, and SINGER.

60.    Plaintiffs are informed and believe and thereon allege that defendant LADY is an owner a condominium unit within Rockridge Manor, is a member of the HOA, and at all times herein mentioned was a neighbor of plaintiffs CHANG and SUN.

61.    Said defendants, and each of them, had a duty to undertake the implementation of the ByLaws and CCR's in such a way as to fairly and objectively carry out the requirements set forth in said laws and to refrain from acting in a manner that creates an unreasonable risk of harm to its members. Further, said defendants, and each of them, had a duty to refrain from engaging in a pattern and practice of discriminating against plaintiffs, harassing and intimidating plaintiffs CHANG and SUN, and violating plaintiffs' CHANG'S and SUN'S rights to privacy.

62.    Said defendants, and each of them, breached their duties when they engaged in an ongoing pattern and practice of discriminating against plaintiffs, harassing and intimidating plaintiffs CHANG and SUN, and violating plaintiffs' CHANG'S and SUN'S rights to privacy, which actions include but are not limited to (a) the April 2000 through August 2000 events as more fully set forth in paragraphs 20 through 21, supra, (b) the September 2000 incident as more fully set forth in paragraph 22, supra, and (c) the 2000 through 2003 events as more fully set forth in paragraph 28, supra.

63.    As a direct and proximate result of the acts or failures to act by said defendants, and each of them, plaintiffs suffered loss of security, humiliation, frustration, mental anguish, and emotional and physical distress.

WHEREFORE, plaintiffs pray for judgment as set forth hereinafter.

### FIFTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

*As and for a fifth cause of action against defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, plaintiffs allege as follows:*

///

64.     Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1 through 63, above, as though fully set forth herein.

65.     The aforementioned intentional conduct of defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, was outrageous and despicable in that plaintiffs were caused to suffer mental, emotional, and physical harm and abuse without their consent on many, continuing occasions.

66.     Said defendants' conduct as stated herein was intentional, malicious, and outrageous and done for the purpose of causing plaintiffs to suffer mental anguish, emotional distress, physical distress, and humiliation.  Said defendants' intentional conduct was done with the knowledge that plaintiffs' emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to plaintiffs, and was outrageous and despicable.

67.     As a proximate result of the aforementioned acts, plaintiffs have suffered loss of security, humiliation, frustration, mental anguish, and emotional and physical distress and have been injured in mind and body as herein alleged.

68.     The aforementioned intentional conduct of said defendants was malicious and oppressive and was made in willful and conscious disregard of the rights and safety of plaintiffs and subjected plaintiffs to cruel and unjust hardship.  Plaintiffs are therefore entitled to recover punitive damages from said defendants, and each of them, in an amount sufficient to deter such malicious and oppressive conduct.

WHEREFORE, plaintiffs pray for judgment as set forth hereinafter.

## SIXTH CAUSE OF ACTION
*(Negligent Infliction of Emotional Distress)*

*As and for a sixth cause of action against defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN, LADY, and DOES 3 through 100, and each of them, plaintiffs allege as follows:*

THIRD AMENDED COMPLAINT

13

1  2000 and or September 15, 2000, defendants HOA, BLAKENEY, SOLOMON, SINGER, AMMANN,

2  LADY, and DOES 3 through 100, and each of them, knew that plaintiff CHANG was on vacation and

3  that plaintiff SUN was home alone and took this opportunity to call the John George Pavilion Crisis

4  Center in San Leandro ("John George") and report plaintiff SUN as being violent and or dangerous and

5  or having a gun.  Plaintiffs are further informed and believe and thereon allege that defendant

6  AMMANN made the phone call to John George, that defendant LADY assisted and or encouraged

7  AMMANN in making the phone call, and that defendants HOA, BLAKENEY, SOLOMON, and

8  SINGER directed and or authorized the act(s) of AMMANN.

9      79.    Said defendants' actions caused John George and the Oakland Police Department to

10  intrude into the life of plaintiff SUN in a highly offensive manner.

11     80.    Plaintiffs are informed and believe and thereon allege that said defendants' knew and or

12  should have known that falsely informing John George and or the Oakland Police Department would

13  cause John George and or the police to intrude into plaintiff SUN'S privacy by entering his unit.

14     81.    As a proximate result of the aforementioned acts, plaintiff SUN has suffered loss of

15  security, humiliation, frustration, mental anguish, and emotional and physical distress and has been

16  injured in mind and body as herein alleged.

17     82.    The aforementioned intentional conduct of said defendants was malicious and oppressive

18  and was made in willful and conscious disregard of the rights and safety of plaintiff SUN and subjected

19  plaintiff SUN to cruel and unjust hardship.  Plaintiff is therefore entitled to recover punitive damages

20  from said defendants, and each of them, in an amount sufficient to deter such malicious and oppressive

21  conduct.

22     WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

23                            **PRAYER FOR RELIEF**

24     (1)    For general damages in an amount according to proof at the time of trial;

25     (2)    For statutory damages in the sum of $4,000.00 pursuant to Civil Code § 52;

THIRD AMENDED COMPLAINT                                                    16

(3)  For all loss of income, past and future according to proof at the time of trial;

(4)  For exemplary and punitive damages in an amount according to proof at the time of trial;

(5)  For attorney's fees pursuant to Civil Code § 52 and Government Code § 12989.2

(6)  For costs of suit incurred herein;

(7)  For such other and further relief as the Court deems just and proper.

DATED:  13 April 2004                         LAW OFFICES OF PAMELA ZIMBA


By  _____
     PAMELA ZIMBA
     Attorney for PLAINTIFFS

Exhibit "D"

*2780770*

1  Pamela Zimba, S.B.N. 147850
   LAW OFFICES OF PAMELA ZIMBA
2  Treasury Commons Building
   110 East D Street, Suite A
3  Benicia, CA 94510
   Tel:   707.745.6424
4  Fax:   707.745.8695

5  Attorney for Plaintiffs CHRISTINE CHANG and ERIC SUN

F I L E D
ALAMEDA COUNTY

AUG 16 2004

CLERK OF THE SUPERIOR COURT
By _____ Deputy

6

7                    SUPERIOR COURT OF CALIFORNIA

8                        COUNTY OF ALAMEDA

9

10  CHANG, et al.                    )    Case No.  2001-023364
                                     )
11            Plaintiffs,            )    *SUPPORTING DECLARATION OF*
                                     )    *PAMELA ZIMBA*
12      vs.                          )
                                     )
13  AMMANN, et al.                   )    *DATE:  16 August 2004*
                                     )    *TIME:   9:30 a.m.*
14            Defendants.            )    *DEPT:  303*
                                     )
15                                   )    *TRIAL DATE:  10 September 2004*
                                     )

16          I, Pamela Zimba, declare as follows:

17          1.    I am an attorney duly licensed to practice law in the state of California and am the

18  attorney of record for plaintiffs Christine Chang and Eric Sun.  My business address is Treasury

19  Commons Building, 110 East D Street, Suite A, Benicia, California.

20          2.    I have personal knowledge of the facts stated herein and if called upon to testify in this

21  matter could and would do so competently.

22          3.    I substituted into this case in December 2003.  At the time I came into the case, plaintiffs

23  Christine Chang and Eric Sun ("plaintiffs") had two cases pending in Alameda County – this case and

24  the case of *Chang, et al. v. Celaya*, Alameda County Superior Court Case No. 2002-046048 ("Celaya

25  case").  At that time, plaintiffs had been in pro per since October 2003.  When I substituted into the two

1  cases, this case was set for trial in April 2004 and the other case had just been continued to March 2004.

2  In addition, a motion to compel the continuing deposition of Christine Chang had been filed (since prior

3  plaintiffs' counsel refused to produce her for a third day of deposition) and a motion to compel Eric

4  Sun's deposition had been filed (since prior plaintiffs' counsel refused to produce Eric Sun for his

5  deposition and had not taken any steps to obtain a guardian and or a conservatorship for Eric Sun).

6          4.       After substituting into the case, I agreed to produce Christine Chang for day 3 of her

7  deposition and it proceeded forward in December 2003.  Also, the continuing motion to compel Eric

8  Sun's deposition was heard in January 2004.  In this hearing, I indicated that I would either file a

9  petition for appointment of guardian for Eric Sun or would produce him for his deposition.  At that time,

10  it was unclear as to Eric Sun's ability to testify either at deposition and or at trial.  Further, it was not a

11  question of Mr. Sun's "competency" to testify, it was a question of whether he would be to afraid and or

12  would experience too much stress in being confronted by three different attorneys during his deposition.

13          5.       After the hearing in January 2004, I filed an ex parte motion for appointment of guardian

14  ad litem and requested that Christine Chang be appointed as Eric's guardian.  This application was

15  denied on the grounds that a party to the action could not be the guardian for another party.  When the

16  application was denied I spoke with the research attorney who advised me that under special

17  circumstances, the Alameda County procedure re no parties serving as a guardian for another party

18  could be overcome.  This research attorney suggested that I file another application and set forth specific

19  language as to why it was necessary for Christine Chang to be appointed as Eric Sun's guardian.  This

20  was done in or about April 2004.  The special circumstances that existed in this case, was the fact that

21  Christine and Eric do not have any family here who could and or would serve as the guardian and the

22  only friend available to serve in this roll was and is very ill and could be unavailable due to his poor

23  health.  Despite my conversations with the research attorney, the application was again denied.  During

24  this entire period of time from January 2004 through May 2004, none of the defendants made any

25  ///

1    attempt to depose Eric Sun. Nor did they make any attempt to complete the deposition of Christine

2    Chang.

3          6.    Both before and after substituting into these cases, I conducted a complete review of the

4    file and met with plaintiffs on numerous occasions. It became apparent in reviewing the file that prior

5    plaintiffs' counsel had done only the bare minimum on both cases. In fact, prior counsel had not taken

6    the deposition of a single defendant in this case, had propounded only the barest of written discovery,

7    had not responded to defendants' discovery, had not produced any documents in response to requests for

8    production of documents and or requests during Christine Chang's depositions, and had not obtained

9    any documents from defendants. In addition, prior counsel did not subpoena any medical records, did

10   not talk with any third party witnesses, and did not schedule the depositions of any third party witnesses.

11         7.    In addition, prior counsel did not meet with or speak to plaintiff Eric Sun during the

12   entire course of the litigation.

13         8.    Also, prior counsel had done very little discovery on the Celaya case, so in March 2004, I

14   brought a motion to continue the trial date, which was granted, and the trial was scheduled for 30 July

15   2004. The Celaya case was tried on 5 August 2004.

16         9.    In May and June 2004, the depositions of various defendants were taken. Both Eva

17   Ammann's deposition and Elizabeth Lady's deposition were taken and completed. Michael Solomon's

18   deposition and Charles Blakeney's depositions were taken, not completed, and scheduled for 27 July

19   2004. In addition, the deposition of Johannes Ndlela (Eric Sun's treating psychiatrist) was taken in May

20   2004.

21         10.    Again, during this entire period of time, the defendants did not make any attempt to

22   complete the deposition of Christine Chang, nor did they notice Eric Sun's deposition.

23         11.    In early July 2004 I talked with Lee Bartolotta (counsel for Elizabeth Lady) and Sara

24   Allman (counsel for Rockridge Manor, et al.) about stipulating to a trial continuance. Both counsel

25   indicated a willingness to continue the trial date, so I prepared a stipulation and circulated it. However,

1  shortly thereafter, Chinh Vo (counsel for Eva Ammann) told me that he would not agree to continue the

2  trial date and then, Lee Bartolotta changed his position and refused to stipulate to the trial continuance.

3         12.    On 22 July 2004, the parties disclosed expert witnesses. Plaintiffs disclosed three expert

4  witnesses and twelve treating physicians. Defendants disclosed one expert witness and numerous non-

5  retained experts. Immediately thereafter, and on or about 27 July 2004 I received Notices of Deposition

6  of Expert Witnesses. Two of plaintiffs' experts depositions were scheduled for 6 August 2004, and two

7  were scheduled for 11 August 2004, one expert and one treating medical provider. (These depositions

8  were set by Sara Allman's office.) In addition, Chinh Vo's office set the depositions and served

9  subpoenas on my office for approximately six of plaintiffs' treating doctors. I immediately called Sara

10  Allman's office and spoke with her assistant to tell her that the depositions set for 6 August could not go

11  forward because I had previous commitments and that I would need to check with Dr. Rosenthal about

12  his deposition on 11 August. Thereafter, I advised Ms. Allman's office that Dr. Rosenthal's deposition

13  could not go forward as previously scheduled. In addition, I corresponded with all counsel in an attempt

14  to encourage them to work together on obtaining dates for expert depositions because of the logistical

15  problems in scheduling depositions. Despite the fact that I repeatedly asked for all parties to work

16  together it was not until August that Ms. Allman's office finally called to ask me to obtain dates for the

17  expert depositions, rather than unilaterally noticing the depositions.

18         13.    The continuing depositions of Charles Blakeney and Michael Solomon had been

19  scheduled in early July for 27 July 2004. On 26 July, I was told that Mr. Bartolotta was not available on

20  27 July and as such, would object to the completion of their depositions. As a result of this, Mr. Conroy

21  (counsel for Rockridge Manor) advised me at approximately 4:00 p.m. on 26 July that he would not

22  produce either deponent for their deposition on 27 July.

23         14.    On 21 July 2004 defendants took day 4 of Christine Chang's deposition. During the

24  deposition, Mr. Vo advised everyone that he had two trials in August and that we would need to work

25  with his schedule to complete all the needed discovery. Also, on 21 July it became apparent, for the first

1   time, that the deposition of Lisa Martin (which was scheduled for 23 July) could not go forward until

2   Eric Sun provided authorization and that Ms. Martin would be represented by counsel who was not

3   available on 23 July. Although her deposition had been scheduled for at least three weeks, no one asked

4   for this authorization until 21 July. Because Ms. Martin's deposition could not go forward on 23 July, I

5   agreed to produce Christine Chang for day 5 of her deposition instead, so that we could proceed forward

6   with the discovery. None of the defense counsel during either day of Ms. Chang's deposition advised

7   me that Mr. Bartolotta would not be available on 27 July, despite the fact that everyone knew that the

8   depositions were scheduled for 27 July.

9       15.     During Christine Chang's deposition on 21 July I told counsel on the record that I would

10   produce Eric Sun for his deposition and that I would waive discovery cut-off for purposes of Eric's

11   deposition.

12       16.     When it became apparent that neither defendant would be produced for his deposition, I

13   spoke with Mr. Conroy about further dates for their depositions. He indicated that he would talk with

14   Mr. Vo and obtain dates, while I agreed to speak with Mr. Bartolotta. Mr. Conroy did not call to

15   provide me with alternate dates for defendants' depositions, so I spoke with an assistant in their office,

16   and then spoke with Ms. Allman regarding defendants' depositions. It was finally agreed that the only

17   available date for their depositions was 20 August. However, during that same period of time I received

18   a notice of deposition for Eric Sun's deposition for 12 August (the same day that numerous depositions

19   were set by Mr. Vo's office).

20       17.     During this same period of time, Mr. Bartolotta circulated a letter, stating that he was

21   preparing for trial on another case (that was scheduled for trial on the same day as this case) and

22   had only a limited number of days available for depositions in this case. This made it even more

23   difficult to schedule depositions around Mr. Bartolotta's schedule, Mr. Vo's schedule, and the schedules

24   of the various experts and medical providers, not to mention my schedule.

25   / / /

18.     When I received the notices of deposition and subpoenas from Mr. Vo's office I attempted to contact each of the treating physicians in an attempt to set up depositions of the treating doctors. In so doing I realized that none of the doctors had been served with a subpoena. In addition very few of the doctors returned my calls. When this occurred, I corresponded with counsel and indicated that I would not be arranging for the depositions of the treating doctors and that they would need to serve the doctors with subpoenas. Despite this notice, Mr. Vo's office again served me with notices of deposition and subpoenas for the treating doctors. At this writing it is unclear whether Mr. Vo's office served each of the treating doctors with a subpoena. I requested clarification, but to date, have not received any information about the status of the treating doctors' depositions.

19.     On 11 August, the decision was finally made to enter into a settlement agreement with Elizabeth Lady. I immediately communicated the offer to Mr. Bartolotta, who spoke with his client, and the insurance company, and a settlement was reached. At no point in my conversations with Mr. Bartolotta did I indicate that a settlement with Elizabeth Lady was contingent upon the cancellation of Eric Sun's deposition. In fact, Mr. Bartolotta wrote to me on 11 August and stated "…I do acknowledge that our agreement to settle this case was not contingent upon taking Eric Sun's deposition off calendar." [Attached hereto as Exhibit "A" is a true and correct copy of the facsimile from Mr. Bartolotta dated 11 August.]

20.     I am informed and believe that in the process of reaching a settlement with Elizabeth Lady, Mr. Bartolotta called Mr. Vo and Ms. Allman's office, spoke with counsel, told them of the settlement, and advised them that the deposition would be cancelled. Neither defense counsel contracted me on 11 August to discuss the status of Eric Sun's deposition. As such, I concluded that it was off (and would be rescheduled for a later date), wrote and faxed a letter to opposing counsel, advised my clients that the deposition was off, and changed my plans.

21.     On 12 August at approximately 11:00 a.m. I received a phone call from Mr. Vo's office and a letter demanding that I produce Eric for his deposition at 1:00 p.m. on 12 August. I called and

1  spoke with Mr. Vo, told him I would produce Eric for his deposition, but that other plans had been made

2  for that day. Nonetheless numerous threats were issued re ex parte motions and sanctions if I did not

3  produce Eric at 1:00. It was not until later that day that I spoke with a representative in Sara Allman's

4  office and agreed that Eric's deposition would go forward on 25 August and that the ex parte motion

5  scheduled for 13 August would be taken off calendar.

6      22.    At this writing there are at least 17 depositions that need to be done. Although most of

7  the depositions should not require further follow-up, the deposition of Lisa Martin may very likely

8  provide the names of other individuals whose depositions will need to be taken. I am informed and

9  believe that one individual is residing out of state and, if his deposition is scheduled, it will need to be

10  taken out of state.

11      23.    As to the issue of the third amended complaint, I circulated a proposed third amended

12  complaint in or about May 2004. Thereafter, I did not file a motion for leave of court to amend the

13  complaint because I had decided not to assert causes of action for violations of the Unruh Act and or

14  FEHA. I did indicated to Mr. Conroy that I did not intend to include those causes of action and that the

15  only change to the amended complaint would be to add further, known, facts to the pleading and to

16  include a cause of action for deprivation of right.

17      24.    Although all counsel spoke informally about engaging in ADR prior to trial, no

18  settlement offer was tendered to defendants, nor did defendants provide plaintiffs with any settlement

19  offer, other than CCP 998's offers that were served over one year ago. I specifically told Mr. Vo at one

20  point that I did not think we would be able to discuss settlement on an informal basis because I believed

21  we were too far apart.

22      25.    For the reasons set forth herein, plaintiffs are respectfully requesting a continuance of the

23  trial date for at least two-to-three months and an order that discovery be re-opened.

24  ///

25  ///

1       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th day of

2   August 2004 in Oakland, California.

3

4

5                           By: _____
                                  PAMELA ZIMBA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AUG-11-2004 WED 06:11 PM

Law Offices of

# Geary, Shea, O'Donnell & Grattan, P.C.
37 Old Courthouse Square, Fourth Floor
Mail: Post Office Box 429
Santa Rosa, California 95402-0429
Telephone: 707-545-1660
Facsimile: 707-545-1876

Petaluma Office
1425 N. McDowell Boulevard
Suite 125
Petaluma, CA 94954
707-795-7684

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
Steven M. Olson
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.

Of Counsel
Thomas Q. Winter, M.D.

Writer's E-Mail
lbartolotta@gsoglaw.com

August 11, 2004

## FAX TRANSMISSION COVER SHEET

| To: | Pam Zimba | Fax No: | 707-745-8695 |
|---|---|---|---|
| From: | Leo Bartolotta | Our Fax No: | 707-545-1876 |
| Operator: | Dana Silveria | Our Tel No: | 707-545-1660 |

Re:   Chang v. Ammann

SORRY THIS WAS LATE. I HAD A MEETING FROM 4:45 TO 6:00. I DO ACKNOWLEDGE THAT OUR AGREEMENT TO SETTLE THIS CASE WAS NOT CONTINGENT UPON TAKING ERIC SUN'S DEPOSITION OFF CALENDAR.

Leo Bartolotta

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL US IMMEDIATELY AT
(707) 545-1660, 8:30 a.m. - 5:00 p.m.

Exhibit "E"

**MC-351**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Pamela Zimba, S.B.N. 147850
LAW OFFICES OF PAMELA ZIMBA
110 East D Street, Suite A, Benicia, CA 94510
TELEPHONE NO.: 707.745.6424    FAX NO. *(Optional)* 707.745.8695
E-MAIL ADDRESS *(Optional):* lopz@mindspring.com
ATTORNEY FOR *(Name):* PLAINTIFFS

F I L E D
ALAMEDA COUNTY
FEB - 7 2005
CLERK OF THE SUPERIOR COURT
By _M. Guerrero_
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: CHANG, et al. v. AMMANN, et al.

ORDER APPROVING:
- [ ] COMPROMISE OF DISPUTED CLAIM
- [X] COMPROMISE OF PENDING ACTION
- [ ] DISPOSITION OF PROCEEDS OF JUDGMENT
  - [ ] Minor    [X] Adult Person With A Disability

| CASE NUMBER: | 2001-123364 |
|---|---|
| HEARING DATE: | DEPT.: |

1. **Petitioner** *(name):* John Orr    has petitioned for court approval of a
   proposed compromise of a disputed claim of a minor or a pending action involving a minor or an adult person with a disability, or
   a proposed disposition of the proceeds of a judgment for a minor or an adult person with a disability.

2. **Hearing**
   Date:    Time:    Dept.:    Judicial officer:

3. **Relationship to claimant**
   Petitioner is claimant's *(check all applicable boxes):*
   a. [ ] Parent
   b. [X] Guardian ad litem
   c. [ ] Guardian
   d. [ ] Conservator
   e. [ ] Other *(specify):*

4. **Claimant** *(name):*
   a. [ ] is a minor.
   b. [X] is an adult "person with a disability" within the meaning of Probate Code section 3603.

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or defendants (the "payer")):*
   Eva Ammann, Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA, and Elizabeth
   Lady

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**
   a. The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ 1,500
   b. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:
      (1) **Payment of fees and expenses**
      Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:
      (a) [ ] Attorney fees in the total amount of: $ 0    payable to *(specify):*

The foregoing instrument is a true and correct copy of the original on file in this office.
ATTEST:
FEB - 7 2005
Arthur Sims, Clerk of the Superior
Court of California, County of Alameda.
By _M. Guerrero_ Deputy

Page 1 of 3

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR
OR ADULT PERSON WITH A DISABILITY**
**(Miscellaneous)**

Code of Civil Procedure, § 372;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 378,
7.953
www.jurisearch.com

| CASE NAME: Chang, et al. v. Ammann, et al. | CASE NUMBER: |
|---|---|
| | 2001-023364 |

7.  b. (1) (b) ☐   Reimbursement for medical and all other expenses paid by the petitioner or the
petitioner's attorney in the total amount of:                                                    $ 0

(c) ☐   Medical, hospital, ambulance, nursing, and other like expenses payable directly to
providers as follows, in the total amount of:                                               $ 0

(i)  Payee *(name):*
  (A)  Address:

  (B)  Amount: $

(ii)  Payee *(name):*
  (A)  Address:

  (B)  Amount: $

☐  Continued on Attachment 7b(1)c.  *(Provide information about additional payees in the above format.)*

(d) ☐   Other authorized disbursements payable directly to third parties in the total amount of: $
*(Describe and state the amount of each item, and provide the name and address of each payee):*

☐  Continued on Attachment 7b(1)(d).

(e) ☐   Total allowance for fees and expenses from the settlement or judgment:                    $ | 0 |

(2)  **Balance**
The balance of the settlement or judgment available for claimant after payment of all allowed
fees and expenses is:                                                                                         $ | 1,500 |
The balance shall be disbursed as follows:

(a) ☐   By one or more checks or drafts in the total amount of *(specify):*  $
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an
endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured
accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the
accounts except as provided in the *Order to Deposit Money Into Blocked Account,* which is signed
contemporaneously with this order ("blocked account").

(b) ☒   By the following method(s) *(describe each method, including the amount  to be disbursed ):*

A check of checks in the total amount of $1,500 made payable to John Orr, as Guardian ad
Litem for Eric Sun, to be distributed to Eric Sun.

☐  Continued on Attachment 7b(2)(b).

(c) ☐   If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor
of the state Department of Health Services, the state Department of Mental Health, the state Department of
Developmental Services, and any city and county in California must first be satisfied by the following
method *(specify):*

☐  Continued on Attachment 7b(2)(c).

| CASE NAME: Chang, et al. v. Ammann, et al. | CASE NUMBER: 2001-023364 |
|---|---|

8. ☐ **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7b(2)(a):
   a. Within 48 hours of receipt of a check or draft described in item 7b(2)(a), the petitioner and the petitioner's attorney, if any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts at *(specify name, branch, and address of each depository, and the amount of each account):*

   ☐ Continued on Attachment 8a.

   b. The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account,* which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order to Deposit Money Into Blocked Account* ("receipt"). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c. The balance of the proceeds of settlement or judgment deposited in a blocked account or accounts under item 7b(2)(a) may be withdrawn only as follows *(check (1) or (2)):*
      (1) ☐ No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.
      (2) ☐ The blocked account or accounts belong to a minor. The minor was born on *(date):* 2344
         No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☒ **Authorization to execute settlement documents**
The petitioner is authorized to execute settlement documents as follows *(check only one):*
   a. ☒ Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.
   b. ☐ The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.
   c. ☒ The petitioner is authorized and directed *(specify):*
      To execute the release attached to the Petition as Attachment "A."

   ☐ Continued on Attachment 9c.

10. Bond is ☐ ordered and fixed in the amount of: $            ☐ not required.
11. A copy of this order shall be served on the payer forthwith.
12. ☐ **Additional orders**
The court makes the following additional orders *(specify):*

   ☐ Continued on Attachment 12.

Date: FEB - 7 2005

*Thomas A. Kriel*

JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY (Miscellaneous)**

Exhibit "F"

# FULL AND FINAL RELEASE OF ALL CLAIMS
## KNOWN AND UNKNOWN, AND COVENANT NOT TO SUE

This Release of Claims and Covenant Not to Sue (hereinafter "Release") is made by and between Christine Chang, Eric Sun, an adult person with a disability, by John Orr, his Guardian Ad Litem, and their agents, servants, employees, legal representatives, heirs, successors, and assigns (hereinafter "plaintiffs") and Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor Homeowners Association, Eva Ammann, and Elizabeth Lady and their agents, servants, employees, insurance carriers, legal representatives, heirs, successors, and assigns (hereinafter "releasees").

WHEREAS plaintiffs have previously brought a civil action against releasees, said civil lawsuit now pending in the Superior Court in the County of Alameda, Action No. 2001-023364, entitled *Chang v. Ammann, et al.,* and

WHEREAS the parties now desire to resolve and terminate said legal action and end all further disputes between them;

NOW, THEREFORE, in consideration of the payment of drafts or checks in the total sum of $36,000, to plaintiffs ($35,000 paid on behalf of Eva Amman, Rockridge Manor Homeowners Association, Charles Blakeney, Mike Solomon and Murray Singer and $1,000 paid on behalf of Elizabeth Lady), said $36,000 settlement amount to be apportioned between plaintiffs and paid by checks made payable according to the directives of the order approving the compromise of Eric Sun's Claim, the plaintiffs hereby covenant and agree as follows:

1.    DISMISSAL.  IT IS UNDERSTOOD AND AGREED that the plaintiffs shall dismiss the entire aforementioned action with prejudice, with each party to bear their own costs,

fees and other expenses. The undersigned plaintiffs hereby authorize and instruct their attorney of record, Pamela Zimba, Esq. to take all actions necessary to obtain said dismissal, including the execution and filing of a "Request For Dismissal," with prejudice, not later than ten (10) days after receipt of the $36,000 referred to hereinabove and the executed Order Approving Compromise of Pending Action referred to hereinbelow.

2.    <u>COMPROMISE OF PENDING ACTION.</u>   IT IS FURTHER UNDERSTOOD AND AGREED that this settlement is contingent upon plaintiffs' provision to releasees of an Order of the Court Approving Compromise of the Pending Action herein, as required by law. The undersigned, John Orr, represents and warrants as applicable that he is the duly authorized and appointed Guardian Ad Litem of Eric Sun, the adult person with a disability named in the Complaint referenced herein, and, as such, is authorized to compromise and settle said person's claims by entering into this Release and shall dispose of payments made pursuant to the settlement in compliance with any Order of the Court Approving Compromise of Pending Action herein. IT IS FURTHER UNDERSTOOD AND AGREED that plaintiffs' attorney of record, Pamela Zimba, Esq., shall take all actions necessary, if any, to obtain, at plaintiffs' sole cost and/or expense, said Order Approving Compromise of Pending Action, including but not limited to appropriate application to the court for said Order.

3.    <u>RELEASE.</u>   IT IS FURTHER UNDERSTOOD AND AGREED that the plaintiffs hereby release and forever discharge releasees of any and all claims, demands, actions, causes of action, lien claims, obligations, liabilities of any nature whatsoever and damages, whether or not now known, suspected or claimed, including, without limitation, court costs, attorneys fees and other expenses which the plaintiffs' ever had, now have, or hereafter

may have or claim to have against releasees, including any claims directly or indirectly arising out of the incidents and matters which are alleged by plaintiffs to have occurred on or about September 20, 2000, and at all other times. The plaintiffs are alleged to have sustained damage including, without limitation, certain personal injuries and emotional distress, as more particularly described in the pleadings and papers on file in the aforementioned legal action.

4.    <u>COVENANT NOT TO SUE</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that plaintiffs shall never commence, prosecute, assist in any way, or cause, permit, or advise to be commenced or prosecuted against releasees, or any of them, any action at law, suit in equity, or other proceeding based upon any claims, demands, actions, causes of action, lien claims, obligations, liabilities of any nature whatsoever, and damages, whether or not now known, suspected, or claimed, which they ever had, now have, or hereafter may have or claim to have against releasees, or any of them, including any claims directly or indirectly arising out of the incidents and matters more particularly described in paragraph 3, above.

5.    <u>PLEADING THIS AGREEMENT</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that this Release, including its covenant not to sue, shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action or proceeding described or contemplated in paragraph 4, above.  In any such action or proceeding, this Release may be pled as a defense or asserted by way of a counterclaim or cross-complaint.

6.    <u>NO ADMISSIONS</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that the payment of consideration by defendants shall not be taken or construed to be, at any time or

place, an admission of any claim, liability or wrongdoing by releasees and that liability is and shall remain disputed for all future purposes.

7.    <u>WAIVER UNDER CIVIL CODE SECTION 1542</u>.  The plaintiffs fully understand and expressly waive their rights or benefits under Section 1542 of the Civil Code of California, which provides:

> A general release does not extend to claims which the creditor docs not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

8.    <u>CHANGE IN FACTS</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that this is a full and final release of any and all claims, demands, actions, causes of action, liens, obligations, liabilities, and damages, whether or not now known, suspected or claimed which the plaintiffs ever had, now have or hereafter may have or claim to have against releasees, including those claims directly or indirectly arising out of or in any way connected with the matters more particularly described in paragraph 3, above.  Therefore, as further consideration for this compromise agreement, IT IS FURTHER UNDERSTOOD AND AGREED that it shall apply to all unknown and unanticipated damages, including consequential damages, which may result, appear or otherwise manifest themselves in the future, as well as those that are now disclosed.

9.    <u>BINDING AGREEMENT</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that this Release shall be binding upon the plaintiffs and their heirs, successors, assigns, and legal representatives.

10.    <u>CONFIDENTIALITY</u>.  IT IS FURTHER UNDERSTOOD AND AGREED that plaintiffs hereby agree not to disclose any information about the consideration paid hereunder

4

or the terms of this Release, except in response to the legal process or as otherwise required by law.

11.    MODIFICATION OF TERMS.    IT IS FURTHER UNDERSTOOD AND AGREED that this Release is the entire agreement of the parties with respect to the matters identified in paragraph 3, above, and may not be altered, modified or otherwise changed in any respect or particular whatsoever, except in writing duly authorized and executed by the parties and their authorized representatives.

12.    ENFORCEMENT.    IT IS FURTHER UNDERSTOOD AND AGREED that this Full and Final Release of All Claims Known and Unknown, and Covenant Not to Sue is enforceable pursuant to Code of Civil Procedure §664.6 in the Superior Court of the County of Alameda.

FOR YOUR PROTECTION, PURSUANT TO INSURANCE CODE §1871.2, CALIFORNIA LAW REQUIRES THE FOLLOWING TO APPEAR ON THIS FORM:

> "Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison."

\\\

\\\

\\\

5

I HAVE READ THIS RELEASE IN ITS ENTIRETY, UNDERSTAND ALL OF ITS TERMS, AND ENTER INTO IT VOLUNTARILY, WITH FULL UNDERSTANDING OF MY RIGHTS AND OBLIGATIONS UNDER IT AFTER RECEIVING THE ADVICE OF MY ATTORNEYS WITH RESPECT TO ITS TERMS.

DATED: 2/7/05

Christine Chang

DATED: _____

John Orr, GUARDIAN AD LITEM FOR Eric Sun

APPROVED AS TO FORM.

DATED: 8 February 2005

Pamela Zimba, Esq.

6

## NOTARIAL ACKNOWLEDGMENT

STATE OF CALIFORNIA            )
                              ) ss.
COUNTY OF *Alameda*            )

On this _7_ day of _February_, 2005, before me,
_Rachel Dunbar_, a Notary Public in and for the said County and State,
residing    therein,    duly    commissioned    and    sworn,    personally    appeared
_Christine Chang_, known to me or proved to me on the basis of satisfactory
evidence to be the person whose name is subscribed to the within instrument, and
acknowledged to me that he/she executed same.

IN WITNESS THEREOF, I have hereunto set my hand and affixed my official
seal the day and year in this Certificate first above written.

[SEAL]

RACHEL ANN DUNBAR
COMM. NO. 1517871
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My comm. expires Oct. 04, 2006

Notary Public in and for said
County and State of California

7

Exhibit "G"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Pamela Zimba, S.B.N. 147850<br>LAW OFFICES OF PAMELA ZIMBA<br>110 East D Street, Suite A, Benicia, CA 94510 | TEL: 707.745.6424<br>FAX: 707.745.8695 | |

ATTORNEY FOR (Name): PLAINTIFFS

Insert name of court and name of judicial district and branch court, if any:

ALAMEDA COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER:
      CHANG, et al.

DEFENDANT/RESPONDENT:
      AMMANN, et al.

**FILED**
ALAMEDA COUNTY
APR 0 5 2005
CLERK OF THE SUPERIOR COURT
By _Alphonsue Calls_
          Deputy

**REQUEST FOR DISMISSAL:**

[ ] Personal Injury, Property Damage, or Wrongful Death
   [ ] Motor Vehicle    [ ] Other
[ ] Family Law
[ ] Eminent Domain
[x] Other (specify): Emotional Distress, etc.

CASE NUMBER:
2001-023364

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) [x] With prejudice   (2) [ ] Without prejudice
  b. (1) [x] Complaint   (2) [ ] Petition
    (3) [ ] Cross-complaint filed by (name):             on (date):
    (4) [ ] Cross-complaint filed by (name):             on (date):
    (5) [x] Entire action of all parties and all causes of action
    (6) [ ] Other (specify):*

Date: 04.05.05

        Pamela Zimba
.........................................................
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

                              (SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

.........................................................
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint—or Response (Family Law) seeking affirmative
relief—is on file, the attorney for cross-complainant (respondent) must
sign this consent if required by Code of Civil Procedure section 581(i)
or (j).

                              (SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross-complainant

(To be completed by clerk)

3. [ ] Dismissal entered as requested on (date):
4. [ ] Dismissal entered on (date):             as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [ ] a. Attorney or party without attorney notified on (date):
      b. Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to conform     [ ] means to return conformed copy

Date: _____        Clerk, by _____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

JURISEARCH
www.jurisearch.com

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

1  PROOF OF SERVICE

2  I am employed in the County of Solano, State of California. I am over the age of 18 years, and not a party
to the within action. My business address is: Treasury Commons Building, 110 East D Street, Suite A, Benicia,
3  California, 94510. On the date set forth below, I served the foregoing document described as:

4  (1)  REQUEST FOR DISMISSAL

5  on the parties or attorneys for parties in this action who are identified as follows:

6  SEE ATTACHED SERVICE LIST

7  _____  BY PERSONAL SERVICE. I caused a true and correct copy of the aforementioned document
to be personally served by giving same to a representative of ALPHA ATTORNEYS SERVICE,
8  836 B Southampton Rd., #182, Benicia, CA 94510 for same day service. A completed PROOF
OF HAND DELIVERY (CCP § 1011) is to be returned to this office.

9
_____  BY FACSIMILE TRANSMISSION. I caused a true and correct copy of the aforementioned
10  document(s) to be transmitted to each of the parties at the facsimile machine number last given by
said party on any document which he or she has filed in this action and served upon this office.

11
Date of facsimile transmission: _____; Time: _____ Originating facsimile machine number:
12  707.745.8695. A true and correct copy of the transmission report is attached to this proof of
service confirming that the fax has been sent without error. (Cal Rules of Court 2008(e)).

13
__X__  BY MAIL. I placed a true and correct copy of the aforementioned document(s) in a sealed
14  envelop individually addressed to each of the parties and caused each such envelope to be
deposited with the US Postal Service and or picked up by an authorized representative, on that
15  same day with fees fully prepaid at Benicia, California, in the ordinary course of business.

16  __X__ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct. Executed on the 5th day of April 2005 in Benicia, California.

17

18

19  _____

20  PAMELA ZIMBA

21

22

23

24

25

PROOF OF SERVICE                                                                 1

*Service List: Chang, et al. v. Ammann, et al*

Albert Coombes, Esq.
LAW OFFICES OF ALBERT F. COOMBES
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436
Tel:    818.986.1533
Fax:    818.986.1657
*Counsel for Plaintiffs Christine Chang and Eric Sun*

Frank Perretta, Esq.
Chinh Vo, Esq.
CLAPP, MORONEY, BELLAGAMBA & DAVIS
6140 Stoneridge Mall Rd., Suite 545
Pleasanton, CA 94588
Tel:    925.734.0990
Fax:    925.734.0888
*Counsel for Defendant Eva Ammann*

Sara B. Allman, Esq.
Steven A. Nielsen, Esq.
ALLMAN & NIELSEN
100 Larkspur Landing Circle
Larkspur, CA 94939
Tel:    415.461.2700
Fax:    415.461.2726
*Counsel for Defendants Rockridge Manor Homeowner's Association, et al.*

John F. Geary, Esq.
Leo R. Bartolotta, Esq.
GEARY, SHEA, O'DONNELL & GRATTAN, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404
Tel:    707.545.1660
Fax:    707.545.1876
*Counsel for Defendant Elizabeth Lady*