1  Sara B. Allman, Esq. CSB #107932
2  Paul A. Conroy, Esq. CSB #84527
   ■**Allman & Nielsen, P.C.**■
3  100 Larkspur Landing Circle, Suite 212
4  Larkspur, CA 94939
   Telephone: 415.461.2700
5  Facsimile: 415.461.2726

6  
   Attorneys for Defendant
7  ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION

8              IN THE UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled<br><br>Plaintiffs,<br><br>v.<br><br>ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSOCIATION; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive,<br>              JOINDER<br>UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ADAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive,<br>              JOINDER<br>PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive,<br>              Defendants | Case No.: C07-4005 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>Date:<br>Time:<br>Room: C<br>Judge: Magistrate Judge Edward M. Chen |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**
-1-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## I. INTRODUCTION

This action repeats many of the same allegations and reiterates several of the same claims which were raised by plaintiffs in state court and resolved by way of release and dismissal. Defendant Rockridge Manor Homeowners' Association ("Rockridge") seeks an order dismissing this action as to defendants Rockridge, and in favor of its un-served former president of its Board of Directors, Charles Blakeney and un-served, and purported entities named by plaintiffs as "Rockridge Manor Board of Directors" and "Rockridge Manor Condominiums" The above named defendants may hereinafter be referred to collectively as the "Rockridge defendants."

Moving party seeks an order dismissing this action pursuant to FRCP 12(b)(6) or, in the alternative, for a more definite statement pursuant to FRCP Rule 12(e).

## II. ISSUES TO BE DECIDED

1. Whether the first and fourth causes of action, purporting to state federal civil rights claims, fails for the reason that no cognoscible interest under 42USC Section 1983 has been identified and for the further reason that the vague and conclusory allegations of the Rockridge defendants' participation in civil rights violations are insufficient to state a cause of action.

2. Whether claims contained within all of the causes of action are barred by the litigation privilege, California Civil Code Section 47(b).

3. Whether all causes of action are barred the applicable statute of limitations.

4. Whether all causes of action fail to sufficiently state facts to state a cause of action under any cognizable legal theory.

5. Whether the allegations are so vague, ambiguous and incomprehensible that a more definite statement is required pursuant to FRCP Rule 12(e).

## III. ALLEGATIONS OF THE COMPLAINT

Plaintiffs purport to state five causes of action. The first cause of action claims that the plaintiffs' rights under the fourth, fifth, sixth, seventh and fourteenth amendments of the United States Constitution were violated. The second cause of action claims that defendants' "corrupted"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-2-

the plaintiffs' attorneys, denominating this cause of action "malicious prosecutions/abuse of process". The third cause of action for "negligence" alleges that the defendants owe a duty of care to plaintiffs and that they breached that unspecified duty of care. The fourth cause of action alleges that the defendants conspired to defraud plaintiffs and violate their civil rights without specifying any facts in support of this cause of action. The fifth cause of action repeats the conclusion that defendants defrauded plaintiffs.

The facts alleged by plaintiffs note that the plaintiffs lived at the Rockridge Manor Condominium Complex between 1991 and 2003. Plaintiffs allege a series of incidents that took place at the condominium complex during that time period. Plaintiffs assert that members of the Rockridge Board of Directors and the complex's former manager, Eva Ammann, participated in various conspiracies against plaintiffs. The allegations against the Rockridge defendants are, for the most part, a repeat of the matters alleged in the state court action filed by plaintiffs against moving party and others. There is an additional conclusory statement made by plaintiffs that defendants somehow "corrupted" the plaintiffs' attorneys in the state court action. Other allegations pertain to a dispute which plaintiffs had with Constance Celaya, a resident of the Rockridge Manor Condominium Complex, for which plaintiff sued Ms. Celaya. That action resulted in a defense judgment following trial.

## IV. LEGAL ARGUMENT

### A. Standard for Motion to Dismiss

FRCP 12(b)(6) provides that a defendant may make a Motion to Dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a Motion to Dismiss under FRCP 12(b)(6) the court is only required to accept as true, well-pleaded allegations. It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 Fed.3d 51, 53 (2d Cir. 1993) a dismissal pursuant to Rule 12(b)(6) is proper where there is an "…absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 Fed.2d 696 (9th Cir. 1990).

### B.    Plaintiffs' Federal Civil Rights Claim Fails As No Cognizable Interest Under Section 1983 Has Been Identified And The Vague, Conclusory Allegations Of Defendants' Participation In Civil Rights Violations Are Insufficient.

Platiniffs' complaint fails, on its face, to identify a cognizable liberty or property interest under 42 USC Section 1983 or to otherwise set forth with specificity what actions by defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-3-

violated plaintiffs' constitutional rights. A defendant cannot be liable under Section 1983 unless that defendant caused or "participated in" conduct violating the plaintiff's rights. *Pomerantz v. County of Los Angeles*, 674 Fed.2d 288, 291 (9th Cir. 1982) Thus, a complaint which presents only generalized and vague allegations that defendants participated in "civil rights violations" are insufficient to withstand a Motion to Dismiss. *Pena v. Gardner,* 976 Fed.2d 469, 471 (9th Cir. 1992); See, *Johnson v. Barker,* 799 Fed.2d 1396, 1399-1400 (9th Cir. 1986). The complaint specifies no identifiable liberty or property interest that has been violated by any defendant. The civil rights cause of action contained within the first cause of action and the fourth cause of action for conspiracy to violate civil rights are therefore subject to dismissal.

**C.     Each Cause Of Action Is Barred By The Litigation Privilege.**

Scattered throughout the complaint are conclusory allegations that defendants somehow acted inappropriately in defending the state court action, including the assertion that defendants "corrupted" plaintiffs' attorneys, presumably to gain some litigation advantage. However, all such assertions are barred by the absolute litigation privilege. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212; *Foothill Federal Credit Union v. Superior Court* (2007) 155 Cal App.4th 632; *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal 4th 1106.

With respect to the malicious prosecution action, defendants did not pursue an action against plaintiffs and, there is no cause of action for "malicious defense". Conduct in defense of an action is absolutely privileged:

> "Communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)…California courts have given the privilege an expansive reach. " *Id,* at p. 1194. The purpose of the privilege is to assure litigants, "the utmost freedom of access to the courts to secure <u>and defend</u> their rights…" *Id.* (emphasis added).

The case of <u>California Physicians' Service v. Superior Court</u> (1992) 9 Cal. App. 4th, 1321, 1330 emphasizes that conduct taken in defense of an action is privileged:

> "Defensive pleadings, including the assertion of affirmative defenses, are communication protected by the absolute litigation privilege. Such pleading, even though allegedly false, interposed in bad faith, or even asserted for an inappropriate purpose, cannot be used as a basis for allegations of ongoing bad faith. No complaint can be grounded upon such pleading. The demurrer to this supplemental complaint should therefore have been sustained." *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

ALLMAN & NIELSEN, P.C
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-4-

Therefore, the conduct of the Rockridge defendants with regard to their alleged conduct during litigation of the state court action is not actionable, as it is protected by the absolute litigation privilege.

### D. The Complaint Is Barred By The Statute Of Limitations

As alleged in the complaint, plaintiffs did not live at the Rockridge Manor Condominium Complex after 2003. There is no allegation that the Rockridge defendants had any interaction or contact with the plaintiffs after 2003. As discussed above, the litigation privilege insulates defendants from liability for their alleged "corrupting" conduct during the litigation of the state court action. There is therefore no actionable conduct alleged which occurred less than three years prior to the filing of this federal action.

Any tort claim based upon defendants' alleged conduct is barred by the two year statute of limitations found in California Code of Civil Procedure Section 335.1. The section 1983 claim is also barred by the two year statute of limitations. *Thompson v. City of Shasta Lake,* 314 Fed.Supp.2d 1017, 1023 (E.D. Cal 2004)

### E. Plaintiffs Have Not Set Forth Facts Sufficient to Constitute Any Cause of Action

To prevail upon a negligence theory, plaintiffs are required to plead facts showing that defendants owed them a duty of care, a breach of that duty and that the breach was the legal cause of a resulting injury. *City of Sacramento v. Superior Court* (1982) 131 Cal.App 3d 395, 402. Plaintiffs have failed to allege facts to establish any of the required elements. *Hoff v. Vacaville Unified School District* (1998) 19 Cal.4th 925, 933.

Plaintiffs have also failed to allege any elements underlying a fraud cause of action. Plaintiffs have not stated which false representations were made, whether they were intentional, how the false representations were misleading and justifiably relied upon and how plaintiffs were damaged. *Agosta v. Astor* (2004) 120 Cal.App 4th 133, 155.

There are also no facts alleged to establish malicious prosecution or abuse of process, nor, under the circumstances alleged in the complaint, could such be facts be alleged.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-5-

**F. The Allegations of the Complaint Are Fatally Vague and Conclusory**

Finally, the complaint fails for the reason that its allegations are so vague and conclusory that they cannot be understood and thus are not in compliance with FRCP 9(b). *Moore v. Kayport Package Express,* 885 Fed.2d 531, 540 (1989).

Moving party requests that as a result of these deficiencies, the action be dismissed. In the alternative, plaintiffs should be required to provide a more definite statement.

## V. CONCLUSION

Defendant Rockridge Manor Homeowners' Association respectfully requests that its Motion to Dismiss be granted and plaintiffs' complaint be dismissed, with prejudice.

Dated: November 2, 2007                           ALLMAN & NIELSEN, P.C.

                                                  By: /s/ Paul A. Conroy
                                                  Paul A. Conroy
                                                  Attorneys for Defendant
                                                  ROCKRIDGE MANOR
                                                  HOMEOWNERS' ASSOCIATION

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-6-

# PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christine Chang<br>341 Tideway Drive #214<br>Alameda, CA 94501<br>Telephone (510) 769-8232 | Pro Se, individually and as Guardian ad Litem<br>for ERIC SUN, disabled |
| Gaylyn Kirn Conant<br>LOMBARDI, LOPER & CONANT, LLP<br>Lake Meritt Plaza<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612<br>Telephone: (510) 433-2600<br>Facsimile: (510) 433-2699 | Attorney for Defendants<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT AND SUSAN VON SEEBURG |
| Lee J. Danforth<br>Coddington Hicks & Danforth<br>555 Twin Dolphin Drive Suite 300<br>Redwood City CA 94065<br>Telephone: (650) 592-5400 | |

[ ]   **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ]   **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the addressee.

[x]   **BY E-MAIL:** I transmitted a true electronic copy of the foregoing documents by e-mail to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-7-

Christine Chang's e-mail address: Christie1chang@peoplepc.com, Gaylyn Kirn Conant's email address: gkc@llcllp.com, and Lee Danforth's email address: LDanforth@CHDLAWYERS.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on November 2, 2007, at Larkspur, California.

/s/ Paul A. Conroy
PAUL A. CONROY

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP
12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [FRCP 12(e)]

-8-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726