ANDREW R. ADLER, ESQ. (CAL. BAR #56415)
JASON O. BALOGH, ESQ. (CAL. BAR #238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant Pamela Zimba

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine Chang, individually and as Guardian ad litem for Eric Sun, disabled,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Rockridge Manor Condominium, et al.,<br><br>　　　　Defendants. | Case No.: C 07 4005 EMC<br><br>**Notice of Motion to Dismiss/Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for a More Definite Statement and Points & Authorities**<br><br>Date:<br>Time:<br>Dept:　C<br>Judge:　Edward M. Chen<br><br>Complaint Filed:　August 3, 2007 |

# TABLE OF CONTENTS

| | Page |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | 2 |
|     PLEADINGS AND PARTIES | 6 |
|     LEGAL ISSUES AND ARUGUMENTS | 6 |
| 1.   PLAINTIFF'S FIRST CAUSE OF ACTION IS TIME-BARRED | 6 |
| 2.   PLAINTIFF'S SECOND CAUSE OF ACTION, FOR "MALICIOUS PROSECUTION/ABUSE OF PROCESS," FAILS TO STATE ANY GROUNDS UPON WHICH RELIEF MIGHT BE GRANTED AS AGAINST MS. ZIMBA | 8 |
| 3.   PLAINTIFF'S SECOND CAUSE OF ACTION IS TIME-BARRED | 9 |
| 4.   PLAINTIFF'S FOURTH CAUSE OF ACTION IS TIME-BARRED | 10 |
| 5.   ALL OF PLAINTIFF'S FIVE CAUSES OF ACTION ARE SO VAGUE AND AMBIGUOUS AS TO REQUIRE A MORE DEFINITIVE STATEMENT | 11 |

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Wade v. Ratella*
407 F. Supp. 2d 1196 (SD Cal. 2005) ............................................................... 7

*Wilson v. Garcia*
471 U.S. 261 (1985) ............................................................................................ 7

*Azer v. Connell*
306 F.3d 930 (9th Cir. 2002) ............................................................................. 7

*Lucchesi v. Bar-O Boys Ranch*
353 F.3d 691 (9th Cir. 2003) ............................................................................. 7

*Goehring v. Wright*
858 F.Supp. 989 (ND Cal. 1994) ....................................................................... 9

*Hobson v. Wilson*
737 F.2d (D.C. Cir .1984) cert. den (1985) 105 S. Ct. 1843 .......................... 10

**State Cases**

*Cantu v. Resolution Trust Corp.*
4 Cal.App.4th 857 (1992) ................................................................................. 9

*Stavropolous v. Superior Court*
141 Cal.App.4th 190 (2006) .............................................................................. 9

*Rita M. Roman Catholic Archbishop of Los Angeles*
187 Cal.App.3d 1453 (1986) ........................................................................ 10,11

**Federal Statutes**

42 USC §1983 ..................................................................................................... 6

**State Statutes**

California Code of Civil Procedure §340 ................................................... 7,9,10

California Code of Civil Procedure §335.1 .............................................. 7,8,9,10

**Federal Rules**

Federal Rule of Civil Procedure 12(e) .................................................................... 2,11

**Other Authority**

5 Witkin, Summary of California Law §469, 517 (10th Ed. 2005) ....................... 8

25168\418315

1  ANDREW R. ADLER, ESQ. (CAL. BAR #56415)
   JASON O. BALOGH, ESQ. (CAL. BAR #_____)
2  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
3  555 12th Street, Suite 1800
   P. O. Box 12925
4  Oakland, CA  94604-2925
   Telephone: (510) 834-4350
5  Facsimile: (510) 839-1897

6  Attorneys for Defendant Pamela Zimba

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine Chang, individually and as Guardian ad litem for Eric Sun, disabled,<br><br>Plaintiff,<br><br>vs.<br><br>Rockridge Manor Condominium, et al.,<br><br>Defendants.<br><br>_____ | Case No.: C 07 4005 EMC<br><br>**Notice of Motion to Dismiss/Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and For a More Definite Statement and Points & Authorities**<br>**(FRCP 12(b)(1), 12(b)(6) and 12(e))**<br><br>Date:<br>Time:<br>Courtroom:    C<br>Magistrate Judge:   Edward M. Chen<br><br>Complaint Filed:   August 3, 2007 |

To the parties to the instant action and their counsel of record:

Notice is hereby given that on _____, 200_ , at the hour of _____, or as soon thereafter as the matter may be heard, in Courtroom ___, located at 450 Golden Gate Avenue, San Francisco, California, defendant Pamela Zimba will move the Court, per Honorable _____, for its order dismissing the first, second and fourth causes of action of plaintiff Christine Chang's Complaint in the instant action, without leave to amend, or in the alternative, for a more definite statement with respect to those causes of action and plaintiff's third and fifth causes of action. The said motions will be based upon this Notice, the defendant's Memorandum of Points & Authorities and Request for Judicial Notice, submitted herewith, the records and files of the Court and such other and further matter, either oral or written, as may be submitted prior to, or during, the hearing.

-1-

Defendant Zimba's Notice of Motion/Motion to Dismiss, Etc.
Case #C 07 4005 EMC

The specific grounds for the said motions are as follow:

1. The Complaint's first cause of action, for violation of plaintiffs' civil rights pursuant to the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution, is time-barred, and thus fails to state any grounds upon which relief might be granted as against Ms. Zimba;

2. The Complaint's second cause of action, for "malicious prosecution/abuse of process," fails to state any grounds upon which relief might be granted as against Ms. Zimba;

3. The Complaint's second cause of action, for "malicious prosecution/abuse of process," is time-barred, and thus fails to state any grounds upon which relief might be granted as against Ms. Zimba;

4. The Complaint's fourth cause of action, for conspiracy to violate "plaintiffs' civil rights of the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution," is time-barred, and thus fails to state any grounds upon which relief might be granted as against Ms. Zimba; and

5. Each of the Complaint's causes of action is presently stated in so vague and ambiguous a manner as to require a more definite statement pursuant to FRCP 12(e).

## MEMORANDUM OF POINTS & AUTHORITIES

### PLEADINGS AND PARTIES

Plaintiff Christine Chang is a former resident/unit owner of the Rockridge Manor Condominium (hereinafter "RMC"), located in Oakland, California. Complaint, ¶4-5.[1] She appears *in pro per* for herself and as guardian ad litem for her son, Eric Sun (hereinafter "Eric"), whom she identifies as being "disabled psychologically and physically." 4:1-2.[2]

The first set of named defendants includes various entities and individuals associated with RMC, including its Homeowners Association, the Association's Board of Directors, the Board president, Mr. Blakeney, and the former Association manager, Ms. Amman. The second

---

[1] Unless otherwise noted, all further paragraph and page and line references are to the plaintiff's Complaint.
[2] In fact, the Complaint does not include typed page numbers. Page references are to the handwritten page numbers found in the lower left-hand corner of each page of the filed Complaint.

-2-

defendant group (identified in ¶s 15-20 as "JOINDER PARTIES") includes the University of California, Berkeley (hereinafter "UCB"), its Chancellor, Robert Birgeneau, and several other individuals who are also associated with the school. A second set of "JOINDER PARTIES," identified in ¶s 21-22, includes moving defendant Pamela Zimba, "who is sued individually and as an ATTORNEY with her principal place of business located in Benicia, California," and Albert Coombes, also sued "individually and as an ATTORNEY ... ."

Plaintiff alleges that she and Eric lived at RMC from 1991 to 2003. ¶24. She writes that at the request of Ms. Amman and others, she served on the condominium's Board of Directors from 1997 to 2000 (¶27), but thereafter chose not to run for re-election because of what she describes as "the abusive attitude/behavior" of certain other Board members (¶31 at 8:8). According to Ms. Chang, once she refused to run for re-election Ms. Amman "started to arouse hatred against Plaintiffs and stalk Plaintiffs around the condo." ¶34 at 8:23.

The Complaint next discusses Eric's supposed mistreatment at the hands of the RMC defendants. Plaintiff notes that by April 2000 Eric had been "diagnosed Paranoia Schizophrenia" (¶39 at 9:18). She contends that despite their knowledge of Eric's condition, the RMC defendants then began "their campaign persecuting Plaintiffs." ¶39 at 9:20. She further charges that as a result of the RMC defendants' misdeeds, Eric's physical and mental condition steadily worsened. ¶¶40-44, 56-58. Ms. Chang particularly notes an occasion in September 2000 on which Ms. Amman summoned police and psychiatric personnel to the condominium complex, "continuously framing Plaintiff Sun being dangerous and having a gun." ¶41 at 10:3-4.

Slightly changing her focus, Ms. Chang then claims that in December 2001 the RMC defendants "caused a homeowner to stalk and aggravated assault and battery against Plaintiffs Chang and Sun who was defenseless and disabled physically and psychologically." ¶62 at 14:10-12. In turn, she next alleges that when she retained counsel to pursue litigation against the RMC defendants and co-defendant Constance Peppers Celaya, the homeowner/stalker, the RMC defendants "corrupted every and each Plaintiffs' attorneys." ¶65 at 14:20-21.

The rest of the Complaint contains plaintiff's allegations regarding her lawsuits against

Ms. Celaya (*Christine Chang, et al. al. v. Constance Celaya*, Alameda County Superior Court #2002-046048) and the RMC defendants (*Christine Chang, et al. v. Eva Amman, et al.*, Alameda County Superior Court #2001-023364). She complains that her first attorney, Peter Meyers, "sat on the case for 6 months without filing the complaint until 2-3 weeks before the statute of limitation (sic) expired." ¶66 at 14:22-24. She goes on to complain regarding various alleged misdeeds by her next attorney, Brett Allen. ¶s 67-77. She concludes that discussion by charging that Mr. Allen "intentionally and maliciously extorted legal fees and defrauded against Plaintiffs Chang and Sun to absolve Defendants' liabilities owed to Plaintiffs." ¶77 at 16:17-18. In paragraphs 78-86 she details the supposed wrongdoing of her third attorney, Stephen Sirota, once again concluding her claims with the charge that Mr. Sirota "intentionally and maliciously defrauded against Plaintiffs in order to cover up and absolve Defendants Rockridge Manor and aggravated assault/battery Defendant Constance Pepper Celaya's liabilities owed to Plaintiffs Chang and Sun." ¶86 at 17:25-18:1.

Plaintiff discusses Ms. Zimba's supposed wrongdoing in paragraphs 87-109. She begins by charging that after agreeing to represent her and Eric in the *Celaya* and *RMC* cases, Ms. Zimba had agreed to consolidate the two lawsuits, "re-open discoveries, obtain a guardian ad litem for Eric and take the consolidated cases to trial." ¶87. She charges that Ms. Zimba repeatedly lied about her true intentions and opinions. See, e.g., ¶s 88 and 90. Discussing the August 8, 2005 trial of the *Celaya* lawsuit, Ms. Chang charges that "Zimba perjured extensively framing Plaintiff Chang being the assailant, and directed the aggravated assault/battery Defendant Constance Peppers Celaya colossus perjury framing Plaintiffs Chang and Sun being the assailants." ¶92 at 18:17-20. She then asserts that Ms. Zimba and the trial court judge, Hon. Cecilia Castellanos, "ensured that the aggravated assault/battery Defendant win the case with remedy available to the Defendant in a trial without jury." ¶95 at 19:9-11.

Further discussing Ms. Zimba's supposed wrongdoing, Ms. Chang notes in ¶99 that Judge Castellanos entered judgment for Ms. Celaya in August 2004. In the same paragraph she asserts that Ms. Zimba withheld that news from her for several days "in order to botch the ten days

deadline to file motion for a new trial after entry of judgment." ¶99 at 20:2-4.

Ms. Chang next turns to Ms. Zimba's claimed mishandling of the *Amman* action, charging that Ms. Zimba conspired with the RMC defendants' counsel. See, e.g., ¶s 103, 105 and 107. She contends that "With Zimba's intentional, malicious, fraudulent representation conspiring with Defendants of both cases (aggravated assault/battery and Rockridge Manor), continuing extortion, and driving plaintiff Sun to nearly mental breakdown, Plaintiff Chang had no alternative but to accept the Defendants Rockridge Manor induced low settlement." ¶108 at 21:21-24.

In paragraphs 111, et seq. Ms. Chang further discusses her complaints against Ms. Celaya, the UCB defendants and her various former counsel, including Ms. Zimba. In paragraph 117 she charges that in the course of the *Celaya* action all four of her attorneys "were covering up for defendants University of California Berkeley, U. C. Berkeley Police Department and Constance Peppers Celaya." 23:9-12. In paragraph 120 plaintiff charges that Judge Castellanos instructed her court reporter to "purposefully delay the delivery of the trial transcript in order to abolish the six months appeal deadline...." 23:24-26. She goes on to reiterate her earlier contention that Ms. Zimba and Judge Castellanos conspired against her. Paragraph 122. She then completes the "factual" portion of her Complaint with further allegations of wrongdoing by the UCB defendants.

Plaintiff's five causes of action are pled at pp. 26 and 27 of her Complaint. In the single paragraph that makes up her first cause of action, Ms. Chang writes (26:11-15):

> 134. Violation of Civil Rights of the Fourth, Fifth, Sixth, Seventh and Fourteen Amendments to the United States Constitution. These Defendants acted in concert or acted independently to cause the same harm. .

Plaintiff's second cause of action is pled in two paragraphs (26:17-21):

> 135. Malicious Prosecution/Abuse of Process. These Defendants corrupted every and each Plaintiffs (sic) attorneys in covering up their violation of laws or violence.
> 136. At all times relevant hereto and in all their actions described herein, all of the Defendants were acting under color of law and pursuant to their various authorities.

In material part, the prayer for plaintiff's fourth cause of action is as follows (27:2-8) (emphasis in the original):

> 138. Conspiracy. All Defendants in Rockridge Manor, University of California Berkeley, Attorney Pamela Zimba, and Attorney Albert Coombes, conspired together to defraud against Plaintiffs. Because Plaintiffs Chang and Sun were lay persons who did not have legal background or knowledge, these Defendants conspired against Plaintiffs in VIOLATING PLAINTIFFS CIVIL RIGHTS OF THE FOURTH, FIFTH, SIXTH, SEVENTH AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Plaintiff states her fifth, and final cause of action, for fraud, in ¶140, as follows:

> 140. FRAUD. All defendants individually or as agent, representative, corporation, or public servant had (sic) fraudulently defrauded Plaintiffs. Their acts were intentional, malicious, reckless, wantonly (sic), all to Plaintiffs (sic) injuries, who had done no harm to anyone.

## LEGAL ISSUES AND ARGUMENTS

**1. PLAINTIFF'S FIRST CAUSE OF ACTION IS TIME-BARRED**

However clumsily pled, plaintiff's first cause of action, for "Violations of Civil Rights of the Fourth, Fifth, Sixth, Seventh and Fourteen Amendments to the United States Constitution," appears to be a claim under 42 USC §1983, which provides in material part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law... ."

Section 1983 does not include its own limitation provisions. Accordingly, California's federal courts have traditionally looked to analogous state law claims in order to borrow and apply the California state limitations provisions applicable to such claims, generally concluding that "Actions predicated upon section 1983 are governed by the state statute for personal injury

actions." *Wade v. Ratella* (SD Cal. 2005), 407 F.Supp.2d 1196, 1203, citing and following *Wilson v. Garcia* (1985), 471 U.S. 261, 269, 85 L.Ed.2d 254 and *Azer v. Connell* (9th Cir. 2002), 306 F.3d 930, 935.  Before 2003, this rule resulted in application of the one-year statute of limitations set out in CCP §340.  *Wade v. Ratella, supra;* and also see *Lucchesi v. Bar-O Boys Ranch* (9th Cir. 2003), 353 F.3d 691, 695.  However, in 2002 the Legislature enacted CCP §335.1, which provides a two year statute of limitations for "An action for assault, battery, or injury to, or for death of, an individual caused by the wrongful act or neglect of another" and became effective January 1, 2003. Because the events on which plaintiff bases her first cause of action against Ms. Zimba occurred (if at all) after §335.1 took effect, that cause of action appears to be subject to §335.1.

There can be no question that §335.1 bars plaintiff from pursuing her claims against Ms. Zimba.  As noted in the Complaint (at paragraph 92) and confirmed by the Superior Court's minutes (see Exh. 1 to Ms. Zimba's Request for Judicial Notice, submitted herewith), the *Celaya* trial occurred on August 5, 2004.  In turn, the Superior Court entered judgment for Ms. Celaya on August 11, 2004.  See Complaint, ¶99, and the copy of that judgment that is Exh. 2 to Ms. Zimba's Request for Judicial Notice.

Ms. Chang charges that Ms. Zimba attempted to conceal the outcome of the *Celaya* trial from her.  Even if one were to accept that contention, materials that Ms. Chang has herself filed with this Court show that any effort to conceal that outcome had failed by early June 2005.  Please see Ms. Chang's June 4. 2005 letter to the State Bar (Exh. 3.1 to Ms. Chang's Opposition to the UCB defendants' motion to dismiss, as filed October 31, 2007, a copy of which is included in Ms. Zimba's Request for Judicial Notice as Exh. 3).[3]  Having made those assertions to the State Bar in

---

[3] Ms. Chang begins that letter by asking the State Bar to "Please suspend Pamela Zimba's license for her fraudulent representation botching our cases purposely in covering up the defendants... ." Addressing the *Celaya* case, Ms. Chang stated that "…during trial Zimba helped Celaya falsified her testimonies making her assault/battery became self-defense. Zimba knew Celaya lied through her answer/cross complaint, 2 hours deposition, and trial testimonies, but had no intention to prove her lying." ¶1. In ¶4 of the same letter, Ms. Chang claimed that "After Zimba purposely botched the assault/battery case on 8/5/04 she withheld the judgment until 8/20/04."  The same paragraph charges that "When I asked her to appeal and bring in all witnesses for depo, she distracted me of her wrongdoing and appeal deadline by having us taking more than half a dozen defense depositions for homeowner association case (2001-023364), subpoenaing a dozen of our doctors, pressuring for Albert Coombes' hiring and legal fees, and intentionally not notifying me of the 30 days appeal deadline." In ¶5, Ms. Chang asserts that "Zimba also lied to me about the "None-Suit judgment."

-7-

1  June 2005, Ms. Chang cannot claim that her August 3, 2007 Complaint with respect to that same
2  alleged wrongdoing was timely filed.
3      Given the foregoing facts and authorities, Ms. Zimba respectfully urges the Court to hold
4  that the claims asserted against her in plaintiff's first cause of action are barred by the limitations
5  provisions of California CCP section 335.1, and to grant this motion to dismiss with respect to
6  plaintiff's first cause of action with prejudice.

7  **2.  PLAINTIFF'S SECOND CAUSE OF ACTION, FOR "MALICIOUS**
8  **PROSECUTION/ABUSE OF PROCESS," FAILS TO STATE ANY GROUNDS UPON**
9  **WHICH RELIEF MIGHT BE GRANTED AS AGAINST MS. ZIMBA.**

10      As noted by one prominent commentator, "Malicious prosecution consists of the initiation
11  and maintenance of legal proceedings against another with malice and without probable cause." 5
12  Witkin, Summary of California Law (10th ed. 2005), §469 at 696.  Given that definition, plaintiff's
13  claim that Ms. Zimba is liable to her and/or Mr. Sun for malicious prosecution is patently absurd;
14  after all, the Complaint makes it clear that Ms. Zimba represented Ms. Chang and Mr. Sun in the
15  *Celaya* and *RMC* lawsuits, with no suggestion that Ms. Zimba "initiated" or "maintained" any
16  "legal proceedings" against either Ms. Chang or Mr. Sun.

17      Witkin also lists the elements of the malicious prosecution tort, including "termination of
18  the initial action favorably to the plaintiff in the malicious prosecution suit."  5 Witkin, Summary
19  of California Law (10th ed. 2005), §469 at 696.  Having admittedly failed to obtain a favorable
20  termination in either of the underlying actions, Ms. Chang certainly cannot plead or prove that
21  required element of the tort.

22      The second cause of action also refers to a claimed "abuse of process," apparently
23  including Ms. Zimba among those charged with that tort.  As against Ms. Zimba, this claim is also
24  nonsensical.  "The tort of abuse of process is committed by the misuse of process, such as
25  attachment or injunction; i.e., its use for a purpose other than that for which the process is
26  designed."  5 Witkin, Summary of California Law (10th ed. 2005), section 517 at 767.  Once
27  again, there is nothing in the Complaint that shows that Ms. Zimba initiated or used any sort of
28

1  court process <u>against</u> Ms. Chang or Mr. Sun.  In the absence of such a showing – and given the
2  inherent absurdity of any attempt plaintiff might make to fill that gap – Ms. Zimba respectfully
3  urges the Court to grant this motion to dismiss plaintiff's second cause of action with prejudice.

**3.    PLAINTIFF'S SECOND CAUSE OF ACTION IS TIME-BARRED**

In the preceding argument, Ms. Zimba demonstrated that plaintiff's second cause of action fails to state a claim for either malicious prosecution or abuse of process.  As argued hereinbelow, that cause of action is also time-barred.

Prior to 2003, the one-year statute of limitations set out in CCP §340 governed claims for abuse of process and malicious prosecution.  See *Cantu v. Resolution Trust Corp.* (1992), 4 Cal.App.4th 857, 886-887 (abuse of process) and *Goehring v. Wright* (ND Cal. 1994), 858 F.Supp. 989 (malicious prosecution).  With the enactment of CCP §335.1, effective January 1, 2003, that new statute's two-year limitations period now governs such causes of action.  See *Stavropolous v. Superior Court* (2006), 141 Cal.App.4th 190, 196-197, holding that §335.1's reference to "injury to, or for the death of, an individual caused by the wrongful act or neglect of another" made the statute applicable to "all infringements of personal rights, including malicious prosecution…."

As argued with respect to the first cause of action, plaintiff's second cause of action is clearly time-barred.  Where plaintiff alleges a claim for malicious prosecution, the statute of limitations begins to run from entry of the judgment in the underlying action. *Stavropolous, supra,* at 197.  Where the cause of action is for abuse of process, the limitations period commences when the abuse of process takes place or, if the abuse causes no instantaneous damage to plaintiff, when injury does first occur.  *Cantu, supra,* at 886-887.  Here, judgment was entered in *Celaya* in August 2004, while all proceedings in the case against the RMC parties ended in Spring 2005 (see the Request for Dismissal, which is Exh. 4 to Ms. Zimba's Request for Judicial Notice).  Given those facts, it is clear that the two-year limitations period of §335.1 had already run by August 3, 2007, when Ms. Chang filed the instant action.

In light of the foregoing, Ms. Zimba respectfully urges the Court to grant this motion to dismiss with respect to plaintiff's second cause of action with prejudice.

4.  **PLAINTIFF'S FOURTH CAUSE OF ACTION IS TIME-BARRED**

In her fourth cause of action, plaintiff contends that she and Mr. Sun were the victims of a conspiracy between Ms. Zimba, the RMC and UCB defendants and Mr. Coombs. She charges that those defendants "conspired against Plaintiffs in VIOLATING PLAINTIFFS CIVIL RIGHTS OF THE FOURTH, FIFTH, SIXTH, SEVENTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION." Emphasis in the original. This claim is clearly barred by CCP §335.1.

In *Rita M. v. Roman Catholic Archbishop of Los Angeles* (1986), 187 Cal.App.3d 1453, the principal plaintiff was a 16-year old girl who charged that priests of the Archdiocese of Los Angeles had entered into a conspiracy to have sex with her, causing her to become pregnant and give birth to a baby. Plaintiff claimed that the conspiracy had commenced in 1980 and that she discovered that she was pregnant in March of 1982, after which the alleged conspirators convinced her to go to the Philippines to have the child. The baby was born in the Philippines in October 1982. Plaintiff returned to California in November 1982; in her February 1984 Complaint, she charged that the conspiracy had continued into December 1983. The defendant archbishop demurred to the complaint, including its cause of action for conspiracy, contending that all of its causes of action were barred by (former) CCP §340's one-year statute of limitations. The trial and appellate courts agreed. The Court of Appeal answered Rita's contention that the statute of limitations could not have started to run until the conspiracy ended with the following quotation from *Hobson v. Wilson* (D.C. Cir. 1984), 737 F.2d 1, 35, cert. den (1985), 105 S.Ct. 1843:

> We pause to note an obvious, albeit often overlooked, proposition. The doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.

The same "obvious proposition" applies here. As earlier noted, Ms. Chang's June 4, 2005 letter to the State Bar (Exh. 3.1 to Ms. Chang's opposition to the UCB parties' motion to dismiss; see also Exh. 3 to Ms. Zimba's Request for Judicial Notice) makes it clear that she was then well

aware of – and highly critical of -- the same purported misconduct by Ms. Zimba on which she bases her fourth cause of action. As per *Rita M.* and *Hobson, supra*, that awareness was sufficient to start the running of the applicable two-year limitations period. Because the two year ran no later than June 4, 2007 (i.e., the second anniversary of the complaint to the State Bar), two+ months before Ms. Chang filed the Complaint in this action, her fourth cause of action is time-barred.

In light of the foregoing authorities and circumstances, Ms. Zimba respectfully urges the Court to grant her motion to dismiss plaintiff's fourth cause of action, for conspiracy to violate civil rights, with prejudice.

## 5. ALL OF PLAINTIFF'S FIVE CAUSES OF ACTION ARE SO VAGUE AND AMBIGUOUS AS TO REQUIRE A MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides in material part that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Co-defendant Albert Coombes, Esq. has also moved for a more definite statement with respect to each of plaintiff's five causes of action. Ms. Zimba joins in Mr. Coombes' motion and arguments, as presented in his October 8, 2007 Notice of Motion and Motion to Dismiss and quoted hereinbelow:

"Plaintiffs complaint is against 16 defendants who are lumped together in a meandering factual background which rambles on for 109 paragraphs (paragraphs 24 to 133)."

"Nowhere in those 109 paragraphs is there a clear definition of what was done to the plaintiffs by any particular defendants. Instead the story wanders from the conclusions and generalizations regarding the actions of the Rockridge Manor defendants to musings about the actions of five attorneys (three of whom are not defendants in the suit), a superior court judge, and the involvement of the combined University of California at Berkeley defendants."

"All of this is further confused by the fact that Paragraphs 108 and 109, plaintiffs state that they accepted a settlement with the Rockridge Manor defendants."

-11-

"In their five causes of action they lump all the defendants together in vague terms, without further explanation, as follows:

1. First Cause of Action: "These Defendants acted in concert or acted independently to cause the same harm."

2. Second Cause of Action: "These Defendants corrupted every and each Plaintiffs attorneys in covering up their violation of laws or violence."

3. Third Cause of Action: "These Defendants intentionally, maliciously, wantonly, recklessly breached their duties to Plaintiffs Chang and Sun."

4. Fourth Cause of Action: "All Defendants at Rockridge Manor, University of California Berkeley, Attorney Pamela Zimba, and Attorney Albert Coombes, conspired together to defraud against Plaintiffs."

5. Fifth Cause of Action: "All Defendants individually or as agent, representative, corporation, or public servant, had fraudulently defrauded Plaintiffs."

"Plaintiffs cause further confusion by incorporating all of the first 133 paragraphs of their complaint in the Cause of Action but not incorporating them into the remaining causes of action."

For the reasons cited by Mr. Coombes, *supra*, Ms. Zimba respectfully requests that if the Court does not grant her 12(b)(6) motions with respect to plaintiff's causes of action one, two and four, it should direct Ms. Chang to provide a more definite statement with respect to each of those causes of action. Ms. Zimba further requests that the Court order Ms. Chang to provide a more definite statement with respect to her third cause of action, for negligence, and her fifth cause of action, for fraud.

DATED: November 5, 2007

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: /s/ Andrew R. Adler
ANDREW R. ADLER, ESQ.
Attorneys for Defendant
Pamela Zimba, Esq.

25168/417776