Sara B. Allman, Esq. CSB #107932
Paul A. Conroy, Esq. CSB #84527
■**Allman & Nielsen, P.C.** ■
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700
Facsimile: 415.461.2726

Attorneys for Defendants
ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION AND SPECIALLY
APPEARING DEFENDANTS CHARLES BLAKENEY AND PURPORTED
ENTITIES ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR
BOARD OF DIRECTORS

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled | Case No.: C07-4005 EMC |
| Plaintiffs, | **DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, AND SPECIALLY APPEARING DEFENDANTS CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS' CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSOCIATION; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive, | |
| JOINDER | |
| UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELEY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ADAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive, | Date:   November 14, 2007<br>Time:   1:30 p.m.<br>Room: C<br>Judge:  Magistrate Judge Edward M. Chen |
| JOINDER | |
| PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive, | |
| Defendants | |

**DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION, AND SPECIALLY APPEARING CHARLES
BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND
ROCKRIDGE MANOR BOARD OF DIRECTORS CASE
MANAGEMENT CONFERENCE STATEMENT**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-1-

1    Defendant Rockridge Manor Homeowners Association ("Rockridge") submits this case
2  management conference statement:

3    1.    Jurisdiction and Service

4    Plaintiffs allege that the Federal Court has jurisdiction over her vague claims that
5  defendants' conduct has violated her rights under the United States Constitution. Plaintiffs thus
6  claim federal jurisdiction.  Defendants maintain that plaintiffs' complaint does not allege facts to
7  support a claim invoking federal jurisdiction.

8    Defendant Charles Blakeney has not been served, although plaintiff has apparently obtained
9  entry of default against him and purported entities "Rockridge Manor" and "Rockridge Manor
10 Board of Directors."

11    2.    Facts

12    The facts alleged in plaintiffs' complaint repeat allegations she has made in two prior state
13 court actions:

14    a) *Chang v. Ammann,* action number 2001-023364 filed in Alameda County Superior Court
15 on September 12, 2001, alleged that on September 14, 2000 defendant Eva Ammann, manager of
16 the Rockridge Manor Condominium complex, falsely reported to the Department of Social Services
17 that plaintiff Eric Sun was acting dangerously and possessed a gun.  Plaintiffs claimed that this false
18 report was ratified by Rockridge Manor Homeowners Association, Charles Blakeney, a member of
19 the Rockridge Manor Homeowners Association Board of Directors, and others.  Plaintiffs claimed
20 intentional infliction of emotional distress, negligence, slander and "intrusion."  Plaintiffs also
21 claimed that plaintiff Eric Sun's civil rights were violated and that he was discriminated against
22 based upon his mental disability.  The action was settled pursuant to a general release, dismissal and
23 order approving the compromise of Mr. Sun's action.  The persons released included Rockridge
24 Manor Homeowners Association, Charles Blakeney, Eva Ammann, other named defendants and
25 their "agents, servants, employers, insurance carriers…"  The release recited that it released
26 defendants of all claims and causes of action, …"whether or not now known, suspected or
27 claimed…"  The release also contained a waiver of plaintiffs' rights under section 1542 of the
28 California Civil Code, again releasing all unknown or unsuspected claims.

29    b) *Chang v. Celaya,* Alameda County Superior Court action number 2002-046048, alleged
30 that Christine Chang had been assaulted by an off duty dispatcher employed by the University of
31 California Police Department.  That action resulted in a defense judgment.

32 **DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION, AND SPECIALLY APPEARING CHARLES
BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND
ROCKRIDGE MANOR BOARD OF DIRECTORS CASE
MANAGEMENT CONFERENCE STATEMENT**

ALLMAN & THELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-2-

1    The instant complaint reiterates the same claims made by the two state court actions and

2    adds, with respect to the Rockridge defendants, that defendants somehow corrupted plaintiffs'

3    attorneys, rendering plaintiffs' prior counsel less effective.

4    Rockridge does not believe that there are any factual issues in dispute with respect to its

5    involvement in this action.  It is indisputable that the plaintiffs have already released and dismissed

6    Rockridge and other defendants from the claims plaintiffs now assert in this action.  As defendants

7    did in the state court action, Rockridge denies plaintiffs' allegations that Rockridge Manor

8    Homeowners Association or any of its directors or employees breached any duty of care to the

9    plaintiffs or violated the plaintiffs' civil rights.

10    3.    Legal Issues

11    Rockridge asserts that it has been released by plaintiff from the claims plaintiffs now present

12    in this action. *Suckow Borax Minds Consolidated v. Borax Consolidated Unlimited*, 185 Fed.2nd

13    196, 204 (9th Cir. 1950).  This action is also barred by the dismissal with prejudice of the state court

14    action, since a voluntary dismissal with prejudice is a determination on the merits.  *Gagnon v.*

15    *Nevada Dessert Inn, Inc.*, (1955) 45 Cal.2nd 448, 455.  Full faith and credit is to be given to a state

16    court judgment pursuant to 28 U.S.C. Section 1738.  *Heck v. Humphrey,* 114 S.Ct. 2364, 2369 n.2

17    (1994).

18    Other legal issues raised by Rockridge in its motion to dismiss are: whether plaintiffs'

19    allegations are so vague and conclusory that they do not present a legally recognizable claim under

20    42 U.S.C. section 1983; whether the causes of action are barred by the litigation privilege,

21    California Civil Code Section 47(b); whether all causes of action are barred by the applicable statute

22    of limitations found in California Code of Civil Procedure Section 335.1; and whether the facts

23    alleged give rise to any cause of action.

24    4.    Motions

25    Plaintiff has taken defaults against all of the many defendants in this action.  Some

26    defendants were served, but apparently most defendants were not served.  Rockridge, defendant

27    Charles Blakeney and other purported entities affiliated with Rockridge have filed their motion for

28    relief from default.  Rockridge has also filed its motion for summary judgment based upon the

29    release, dismissal and order approving compromise of claim.  Rockridge has also filed a motion to

30    dismiss.  Other defendants have brought motions for relief from default and motions to dismiss.

31

32    **DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS'**
**ASSOCIATION, AND SPECIALLY APPEARING CHARLES**
**BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND**
**ROCKRIDGE MANOR BOARD OF DIRECTORS CASE**
**MANAGEMENT CONFERENCE STATEMENT**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

5.    <u>Amendment of Pleadings</u>

The extent to which any parties may amend their claims or add defenses will depend upon the court's rulings on the motions noted above.

6.    <u>Evidence Preservation</u>

The facts alleged by plaintiff concerned events which occurred several years ago. The attorneys for Rockridge have maintained their file concerning the *Chang v. Ammann* state court action.

7.    <u>Disclosures</u>

Rockridge requests that the Rule 26 initial disclosure deadline be continued until a reasonable time after its motion to dismiss and motion for summary judgment is heard.

8.    <u>Discovery</u>

No discovery has taken place in this action. Rockridge is agreeable to the discovery plan proposed by defendants Regents of the University of California, et al. in their case management conference statement as follows:

| | |
|---|---|
| General discovery cut-off: | July 31, 2008; |
| Dispositive hearing deadline: | October 31, 2008; |
| Expert witness designation: | September 30, 2008; |
| Rebuttal cut-off: | per rule; |
| Expert discovery: | November 30, 2008. |

9.    <u>Class Actions</u>

Not applicable.

10.    <u>Related Cases</u>

There are no known related cases within the U.S. District Court, Northern District of California. The two Alameda County Superior Court actions, *Chang v. Ammann* and *Chang v. Celaya,* are dismissed, as noted above and no longer pending.

11.    <u>Relief</u>

In their complaint, plaintiffs pray for damages in excess of $75,000 for "general and special damages" and punitive damages in an unspecified amount. No counter claims have yet been filed.

12.    <u>Settlement and ADR</u>

Rockridge requests that discussion of an ADR process not take place until after the disposition of the defendants' motions. Rockridge previously settled with plaintiffs.

**DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, AND SPECIALLY APPEARING CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS CASE MANAGEMENT CONFERENCE STATEMENT**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-4-

13.    Consent to Magistrate Judge for all Purposes

Thus far, all parties appearing in this action have consented to have a U.S. Magistrate Judge conduct all further proceedings, including trial and entry of judgment.

14.    Other References

Rockridge submits that this case is not suitable at this time for reference to binding arbitration or a special master.

15.    Narrowing of Issues

Defendant believes that the issues will be narrowed by the defendants' motions.

16.    Expedited Schedule

It is believed that this question will be more appropriately addressed following disposition of the defendants' motions.

17.    Scheduling

Rockridge requests that the defendants' motions to set aside default, for summary judgment and to dismiss be scheduled for a date in early to mid-December.  Other proposed dates are outlined in Section 8 above.

18.    Trial

Rockridge agrees with a proposed January 2009 trial date.  The case will likely take five to seven days to try.

19.    Disclosure of Non-Party Interested Entities or Persons

Given the status of the entry of default against Rockridge, a certification of interested entities or persons has not yet been filed.

Dated: November 9, 2007

ALLMAN & NIELSEN, P.C.

By:/s/Paul A. Conroy
      Paul A. Conroy
      Attorney for Defendant
      ROCKRIDGE MANOR
      HOMEOWNERS' ASSOCIATION

**DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION, AND SPECIALLY APPEARING CHARLES
BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND
ROCKRIDGE MANOR BOARD OF DIRECTORS CASE
MANAGEMENT CONFERENCE STATEMENT**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION, CHARLES BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

Christine Chang                          Pro Se, individually and as Guardian ad Litem
341 Tideway Drive #214                   for ERIC SUN, disabled
Alameda, CA 94501
Telephone (510) 769-8232

Lee J. Danforth
Coddington Hicks & Danforth
555 Twin Dolphin Drive Suite 300
Redwood City CA 94065
Telephone: (650) 592-5400

[X]    **BY MAIL:**  I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ]    **BY FACSIMILE:**  I sent such document via facsimile to the facsimile machine of the addressee.

[ ]    **BY E-MAIL**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on November 9, 2007, at Larkspur, California.

/s/ Noli Villa
Noli Villa

DEFENDANTS ROCKRIDGE MANOR HOMEOWNERS'
ASSOCIATION, AND SPECIALLY APPEARING CHARLES
BLAKENEY, ROCKRIDGE MANOR CONDOMINIUM AND
ROCKRIDGE MANOR BOARD OF DIRECTORS CASE
MANAGEMENT CONFERENCE STATEMENT

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726