Lee J. Danforth, Esq. - SBN 73695
Richard S. Baum, Esq. - SBN 178760
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027

**ATTORNEYS FOR** Defendant
FARMERS INSURANCE EXCHANGE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSOCIATION; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive,<br>     JOINDER<br>UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELEY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ALAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELEY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive,<br>     JOINDER<br>PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive,<br><br>Defendants.<br>_____/ | Case No.: C07-4005 EMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]<br><br>Date:  January 16, 2008<br>Time:  10:30 a.m.<br>Dept.:  Courtroom C<br>Judge: Magistrate Judge Edward M. Chen |

# I.
# INTRODUCTION

Plaintiffs Christine Chang and Eric Sun have filed the instant complaint alleging five causes of action against, among others, defendant Farmers Insurance Exchange, erroneously sued herein as Truck Insurance Exchange (hereinafter "Farmers"). Plaintiffs allege civil rights violations, malicious prosecution/abuse of process, negligence, conspiracy, and fraud against all defendants. Based on the vague, ambiguous, and poorly-drafted complaint, defendant Farmers is left to speculate as to the reason behind its inclusion in this action.[1] In fact, Farmers is mentioned only once in the complaint at ¶ 10, where it is alleged that Farmers insured "Rockridge Manor Condominium and Homeowners Association." There is no other factual allegation made against Farmers.

Accordingly, Farmers moves for a dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

# II.
# ISSUES TO BE DETERMINED

1. Whether plaintiffs' federal civil rights claim should be dismissed because it fails to identify any cognizable interest under §1983 and the vague, conclusory allegations of Farmers' participation in civil rights violations are insufficient to state a cause of action;

2. Whether plaintiffs' tort claims are barred by the applicable statute of limitations;

3. Whether plaintiffs have failed to allege any facts that would give rise to a cause of action against Farmers;

4. Whether plaintiffs' complaint is so vague and ambiguous that Farmers cannot reasonably be required to frame a responsive pleading, and a more definite statement pursuant to FRCP 12(e) is thus required.

---

[1] Farmers, as the insurer for Rockridge Manor Homeowners Association, issued settlement checks totalling $36,000, on behalf of its insured, to plaintiff Chang in the prior state court action. The issuance of the settlement checks is the only interaction Farmers had with plaintiffs involving any matters involved in this lawsuit.

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

2

## III.

## STANDARD OF REVIEW

FRCP 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a motion to dismiss under FRCP 12(b)(6) the court is only required to accept as true well-pleaded allegations. It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."]. A dismissal pursuant to FRCP 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV.

## ARGUMENT

A. **Plaintiffs' Federal Civil Rights Claim Fails As No Cognizable Interest Has Been Identified and the Vague, Conclusory Allegations of Farmers' Participation in Civil Rights Violations are Insufficient**

A claim for a civil rights violation may be brought under 42 U.S.C. §1983 ("Section 1983") which provides in relevant part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." Plaintiffs' complaint fails, on its face, to identify a cognizable liberty or property interest under Section 1983 or set forth any action taken by Farmers which allegedly violated plaintiffs' civil rights. A defendant cannot be liable under Section 1983 unless that defendant caused or "participated in" conduct violating the plaintiff's rights. *Pomerantz v. County of Los Angeles*, 674 F.2d 288, 291 (9th Cir. 1982). Thus, a complaint which presents only generalized and vague allegations that defendant participated in "civil rights violations" are insufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). The complaint fails to specify any identifiable liberty or property interest that has been violated by Farmers. As such, plaintiffs' first cause of action for civil rights violations and fourth cause of

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

3

action for conspiracy to violate civil rights are therefore worthy of dismissal. Here, the only factual allegation made against Farmers is that it insured the Rockridge Manor Homeowners Association. This cannot possibly support a claim against Farmers that it somehow violated plaintiffs' civil rights.

B. Plaintiffs' Claims for Violation of Civil Rights, Malicious Prosecution/Abuse of Process, Negligence and Conspiracy are Barred by the Statute of Limitations

Any connection Farmers had to any of the underlying events involved the resolution of the state court claim. Farmers issued settlement checks totalling $36,000 on behalf of its insured, Rockridge Manor Homeowners Association, to plaintiffs, in consideration for a complete release of defendants. (See Exhibit "F" of Declaration of Paul J. Conroy in Support of Defendant Rockridge Manor Homeowners' Association Motion for Summary Judgment). Plaintiffs' receipt of the settlement check was then followed by plaintiffs' dismissal of the entire state court claim with prejudice, which occurred on April 5, 2005. (See Exhibit "G" of Declaration of Paul J. Conroy in Support of Defendant Rockridge Manor Homeowners' Association Motion for Summary Judgment). Any alleged tortious conduct against plaintiffs relating to the state court claim must have occurred no later than the date the state court claim was dismissed. Because that occurred on April 5, 2005, any tort claim in the instant complaint, which was filed on August 3, 2007, is therefore barred by the two-year statute of limitation set forth in California Code of Civil Procedure §335.1. The Section 1983 claim is also barred by the two-year statute of limitation. *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1023 (E.D. Cal. 2004).

C. Plaintiffs Have Failed to Allege Any Facts That Would Give Rise To a Cause of Action Against Farmers

The only mention of Farmers in plaintiffs' 141-paragraph complaint is found at ¶ 10, which reads, "The Defendant Truck Insurance Exchange is an insurance company for Rockridge Manor Condominium and Homeowners Association on or about 1996 through present." (Complaint at ¶ 10). Plaintiffs' complaint is so poorly pled that Farmers is left to speculate as to the facts that would give rise to the five causes of action based solely upon Farmers' status as an insurer of the homeowners' association named in this case.

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

4

1. No Direct Cause of Action May Be Brought By Plaintiffs Against Farmers

Plaintiffs do not allege that they are named as insureds under the Farmers insurance policy issued to Rockridge Manor because they were not. As such, plaintiffs are not in privity of contract with Farmers and thus cannot bring an action based upon the Rockridge policy for the matters alleged in this complaint.

"Generally, an insurer may not be joined as a party-defendant in the underlying action against the insured by the injured third party. The fact that an insurer has agreed to indemnify the insured for any judgment rendered in the action does not make the insurer a proper party. Liability insurance is not a contract for the benefit of the injured party so as to allow it to sue the insurer directly. An additional insured has standing to sue an insurer for breach of contract and breach of the implied covenant." *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.*, 100 Cal. App. 4th 193, 200 (2002). Plaintiffs have not alleged any facts that would afford them standing to bring a cause of action against Farmers as an insurer of Rockridge Manor Homeowners' Association. Further, plaintiffs have not alleged any facts whatsoever that could possibly give rise to a direct theory of liability against Farmers.

2. Malicious Prosecution/Abuse of Process

Plaintiffs' malicious prosecution/abuse of process cause of action against Farmers must fail because Farmers was not a party to the prior state court action referred to by plaintiffs in their complaint. Farmers did not bring any proceedings against plaintiffs that could serve as the basis for a malicious prosecution claim, nor did Farmers ever even engage in a process with plaintiffs, besides the indirect contact of issuance of settlement checks, that could potentially serve as the basis for an abuse of process cause of action. Accordingly, plaintiffs' cause of action for malicious prosecution/abuse of process must be dismissed.

3. Negligence

In order to support a negligence cause of action, plaintiffs are required to show that Farmers owed plaintiffs a duty to use due care, a breach of that legal duty, and that the breach was the proximate or legal cause of the resulting injury. *City of Sacramento v. Superior Court*, 131 Cal.

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

5

App. 3d 395, 402 (1982). The only connection between Farmers and plaintiffs is that one of the plaintiffs was a member of the Rockridge Manor Homeowners Association, which was insured by Farmers. Plaintiffs have alleged no facts and cannot allege any facts to indicate that they had any relationship with Farmers that would create a duty for the matters complained of by plaintiffs and, accordingly, this cause of action must be dismissed.

### 4. Conspiracy

Plaintiffs' fourth cause of action alleges that "All Defendants in Rockridge Manor, University of California Berkeley, Attorney Pamela Zimba, and Attorney Albert Coombes, conspired together to defraud against Plaintiffs." [¶ 138]. It is unclear if plaintiffs intend to assert this claim against Farmers. Again, Farmers is mentioned only once in the complaint at ¶ 10, where it is alleged that Farmers insured Rockridge Manor Condominium and Homeowners' Association. There are no other factual allegations made against Farmers. This cause of action, therefore, must be dismissed as to Farmers because plaintiffs have failed to allege any facts to support a conspiracy cause of action against Farmers.

### 5. Fraud

California Civil Code Section 3294(c) defines fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." There are no allegations made that Farmers made any representations to plaintiffs at all, false or otherwise, that would give rise to a fraud cause of action against Farmers. Accordingly, plaintiffs' fraud cause of action against Farmers must be dismissed.

D. **All of Plaintiffs' Five Causes of Action Are So Vague and Ambiguous As To Require a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides in relevant part that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

///

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

6

Co-Defendant Albert Coombes, Esq. has also moved for a more definite statement with respect to each of plaintiffs' five causes of action. Farmers joins in Mr. Coombes' motion and arguments, as presented in his October 8, 2007 Notice of Motion and Motion to Dismiss and quoted herein below:

> "Plaintiffs complaint is against 16 defendants who are lumped together in a meandering factual background which rambles on for 109 paragraphs (paragraphs 24 to 133)."
>
> "Nowhere in these 109 paragraphs is there a clear definition of what was done to the plaintiffs by any particular defendants. Instead the story wanders from the conclusions and generalizations regarding the actions of the Rockridge Manor defendants to musings about the actions of five attorneys (three of whom are not defendants in the suit), a superior court judge, and the involvement of the combined University of California at Berkeley defendants."
>
> "All of this is further confused by the fact that Paragraphs 108 and 109, plaintiffs state that they accepted a settlement with the Rockridge Manor defendants."
>
> "In their five causes of action they lump all the defendants together in vague terms, without further explanation, as follows:
>
> 1. First Cause of Action: 'These Defendants acted in concert or acted independently to cause the same harm.'
>
> 2. Second Cause of Action: 'These Defendants corrupted every and each Plaintiffs attorneys in covering up their violation of laws or violence.'
>
> 3. Third Cause of Action: 'These Defendants intentionally, maliciously, wantonly, recklessly breached their duties to Plaintiffs Chang and Sun.'
>
> 4. Fourth Cause of Action: 'All Defendants at Rockridge Manor, University of California Berkeley, Attorney Pamela Zimba, and Attorney Albert Coombes, conspired together to defraud against Plaintiffs.'
>
> 5. Fifth Cause of Action: 'All Defendants individually or as agent, representative, corporation, or public servant, had fraudulently defrauded Plaintiffs.'"
>
> "Plaintiffs cause further confusion by incorporating all of the first 133 paragraphs of their complaint in the First Cause of Action but not incorporating them into the remaining causes of action."

///

///

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

7

For the reasons cited by Mr. Coombes, *supra*, Farmers respectfully requests that should the court not grant its motions to dismiss as to all five causes of action, it should direct plaintiffs to provide a more definite statement with respect to each of the causes of action.

Dated: December 5, 2007

CODDINGTON, HICKS & DANFORTH

By: _____
Richard S. Baum
Attorneys for Defendant
Farmers Insurance Exchange

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C07-4005 EMC

8