

ANDREW R. ADLER, ESQ. (CAL. BAR #56415)
JASON O. BALOGH, ESQ. (CAL. BAR #238199)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant Pamela Zimba

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad litem for ERIC SUN, disabled,    ) <br>    ) <br> Plaintiff,    ) <br>    ) <br> vs.    ) <br>    ) <br> ROCKRIDGE MANOR CONDOMINIUM, et al.,    ) <br>    ) <br> Defendants.    ) | Case No.: C 07 4005 EMC <br><br> **CLOSING MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING DEFENDANT ZIMBA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** <br> **(FRCP 12(b)(1), 12(b)(6) and 12(e))** <br><br> Date:   January 16, 2008 <br> Time:  10:30 a.m. <br> Dept:  Magistrate Judge Edward M. Chen <br><br> Complaint Filed:  August 3, 2007 |

Defendant Pamela Zimba, Esq. submits the following closing points and authorities in support of her motion to dismiss failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement.

## LEGAL ISSUES AND ARGUMENTS

### 1.    PLAINTIFF'S FIRST CAUSE OF ACTION IS TIME-BARRED

As noted in Ms. Zimba's initial Notice of Motion to Dismiss/Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and For a More Definite Statement and Points & Authorities (hereinafter "Points & Authorities"), Ms. Chang's first cause of action asks for damages for defendants' alleged "Violation of Civil Rights of the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the United State Constitution" (Complaint, 26:11-12), and thus appears

-1-

1   to seek relief pursuant to 42 USC §1983.  As such, that cause of action is subject to California's

2   statute of limitations for personal injury claims.  See *Wade v. Ratella* (SD Cal. 2005), 407

3   F.Supp.2d 1196, 1203, as cited in Points & Authorities 6:27-7:3.[1]

4       Upon taking effect in January 2003, California CCP §335.1 established a two-year statute

5   of limitations for "an action for assault, battery, or injury to, or for the death of, an individual

6   caused by the wrongful act or neglect of another."  As such, the sole issue relevant to Ms. Zimba's

7   motion to dismiss plaintiff's first cause of action is whether plaintiff met that statutory deadline by

8   filing the instant action on August 3, 2007.

9       The materials before the Court – including plaintiff's own writings and submissions –

10  make it absolutely clear that she did not meet that deadline.  Ms. Chang's June 4, 2005 letter to the

11  State Bar (Exhibit 3 to defendant's Request for Judicial Notice herein),[2] which refers to "Oakland

12  Superior Court Cases 2002-046048 (*i.e.*, *Chang v. Celaya*) and 2001-023364 (*i.e.*, *Chang v.*

13  *Amman*), begins with a request to, "Please suspend Pamela Zimba's license for her fraudulent

14  representation botching our cases purposely in covering up the defendants…" and goes on to detail

15  the same complaints found in her August 2007 Complaint in the instant action.  In her April 26,

16  2005 letter to Ms. Zimba (a copy of which is marked as Exhibit 5.8 to plaintiff's December 26,

17  2007 Exhibits for Plaintiffs' Opposition), Ms. Chang began by referring to the same two Alameda

18  County Superior Court actions and then provided Ms. Zimba with a detailed statement of "my

19  complaints against your representation of our cases above."   More recently, plaintiff's December

20  26, 2007 Opposition to Defendants Rockridge Manor Homeowners Associations Motion to

21  Dismiss and for Summary Judgment includes the following statements (3:15-4:4:5) (emphasis in

22  the original):

> Plaintiff Chang had notice or knowledge of facts first occurred on
> May 18, 2005 finding out that the judgment was for "Defendant with
> Remedy Available to the Defendant", in the assault/battery action No.
> 2002-046048 in Alameda County Superior Court, other than

---

[1]  While plaintiff's December 26, 2007 Opposition to Defendant Zimba's Motion to Dismiss, Etc. makes reference to the three-year fraud statute of limitations set out in CCP §338 (4:2-7), it does not provide any authority for the proposition that §338 governs plaintiff's first, second and/or fourth causes of action or otherwise address Ms. Zimba's contention that plaintiff's first, second and fourth causes of action are subject to CCP §335.1.

[2]  Ms. Chang has included a copy of her June 4, 2005 letter to the State Bar as Exhibit 5.9 to her Exhibits for Plaintiffs' Opposition to the instant motion and co-defendants' motions, as filed December 26, 2007.

"NONSUIT" released by Plaintiffs' attorney Pamela Zimba on August 20, 2004. Also because Plaintiff Chang had attended San Francisco Law School for four months in May 2005, by examining the records aided with limited knowledge in law, Plaintiff Chang realized that Plaintiffs' attorneys were corrupted and corroborated with Rockridge Manor Defendants and Defense Attorneys in extorting legal fees from Plaintiff Chang and sabotaging Plaintiffs' complaints of Rockridge Manor action No. 2001-023364 and Assault/Battery action No. 2002-046048 in Alameda County Superior Court.

The Assault-Battery action concluded on August 5, 2004 and the Rockridge manor action concluded on April 5, 2005. This instant action was filed on <u>August 3, 2007</u>…

By themselves or in concert, each of the three cited writings is more than sufficient to establish as a matter of law that the applicable statute of limitations (i.e., the two-year statute of limitations set out in CCP §335.1) began to run on the claim asserted in plaintiff's first cause of action no later than April-June 2005[3] and, in turn, that any such claims were already time-barred when plaintiff filed the instant action in August 2007.

Given the foregoing, Ms. Zimba respectfully urges the Court to dismiss plaintiff's first cause of action with prejudice.

## 2.     PLAINTIFF'S SECOND CAUSE OF ACTION, FOR MALICIOUS PROSECUTION/ABUSE OF PROCESS, FAILS TO STATE A CAUSE OF ACTION AGAINST MS. ZIMBA

In requesting dismissal of plaintiff's second cause of action, for "Malicious Prosecution/Abuse of Process," Ms. Zimba's Points & Authorities note that the cause of action fails to state any of the traditional elements of the referenced torts and argues that given the fact that she represented Ms. Chang in the underlying actions, Ms. Zimba simply could not have perpetrated either of those torts against Ms. Chang. Ms. Chang's Opposition makes no response to those arguments and does not otherwise attempt to "save" her second cause of action. Ms. Zimba thus respectfully urges the Court to dismiss plaintiff's second cause of action with prejudice.

## 3.     PLAINTIFF'S SECOND CAUSE OF ACTION IS TIME-BARRED

---

[3]   Citing *Sakai v. Merrill Lynch Life Insurance Co.* (N.D. Cal. 2007), 2007 WL 1288174, plaintiff argues that the statute of limitations did not begin to run on her claims "until Plaintiffs [sic] has notice or knowledge of facts sufficient to put a reasonable man on inquiry." Assuming, *arguendo*, that this rule of delayed accrual applies in the instant action, the cited documents make it absolutely clear that plaintiff had the requisite "notice or knowledge" of Ms. Zimba's purported wrongdoing as she wrote her April 2005 letter to Ms. Zimba and her June 2005 letter to the State Bar, with the result that §335.1's two-year statute of limitations had run by August 2007.

Memo of Points & Authorities Supporting Zimba's Notice of Motion/Motion to Dismiss, Etc. - Case #C 07 4005 EMC

1    Ms. Zimba's Points & Authorities also argued that plaintiff's second cause of action is

2  barred by the two-year statute of limitations set out in CCP §335.1. In doing so, Ms. Zimba cited

3  *Stavropolous v. Superior Court* (2006) 141 Cal.App.4[th] 190, 196-7, holding that §335.1 is

4  applicable to causes of action for malicious prosecution and "all (other) infringements of personal

5  rights…" 9:11-15. In contrast, plaintiff's papers make no reference or response to the rule set out

6  in *Stavropolous*, *supra*; instead, plaintiff simply cites CCP §338 and suggests – with no citation to

7  any other authority – that §338's three-year statute of limitations applies to one or more of the

8  causes of action that are the subject of Ms. Zimba's motion to dismiss.

9    As noted in defendant's discussion of her motion to dismiss plaintiff's first cause of action,

10 *supra*, the writings that plaintiff has herself put before this Court make it clear that, as a matter of

11 law, the applicable statute of limitations began to run against all of her claims no later than April-

12 June 2005. Because §335.1 governs plaintiff's second cause of action, it is clear that, as a matter

13 of law, the two-year limitations period expired before plaintiff filed the instant action.

14    Given the foregoing points and authorities, Ms. Zimba reiterates her request that the Court

15 grant her motion to dismiss plaintiff's second cause of action with prejudice.

16 **4.    PLAINTIFF'S FOURTH CAUSE OF ACTION IS TIME-BARRED**

17    In her fourth cause of action, plaintiff contends that all defendants, including Ms. Zimba,

18 conspired to violate her civil rights. Like plaintiff's first and second causes of action, this cause of

19 action is clearly subject to California CCP §335.1. Once again, the writings that plaintiff has

20 provided to the Court make it clear that she was well aware of the "facts" on which she bases this

21 cause of action by April-June 2005, more than two years prior to the filing of this lawsuit.

22 Plaintiff's writings thus leave the Court with no choice but to find that her fourth cause of action is

23 barred by §335.1 and, in turn, to dismiss that cause of action with prejudice.

24 DATED:  December 31, 2007              BOORNAZIAN, JENSEN & GARTHE
                                         A Professional Corporation
25

26                                       By: _____

27                                            ANDREW R. ADLER, ESQ.
                                             Attorneys for Defendant
28 25168/422128                               Pamela Zimba, Esq.

## PROOF OF SERVICE BY MAIL
### (C.C.P.  SECTIONS 1013(a) -2015.5)

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P.O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **CLOSING MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING DEFENDANT ZIMBA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** , addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Ms. Christine Chang                    Plaintiff In Pro Per
341 Tideway Drive, #214
Alameda, CA  94501
Tel:  510-769-8232

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on December 31, 2007.

_____
LESLIE HASSBERG

Memo of Points & Authorities Supporting Zimba's Notice of Motion/Motion to Dismiss, Etc. - Case #C 07 4005 EMC