**ALBERT F. COOMBES, ESQ.   SBN 60861**
**15915 Ventura Blvd., Penthouse 4,**
**Encino, Ca. 91436**
**Tel:   (818) 986-1533**
**Fax:   (818) 986-1657**

**Pro Se Defendant**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian Ad Litem for ERIC SUN, disabled,<br><br>         Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM et al.<br><br>         Defendants. | No.   C 07 4005 EMC<br><br>PRO SE DEFENDANT ALBERT COOMBES' REPLY TO PLAINTIFFS' OPPOSITION TO HIS MOTION TO DISMISS<br><br>Date:      1/16/08<br>Time:      10:30 a.m.<br>Courtroom: C |

   The plaintiffs' opposition to this defendant's Motion to Dismiss does nothing to rebut the issues raised in said motion.   Instead, it strengthens the case for dismissal.

   As can be deduced from Exhibits 7.7 and 8.8 attached to plaintiffs' opposition, the dates surrounding plaintiffs' controversy with the defendant range from December 18, 2004 (Exhibit 7.7) to June 20, 2005 (Exhibit 8.8. final letter to State Bar which apparently went unanswered since plaintiffs have not incorporated any such responsive document in their exhibits).

   Thus, by their own admission, plaintiffs concede that the filing of their above-referenced complaint was outside of the Statute of Limitations controlling their actions for negligence, malicious prosecution, abuse of process, and violation of their civil rights.

**DEFENDANT ALBERT COOMBES' REPLY TO**
**PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS**

1    Further, since plaintiffs now assert that their Third Cause of Action for negligence is based on defendant's "Professional Responsibility" (Opposition pg.8 lns.22-23) they have conceded a lesser period of limitations.   California Code of Civil Procedure §340.6(a) designates that an action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered the wrongful act or omission.   Exhibits 7.7 and 8.8. to plaintiffs' reply provide clear and convincing evidence that they were alleging such wrongful conduct on the part of the defendant in December, 2004 and January, 2005 - more than two years before filing the above-reference complaint.

Also, plaintiffs have made no attempt in their reply to add additional facts to clear up the myriad ambiguities contained in their complaint.   Instead it is replete with more generalities and conclusory language such as "master mind," "corruption, "corroboration," "defrauded," "colossus perjury," "framing," extorted," "lying," and "forged," to name the many examples contained in just the first two pages of the 11-page document.

Consequently, plaintiffs have produced nothing to negate the issues raised in defendant's Motion to Dismiss which should be granted forthwith.

DATED: December 31, 2007                    Respectfully submitted,


                                            /s/ ALBERT COOMBES
                                            ALBERT F. COOMBES
                                            Pro Se Defendant

**CERTIFICATE OF SERVICE**

I, ALBERT COOMBES, hereby certify that on December 31, 2007, I forwarded a true and correct copy of my Reply to Plaintiffs' Opposition to Motion To Dismiss to the plaintiffs herein by placing a true copy thereof in a sealed envelope with first class postage prepaid and addressed as follows:

> Christine Chang
> Individually and as Guardian Ad Litem for Eric Sun
> 341 Tideway Drive, #214
> Alameda, Ca. 94501

I caused such envelope to be placed for collection and mailing in the United States Mail at Encino, California.

Dated: December 31, 2007

                                          /s/ ALBERT COOMBES
                                               ALBERT COOMBES
                                               Pro Se Defendant