GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
KAREN E. GIQUINTO, State Bar No. 228261
keg@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT and SUSAN VON SEEBURG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>Plaintiff,<br><br>v.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case No.  C-07-4005 EMC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE,  MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date:         January 16, 2008<br>Time:        10:30 a.m.<br>Courtroom: C<br>Judge:       Magistrate Judge Edward M. Chen |

**I.    INTRODUCTION**

Plaintiffs' Opposition fails to address the key arguments in Defendants' Motion to Dismiss and cites case law which is irrelevant and inapplicable to the issues presented.  Thus, Plaintiffs have failed to address the absolute immunities and defenses available to the University Defendants.  Instead, the opposition consists largely of vague, conclusory allegations about what the University Defendants did or should have done which is clearly insufficient to overcome the instant motion to dismiss.

## II. LEGAL ARGUMENT[1]

### Introduction through Section A

In the "Introduction" section, Plaintiffs cite several irrelevant cases in support of their opposition to Defendants' Motion to Dismiss which should be disregarded by the Court: *Wyler Summit Partnership v. Turner Broadcasting System, Inc.* 135 F.3d 658 (9th Cir. 1998) (*holding plaintiff stated a claim for waiver of a contract condition that was placed solely for that party's own benefit*); *Parks School of Business, Inc. v. Symington* 51 F.3d 1480 (9th Cir. 1995) (*holding a private loan guarantor was not a state actor acting under color of state law*); *Saylor v. Zeenat, Inc.* Slip Copy, 2002 WL 33928621 (*dealing with unfair business practices and negligence per se*).

In the "Summary of Argument" Section, Plaintiffs are clearly confused about Defendants' immunity claims. Plaintiffs incorrectly claim that the University Defendants are not immune pursuant to the Eleventh Amendment or under the qualified immunity doctrine, citing *Garcia v. County of Fresno* 2005 WL 3143429 to support their contention. *Garcia* involved a Section 1983 claim against the County of Fresno and the Fresno County Sheriff. *Id.* The issue in *Garcia* was whether the Defendant Sheriff could claim both immunity under the Eleventh Amendment and qualified immunity. *Id.* at 2. Plaintiffs correctly cite a portion of the *Garcia* case, but misapply its meaning. First, *Garcia* noted that the suit against the Sheriff in his official capacity was barred by the Eleventh Amendment. *Id.* at 3. In regard to the qualified immunity doctrine, the Court held that a plaintiff suing a state official in his individual capacity must allege facts that show the individual police officer's acts violated a constitutional right and that the constitutional right was clearly established, i.e. a reasonable person would have known of the constitutional right. *Id.*

Here, as discussed in Defendants' motion, Plaintiffs have failed to allege any facts that a constitutional right was violated by any of the University Defendants in order to defeat qualified immunity for any of the individually named University Defendants. This is a prerequisite to any analysis regarding whether the constitutional right was clearly established. *Conn v. Gabbert* 526

---

[1] For ease of reference, this Reply is organized sequentially to match Plaintiffs' opposition subsections (Introduction through Section L).

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  U.S. 286, 290 (1999).  Moreover, no facts have been alleged that any particular right was clearly
2  established.  At most, plaintiffs allegations reflect nothing more than that the individual
3  University Defendants were acting within the course and scope of their employment and that, in
4  plaintiffs' opinion, they did not perform their administrative duties properly.  As stated in the
5  moving papers, these administrative and discretionary acts or omissions  are clearly barred by the
6  qualified immunity doctrine.

7  Plaintiffs also cite to the *Garcia* case for the proposition that liability attaches to The
8  Regents where it causes the Constitutional violation.  This argument is unfounded as *Garcia* dealt
9  with the liability of a municipality, which has been held to be a person subject to liability under
10 Section 1983.  *See Monell v. Department of Social Services* 436 U.S. 658 (1978).  As cited in
11 Defendants' moving papers, The Regents and University Defendants acting in their official
12 capacity are absolutely immune from suit.  *Thompson v. City of Los Angeles*  885 F.2d 1439,
13 1443 (9th Cir. 1989).

14 Plaintiffs next argue that the litigation privilege is inapplicable.  However, plaintiffs
15 provide no explanation or citation to support this argument and thus, defendants' contention
16 should be deemed conceded.

17 In regard to the negligence claim, plaintiffs state that it is based upon the University
18 Defendants' alleged "fraudulent concealment" and therefore the statute of limitations is three
19 years.  Clearly, plaintiffs are confused as to the claims they allege against Defendants as fraud
20 and negligence are two separate causes of action.  Defendants concede that the limitations period
21 for fraud is three years.  However, the limitations period for negligence is two years, and as such
22 is time-barred.

23 Plaintiffs further argue that the malicious prosecution claim is based on the University
24 Defendants' corroboration with plaintiffs' attorneys and the trial judge in the prior state court
25 case. This argument is nonsensical as a malicious prosecution claim requires prosecution of an
26 action against Plaintiffs.

27 In addition, Plaintiffs argue that the University Defendants were fraudulent and
28 collaborated to cause Plaintiffs to lose the state court action.  These are merely conclusory

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1  statements, which do not rise to the level to state a claim for conspiracy.  The same is true for

2  Plaintiffs' final argument that Defendants committed fraud as plaintiffs allege no specific facts to

3  support the claim.

4  Finally, as Plaintiffs have failed to provide any new facts or arguments to defeat the

5  immunities and defenses, Defendants' Motion to Dismiss must be granted.

### Section B – Statute of Limitations

7  Plaintiff argues in Legal Argument, Section B that the applicable statute of limitations is 3

8  years for statutory liability, injury to property and fraud or mistake.  Defendants do not refute that

9  this is the law and are not claiming a statute of limitations bar to Plaintiffs' fraud claim.

10  However, the University Defendants maintain, as argued in the motion to dismiss, that Plaintiffs'

11  claims for violation of civil rights, malicious prosecutions/abuse of process, negligence and

12  conspiracy are barred by the applicable two-year statute of limitations.  Moreover, Plaintiffs'

13  claim for fraud must still be dismissed as to the University defendants pursuant to the immunities

14  afforded by Government Code Section 815 and 820.2, the litigation privilege and Plaintiffs'

15  failure to allege with specificity the circumstances constituting the alleged fraud.

### Section C – Defendant Constance Peppers Celaya

17  Plaintiffs next argue that the Eleventh Amendment to the U.S. Constitution does not apply

18  to Defendant Constance Peppers Celaya.  Plaintiffs cite two cases in support of this claim.

19  However, these cases are inapplicable.  Neither case, *Scruggs v. Haynes* 252 Cal.App. 256 (1967)

20  or *Duffy v. San Francisco Police Department* 2005 WL 1785183 deal with the Eleventh

21  Immunity issue.  Indeed, *Duffy* involves whether plaintiff timely served defendants with a

22  summons and complaint.  *Duffy,* supra, 2005 WL 1785183.  In *Scruggs,* the Court reviewed

23  whether a police officer and the City of Long Beach were immune from civil liability pursuant to

24  Government Code Sections 815.2 and 820.2.  *Scruggs,* supra, 252 Cal.App. at 262-263.  The

25  Court held that extensive case law established that a police officer was not entitled to

26  discretionary immunity for the use of unreasonable force in making an arrest prior to the

27  enactment of Government Code Sections 815.2 and 820.2.  *Id.*

28

30284-37261 KEG 545256.1   - 4 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS C-07-4005 EMC

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   This case is clearly distinguishable from *Scruggs* as it does not involve the issue of
2   unreasonable force under color of state law.  Moreover, *Scruggs* is inapplicable as it dealt with
3   discretionary immunity prior to the enactments of Government Code Sections 815.2 and 820.2.

4   Plaintiffs attempt to argue that Defendant Celaya's conduct surrounding the alleged
5   assault and battery on private property while defendant Celaya was doing her laundry precludes
6   her from enjoying immunity for civil liability as she used unreasonable force against the
7   plaintiffs.  These contentions reflect nothing more than the plaintiffs' attempt to relitigate the
8   underlying state court action, which is barred by the doctrine of res judicata and an attempt to
9   create a civil rights violation from private conduct.  Moreover, any claims she asserts concerning
10  the alleged assaults are clearly time-barred.

11  As plaintiffs have provided no meaningful argument or additional facts, the claims against
12  Defendant Celaya must be dismissed.

13  **Sections D and E – Defendants Tom Klatt and Victoria Harrison**

14  Sections D and E of the opposition claim that University Defendants Tom Klatt and
15  Victoria Harrison are not immune from civil liability.  Plaintiffs again cite to *Duffy* and *Scruggs*
16  in support of their contention that the Eleventh Amendment does not apply to Defendants.  As
17  discussed above in Section C, these cases are inapplicable.

18  Essentially, Plaintiffs argue that Defendants Klatt and Harrison did not investigate or take
19  any disciplinary action concerning plaintiffs' complaints of Defendant Celaya and therefore these
20  defendants are not immune from liability.  This is absurd as Plaintiffs have alleged nothing more
21  than acts which occurred in the scope of Defendants' public employment, which was to evaluate
22  whether to respond to a community complaint about a University employee concerning a matter
23  unrelated to University business.  As discussed at length in Defendants' Motion to Dismiss, such
24  acts are clearly barred by the immunity afforded by the Eleventh Amendment.  As plaintiff has
25  failed to plead with any more specificity as to what constitutional rights Defendants Klatt and
26  Harrison have violated or whether the constitutional right was well established at the time of the
27  alleged violation, plaintiffs' claims against these defendants are barred by the qualified immunity
28  doctrine.

30284-37261 KEG 545256.1     - 5 -     REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS C-07-4005 EMC

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  In addition, these allegations are insufficient to state a claim. The allegations fail to state
2  facts sufficient to create a duty to act on the part of any University Defendant. Moreover, the
3  allegations establish the discretionary nature of any decision to investigate and that Defendants
4  Klatt and Harrison were acting in the course and scope of their employment. Conclusory
5  allegations that Defendant Harrison repeatedly violated the Constitution are insufficient to state a
6  claim. Accordingly, the matter must be dismissed as to both Defendants Klatt and Harrison.

**Section F – Defendant Susan Von Seeburg**

8  Plaintiffs next claim that University Defendant Susan Von Seeburg is not immune from
9  civil liability. Plaintiffs again cite to *Scruggs* and *Duffy*, which are inapplicable as discussed
10 above.

11 In essence, Plaintiffs claim that Defendant Von Seeburg continued the "cover-up
12 operation" by denying Plaintiff's right to obtain Defendant Celaya's "police training records."
13 These allegations are conclusory and fail to state any facts sufficient to support plaintiffs' claims.
14 Furthermore, the allegations establish that Defendant Von Seeburg was acting within the course
15 and scope of her employment when she used her discretion as to how to respond to Plaintiffs'
16 subpoena as well as whether to investigate a complaint by Plaintiffs. Accordingly, Eleventh
17 Amendment immunity and the doctrines of discretionary immunity, qualified immunity and
18 litigation privilege discussed above and in Defendants' moving papers apply.

19 Plaintiffs also allege that a gross conspiracy existed between the University Defendants
20 and Judge Castellanos. However, as discussed in Defendants' moving papers, this is clearly
21 insufficient to support a claim for conspiracy. *See also Taylor v. Mitzell* 82 Cal.App.3d 665, 673-
22 675 (1978). In addition, the allegations concerning what occurred during the motion to vacate
23 judgment are barred by the applicable statute of limitations. California Code of Civil Procedure
24 Section 335.1.

25 Plaintiffs claim that Defendants Harrison, Tejada and Celaya committed a fraud against
26 Plaintiffs by delivering a copy of the requested records directly to Judge Castellanos. As
27 discussed in Defendants' motion to dismiss, this cause of action is barred by the litigation
28 privilege and state-based immunities afforded to the University defendants. Moreover, on its

30284-37261 KEG 545256.1                - 6 -                REPLY IN SUPPORT OF DEFENDANTS'
                                                             MOTION TO DISMISS C-07-4005 EMC

1  face, the complaint fails to state sufficient and specific facts to support a claim in any event.

### Sections G and H – Defendants Alan Kolling and Adan Tejada

As to Defendants Alan Kolling and Adan Tejada, Plaintiffs continue to argue that the immunity doctrines do not apply and cite *Scruggs* and *Duffy* to support their argument. See discussion in Section C above. Plaintiffs also claim that Defendants Kolling and Tejada somehow joined in the cover-up operation and committed fraud with regard to the release of Defendant Celaya's "training records." As discussed above, plaintiffs continue to fail to state sufficient and specific facts to support such claims and establish that these individuals were acting in the course and scope of their public employment and are entitled to Eleventh Amendment immunity, qualified immunity, and/or discretionary immunity afforded to public employees.

### Section I – Defendant Chancellor Robert Birgeneau

Again, Plaintiffs claim that University Defendant Chancellor Robert Birgeneau cannot claim immunity and cite the *Scruggs* and *Duffy* cases. As discussed above in Section C, these cases are inapplicable. Plaintiffs further argue that Chancellor Birgeneau participated in the cover-up operation and "jointly defrauded against plaintiffs constitutional rights and torts claims," but fail to provide any specific factually allegations as to the cover-up or violations of plaintiffs' constitutional rights and torts claims. As stated in Defendants' motion to dismiss, such allegations must be pled with specificity. *Taylor v. Mitzel, supra,* 82 Cal.App.3d at 673-675.

Plaintiffs also argue that Chancellor Birgeneau denied the service of process for the subpoena for Defendant Celaya's training records, caused parking citations to be issued against Plaintiff Chang, threatened students who helped Plaintiff Chang, refused to accept the Complaint and Summons, failed to investigate and discipline University employees following Plaintiff Chang's complaints, and "defrauded against" plaintiffs' constitutional rights and tort claims. These allegations are vague, conclusory and nonsensical. They are, on their face, insufficient to support Plaintiffs' claims against Chancellor Birgeneau. As discussed at length in Defendants' Motion to Dismiss, Chancellor Birgeneau, as the chief executive officer of U.C. Berkeley is entitled to the immunity afforded by the Eleventh Amendment, the implied immunity doctrine and the state based immunities afforded to public employees for conduct occurring in the course

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30284-37261 KEG 545256.1                - 7 -                REPLY IN SUPPORT OF DEFENDANTS'
                                                             MOTION TO DISMISS C-07-4005 EMC

1 and scope of their employment.  Moreover, any acts or omissions concerning the present
2 litigation is clearly barred by the litigation privilege.

### Section J – The Regents

As to Defendant The Regents, plaintiffs continue to argue that the Eleventh Amendment does not apply and cite to the *Scruggs* and *Duffy* cases, which are inapplicable as discussed above in Section C.  Plaintiffs also argue that The Regents were placed on notice as to the conduct of its staff, but failed to respond.  As discussed in their moving papers, The Regents as a "state entity" and its officials are immune from suit pursuant to the Eleventh Amendment.  See citations in moving papers.  Plaintiff offers no authority to distinguish the well settled case law on this subject.

### Sections K and L – Conspiracy Claims

In Sections K and L, Plaintiffs claim The Regents and individual University Defendants conspired with Judge Castellanos and plaintiff's attorneys to defraud plaintiffs and prevent plaintiffs from recovery of damages.  Plaintiffs cite to Defendant Celaya's conduct prior to and during trial concerning plaintiffs' assault and battery civil lawsuit.  These "additional" allegations are duplicative to the allegations contained in the complaint and do nothing to circumvent the myriad of defenses available to the University Defendants.  As discussed in the moving papers and above, the allegations are conclusory and lack the specificity required to uphold plaintiffs' claims.  *See Taylor, supra,* 82 Cal.App.3d at 673*;* FRCP 9(b); *Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (1989).  Moreover, any fraud/misrepresentation claims are barred by Government Code §818.8.  As the instant Complaint is devoid of any facts that state a claim for fraud or conspiracy, these claims must be dismissed as to all University Defendants.

### III. CONCLUSION

Defendants The Regents of the University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, , Allan Kolling, Tom Klatt and Susan Von Seeburg respectfully request that their motion to dismiss be granted in its entirety as Plaintiffs' claims fail as to all defendants as a matter of law.  Plaintiffs' Opposition fails to provide any additional facts or legal authority to state a claim against any University Defendant or to defeat

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

the absolute immunities afforded to Defendants. As no amendment can cure the pleading deficiencies, the case should be dismissed, without leave to amend.

Dated:  January 2, 2008                           LOMBARDI, LOPER & CONANT, LLP


                                                  By:  /s/ GayLynn Kirn Conant
                                                       GAYLYNN KIRN CONANT
                                                       Attorneys for Defendants
                                                       The Regents Of The University of
                                                       California, Robert Birgeneau Constance
                                                       Peppers Celaya, Adan Tejada, Victoria
                                                       Harrison, , Allan Kolling, Tom Klatt and
                                                       Susan Von Seeburg

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30284-37261 KEG 545256.1                          - 9 -          REPLY IN SUPPORT OF DEFENDANTS'
                                                                 MOTION TO DISMISS C-07-4005 EMC