Lee J. Danforth, Esq. - SBN 73695
Richard S. Baum, Esq. - SBN 178760
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027

**ATTORNEYS FOR** Defendant
FARMERS INSURANCE EXCHANGE

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and as
Guardian ad Litem for ERIC SUN, disabled,

Plaintiff,

vs.

ROCKRIDGE MANOR CONDOMINIUM,
ROCKRIDGE MANOR HOMEOWNERS
ASSOCIATION; ROCKRIDGE MANOR
BOARD OF DIRECTORS; ROCKRIDGE
MANOR PRESIDENT OF BOARD OF
DIRECTORS CHARLES BLAKENEY;
ROCKRIDGE MANOR MANAGER EVA
AMMANN; TRUCK INSURANCE
EXCHANGE; AND DOES 1-30, inclusive,
JOINDER
UNIVERSITY OF CALIFORNIA
BERKELEY; UC BERKELEY
CHANCELLOR ROBERT BIRGENEAU; UC
BERKELEY PUBLIC RECORDS
COORDINATOR ALAN KOLLING; UC
BERKELEY GENERAL COUNSEL SUSAN
VON SEEBURG; UC BERKELEY POLICE
DEPARTMENT CHIEF VICTORIA
HARRISON; UC BERKELEY POLICE
DEPARTMENT LIEUTENANT ALAN
TEJADA; UC BERKELEY POLICE
DEPARTMENT MANAGER TOM KLATT;
UC BERKELEY POLICE DEPARTMENT
DISPATCHER CONSTANCE PEPPERS
CELAYA; and DOES 31-60, inclusive,
JOINDER
PAMELA ZIMBA, ATTORNEY AT LAW;
ALBERT COOMBES, ATTORNEY AT
LAW; and DOES 61-90, inclusive,

Defendants.

Case No.: C07-4005 EMC

DEFENDANT FARMERS INSURANCE
EXCHANGE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO
F.R.C.P. 12(b)(6) OR, IN THE
ALTERNATIVE, MOTION FOR A MORE
DEFINITE STATEMENT [F.R.C.P. 12(e)]

Date:   January 16, 2008
Time:   10:30 a.m.
Dept.:   Courtroom C
Judge: Magistrate Judge Edward M. Chen

Defendant Farmers Insurance Exchange's Reply in
Support of Motion to Dismiss Pursuant to F.R.C.P.
12(b)(6) Or, in the Alternative, Motion for a More
Definite Statement [F.R.C.P. 12(e)]
Case No.: C07-4005 EMC

1    Defendant Farmers Insurance Exchange (hereinafter "Farmers") respectfully submits the

2    following reply brief in support of its motion to dismiss or, in the alternative, for a more definite

3    statement.

4                                                    **I.**

5       **PLAINTIFFS' CAUSES OF ACTION ARE BARRED BY THE APPLICABLE**

6                              **STATUTES OF LIMITATION**

7    Plaintiffs' opposition highlights that the matters complained of by plaintiffs occurred more than

8    two years before the filing of the instant action and, thus, are barred by the two-year statute of

9    limitations set forth in California Code of Civil Procedure § 335.1.  Plaintiffs have no argument to

10   rebut the position that plaintiffs' causes of action for civil rights violations, malicious

11   prosecution/abuse of process, negligence and conspiracy are barred by the applicable statutes of

12   limitation.

13                                                   **II.**

14          **PLAINTIFFS' CLAIM OF FRAUD DOES NOT INVOLVE FARMERS**

15   The fraud cause of action is not properly directed towards Farmers as is clear from plaintiffs'

16   opposition, which argues that they did not discover facts constituting the complained of fraud until

17   May 18, 2005.  However, this alleged fraud relates to plaintiffs' Case Number 2002046048 entitled

18   *Chang v. Celaya*.  Not only was Farmers not a party to this action, nor was its insured, Rockridge

19   Manor Homeowner's Association.  Even the most liberal reading of the facts alleged by plaintiffs

20   cannot support a cause of action for fraud against an entity's insurer, who was not a party to the

21   lawsuit complained of by plaintiffs.

22                                                  **III.**

23                        **PLAINTIFFS' COMPLAINT FAILS TO**

24          **STATE ANY CAUSE OF ACTION AGAINST  FARMERS**

25   On its face, plaintiffs' complaint barely mentions Farmers, and it does not allege an actionable

26   claim against Farmers.  The only mention of Farmers in plaintiffs' 141-paragraph complaint is found

27   at ¶ 10, which reads, "The Defendant Truck Insurance Exchange is an insurance company for

28

**CODDINGTON, HICKS
& DANFORTH**
**A Professional Corp., Lawyers**
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Defendant Farmers Insurance Exchange's Reply in
Support of Motion to Dismiss Pursuant to F.R.C.P.
12(b)(6) Or, in the Alternative, Motion for a More
Definite Statement [F.R.C.P. 12(e)]
Case No.: C07-4005 EMC

2

1  Rockridge Manor Condominium and Homeowners Association on or about 1996 through present."

2  (Complaint at ¶ 10). Plaintiffs' complaint fails to allege a single fact that would give rise to a cause

3  of action against Farmers.

4    Only in plaintiffs' opposition papers is it alleged that plaintiff Christine Chang was a "named

5  insured" under the Rockridge policy and was in privity of contract with Farmers.[1]  There is no

6  mention of this theory of liability in plaintiffs' complaint and the court should not consider these

7  new allegations when ruling upon Farmers' motion to dismiss.  "In determining the propriety of a

8  Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers,

9  such as a memorandum in opposition to a defendant's motion to dismiss."  See *Harrell v. United*

10 *States*, 13 F.3d 232, 236 (7th Cir. 1993).  The focus of any Rule 12(b)(6) dismissal - both in the trial

11 court and on appeal - is the complaint."  *Schneider v. California Dep't of Corrections*, 151 F.3d

12 1194, 1197 (9th Cir. 1998).

13    As the court may not take into account additional facts now asserted in plaintiffs' opposition,

14 and plaintiffs' complaint has clearly failed to provide any facts to support any cause of action

15 whatsoever, plaintiffs' complaint must be dismissed in its entirety as to Farmers.

16

17 / / /

18

19 / / /

20

21 / / /

22

23

24

25

26  [1] Plaintiffs' allegation that Christine Chang was a named insured is false.  Despite plaintiffs attaching dozens of exhibits to her opposition, notably absent is a copy of the declarations page or <u>any</u> evidence

27 supporting her claim she was a named insured or in privity of contract with Farmers.  There is no claim that Eric Sun was an insured and this action against Farmers should be dismissed in its entirety.

28

Defendant Farmers Insurance Exchange's Reply in Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) Or, in the Alternative, Motion for a More Definite Statement [F.R.C.P. 12(e)]
Case No.: C07-4005 EMC

3

**CODDINGTON, HICKS & DANFORTH**
**A Professional Corp., Lawyers**
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

IV.

**CONCLUSION**

Plaintiffs' 141-paragraph complaint fails to allege any facts that would support a cause of action against Farmers. This court must grant defendant Farmers' motion and dismiss plaintiffs' complaint in its entirety.

Dated: January 2, 2008                    CODDINGTON, HICKS & DANFORTH


By:___*/s/ Richard S. Baum*_____
        Richard S. Baum, Esq.
        Attorneys for Defendant
        Farmers Insurance Exchange

**CODDINGTON, HICKS**
**& DANFORTH**
**A Professional Corp., Lawyers**
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Defendant Farmers Insurance Exchange's Reply in
Support of Motion to Dismiss Pursuant to F.R.C.P.
12(b)(6) Or, in the Alternative, Motion for a More
Definite Statement [F.R.C.P. 12(e)]
Case No.: C07-4005 EMC

4