1  Sara B. Allman, Esq. CSB #107932
2  Paul A. Conroy, Esq. CSB #84527
   ■Allman & Nielsen, P.C.■
3  100 Larkspur Landing Circle, Suite 212
4  Larkspur, CA 94939
   Telephone: 415.461.2700
5  Facsimile: 415.461.2726

6
   Attorneys for Defendants
7  ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION AND SPECIALLY
   APPEARING DEFENDANTS CHARLES BLAKENEY AND PURPORTED
8  ENTITIES ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE
9  MANOR BOARD OF DIRECTORS

10                  IN THE UNITED STATES DISTRICT COURT
11                  NORTHERN DISTRICT OF CALIFORNIA

12 | CHRISTINE CHANG, individually and as Guardian ad    | Case No.: C07-4005 EMC
13 | Litem for ERIC SUN, disabled                        |
14 |     Plaintiffs,                                     | **REPLY MEMORANDUM OF POINTS
   |                                                     | AND AUTHORITIES IN SUPPORT
15 |     v.                                              | OF DEFENDANT ROCKRIDGE
   |                                                     | MANOR HOMEOWNERS'
16 | ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE               | ASSOCIATION'S MOTION FOR
17 | MANOR HOMEOWNERS' ASSOCIATION;                       | SUMMARY JUDGMENT**
   | ROCKRIDGE MANOR BOARD OF DIRECTORS;                  |
18 | ROCKRIDGE MANOR PRESIDENT OF BOARD OF                | Date:  January 16, 2008
   | DIRECTORS CHARLES BLAKENEY; ROCKRIDGE                | Time:  10:30 a.m.
19 | MANOR MANAGER EVA AMMANN; TRUCK                      | Room:  C
20 | INSURANCE EXCHANGE; AND DOES 1-30, inclusive,        | Judge: Magistrate Judge Edward M. Chen
   |                JOINDER                               |
21 | UNIVERSITY OF CALIFORNIA BERKELEY; UC                |
   | BERKELY CHANCELLOR ROBERT BIRGENEAU; UC              |
22 | BERKELEY PUBLIC RECORDS COORDINATOR                  |
23 | ALAN KOLLING; UC BERKELEY GENERAL                    |
   | COUNSEL SUSAN VON SEEBURG; UC BERKELEY               |
24 | POLICE DEPARTMENT CHIEF VICTORIA                     |
   | HARRISON; UC BERKELEY POLICE DEPARTMENT              |
25 | LIEUTENANT ADAN TEJADA; UC BERKELEY                  |
   | POLICE DEPARTMENT MANAGER TOM KLATT; UC              |
26 | BERKELY POLICE DEPARTMENT DISPATCHER                 |
   | CONSTANCE PEPPERS CELAYA; and DOES 31-60,            |
27 | inclusive,                                           |
   |                JOINDER                               |
28 | PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT                |
   | COOMBES, ATTORNEY AT LAW; and DOES 61-90,            |
29 | inclusive,                                           |
30 |     Defendants                                       |
31

32
   **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
   SUPPORT OF DEFENDANT ROCKRIDGE MANOR
   HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY
   JUDGMENT**
                              -1-

# I.
# INTRODUCTION

Rockridge Manor Homeowners' Association's summary judgment motion produced indisputable evidence that plaintiffs entered into a written settlement agreement and, pursuant to that agreement, the state court action entitled *Chang v. Ammann, et al.* was dismissed. The moving papers established, by way of this evidence, that the claims in the instant action are barred by the release and dismissal of the state court action. Moving party thus met its burden under Federal Rules of Civil Procedure, Rule 56(c), of showing that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. See, *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 256.

As defendant met this burden, plaintiffs are required to set forth specific facts showing that there remains a genuine issue for trial. *McDonald v. Sun Oil Co.* (2006) 423 Fed.Supp.2d 1114, 1121.

However, plaintiffs' opposition papers do nothing more than reassert the vague and conclusory allegations of the complaint in this matter. Plaintiffs have offered no evidence to show that the claims in this action are not barred by the release and the dismissal. As such, summary judgment should be entered in favor of the Rockridge defendants as a matter of law.

# II.
## PLAINTIFFS HAVE PRESENTED NO EVIDENCE ESTABLISHING THAT THEIR CLAIMS ARE NOT BARRED BY THE RELEASE AND DISMISSAL

In the face of a summary judgment motion, it is not sufficient for plaintiffs to simply reassert allegations of the complaint. To show the existence of a genuine issue of fact to defeat a summary judgment motion, plaintiffs "...must present some evidence establishing each element of their claims on which they would bear the burden of proof at trial. [citation omitted] They 'must produce at least some "significant probative evidence tending to support the complaint."' *Smolen v. Deloitte, et al.*, 921 Fed.2nd 959, 963 (9th Cir. 1990). The moving party's burden may be satisfied by simply 'pointing out to the district court that there is an absence of evidence to support the non-moving party's case.'" *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325.

Where a moving party has the burden of proof as to an affirmative defense, it must satisfy its burden with affirmative, admissible evidence. *Heighley v. J.C. Penney Life Ins. Co.*, 257 Fed.Supp.2d. 1241, 1250 (C.D. Cal.2003). When, as here, the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings,

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

-2-

but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.; Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). *Castaic Lake Water Agency V. Whittaker Corp.*, 272 F.Supp.2d 1053, 1057 (C.D.Cal. 2003)

Here, however, plaintiff has shown no facts which would defeat this summary judgment motion. In fact, plaintiff acknowledges her acceptance of the settlement offer from defendant Rockridge Manor Homeowners Association, asserting that she did so because of her concerns for her son. (Plaintiffs' Opposition To Defendant Rockridge Manor Homeowners Association's Motion To Dismiss and For Summary Judgment, page 13: 8-20.)

Plaintiffs' opposition consists, for the most part, of a rambling criticism of their various attorneys and the recitation of Ms. Chang's belief that plaintiffs were not adequately represented in the two state court actions. All the exhibits offered by plaintiffs in opposition to the motion consist of either copies of pleadings in the state court action or items of correspondence to, from or about her former attorneys.

While Ms. Chang's opposition papers conclude with a statement that the contentions therein are made under penalty of perjury, there are no facts shown to raise a genuine issue of material fact. The "facts" asserted with respect to the release and dismissal, to the extent they can be discerned, consist entirely of vague and conclusory speculation that the defendants and their attorneys in the *Chang v. Ammann* action somehow "corroborated" (sic) with plaintiffs' attorneys, and that plaintiffs' attorneys pressured plaintiffs into settling the case. Plaintiff does not assert any facts which could even potentially support a conclusion that the release and dismissal were obtained through any fraud or other wrongful conduct attributable to the Rockridge defendants or their attorneys. Plaintiffs' contention in this regard is that "On September 2, 2004, Plaintiffs Chang and Sun were coerced by Zimba, Coombes and Defense Attorneys in the all day mediation and half day forensic Psychiatrist examination". (Plaintiffs' Opposition to Defendants Rockridge Manor Homeowners Association's Motion To Dismiss and For Summary Judgment, page 13: 8-10.) No facts are offered as to what conduct the "Defense Attorneys" engaged in to "coerce" plaintiffs. No facts are offered to explain what fraud or coercion compelled Ms. Chang to sign the release in February 2005, five months following the mediation. No evidence is offered to support a contention

that the release was not executed by Ms. Chang and Eric Sun's guardian ad litem. No argument or evidence is offered to establish that the claims made in the instant action are not contemplated by the executed release and barred by the release and dismissal of the *Chang v. Ammann* action.

As in *Leach v. Madera Glass Co.* (1998) 31 Fed.Supp.2d. 1223, 1226, the plaintiffs' opposition "…is based almost entirely on vague and/or conclusory 'beliefs' or 'feelings' rather than any concrete, demonstrative evidence." Here, as in the *Leach* case, the "…opposition does not provide the factual and legal basis for a conclusion of genuine issues of material fact…" and defendants are therefore entitled to summary judgment. *Id.*

Plaintiffs have not met their burden of demonstrating a triable issue of fact. A "non-moving party must do more than simply show that there is some metaphysical doubt to the material facts." *Matsuschita Elec. Indus. Co. V. Zenith Radio Corp.* (1986) 475 U.S. 574, 586.

### III.
### THE CASES CITED BY PLAINTIFFS ARE NOT APPLICABLE

Plaintiffs cite four cases in their opposition to Rockridge's motion for summary judgment and motion to dismiss. None of the cases cited by plaintiffs concerns the issue of whether a release and dismissal bar a plaintiff from bringing a second action asserting the same claims against the released and dismissed defendants. Furthermore, all but the *Durkin* case are unpublished decisions or orders that are not properly cited. (Ninth Circuit Court of Appeals Circuit Rules, Rule 36-3.)

*Forslund v. Rein*, 2003 U.S. Dist. LEXIS 16832 is an opinion denying defendants' motion for summary judgment. The court determined that the plaintiff had, by way of a declaration from a fellow Ponzi scheme victim, raised a genuine issue of material fact with respect to plaintiff's cause of action for fraud. The *Forslund* court recounted the elements of fraud as: "…(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. 5 *Witkin Summary of Cal. Law Torts* § 676 (9th ed. 2003)." The *Forslund* court determined that a triable issue of fact was shown by plaintiff because his affidavit filed in opposition to the summary judgment motion raised an issue of fact regarding defendants' misrepresentations and the plaintiff's reliance. No facts are alleged or demonstrated by plaintiffs here, which would satisfy the required elements of fraud.

*Dale Sakai v. Merrill Lynch Life Insurance Company*, 2007 U.S. Dist. LEXIS 35958, is another unpublished opinion. In *Sakai* the court issued its order denying defendant's motion to dismiss, which had been based on the expiration of the statute of limitations. The court determined

that where defendant was alleged to be in a fiduciary relationship with plaintiff, plaintiff had adequately alleged the tolling of the relevant statute of limitations based on failure to discover the facts constituting the cause of action. This opinion, which is apparently offered by plaintiffs in opposition to defendant's motion to dismiss, is unavailing as plaintiffs have failed to allege, and cannot allege, that they have been in a fiduciary relationship with any of the Rockridge defendants during the time that the actionable conduct allegedly occurred.[1]

*Jasmine Technologies v. Rodime, Inc.*, 1992 U.S. Dist. LEXIS 14627, is an unpublished opinion by which the District Court denied counter-defendants' motion to dismiss based upon the proper pleading of fraud and other causes of action. The court determined that the fraud allegations were stated with the required specificity. Here, plaintiff has neither alleged nor shown evidence supporting the elements of fraud with respect to moving party.

*Durkin v. Shea & Gould*, 92 Fed.3d 1510 (9th Cir. 1996) concerned a legal malpractice action brought by a settling party's assignee against the law firm which had represented the settling party. As the assignee of the party represented by the law firm, the plaintiff in that action had standing to pursue a legal malpractice action against the firm. That case has no applicability here, as plaintiff does not, and cannot, allege an attorney-client relationship with the Rockridge defendants or with their attorneys.

## IV.
## CONCLUSION

Plaintiffs settled their claims against the Rockridge defendants, giving a release and dismissal in exchange for monetary consideration received and consumed. As defendants have established that the plaintiffs entered into a release of the claims asserted in this action, and as the same claims were dismissed as part of the earlier state court action, defendants are entitled to judgment as a matter of law. Plaintiffs have not brought forth any evidence to establish a genuine issue of material fact on the issue of the bar of the release and dismissal. As such, moving parties have established that summary judgment should be entered in favor of Rockridge Manor Homeowners' Association, Charles Blakeney, Rockridge Manor Condominium and Rockridge Manor Board of Directors.

//
//

---

[1] Plaintiffs allege that they lived at the Rockridge Manor Condominium Complex between 1991 and 2003. (Plaintiffs' Complaint, paragraph 24.)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT ROCKRIDGE MANOR
HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY
JUDGMENT
-5-

Dated: January 2, 2008

_____
PAUL A. CONROY
Attorneys for Defendant
ROCKRIDGE MANOR
HOMEOWNERS' ASSOCIATION

# PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

Christine Chang                              Pro Se, individually and as Guardian ad Litem
341 Tideway Drive #214                       for ERIC SUN, disabled
Alameda, CA 94501
Telephone (510) 769-8232

[x]   **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ]   **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on January 2, 2008, at Larkspur, California.

NOLI VILLA