Sara B. Allman, Esq. CSB #107932
Paul A. Conroy, Esq. CSB #84527
■Allman & Nielsen, P.C.■
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700
Facsimile: 415.461.2726

Attorneys for Defendants
ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION AND SPECIALLY APPEARING DEFENDANTS CHARLES BLAKENEY AND PURPORTED ENTITIES ROCKRIDGE MANOR CONDOMINIUM AND ROCKRIDGE MANOR BOARD OF DIRECTORS

**IN THE UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled

Plaintiffs,

v.

ROCKRIDGE MANOR CONDOMINIUM, ROCKRIDGE MANOR HOMEOWNERS ASSOCIATION; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE; AND DOES 1-30, inclusive,

JOINDER

UNIVERSITY OF CALIFORNIA BERKELEY; UC BERKELY CHANCELLOR ROBERT BIRGENEAU; UC BERKELEY PUBLIC RECORDS COORDINATOR ALAN KOLLING; UC BERKELEY GENERAL COUNSEL SUSAN VON SEEBURG; UC BERKELEY POLICE DEPARTMENT CHIEF VICTORIA HARRISON; UC BERKELEY POLICE DEPARTMENT LIEUTENANT ADAN TEJADA; UC BERKELEY POLICE DEPARTMENT MANAGER TOM KLATT; UC BERKELY POLICE DEPARTMENT DISPATCHER CONSTANCE PEPPERS CELAYA; and DOES 31-60, inclusive,

JOINDER

PAMELA ZIMBA, ATTORNEY AT LAW; ALBERT COOMBES, ATTORNEY AT LAW; and DOES 61-90, inclusive,

Defendants

Case No.: C07-4005 EMC

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

Date: January 16, 2008
Time: 10:30 a.m.
Room: C
Judge: Magistrate Judge Edward M. Chen

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

-1-

# I.

# INTRODUCTION

Plaintiffs' opposition papers do not address the issues raised by defendant Rockridge Manor Homeowners' Association's ("Rockridge") motion to dismiss. Instead, plaintiffs' opposition papers, consistent with the complaint, provide a series of vague complaints by Ms. Chang concerning her attorneys' handling of plaintiffs' state court actions. Plaintiffs also reiterate their contention, without specifying facts, that the Rockridge defendants somehow influenced plaintiffs and/or plaintiffs' attorneys to settle the *Chang v. Amman* state court action for less than the full value of that case.

Plaintiffs' failure to respond to the points raised by the motion concedes the merits of the motion.

# II.

# LEGAL ARGUMENT

## A. Plaintiffs' Federal Civil Rights Claims in the First and Fourth Causes of Action Should Be Dismissed For Failing To Identify Any Cognizable Interest Under Section 1983 and Failing To Identify Conduct In Violation Of Their Civil Rights.

Plaintiffs' opposition papers fail to identify a cognizable liberty or property interest under 42 USC Section 1983 and do not offer any explanation as to how the Rockridge defendants violated plaintiffs' constitutional rights. As such, for the reasons stated in the moving papers, those claims should be dismissed.

## B. Each Cause Of Action Is Barred By The Litigation Privilege.

Plaintiffs have offered no argument or factual assertion to overcome the bar of the litigation privilege. In their opposition papers plaintiffs repeat their assertion that the Rockridge defendants and their attorneys influenced the plaintiffs' attorneys to not aggressively pursue the state court actions. No facts are suggested by plaintiffs as to how defendants or their attorneys accomplished this purported scheme. No argument is advanced suggesting why plaintiffs' complaint is not barred by the litigation privilege.

The Ninth Circuit has held that "in the litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr-Pennington doctrine," Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]

100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.7700 Facsimile: 415.461.2726

-2-

2006), (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991)).

Under the *Noerr-Pennington* doctrine, the First Amendment petition privilege extends to conduct in exercise of the right to petition as well as to communications. See also, *Premier Medical Systems, Inc. v. California Insurance Guarantee Association* (2006) 136 Cal.App.4th 464, at p. 479.

Plaintiffs' vague allegations of suspected conduct on the part of the Rockridge defendants and their attorneys during litigation of the state court action are not actionable. Conduct incidental to litigation is constitutionally protected.

## C. The Complaint Is Barred By The Statute Of Limitations

Plaintiffs' opposition lends support to defendants' statute of limitations defense. The arguments advanced by plaintiffs do not contest the moving papers' assertion that plaintiffs allege in the complaint that they did not live at the Rockridge Manor Condominium Complex after 2003. The only conduct referenced by plaintiffs' opposition papers occurring after 2003 is the reference to defendants and their attorneys "corroborating" (sic) with the plaintiffs' attorneys during the course of the state court litigation. Plaintiffs have offered no specifics concerning defendants' litigation-related conduct in this regard. As pointed out above, such conduct would be absolutely privileged.

Thus there is no actionable conduct alleged which occurred less than three years prior to the filing of this action.

Plaintiffs assert in their opposition papers that the statute of limitations was tolled until Ms. Chang "discovered," in May 2005, that the time for filing an appeal from the Celaya judgment had run. This argument is unavailing. First, the purported discovery date does not help plaintiffs with respect to the two year statutes of limitations, which control all but the fraud cause of action. Second, plaintiffs have not offered a plausible factual or legal explanation as to how the statute of limitations on plaintiffs' fraud claim against the Rockridge defendants is tolled by plaintiffs' failure to learn that the time to appeal the *Celaya* judgment had passed.

Plaintiffs have cited *Dale Sakai v. Merrill Lynch Life Insurance Company*, 2007 U.S. Dist. LEXIS 35958, an unpublished opinion by which the court denied defendant's motion to dismiss based on the expiration of the statute of limitations. The court determined that, where defendant was alleged to be in a fiduciary relationship with plaintiff, plaintiff had adequately alleged the

100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone 415.461.2300 Facsimile 415.461.2726

tolling of the relevant statute of limitations based on failure to discover the facts constituting the cause of action. However the holding in Sakai is not applicable here, where plaintiffs have failed to allege, and cannot allege, that they have been in a fiduciary relationship with any of the Rockridge defendants during the time that the litigation related conduct allegedly occurred.[1]

It appears, not only from the face of the complaint, but also from the opposition papers, that plaintiffs' claims against the Rockridge defendants are barred by the applicable statute of limitations, including the three year statute of limitations contained within California Code of Civil Procedure section 338(d).

**D. <u>Plaintiffs Have Not Set Forth Facts Sufficient to Constitute Any Cause of Action</u>**

Plaintiffs have not offered any facts or legally cognizable theories in their opposition papers which would cure their fatally defective complaint. Plaintiffs have not alleged, nor apparently can they allege, facts to support the required elements of the causes of action advanced by their complaint.

**E. <u>The Allegations of the Complaint Are Fatally Vague and Conclusory</u>**

Plaintiffs' opposition papers have offered no clarity to the vague and conclusory allegations of their complaint. The action should therefore be dismissed.

**III.**

**<u>CONCLUSION</u>**

The complaint and opposition papers make it clear that the facts underlying plaintiffs' claims do not support any cognizable cause of action. "Although pro se pleadings are liberally interpreted, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a liberal interpretation may not supply essential elements of the claim that were not initially pled." *Ivivey v. Board of Regents of University of Alaska* (9th Circuit 1982) 673 Fed.2nd 266, 268.

Defendant Rockridge Manor Homeowners' Association respectfully requests that its Motion to Dismiss be granted and that plaintiffs' complaint be dismissed, with prejudice.

//

//

//

[1] The complaint alleges that plaintiffs resided at the Rockridge Manor Condominium complex between 1991 and 2003 (Complaint, paragraph 24.)

100 Larkspur Landing Circle Suite 212
Larkspur, CA 94939
Telephone 415.461.2700 Facsimile 415.461.2726

Dated: January 2, 2008

ALLMAN & NIELSEN, P.C.

By: ______________________
Paul A. Conroy
Attorneys for Defendant
ROCKRIDGE MANOR
HOMEOWNERS' ASSOCIATION

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

-5-

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501
Telephone (510) 769-8232

Pro Se, individually and as Guardian ad Litem for ERIC SUN, disabled

x ] **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ] **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ] **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on January 2, 2008, at Larkspur, California.

NOLI VILLA

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROCKRIDGE MANOR HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**

100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-6-