EDWARD J. RODZEWICH, ESQ. – State Bar No. 159466
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA 94502-3013
Phone: (510) 521-0612
Fax: (510) 337-0125

Attorney for Defendant,
EVA AMMANN

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM; ROCKRIDGE MANOR HOMEOWNERS ASSO; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE, et al.,<br><br>Defendants. | Case No.: C07-4005 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVA AMMANN'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)**<br><br>Date:<br>Time:<br>Room: C<br>**Judge: Magistrate Judge Edward M. Chen** |

### I. INTRODUCTION

This action repeats many of the same allegations and reiterates several of the same claims which were raised by plaintiffs in state court and resolved by way of release and dismissal. Defendant Eva Ammann seeks an order dismissing this action as to defendant Eva Ammann.

Moving party seeks an order dismissing this action pursuant to FRCP 12(b)(6) or, in the alternative, for a more definite statement pursuant to FRCP Rule 12(e).

## II. ISSUES TO BE DECIDED

1. Whether the first and fourth causes of action, purporting to state federal civil rights claims, fails for the reason that no cognoscible interest under 42USC Section 1983 has been identified and for the further reason that the vague and conclusory allegations of the Rockridge defendants' participation in civil rights violations are insufficient to state a cause of action.

2. Whether claims contained within all of the causes of action are barred by the litigation privilege, California Civil Code Section 47(b).

3. Whether all causes of action are barred by the applicable statute of limitations.

4. Whether all causes of action fail to sufficiently state facts to state a cause of action under any cognizable legal theory.

5. Whether the allegations are so vague, ambiguous and incomprehensible that a more definite statement is required pursuant to FRCP Rule 12(e).

## III. ALLEGATIONS OF THE COMPLAINT

Plaintiffs purport to state five causes of action. The first cause of action claims that the plaintiffs' rights under the fourth, fifth, sixth, seventh and fourteenth amendments of the United States Constitution were violated. The second cause of action claims that defendants "corrupted" the plaintiffs' attorneys, denominating this cause of action "malicious prosecution/abuse of process." The third cause of action for "negligence" alleges that the defendants owe a duty of care to plaintiffs and that they breached that unspecified duty of care. The fourth cause of action alleges that the defendants conspired to defraud plaintiffs and violate their civil rights without specifying any facts in support of this cause of action. The fifth cause of action repeats the conclusion that defendants defrauded plaintiffs.

The facts alleged by plaintiffs note that the plaintiffs lived at the Rockridge Manor Condominium Complex between 1991 and 2003. Plaintiffs allege a series of incidents that took place at the condominium complex during that time period. Plaintiffs assert that members of the Rockridge Board of Directors and the complex's former manager, Eva Ammann, participated in various conspiracies against plaintiffs. The allegations against Eva Amman are, for the most part, a repeat of the matters alleged in the state court action filed by plaintiffs against moving party and others. There is an

additional conclusory statement made by plaintiffs that defendants somehow "corrupted" the plaintiffs' attorneys in the state court action. Other allegations pertain to a dispute which plaintiffs had with Constance Celaya, a resident of the Rockridge Manor Condominium Complex, for which plaintiff sued Ms. Celaya. That action resulted in a defense judgment following trial.

## IV. LEGAL ARGUMENT

### A. Standard for Motion to Dismiss

FRCP 12(b)(6) provides that a defendant may make a Motion to Dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a Motion to Dismiss under FRCP 12(b)(6) the court is only required to accept as true, well-pleaded allegations. It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 Fed.3d 51, 53 (2d Cir. 1993) a dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 Fed.2d 696 (9th Cir. 1990).

### B. Plaintiffs' Federal Civil Rights Claim Fails as No Cognizable Interest Under Section 1983 Has Been Identified and the Vague, Conclusory Allegations of Defendants' Participation in Civil Rights Violations are Insufficient.

Plaintiffs' complaint fails, on its face, to identify a cognizable liberty or property interest under 42 USC Section 1983 or to otherwise set forth with specificity what actions by defendants violated plaintiffs' constitutional rights. A defendant cannot be liable under Section 1983 unless that defendant cause or "participated in" conduct violating the plaintiff's rights. *Pomerantz v. County of Los Angeles*, 674 Fed.2d 288, 291 (9th Cir. 1982). Thus, a complaint which presents only generalized and vague allegations that defendants participated in "civil rights violations" are insufficient to withstand a Motion to Dismiss. *Pena v. Gardner*, 976 Fed.2d 469, 471 (9th Cir. 1992); See *Johnson v. Barker*, 799 Fed.2d 1396, 1399-1400 (9th Cir. 1986). The complaint specifies no identifiable liberty or property interest that has been violated by any defendant. The civil rights cause of action contained within the first cause of action and the fourth cause of action for conspiracy to violate civil rights are therefore subject to dismissal.

///

### C. Each Cause of Action is Barred by the Litigation Privilege

Scattered throughout the complaint are conclusory allegations that defendants somehow acted inappropriately in defending the state court action, including the assertion that defendants "corrupted" plaintiffs' attorneys, presumably to gain some litigation advantage. However, all such assertions are barred by the absolute litigation privilege. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212; *Foothill Federal Credit Union v. Superior Court* (2007) 155 Cal.App.4th 632; *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal 4th 1106.

With respect to the malicious prosecution action, defendants did not pursue an action against plaintiffs and, there is no cause of action for "malicious defense." Conduct in defense of an action is absolutely privileged:

> "Communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)... California courts have given the privilege an expansive reach. "*Id.* at p. 1194. The purpose of the privilege is to assure litigants, "the utmost freedom of access to the courts to secure and defend their rights..." *Id.* (emphasis added).

The case of *California Physicians' Service v. Superior Court* (1992) 9 Cal.App.4th 1321, 1330 emphasizes that conduct taken in defense of an action is privileged:

> "Defensive pleadings, including the assertion of affirmative defenses, are communication protected by the absolute litigation privilege. Such pleadings, even though allegedly false, interposed in bad faith, or even asserted for an inappropriate purpose, cannot be used as a basis for allegations of ongoing bad faith. No complaint can be grounded upon such pleadings. The demurrer to this supplemental complaint should therefore have been sustained." *Id.*

Therefore, the conduct of Eva Ammann with regard to their alleged conduct during litigation of the state court action is not actionable, as it is protected by the absolute litigation privilege.

### D. The Complaint is Barred by the Statute of Limitations

As alleged in the complaint, plaintiffs did not live at the Rockridge Manor Condominium Complex after 2003. There is no allegation that Eva Ammann had any interaction or contact with the plaintiffs after 2003. As discussed above, the litigation privilege insulates defendants from liability for

their alleged "corrupting" conduct during the litigation of the state court action. There is therefore no actionable conduct alleged which occurred less than three years prior to the filing of this federal action.

Any tort claim based upon defendants' alleged conduct is barred by the two year statute of limitations found in California Code of Civil Procedure Section 335.1. The section 1983 claim is also barred by the two year statute of limitations. *Thompson v. City of Shasta Lake,* 314 Fed.Supp.2d 1017, 1023 (E.D. Cal 2004)

### E.  Plaintiffs Have Not Set Forth Facts Sufficient to Constitute Any Cause of Action

To prevail upon a negligence theory, plaintiffs are required to plead facts showing that defendants owed them a duty of care, a breach of that duty and that the breach was the legal cause of a resulting injury. *City of Sacramento v. Superior Court* (1982) 131 Cal.App 3d 395, 402. Plaintiffs have failed to allege facts to establish any of the required elements. *Hoff v. Vacaville Unified School District* (1998) 19 Cal.4th 925, 933.

Plaintiffs have also failed to allege any elements underlying a fraud cause of action. Plaintiffs have not stated which false representations were made, whether they were intentional, how the false representations were misleading and justifiably relied upon and how plaintiffs were damaged. *Agosta v. Astor* (2004) 120 Cal.App 4th 133, 155.

There are also no facts alleged to establish malicious prosecution or abuse of process, nor, under the circumstances alleged in the complaint, could such fact be alleged.

### F.  The Allegations of the Complaint are Fatally Vague and Conclusory

Finally, the complaint fails for the reasons that its allegations are so vague and conclusory that they cannot be understood and thus are not in compliance with FRCP 9(b). *Moore v. Kayport Package Express*, 885 Fed.2d 531, 540 (1989).

Moving party request that as a result of these deficiencies, the action be dismissed. In the alternative, plaintiffs should be required to provide a more definite statement.

/ / /

/ / /

/ / /

V.   **CONCLUSION**

Defendant Eva Ammann respectfully requests that its Motion to Dismiss be granted and plaintiffs' complaint be dismissed, with prejudice.

DATED: February 18, 2008        VALERIAN, PATTERSON & STRATMAN

BY: _____
EDWARD J. RODZEWICH, ESQ.
Attorney for Defendant,
EVA AMMANN