EDWARD J. RODZEWICH, ESQ. – State Bar No. 159466
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA 94502-3013
Phone: (510) 521-0612
Fax: (510) 337-0125

Attorney for Defendant,
EVA AMMANN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>                     Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM; ROCKRIDGE MANOR HOMEOWNERS ASSO; ROCKRIDGE MANOR BOARD OF DIRECTORS; ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY; ROCKRIDGE MANOR MANAGER EVA AMMANN; TRUCK INSURANCE EXCHANGE, et al.,<br><br>                     Defendants. | Case No.: C07-4005 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVA AMMANN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:<br>Time:<br>Room:  C<br>Judge:  **Magistrate Judge Edward M. Chen** |

## I.     INTRODUCTION

This action repeats many of the same allegations and reiterates several of the same claims which were raised by plaintiffs in state court and resolved by way of release and dismissal. Defendant Eva Ammann seeks summary judgment based on upon the indisputable fact that plaintiffs are barred from asserting any of the causes of action or claims because all of such claims and causes of action have been released by plaintiffs.

/ / /

## II. ISSUES TO BE DECIDED

1. Whether the causes of action and claims presented by plaintiff in this action are barred by the release, dismissal and order approving compromise entered in Alameda County Superior Court Action number 2001023364.

## III. FACTS

1. State Court Action

On September 12, 2001, plaintiffs Christine Chang and Eric Sun initiated a Civil Action in Alameda County Superior Court, Action No. 2001023364 entitled *Chrstine Chang and Eric Sun v. Eva Ammann, Charles Blakeney, Mike Solomon, Murray Singer, Rockridge Manor HOA and DOES 2-100 inclusive*. Plaintiffs filed their second amended complaint on June 10, 2002, a copy of which is attached as Exhibit "A" to the declaration of Paul A. Conroy, filed on November 2, 2007. The second amended complaint was the operative complaint at the time the action was settled. The second amended complaint alleged that on or about September 14, 2000 defendant Eva Ammann, as manager of the condominium complex, falsely reported to the Department of Social Services that plaintiff Eric Sun was acting dangerously and possessed a gun. This conduct was allegedly ratified by Rockridge and Charles Blakeney, a member of the Rockridge Board of Directors. The causes of action stated in the second amended complaint were intentional infliction of emotional distress, negligence, slander and "intrusion" for which both plaintiffs claimed emotional distress damages as well as punitive damages.

As noted in plaintiffs' attorney's declaration filed in support of her motion to continue the new trial date in the state court action, attached to the Declaration of Paul A. Conroy as Exhibit "D," plaintiffs' attorney had prepared a proposed, but unfiled, third amended complaint. The proposed third amended complaint, attached to the Declaration of Paul A. Conroy as Exhibit "C," alleged a cause of action of discrimination against Eric Sun based upon his mental disability, pursuant to the California Unruh Civil Rights Act. The proposed third amended complaint also alleged a second cause of action, pursuant to California's Fair Employment and Housing Act, claiming that defendants discriminated against plaintiff Eric Sun based upon his mental disability. Plaintiffs never sought leave to file the proposed third amended complaint.

2. <u>Settlement of State Court Action</u>

After extensive discovery, the case settled. A guardian ad litem was appointed for plaintiff Eric Sun, given his mental disability. A petition to the court was made by the guardian ad litem for approval of the compromise. An order approving the compromise of the action with respect to plaintiff Sun was entered on February 7, 2005. The order is attached to the Declaration of Paul A. Conroy as Exhibit "E."

Thereafter, a release in favor of Rockridge, Charles Blakeney, Eva Ammann and other named defendants, as well as their "agents, servants, employees, insurance carriers, legal representatives, heirs, successors, and assigns (hereinafter "releasees") was executed by plaintiff Christine Chang and John Orr, plaintiff Eric Sun's guardian ad litem. This release, attached to the Declaration of Paul A. Conroy as Exhibit "F," recites at paragraph number 3 that the plaintiffs release and discharge "releases of any and all claims, demands, actions, causes of action, lien claims, obligations, liabilities of any nature whatsoever and damages, <u>whether or not now known, suspected or claimed</u>… which the plaintiffs ever had, now have, or hereafter may have or claim to have against releasees, including any claims directly or indirectly arising out of the incidents and matters which are alleged by plaintiffs to have occurred on or about September 20, 2000, <u>and at all other times</u>." (emphasis added) The release further provides at paragraph number 4 that "plaintiffs shall never commence, prosecute…against releasees…any action at law…based upon any claims, demands, actions, causes of action, lien claims, obligations, liabilities of any nature whatsoever, and damages, <u>whether or not now known, suspected, or claimed, which they ever had, now have, or hereafter may have or claim to have against releasees</u>, or any of them, including any claims directly or indirectly arising out of the incidents and matters more particularly described in paragraph 3, above." (emphasis added) The release further recites at paragraph number 5 that "this release may be pled as a defense or asserted by way of a counter claim or cross-complaint…" The release includes a waiver of plaintiffs rights under section 1542 of the California Civil Code in paragraph 7, thus releasing any and all unknown or unsuspected claims. The release further provides at paragraph 8 that it "shall apply to all unknown and unanticipated damages, including consequential damages, which may result, appear or other wise manifest themselves in the future, as well as those that

are now disclosed." The release was given in consideration o the payment of $36,000 to plaintiffs, which settlement sum was tendered to plaintiffs and their attorney.

Pursuant to the settlement agreement, and following tender of the settlement funds, plaintiffs' attorney Pamela Zimba filed a dismissal without prejudice of the entire action on April 5, 2005, attached to the Declaration of Paul A. Conroy as Exhibit "G."

3.  This Action

Plaintiffs filed the instant action on August 3, 2007, approximately two years and four months after the state action was dismissed. The complaint names numerous defendants, including Eva Ammann.

The instant complaint recites a long history of the plaintiffs' residency at the Rockridge Manor Condominium complex between 1991 and 2003. The same facts recited in the instant complaint were the subject of the plaintiffs' second amended complaint, the proposed third amended complaint and the extensive discovery, including several sessions of plaintiff Christine Chang's deposition in the state court action.

## IV. SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF EVA AMMANN, AS PLAINTIFFS' COMPLAINT IS BARRED BY THE RELEASE AND DISMISSAL

1. Standard to be Applied on Summary Judgment Motion

Federal Rules of Civil Procedure, Rule 56, provides in pertinent part:

> **(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
> **(c) Motion and Proceedings Thereon...** The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In *Celotex Corporation v. Catrett,* 477 U.S. 317, 327 (1986) the Supreme Court observed:

> The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a

---
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVA AMMANN'S MOTION FOR SUMMARY JUDGMENT - 1

genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action...'" Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

In *Anderson v. Liberty Lobby, Inc.*, (1986) 477 U.S. 242, 249 the Supreme Court noted that "...at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial... there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."

Here, plaintiffs cannot provide any evidence to overcome the bar of the release and dismissal.

2.      Plaintiffs' Action is Barred by the Release

Affirmative defenses of release may be raised on a motion to dismiss or motion for summary judgment without first being asserted in an answer to the complaint. *Suckow Borax Mines Consolidated v. Borax Consolidated, Limited*, 185 Fed. 2nd 196, 204 (9th Cir. 1950). Furthermore, "...affirmative defenses, even though not appearing on the face of the complaint, may be established upon motion to dismiss or for summary judgment when, by affidavits, depositions and admissions, a set of undisputed facts is revealed upon which the moving party is entitled to judgment as a matter of law. Clearly, Rule 56 permits affirmative defenses to be raised in a motion for summary judgment. *Id.* at p. 205.

In the *Suckow* case, the court concluded that the affidavits submitted by the moving party established that there is no triable issue of fact as to whether plaintiff was aware of the existence of the proffered cause of action at the time the release was executed. The record before the Ninth Circuit Court of Appeals showed conclusively that the plaintiff had at least "suspected" that he had a potential right to pursue a cause of action which defendant respondent claimed was subject to the release. The court also noted that the release itself included all claims "known or unknown." The court therefore

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVA AMMANN'S MOTION FOR SUMMARY JUDGMENT - 1**

held that the releases were properly shown by defendants' affidavits and that they constituted a defense to the action entitling defendants to judgment as a matter of law. *Id.* at p. 206-207.

Here, as shown by the evidence attached to the Declaration of Paul A. Conroy, filed on November 2, 2007, plaintiffs entered into the release with full knowledge of the matters alleged in the second amended complaint and set forth in the proposed third amended complaint. These pleadings involved the same set of facts and legal theories which plaintiff now presents against Eva Ammann in the instant complaint. In addition, the release releases defendants from all claims, both known and unknown.

3.   This Action is Barred by the Dismissal of the State Court Action

The dismissal with prejudice of the state court action serves to bar the instant action under the principle of *res judicata*.

Under California law, a voluntary dismissal with prejudice is a determination on the merits and has preclusive effect… *Gagnon Co. v Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 455. A federal court must give full faith and credit to a state court judgment. 28 U.S.C. §1738. "[t]he res judicata effect of [the] state-court decision[] in [this] §1983 action[] is a matter of state law." *Heck v. Humphrey*, 114 S.Ct. 2364, 2369 n. 2 (1994.)

## V.   CONCLUSION

Moving party has established that plaintiffs entered into a release of any and all known and unknown claims against defendant Eva Ammann. Plaintiffs are unable to produce evidence that the release does not bar their action against defendants.

Moving party has also proved that plaintiffs dismissed their state court action with prejudice. The state court action raised the same claims asserted here. The dismissal therefore has preclusive effect here.

/ / /

/ / /

/ / /

/ / /

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVA AMMANN'S MOTION FOR SUMMARY JUDGMENT - 1**

Accordingly, moving party has shown that there is no genuine issue of fact to be determined by a jury. Therefore Eva Ammann is entitled to judgment as a matter of law.

DATED: February 18, 2008   VALERIAN, PATTERSON & STRATMAN

BY: _____
EDWARD J. RODZEWICH, ESQ.
Attorney for Defendant,
EVA AMMANN