1

2   Christine Chang Pro Per, Individually
    And Eric Sun, disabled
3   341 Tideway Drive #214
    Alameda, CA 94501
4   Telephone: (510) 769-8232

FILED

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  CHRISTINE CHANG, individually )        Case No: C-07-4005 EMC
    And ERIC SUN, disabled        )
11                                )        PLAINTIFFS' APPEAL
              Plaintiffs,         )        OF COURT ORDER GRANTING
12                                )        DEFENDANTS ROCKRIDGE
              vs.                 )        MANOR CONDOMINIUM'S
13                                )        MOTION TO DISMISS OR, IN THE
    ROCKRIDGE MANOR               )        ALTERNATIVE, FOR A MORE
14  CONDOMINIUM et al.            )        DEFINITE STATEMENT; AND
                                  )        GRANTING DEFENDANTS
15            Defendants.         )        ROCKRIDGE MANOR
                                  )        CONDOMINIUM'S MOTION FOR
16                                )        SUMMARY JUDGMENT
                                  )        AND LEAVE FOR APPEAL
17                                )
                                  )
18                                )        Date:  April 23, 2008
                                  )        Time: 10:30 a.m.
19                                )        Courtroom: C, 15th Floor
                                  )        Judge: Honorable
20  _____)                 Edward M. Chen

21

22

23

24                               1

1

**INTRODUCTION**

2    1. On February 13, 2008, the Court granted Defendants Rockridge Manor

3    Condominium's Motions to Dismiss and Summary Judgment. The Court ordered

4    Plaintiffs to file more definite statement by February 29, 2008.

5    2. Plaintiffs Chang and Sun's initial state action against Rockridge Manor

6    Condominium **Individuals** was filed on September 12, 2001. Plaintiff Chang

7    communicated with Plaintiffs' attorney, Mr. Allen, specifically to file complaint against

8    the individuals **only** (EXHIBIT 3.2), and the initial complaint was filed as Plaintiff

9    Chang requested.

10    3. On October 1, 2001, Plaintiffs' attorney, Mr. Allen, filed the First Amended

11    Complaint **adding** Rockridge Manor Homeowners Association as a Defendant without

12    ever communicated with Plaintiffs. Plaintiffs did not know such Amendment existed

13    and Mr. Allen never sent a copy to Plaintiffs (EXHIBIT 3.3).

14    4. Sometimes after May 2005 Plaintiff Chang found a copy of the First Amended

15    Complaint in the records and documents returned by Ms. Zimba..

16    5. Plaintiffs are informed and believe and based thereon allege that the Rockridge

17    Manor Condominium Individual Defendants corrupted Mr. Allen who filed the First

18    Amended Complaint to **absolve** these Individual Defendants' liabilities owed to

19    Plaintiffs.

20    6. These Defendants shielded themselves under the Rockridge Manor Homeowners

21    Association insurance policy for legal cost, and aroused hatred against Plaintiffs by framing

22    Plaintiffs suing the Rockridge Manor Homeowners Association causing HOA dues to go

23    up and bankruptcy.

24    7. These Individual Defendants turned Plaintiffs' Complaint into their cause of actions

25    against Plaintiffs, and caused University Defendant Constance Pepper Celaya to assault and

26    batter against Plaintiffs.

27    8. As an owner in Rockridge Manor Condominium Plaintiff Chang became suing

28                                           2

1  the condo owners and was forced to pay legal fees matching the financial resource of
2  Rockridge Manor Homeowners Association.

3      9.  Immediately after the assault/battery incident Plaintiff Chang repeatedly requested
4  Mr. Allen to file amendment to include the assailant in the Rockridge Manor
5  Condominium Complaint. But Mr. Allen insisted upon filing a separate action
6  (EXHIBIT 3.6).

7      10.  Plaintiffs are informed and believe and based thereon allege that the Rockridge
8  Manor Condominium Individual Defendants corrupted Mr. Allen who file the assault/
9  battery as a separate action to absolve Rockridge Manor Individual Defendants'
10  liabilities in causing Plaintiffs being beatened up, and to exonerate the assault/battery
11  Defendant Constance Pepper Celaya's liabilities owed to Plaintiffs.

12      11.  Plaintiffs did not know the First Amended Complaint's existence until after May
13  2005. The Rockridge Manor Condominium Individual Defendants orchestrated the First
14  Amended Complaint **adding the Association** starting October 1, 2001 until April 2005
15  conclusion, and orchestrated the separated Assault/Battery Complaint starting April 3, 2002
16  until September 2005 Plaintiffs' motion to set aside assault/battery judgment.

17      12.  After they summoned the John George Crisis Center and Oakland Police framing
18  Plaintiff being dangerous/violent/having a gun, caused University Police Department
19  Defendant Constance Celaya beatened up both Plaintiffs in the laundryroom, corrupted
20  Plaintiffs' attorneys sabotaging Plaintiffs' complaints, the Rockridge Manor Individual
21  Defendants and University Police Department Defendant continued stalking and scaring
22  tactics forcing Plaintiffs to sell their home and move away.

23      13.  The Rockridge Manor Condominium Defendants and University Police
24  Department Defendant had sabotaged Plaintiffs' both state actions to absolve their
25  liabilities.

26      14.  These Defendants had controlled and manipulated Plaintiffs' state actions
26  starting from October 1, 2001 through September 2005 causing Plaintiffs physical,
27  psychological, economic injuries and losing our home.

28                                    3

1

## ISSUES TO BE DECIDED

2      1. Is the release voidable when the Rockridge Manor Condominium Defendants

3   had reason to know of the mistake or caused the mistake or unless the effect of the

4   mistake is such that enforcement of the contract would be unconscionable (Court

5   Order P.10).

6      2. The Rockridge Manor Condominium Defendants had controlled and

7   manipulated every aspects of Plaintiffs' both state actions and the Rockridge Manor

8   Homeowners Association Complaint concluded in April 2005. The three-year statute

9   of limitation applies for fraud claim.

10     3. The Assault/Battery Complaint concluded in September 2005 when Plaintiffs'

11  motion to set aside the judgment. The three-year statute of limitation applies for fraud

12  claim.

13     4. The Rockridge Manor Condominium Defendants perjured in their depositions and

14  the University Police Department Defendant Constance Celaya perjured in every legal

15  proceedings (Answer and cross complaint, deposition, trial, and motion hearing).

16  California Penal Code Section 118 provides three-year statute of limitations for perjury.

17

## LEGAL ARGUMENT

18     1. The Court of Appeals denied parent corporation law firm's motion for summary

19  judgment. Collateral estoppel did not apply because appellee representative did not

20  have a full and fair opportunity to litigate the adequacy of the settlement. Further,

21  the court-approved settlement did not immunized the law firm attorneys from

22  subsequent malpractice actions. The Court of Appeals affirmed the district court's

23  denial of summary judgment. Issue preclusion applies in subsequent suits based on

24  a different cause of action involving a party to the prior litigation. *Ronald L. Durkin*

25  *v. Shea & Gould*, 92 F.3d 1510 (1996).

26     2. The investors alleged that the company was a Ponzi Scheme and the attorney

27  and law firm represented the company with knowledge that the company was a Ponzi

28                                      4

1   Scheme. The court found that there was a triable issue of fact whether the attorney's

2   personal involved in the scheme induced investors and the law firm could be vicariously

3   liable for the attorney's fraud. The investors produced evidence to create a triable issue

4   as to whether the attorney and the law firm engaged in prohibited conduct. The investor

5   also produced evidence of scienter. *Lynn & Ed Forslund vs. Scott J. Rein*, 2003 U.S.

6   Dist. LEXIS 16832 (2003).

7     3. An attorney could be liable for breach of fiduciary duty if the attorney conspired

8   with a client to violate a statutory duty if the attorney acted in furtherance of personal

9   gain. The claims alleged FRAUD and other tortuous conduct. *Jasmine Technologies,*

10  *Inc v. Rodime, Inc*, 1992 U.S. Dist. LEXIS 14627 (1992).

11     4. The court order denying defendant's motion for summary judgment for cause of

12  action for FRAUD and misrepresentation. *Western Emulsions, Inc. v BASF*

13  *Corporation*, 2007 U.S. Dist. LEXIS 48376 (2007).

14     5. Plaintiffs allege Defendants have a fiduciary relationship. The statute does not

15  run until Plaintiffs have notice or knowledge of facts sufficient to put a reasonable

16  man on inquiry, *Dale Sakai v. Merrill Lynch Life Insurance*, 2007 U.S. Dist. LEXIS

17  35958 (2007). In this current action the Rockridge Manor Defendants owed Plaintiffs

18  a fiduciary duty, and Plaintiff discovered the fraudulent amended complaint in May 2005.

19     6. UNRUH Civil Rights Act, Cal. Civ. Code Section 51. In civil rights actions,

20  punitive damages are appropriate when the defendant's conduct is shown to be

21  motivated by evil motive or intent, or when it involves reckless or callous indifference

22  to the federally protected rights of others. All Rockridge Manor Condominium

23  Defendants in this instant action had known Plaintiffs Chang and Sun for ten years before

24  their persecution began caused by their greed and personal gains. They were also well

25  aware of Plaintiff Sun's mental and physical disabilities at the time of their persecutions

26  and assault and battery. The Rockridge Manor Condominium Defendants (President,

27  Board of Directors, Manager) owed a fiduciary duty to Plaintiffs who were homeowners.

28                                        5

1    7. California Unfair Business Practices Act -  A business practice that is unlawful,

2   unfair, or fraudulent violates the California Unfair Business Practices Act.

3    8. The Fair Housing Amendments Act (FHAA) makes unlawful discrimination in

4   the terms, conditions, or privileges of sale or rental of a dwelling or in the provision

5   of services or facilities in connection with such dwelling, because of a handicap

6   42 U.S.C.S. Section 3604(f)(2)(A).  Discrimination may be shown through disparate

7   treatment, disparate impact, or refusal to make reasonable accommodations in rules,

8   policies, practices or services, when such accommodations may be necessary to

9   afford the handicapped individual an equal opportunity to use and enjoy a dwelling.

10  42 U.S.C.S. Section 3604(f)(3)(B); 24 C.F.R. Section 100.204.

11    In this instant action the Rockridge Manor Condominium Defendants (President,

12  Board of Director, Manager) summoned John George Crisis Center and Oakland police

13  framing disabled-homeowner-Plaintiff being dangerous/violent/having a gun, caused

14  disabled-homeowner-Plaintiff(s) being beatened up by another homeowner with police-

15  offensive-skills, sabotaged disabled-homeowner-Plaintiffs' complaints filed in state

16  courts, corrupted disabled-homeowner-Plaintiffs' attorneys corroborating with defense

17  attorneys, continued stalking and scaring disabled-homeowner-Plaintiffs in the

18  Rockridge Manor Condominium until forcing disabled-homeowner-Plaintiffs sold the

19  unit and moved away, continued controlling and manipulating Plaintiffs state actions

20  until completely abolishing Plaintiffs' rights.

21                                     **CONCLUSION**

22    Because the release settlement was fraudulent and Plaintiffs Chang and Sun were held

23  by duress, oppression, and undue influence at the time of release, and there is triable

24  issues of different cause of action in this instant Complaint.

25    Plaintiffs respectfully appeal the Court Order granting Defendants Rockridge Manor

26  Homeowners' Association, Rockridge Manor Condominium, Rockridge Manor Board

27  of Directors, Rockridge Manor President of Board of Directors Charles Blakeney, and

28                                          6

EXHIBIT 3.2

```
/ / / / / / / / / / now is the paperwork served by court?  by post office
> > > > > > > > > > delivery or special service?  What is the definition by
> > > > > > > > > > law of "STALKING".  You mentioned several times on the
> > > > > > > > > > phone that my description of "STALKING" might not be
> > > > > > > > > > stalking.  I am curious as what would be a lawful
> > > > > > > > > > description of "STALKING"?
> > > > > > > > > >
> > > > > > > > > > Christine
> > > > > > > > > >
> > > > > > > > > > > Christine:
> > > > > > > > > > >
> > > > > > > > > > > Thank you for the addresses. I will let you know when
>°> the
> > > > > > complaint
> > > > > > > has
> > > > > > > > > been
> > > > > > > > > > > served. As we discussed yesterday, the complaint has
> > been
> > > > filed.
> > > > > > > > > > >
> > > > > > > > > > > Brett
> > > > > > > > > > > ----- Original Message -----
> > > > > > > > > > > From: <christielchang@att.net>
> > > > > > > > > > > To: <ballenlaw@earthlink.net>
> > > > > > > > > > > Cc: <christielchang>
> > > > > > > > > > > Sent: Wednesday, September 12, 2001 7:47 PM
> > > > > > > > > > >
> > > > > > > > > > >
> > > > > > > > > > > Hi! Brett,
> > > > > > > > > > >
> > > > > > > > > > > Thank you for helping us on our case.  We can't
> > express
> > > > > > > > > > > our gratitude enough. It has been a long,
> frustrating
> > and
> > > > > > > > > > > fearsome year.
> > > > > > > > > > >
> > > > > > > > > > > Following are the defendants' addresses:
> > > > > > > > > > >
> > > > > > > > > > >       Elizabeth Lady   - 2005 Pleasant Valley Ave #213
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >       Charles Blakeney - 288 Whitmore #219
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >       Mike Solomon     - 2005 Pleasant Valley Ave #309
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >       Murray Singer    - 2005 Pleasant Valley Ave #209
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >       Eva Ammann       - 2005 Pleasant Valley Ave #314
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >
> > > > > > > > > > >                          Rockridge Manor HOA
> > > > > > > > > > >                          2005 Pleasant Valley Ave
> > > > > > > > > > >                          Oakland, CA 94611
> > > > > > > > > > >
> > > > > > > > > > >                          Piedmont Adult School
> > > > > > > > > > >                          800 Magnolia Ave.
> > > > > > > > > > >                          Piedmont, CA 94611
> > > > > > > > > > >
> > > > > > > > > > > Eva Ammann moved away to avoid the restraining order
> > > > > > > > > > > being served.  I know only her old home address
> which
> > > > > > > > > > > is Apt #314, old office address which is Rockridge
> > Manor
> > > > > > > > > > > Homeowners Association office, and her teaching job
> in
```

```
> > > > > > > > > > > > Piedmont Adult School.  I list all three addresses
> to
> > > > > > > > > > > > be served in case if the paperwork doesn't get
> > forwarded
> > > > > > > > > > > > to her current address.
> > > > > > > > > > > >
> > > > > > > > > > > > Please let me know if there is questions and keep us
> > > > > > > > > > > > informed of the status.  I usually check my email
> > daily
> > > > > > > > > >'> > > and respond as fast as I can.  Thank you very much
> for
> > > > > > > > > > > > your assistance.
> > > > > > > > > > > >
> > > > > > > > > > > > Christine
> > > > > > > > > > > >
> > > > > > > > > > >
> > > > > > > > > >
> > > > > > > >
> > > > > >
> >
>
```





Terms and Conditions. AT&T Online Privacy Policy. AT&T WorldNet I495 & 7/7 Privacy Policy.
Copyright 2001. AT&T. All Rights Reserved.

1 | BRETT S. ALLEN, (SBN 165097)
LAW OFFICE OF BRETT S. ALLEN
2 | 909 Marina Village Parkway, #669
Alameda, CA 94501
3 | Tel: (510) 872-9933

4 | Attorney for Plaintiffs
Christine Chang and
5 | Eric Sun

6

7

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 2 2001

CLERK OF THE SUPERIOR COURT
By R.C. Hughes,

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10 | UNLIMITED JURISDICTION

11

12 | CHRISTINE CHANG and ERIC SUN

13 | Plaintiffs,

14 | vs.

15 | EVA AMMANN, ELIZABETH GRADY,
CHARLES BLAKENEY, MIKE
16 | SOLOMON, MURRAY SINGER, and
DOES 1-100, inclusive

17 | Defendants.

18

CASE NO 2001-023364

COMPLAINT FOR INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS, NEGLIGENCE, SLANDER,
AND INTRUSION

19 | Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each

20 | of them as follows:

21 | **GENERAL ALLEGATIONS**

22 | 1.   At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and

23 | ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.

24 | 2.   Plaintiffs are informed and believe that at all times relevant to this lawsuit

25 | defendant EVA AMMANN was and is a natural person residing in Alameda

26 | County.

27 | 3.   Plaintiffs are informed and believe that at all times relevant to this lawsuit

28

1

defendant CHARLES BLAKENEY was and is a natural person residing in Alameda County.

4.    Plaintiffs are informed and believe that at all times relevant to this lawsuit defendant MIKE SOLOMON was and is a natural person residing in Alameda County.

5.    Plaintiffs are informed and believe that at all times relevant to this lawsuit defendant MURRAY SINGER was and is a natural person residing in Alameda County.

6.    Defendants Does 1 through 100, inclusive, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not now known to Plaintiffs. Plaintiffs are informed and believe and upon such information and belief allege that each of the Defendants named as a Doe is negligently or otherwise legally responsible in some manner for the events herein alleged, and that said Defendants negligently acted or omitted to act in one or more of their occupations and businesses and that such negligence or fault proximately caused the injuries and damages hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities of said Defendants when the same are ascertained.

7.    At all times herein mentioned, each and every one of the Defendants herein was the agent, servant and employee of each other, and each was acting within the course and scope of such agency, service and employment.

8.    At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and ERIC SUN resided in unit number 314 located in the Rockridge Manor Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

9.    At all times relevant to this lawsuit, plaintiffs are informed and believe that defendant EVA AMMANN was the manager of Rockridge Manor Condominium complex and resided in said complex located at 2005 Pleasant Valley Avenue, Oakland, California.

2

10.     At all times relevant to this lawsuit, plaintiffs are informed and believe that defendant CHARLES BLAKENEY was on the board of directors of the Rockridge Manor Condominium complex and resided in said complex located at 2005 Pleasant Valley Avenue, Oakland, California.

11.     At all times relevant to this lawsuit, plaintiffs are informed and believe that defendant MIKE SOLOMON was on the board of directors of the Rockridge Manor Condominium complex and resided in the complex located at 2005 Pleasant Valley Avenue, Oakland, California.

12.     At all times relevant to this lawsuit, plaintiffs are informed and believe that defendant MURRAY SINGER was on the board of directors of the Rockridge Manor Condominium complex and resided in said complex located at 2005 Pleasant Valley Avenue, Oakland, California.

## FIRST CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

13.     On or about September 14, 2000, defendant EVA AMMANN contacted the Department of Social Services and knowingly and falsely reported that plaintiff ERIC SUN was acting dangerously and possessed a gun.

14.     Defendants' conduct as alleged here was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE SOLOMON, and MURRAY SINGER's conduct in confirming and ratifying the wrongful conduct was done with a wanton and reckless disregard of the consequences to Plaintiffs.

15.     As the proximate result of the aforementioned acts, Plaintiffs suffered humiliation, mental anguish, embarrassment, shame, and emotional and physical distress, and have been injured in mind and body, all to Plaintiffs's damage.

16.     As a result of Defendants's conduct as alleged herein, Plaintiffs suffered severe emotional distress according to proof at trial including but not limited to

3

1    humiliation, embarrassment, anguish, pain, and betrayal.

2    17.    As more fully alleged above, in committing all of the foregoing acts of

3    misconduct, Defendants acted in a flagrant, aggravated, and wanton and

4    reckless disregard of the duties and obligations they owed to Plaintiffs and their

5    rights, and Plaintiffs are therefore entitled to and demand punitive damages.

6    18.    As more fully alleged above, pursuant to California Civil Code section

7    3345, Plaintiffs are entitled to have penalties, fines, and damages awarded

8    increased in an amount up to three times greater than would otherwise be

9    awarded.

10                         **SECOND CAUSE OF ACTION**
                                  (Negligence)

11

12    19.    Plaintiffs incorporate herein by reference each and every allegation as set

13    forth in Paragraphs 1 through 18 above.

14    20.    Defendants named herein knew that Plaintiff ERIC SUN had emotional

15    problems and that calling the Department of Social Services and/or the police

16    would greatly harm his state of mind. Additionally, Defendants knew that calling

17    the police and/or the Department of Social Services would cause great emotional

18    harm to Plaintiff CHRISTINE CHANG. Despite this knowledge, Defendants and

19    each of them called and/or ratified the calling of the Department of Social

20    Services and/or the police and fraudulently reported that Plaintiff ERIC SUN

21    possessed a gun and was acting violently. Defendants breached their duty to

22    Plaintiffs by fraudulently, knowingly, and falsely informing or ratifying the

23    informing of the Department of Social Services and/or the police that Plaintiff

24    ERIC SUN possessed a gun and was violent.

25    21.    The result of Defendants's negligence as alleged herein, caused the

26    Plaintiffs loss of security, humiliation, frustration, mental anguish, and emotional

27    and physical distress.

28

4

**THIRD CAUSE OF ACTION**
(Slander against EVA AMMANN)

22.         Plaintiffs incorporate herein by reference each and every allegation as set forth in Paragraphs 1 through 21 above.

23.         On or about September 14, 2000, defendant EVA AMMANN contacted the Department of Social Services and knowingly and falsely reported that plaintiff ERIC SUN was acting dangerously and possessed a gun.

24.         Defendant EVA AMMANN's statements were made with wanton disregard for the truth and accused Plaintiff ERIC SUN of possessing a firearm. Therefore, Plaintiff ERIC SUN is entitled to and demands punitive damages against Defendant EVA AMMANN.

25.         The result of Defendants's slander as alleged herein, caused Plaintiff ERIC SUN loss of security, humiliation, frustration, mental anguish, and emotional and physical distress.

**FOURTH CAUSE OF ACTION**
(Intrusion)

26.         Plaintiffs incorporate herein by reference each and every allegation as set forth in Paragraphs 1 through 28 above.

27.         Defendants actions caused the Department of Social Services and the police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

28.         Defendants knew that falsely informing the Department of Social Services and/or the police would cause the police and Department of Social Services personnel to intrude into Plaintiff ERIC SUN's privacy by entering his condominium.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

**ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:**

        1.      For general damages according to proof at the time of trial;

        2.      For costs of suit herein incurred;

5

1    3.    For punitive damages; and

2    4.    For such other and further relief as the Court deems just and

3          proper.

4    **ON THE SECOND CAUSE OF ACTION:**

5    1.    For general damages according to proof at the time of trial;

6    2.    For costs of suit herein incurred; and

7    3.    For such other and further relief as the Court deems just and

8          proper.

9    Dated: September 11, 2001                    Law Office of Brett S. Allen

10

11

12

13

          Brett S. Allen
14        Attorney for Plaintiffs
          CHRISTINE CHANG and
15        ERIC SUN

16

17

18

19

20

21

22

23

24

25

26

27

28

6

EXHIBIT 3.3

1  BRETT S. ALLEN, (SBN 165097)
   LAW OFFICE OF BRETT S. ALLEN
2  909 Marina Village Parkway, #669
   Alameda, CA 94501
3  Tel: (510) 872-9933

4  Attorney for Plaintiffs
   Christine Chang and
5  Eric Sun

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10                   UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN          CASE NO.: 2001-023364

13          Plaintiffs,
                                          FIRST AMENDED COMPLAINT FOR
14      vs.                               INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS,
15  EVA AMMANN, CHARLES BLAKENEY,         NEGLIGENCE, SLANDER, AND
    MIKE SOLOMON, MURRAY SINGER,          INTRUSION
16  ROCKRIDGE MANOR HOA and DOES
    2-100, inclusive
17
            Defendants.
18

19
        Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each
20
    of them as follows:
21
                        **GENERAL ALLEGATIONS**
22
    1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and
23
    ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.
24
    2.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
25
    defendant EVA AMMANN was and is a natural person residing in Alameda
26
    County.
27
    3.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
28

1

1  defendant CHARLES BLAKENEY was and is a natural person residing in
2  Alameda County.

3  4.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
4  defendant MIKE SOLOMON was and is a natural person residing in Alameda
5  County.

6  5.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
7  defendant MURRAY SINGER was and is a natural person residing in Alameda
8  County.

9  6.      Upon filing the original cross-complaint herein, Plaintiffs were ignorant of
10  the true names of each Defendant and having designated this Defendant in the
11  complaint by a fictitious name, to-wit DOE-1, and having discovered the true
12  name of the Defendant to be the Defendant described in this paragraph, Plaintiff
13  hereby amends its complaint by inserting such true name in the place and stead
14  of such fictitious name wherever it appears in the complaint. ROCKRIDGE
15  MANOR HOA is a business entity, form unknown, which performed managerial
16  functions at the Rockridge Manor Condominium Complex at the time of the
17  relevant events described herein. Plaintiffs are informed and believe and thereon
18  allege that the ROCKRIDGE MANOR HOA participated in the wrongful acts and
19  omissions alleged herein and ratified the wrongful acts and omissions of the
20  other defendants as alleged herein.

21  7.      Defendants Does 2 through 100, inclusive, are sued herein under fictitious
22  names because their true names and capacities, whether individual, associate,
23  corporate or governmental, are not now known to Plaintiffs. Plaintiffs are
24  informed and believe and upon such information and belief allege that each of
25  the Defendants named as a Doe is negligently or otherwise legally responsible in
26  some manner for the events herein alleged, and that said Defendants negligently
27  acted or omitted to act in one or more of their occupations and businesses and
28  that such negligence or fault proximately caused the injuries and damages

2

1    hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities
2    of said Defendants when the same are ascertained.

3  8.    At all times herein mentioned, each and every one of the Defendants
4    herein was the agent, servant and employee of each other, and each was acting
5    within the course and scope of such agency, service and employment.

6  9.    At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and
7    ERIC SUN resided in unit number 314 located in the Rockridge Manor
8    Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

9  10.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
10    defendant EVA AMMANN was the manager of Rockridge Manor Condominium
11    complex and resided in said complex located at 2005 Pleasant Valley Avenue,
12    Oakland, California.

13  11.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
14    defendant CHARLES BLAKENEY was on the board of directors of the Rockridge
15    Manor Condominium complex and resided in said complex located at 2005
16    Pleasant Valley Avenue, Oakland, California.

17  12.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
18    defendant MIKE SOLOMON was on the board of directors of the Rockridge
19    Manor Condominium complex and resided in the complex located at 2005
20    Pleasant Valley Avenue, Oakland, California.

21  13.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
22    defendant MURRAY SINGER was on the board of directors of the Rockridge
23    Manor Condominium complex and resided in said complex located at 2005
24    Pleasant Valley Avenue, Oakland, California.

25                    **FIRST CAUSE OF ACTION**
                Intentional Infliction of Emotional Distress
26                    Against All Defendants

27  14.    On or about September 14, 2000, defendant EVA AMMANN contacted
28    the Department of Social Services and knowingly and falsely reported that

3

plaintiff ERIC SUN was acting dangerously and possessed a gun.

15.     Defendants' conduct as alleged here was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE SOLOMON, MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct in confirming and ratifying the wrongful conduct was done with a wanton and reckless disregard of the consequences to Plaintiffs.

16.     As the proximate result of the aforementioned acts, Plaintiffs suffered humiliation, mental anguish, embarrassment, shame, and emotional and physical distress, and have been injured in mind and body, all to Plaintiffs's damage.

17.     As a result of Defendants's conduct as alleged herein, Plaintiffs suffered severe emotional distress according to proof at trial including but not limited to humiliation, embarrassment, anguish, pain, and betrayal.

18.     As more fully alleged above, in committing all of the foregoing acts of misconduct, Defendants acted in a flagrant, aggravated, and wanton and reckless disregard of the duties and obligations they owed to Plaintiffs and their rights, and Plaintiffs are therefore entitled to and demand punitive damages.

19.     As more fully alleged above, pursuant to California Civil Code section 3345, Plaintiffs are entitled to have penalties, fines, and damages awarded increased in an amount up to three times greater than would otherwise be awarded.

## SECOND CAUSE OF ACTION
### Negligence Against All Defendants

20.     Plaintiffs incorporate herein by reference each and every allegation as set forth in Paragraphs 1 through 18 above.

21.     Defendants named herein knew that Plaintiff ERIC SUN had emotional problems and that calling the Department of Social Services and/or the police would greatly harm his state of mind. Additionally, Defendants knew that calling

4

1    the police and/or the Department of Social Services would cause great emotional

2    harm to Plaintiff CHRISTINE CHANG. Despite this knowledge, Defendants and

3    each of them called and/or ratified the calling of the Department of Social

4    Services and/or the police and fraudulently reported that Plaintiff ERIC SUN

5    possessed a gun and was acting violently. Defendants breached their duty to

6    Plaintiffs by fraudulently, knowingly, and falsely informing or ratifying the

7    informing of the Department of Social Services and/or the police that Plaintiff

8    ERIC SUN possessed a gun and was violent.

9    22.    The result of Defendants's negligence as alleged herein, caused the

10    Plaintiffs loss of security, humiliation, frustration, mental anguish, and emotional

11    and physical distress.

12
13

**THIRD CAUSE OF ACTION**
Slander Against All Defendants

14
15

23.    Plaintiffs incorporate herein by reference each and every allegation as set

forth in Paragraphs 1 through 21 above.

16
17
18
19

24.    On or about September 14, 2000, defendant EVA AMMANN contacted

the Department of Social Services and knowingly and falsely reported that

plaintiff ERIC SUN was acting dangerously and possessed a gun.

25.    Defendant EVA AMMANN's statements were made with wanton disregard

20
21
22
23
24
25
26

for the truth and accused Plaintiff ERIC SUN of possessing a firearm.

Defendants CHARLES BLAKENEY, MIKE SOLOMON, MURRAY SINGER, and

the ROCKRIDGE MANOR HOA's conduct in confirming and ratifying the

wrongful conduct was done with a wanton and reckless disregard of the

consequences to Plaintiffs Therefore, Plaintiff ERIC SUN is entitled to and

demands punitive damages against all Defendants.

26.    The result of Defendants's slander as alleged herein, caused Plaintiff

27
28

ERIC SUN loss of security, humiliation, frustration, mental anguish, and

5

1    emotional and physical distress.

2                              **FOURTH CAUSE OF ACTION**
                              Intrusion Against All Defendants
3

4    27.        Plaintiffs incorporate herein by reference each and every allegation as set

5    forth in Paragraphs 1 through 28 above.

6    28.        Defendants actions caused the Department of Social Services and the

7    police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

8    29.        Defendants knew that falsely informing the Department of Social Services

9    and/or the police would cause the police and Department of Social Services

10   personnel to intrude into Plaintiff ERIC SUN's privacy by entering his

11   condominium.

12   WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

13               **ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:**

14               1.    For general damages according to proof at the time of trial;

15               2.    For costs of suit herein incurred;

16               3.    For punitive damages; and

17               4.    For such other and further relief as the Court deems just and

18                     proper.

19               **ON THE SECOND CAUSE OF ACTION:**

20               1.    For general damages according to proof at the time of trial;

21               2.    For costs of suit herein incurred; and

22               3.    For such other and further relief as the Court deems just and

23                     proper.

24   Dated: October 1, 2001                      Law Office of Brett S. Allen

25

26
                                                 Brett S. Allen
27                                               Attorney for Plaintiffs
                                                 CHRISTINE CHANG and
28                                               ERIC SUN

                                             6

EXHIBIT 3.5

March 3, 2003

**SENT BY CERTIFIED MAIL
WITH RETURN RECEIPT**

Brett S. Allen, Esq.
909 Marina Village Parkway #669
Alameda, CA 94501

<u>Ref: Representation of Cases 2001-023364 & 2002-046048</u>

Dear Mr. Allen:

Starting December 29, 2002, I have requested info from you related to both cases
above but have not received it. They are subpoena records of social service/police department/
doctor/hospital/witnesses/homeowner association, subpoena of police officers/witnesses, records
presented by defendants and defense attorney, deposition taken by you of the defendant or
location where I can see it. I requested repeatedly by phone and email and your response was
to have me sign the substitutions of attoryney, or otherwise, you won't transfer our files to me.

You have not fulfilled our contract as you and I agreed upon and I have found you:

1. Mis-filed case 2001-023364 missing defendant & facts after I made specific requests. It took
   you more than 6 months to complete the amendment.
2. Not submitting related documents to the defense attorney you said had been submitted
   before the deposition for case 2001-023364. You called off the second deposition instantly.
3. Informing me the scheduled meeting with the judge by email while you knew my computer
   was down, and never bothered to phone me of the scheduled meeting on 12/10/02 for case
   2001-023364.
4. Informing me the mandatory settlement scheduled on 2/21/03 in your 2/20 email and never
   bothered to phone me. I received your emial on 2/23. When I complained your not informing
   me on-time you responded that the email was the secondary notice. I received email
   from you dated 2/14 that you were attempting to have it continued until I could retain another
   attorney. I don't consider the 2/14 email as first notice. As a result of my not-present in the
   settlement on 2/21/03 I received an order to appear from the court for possible sanction and
   our case dismissed (case 2002-046048).
5. Hiring another attorney to take your place in the mandatory settlement who was not familar
   with our cases. You never notified me of the new attorney who would represent us in the
   settlement while you had another conference in Redwood City. The email you sent me dated
   2/20 I received on 2/23 after the settlement was over (case 2002-046048).
6. Initially I requested to add the assault/battery accident to case 2001-023364 because they were
   related. But you insisted upon filing a different case (2002-046048) saying that we could join
   the cases later after proving the conspiracy between the board member and defendant who
   assaulted/battered myself and my son. I haven't seen you done any work to subpoena police
   officers & records/witnesses/board member/homeowner association records to join the cases.
7. Representing both of our cases from viable to non-viable despite of my extensive
   communication and document support in the past 1 1/2 years.
8. Refusing to meet with me to show status of our cases and transfer files, unless I sign the
   substitution of attorney to allow you to dump our cases on another attorney.
9. Not providing monthly accounting to show your charges being reasonable.

I have paid you $12,500 to represent us in the cases and you refused to schedule a meeting

to let me know the status and transfer files to me. You suppressed me to sign the substitution of attorney, or otherwise, you won't release the files. Furthermore, you filed a motion to be relieved as counsel based on the reason of my refusal to submit to deposition. I have attended two depositions with defense attorneys upon your requests, and have no intention to refuse the deposition or any court proceeding. I have been requesting the status of our cases and asking you to postpone court proceedings until we clarify the confusion since December 2002. So far you haven't responded any of my requests. I simply need to know what has been done and where are we heading before the deposition/summary judgement/settlement/trial schedules take place. Apparently you are avoiding to show me the status of our cases and trying to force your relieve as counsel by filing a false declaration.

Your lack of communication and representation in both of our cases has made me extremely distressed and disoriented. In addition, you have ruined our cases' viability. Please refund $12,500 I have paid you based on all of the above reasons.

Sincerely yours,

Christine Chang

ENDORSED
FILED
ALAMEDA COUNTY

02 JUN 10  PH 2: 46

CLERK OF THE SUPERIOR COURT
BY BARBARA C. ROCKIE, DEPUTY

1  BRETT S. ALLEN, (SBN 165097)
   LAW OFFICE OF BRETT S. ALLEN
2  909 Marina Village Parkway, #669
   Alameda, CA 94501
3  Tel: (510) 872-9933

4  Attorney for Plaintiffs
   Christine Chang and
5  Eric Sun

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10                UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN          CASE NO.: 2001-023364

13          Plaintiffs,
                                          SECOND AMENDED COMPLAINT
14      vs.                               FOR INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS,
15  EVA AMMANN, CHARLES BLAKENEY,         NEGLIGENCE, SLANDER, AND
    MIKE SOLOMON, MURRAY SINGER,          INTRUSION
16  ROCKRIDGE MANOR HOA,
    ELIZABETH LADY and DOES 3-100,
17  inclusive

18          Defendants.

19  _____

20      Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each

21  of them as follows:

22                    **GENERAL ALLEGATIONS**

23  1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and

    ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.

24  2.      Plaintiffs are informed and believe that at all times relevant to this lawsuit

    defendant EVA AMMANN was and is a natural person residing in Alameda

    County.

    3.      Plaintiffs are informed and believe that at all times relevant to this lawsuit

                                    1

1   defendant CHARLES BLAKENEY was and is a natural person residing in
2   Alameda County.

3   4.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
4   defendant MIKE SOLOMON was and is a natural person residing in Alameda
5   County.

6   5.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
7   defendant MURRAY SINGER was and is a natural person residing in Alameda
8   County.

9   6.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
10  defendant ELIZABETH LADY was and is a natural person residing in Alameda
11  County.

12  7.      Upon filing the original cross-complaint herein, Plaintiffs were ignorant of
13  the true names of each Defendant and having designated this Defendant in the
14  complaint by a fictitious name, to-wit DOE-2, and having discovered the true
15  name of the Defendant to be the Defendant described in this paragraph, Plaintiff
16  hereby amends its complaint by inserting such true name in the place and stead
17  of such fictitious name wherever it appears in the complaint. ELIZABETH LADY.

18  8.      Defendants Does 3 through 100, inclusive, are sued herein under fictitious
19  names because their true names and capacities, whether individual, associate,
20  corporate or governmental, are not now known to Plaintiffs. Plaintiffs are
21  informed and believe and upon such information and belief allege that each of
22  the Defendants named as a Doe is negligently or otherwise legally responsible in
23  some manner for the events herein alleged, and that said Defendants negligently
24  acted or omitted to act in one or more of their occupations and businesses and
25  that such negligence or fault proximately caused the injuries and damages
26  hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities
27  of said Defendants when the same are ascertained.

28  9.      At all times herein mentioned, each and every one of the Defendants

2

1    herein was the agent, servant and employee of each other, and each was acting

2    within the course and scope of such agency, service and employment.

3    10.    At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and

4    ERIC SUN resided in unit number 314 located in the Rockridge Manor

5    Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

6    11.    At all times relevant to this lawsuit, plaintiffs are informed and believe that

7    defendant EVA AMMANN was the manager of Rockridge Manor Condominium

8    complex and resided in said complex located at 2005 Pleasant Valley Avenue,

9    Oakland, California.

10    12.    At all times relevant to this lawsuit, plaintiffs are informed and believe that

11    defendant CHARLES BLAKENEY was on the board of directors of the Rockridge

12    Manor Condominium complex and resided in said complex located at 2005

13    Pleasant Valley Avenue, Oakland, California.

14    13.    At all times relevant to this lawsuit, plaintiffs are informed and believe that

15    defendant MIKE SOLOMON was on the board of directors of the Rockridge

16    Manor Condominium complex and resided in the complex located at 2005

17    Pleasant Valley Avenue, Oakland, California.

18    14.    At all times relevant to this lawsuit, plaintiffs are informed and believe that

19    defendant MURRAY SINGER was on the board of directors of the Rockridge

20    Manor Condominium complex and resided in said complex located at 2005

21    Pleasant Valley Avenue, Oakland, California.

22    15.    At all times relevant to this lawsuit, plaintiffs are informed and believe that

23    defendant ELIZABETH LADY resided in said complex located at 2005 Pleasant

24    Valley Avenue, Oakland, California.

25    **FIRST CAUSE OF ACTION**
Intentional Infliction of Emotional Distress

26    Against All Defendants

27    16.    On or about September 14, 2000, defendants EVA AMMANN and

28    ELIZABETH LADY conspired and acted together and contacted the Department

3

1    of Social Services and knowingly and falsely reported that plaintiff ERIC SUN
2    was acting dangerously and possessed a gun.

3    17.      Defendants' conduct as alleged here was intentional and malicious and
4    done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,
5    and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE
6    SOLOMON, MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct
7    in confirming and ratifying the wrongful conduct was done with a wanton and
8    reckless disregard of the consequences to Plaintiffs.

9    18.      As the proximate result of the aforementioned acts, Plaintiffs suffered
10   humiliation, mental anguish, embarrassment, shame, and emotional and physical
11   distress, and have been injured in mind and body, all to Plaintiffs's damage.

12   19.      As a result of Defendants's conduct as alleged herein, Plaintiffs suffered
13   severe emotional distress according to proof at trial including but not limited to
14   humiliation, embarrassment, anguish, pain, and betrayal.

15   20.      As more fully alleged above, in committing all of the foregoing acts of
16   misconduct, Defendants acted in a flagrant, aggravated, and wanton and
17   reckless disregard of the duties and obligations they owed to Plaintiffs and their
18   rights, and Plaintiffs are therefore entitled to and demand punitive damages.

19   21.      As more fully alleged above, pursuant to California Civil Code section
20   3345, Plaintiffs are entitled to have penalties, fines, and damages awarded
21   increased in an amount up to three times greater than would otherwise be
22   awarded.

23                          **SECOND CAUSE OF ACTION**
                            Negligence Against All Defendants
24

25   22.      Plaintiffs incorporate herein by reference each and every allegation as set
26   forth in Paragraphs 1 through 21 above.

27   23.      Defendants named herein knew that Plaintiff ERIC SUN had emotional
28   problems and that calling the Department of Social Services and/or the police

                                         4

1    would greatly harm his state of mind. Additionally, Defendants knew that calling
2    the police and/or the Department of Social Services would cause great emotional
3    harm to Plaintiff CHRISTINE CHANG. Despite this knowledge, Defendants and
4    each of them called and/or ratified the calling of the Department of Social
5    Services and/or the police and fraudulently reported that Plaintiff ERIC SUN
6    possessed a gun and was acting violently. Defendants breached their duty to
7    Plaintiffs by fraudulently, knowingly, and falsely informing or ratifying the
8    informing of the Department of Social Services and/or the police that Plaintiff
9    ERIC SUN possessed a gun and was violent.

10  24.      The result of Defendants's negligence as alleged herein, caused the
11    Plaintiffs loss of security, humiliation, frustration, mental anguish, and emotional
12    and physical distress.

### THIRD CAUSE OF ACTION
Slander Against All Defendants

25.      Plaintiffs incorporate herein by reference each and every allegation as set
forth in Paragraphs 1 through 25 above.

26.      On or about September 14, 2000, defendant EVA AMMANN and/or
ELIZABETH LADY contacted the Department of Social Services and knowingly
and falsely reported that plaintiff ERIC SUN was acting dangerously and
possessed a gun.

27.      Defendants EVA AMMANN and ELIZABETH LADY's statements were
made with wanton disregard for the truth and accused Plaintiff ERIC SUN of
possessing a firearm. Defendants CHARLES BLAKENEY, MIKE SOLOMON,
MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct in confirming
and ratifying the wrongful conduct was done with a wanton and reckless
disregard of the consequences to Plaintiffs Therefore, Plaintiff ERIC SUN is
entitled to and demands punitive damages against all Defendants.

5

1  28.       The result of Defendants's slander as alleged herein, caused Plaintiff

2  ERIC SUN loss of security, humiliation, frustration, mental anguish, and

3  emotional and physical distress.

4                    **FOURTH CAUSE OF ACTION**
                     Intrusion Against All Defendants

5

6  29.       Plaintiffs incorporate herein by reference each and every allegation as set

7  forth in Paragraphs 1 through 28 above.

8  30.       Defendants actions caused the Department of Social Services and the

9  police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

10  31.       Defendants knew that falsely informing the Department of Social Services

11  and/or the police would cause the police and Department of Social Services

12  personnel to intrude into Plaintiff ERIC SUN's privacy by entering his

13  condominium.

14  WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

15         **ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:**

16              1.    For general damages according to proof at the time of trial;

17              2.    For costs of suit herein incurred;

18              3.    For punitive damages; and

19              4.    For such other and further relief as the Court deems just and

20                    proper.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

6

**ON THE SECOND CAUSE OF ACTION:**

    1.    For general damages according to proof at the time of trial;

    2.    For costs of suit herein incurred; and

    3.    For such other and further relief as the Court deems just and proper.

Dated: April 1, 2002

                                 Law Office of Brett S. Allen

                                 Brett S. Allen
                                 Attorney for Plaintiffs
                                 CHRISTINE CHANG and
                                 ERIC SUN

7

EXHIBIT 3.6



**AT&T
w🔵rldnet
service**



| Home | E-mail | Calendar | My AT&T | Chat & Message Boards | Shop | Help | **Member Services** |

| Get E-mail | Message List | Compose | Choose folder 🔽 | Address Book | Mailboxes | Options | Help | Logout |



Logged in as: **christie1chang**                    Message: **15 of 117**

Mailbox: **christie1chang on AT&T WorldNet**

Folder: **INBOX**

Read Message



| Reply | Forward | Delete | E-mail Source | Printable View |                    | Previous | Next |

**From:** christie1chang@att.net  [ **Save address** ]

**To:** ballenlaw@earthlink.net

**Cc:** christie1chang@worldnet.att.net

**Date:** Thu, 27 Dec 2001 04:01:49 +0000

Brett:

Please include Constance Celaya in our complaint against
the board members, Eva Ammann, and Elizabeth Lady.  The
reasons are as follows:

1.  Constance committed acts of harrassment/assault/
    battery/slander against us due to Mike Solomon's
    great influence.  For more than a year while I was
    on the board, Constance owed homeowner association
    dues every month for large amount.  While all the
    other delinquent homeowners were being charged
    penalty/interest, sent to collection agency, or
    filed lien against, Mike Solomon forbid any action
    taken against Constance's delinquent account for a
    long time.  I won't be surprised if Mike Solomon
    and Eva Ammann cut a deal with Constance, or
    simply wiped out the unpaid dues because Mike Solomon
    desired it.

2.  Her violent acts was pre-meditated and motivated by
    Mike Solomon.  Mike Solomon wasn't at the scene
    where the violence occured, but was able to make
    false accusation against us right after the violence
    with the police officers.

3.  I asked the neighbor to call Oakland police and
    Constance walked in to neighbor's home to call
    the police herself.  I believed she called the
    police officer of her acquaintance.  When I
    asked for Constance's work info to make complaint
    against her, the officer didn't ask her question but
    was able to write down Constance's full name, police
    Dept and phone number where she works, and her
    supervisor's name. I still have the paper.

4.  The officers didn't cite her for her violent acts
    even after they saw my son's bleeding finger.

5.  I checked with Oakland Police Dept for the

report the police officers took.   It was never
filed.   I left messages with the officer who took
the report several times.   There wasn't any response.

6.    I talked with the DA office who told me to file
my own additional report to get a report number to
trace annoying phone calls.   And for a chance to
press charges against Constance if the report gets
submitted to the DA office.

7.    After I filed additional report (the only report
that exist) we talked with the investigator who
didn't want to interview the police officers that
were at the scene.   He played dumb when I asked
him to talk with the officers.

I will be talking to the DA office and giving all the
facts.   Hopefully, they will press charges against
Constance.

Please let me know how to file complaint with UC
Berkeley Police Dept, of Constance using her job
as a dispatcher to call in her acquaintance to cover her
violence.

Please include Constance in our original complaint
against the board members, Eva Ammann, and Elizabeth
Lady.   Thank you.

Christine & Eric



Get E-mail | Message List | Compose | Address Book | Mailboxes | Options | Printable View
Help | Feedback | Logout | AT&T WorldNet Home

Terms and Conditions. AT&T Online Privacy Policy. AT&T WorldNet J495 & 7/7 Privacy Policy.
Copyright 2001. AT&T. All Rights Reserved.

1  BRETT S. ALLEN, (SBN 165097)
   LAW OFFICE OF BRETT S. ALLEN
2  909 Marina Village Parkway, #669
   Alameda, CA 94501
3  Tel: (510) 872-9933

4  Attorney for Plaintiffs
   Christine Chang and
5  Eric Sun

6

7

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 0 3 2002

CLERK OF THE SUPERIOR COURT
By R.C. Hughes,

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10                 UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN        CASE NO.: 2002-046048

13              Plaintiffs,
                                        COMPLAINT FOR INTENTIONAL
14      vs.                             INFLICTION OF EMOTIONAL
                                        DISTRESS, ASSAULT AND BATTERY
15  CANDACE CELAYA, and DOES 1-30,
    inclusive
16
                Defendants.
17  _____

18      Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each
19  of them as follows:
20                      **GENERAL ALLEGATIONS**
21  1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and
22  ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.
23  2.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
24  defendant CANDACE CELAYA was and is a natural person residing in Alameda
25  County.
26  3.      Defendants Does 1 through 30, inclusive, are sued herein under fictitious
27  names because their true names and capacities, whether individual, associate,
28

                                1

1  corporate or governmental, are not now known to Plaintiffs. Plaintiffs are
2  informed and believe and upon such information and belief allege that each of
3  the Defendants named as a Doe is negligently or otherwise legally responsible in
4  some manner for the events herein alleged, and that said Defendants negligently
5  acted or omitted to act in one or more of their occupations and businesses and
6  that such negligence or fault proximately caused the injuries and damages
7  hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities
8  of said Defendants when the same are ascertained.

9  4.      At all times herein mentioned, each and every one of the Defendants
10  herein was the agent, servant and employee of each other, and each was acting
11  within the course and scope of such agency, service and employment.

12  5.      At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and
13  ERIC SUN resided in unit number 314 located in the Rockridge Manor
14  Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

15  6.      At all times relevant to this lawsuit, plaintiffs are informed and believe that
16  defendant CANDACE CELAYA resided in the Rockridge Manor Condominium
17  complex located at 2005 Pleasant Valley Avenue, Oakland, California.

18                          **FIRST CAUSE OF ACTION**
19                      (Intentional Infliction of Emotional Distress)

20  7.      On or about December 10, 2001, Defendant CELAYA, verbally threatened
21  plaintiffs with bodily injury.

22  8.      Defendant's conduct as alleged here was intentional and malicious and
23  done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,
24  and emotional and physical distress.

25  9.      As the proximate result of the aforementioned acts, Plaintiffs suffered
26  humiliation, mental anguish, embarrassment, shame, and emotional and physical
27  distress, and have been injured in mind and body, all to Plaintiffs's damage.

28  10.     As a result of Defendant's conduct as alleged herein, Plaintiffs suffered

2

1   severe emotional distress according to proof at trial including but not limited to

2   humiliation, embarrassment, anguish, pain, and betrayal.

3                                **SECOND CAUSE OF ACTION**
                                        (Assault)

4

5   11.      Plaintiffs incorporate herein by reference each and every allegation as set

6            forth in Paragraphs 1 through 10 above.

7   12.      On or about December 10, 2001, in the laundry room located of the

8            Rockridge Manor Condominium complex located at 2005 Pleasant Valley

9            Avenue, Oakland, California, defendant CELAYA, approached plaintiffs in a

10           menacing manor, with closed fists, and stated her intention of striking plaintiffs

11           with her hands.

12  13.      In doing the acts as alleged above, defendant CELAYA intended to place

13           plaintiffs in apprehension of great bodily harm.

14  14.      As a result of defendant CELAYA's acts as alleged above, plaintiffs, in

15           fact, were placed in great apprehension of great bodily harm.

16                               **THIRD CAUSE OF ACTION**
                                        (Battery)

17

18  15.      Plaintiffs incorporate herein by reference each and every allegation as set

19           forth in Paragraphs 1 through 14 above.

20  16.      Immediately thereafter, defendant CELAYA pushed plaintiff CHANG in the

21           chest and grabbed CHANG'S neck with her hands. Defendant CELAYA then

22           repeatedly struck CHANG in the face with her fists. CHANG was able to back

23           away but defendant CELAYA once again grabbed CHANG'S neck and

24           threatened to kill her. CELAYA continued the attack by pushing CHANG against

25           the wall. Plaintiff SUN heard the noise and entered the laundry room. CELAYA

26           pushed and hit SUN in the shoulders, neck, and arm. She also scratched SUN

27           causing his finger to bleed.

28  17.      In doing the acts as alleged above, defendant CELAYA acted with the

                                             3

1    intent to make physical contact with both plaintiffs.

2    **SECOND AND THIRD CAUSES OF ACTION**
     (Continued)

3

4    18.        At no time did plaintiffs consent to any of the acts of defendant alleged in

5    the second and third causes of action, above.

6    19.        As a proximate result of the acts of defendant as alleged in the second

7    and third causes of action, plaintiff CHANG suffered bruises to her neck and

8    face.

9    20.        As a proximate result of the acts of defendant as alleged in the second

10   and third causes of action, plaintiff SUN suffered bruises to his shoulders and a

11   cut to his finger.

12   21.        As a proximate result of the acts of defendant as alleged in the second

13   and third causes of action, plaintiffs were hurt and injured in their health,

14   strength, and activity, sustaining injuries to their persons, all of which have

15   caused, and continue to cause, plaintiffs great mental and nervous pain and

16   suffering. As a result of these injuries, plaintiffs have suffered general damages

17   in an amount to be determined at trial.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

22.      The aforementioned conduct of defendant was willful and malicious and was intended to oppress and cause injury to plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

1.    For general damages according to proof at the time of trial;

2.    For costs of suit herein incurred;

3.    For punitive damages; and

4.    For such other and further relief as the Court deems just and proper.

Dated: April 1, 2002

Law Office of Brett S. Allen

Brett S. Allen
Attorney for Plaintiffs
CHRISTINE CHANG and
ERIC SUN

5

**CERTIFICATE OF SERVICE**

I, CHRISTINE CHANG, hereby certify that on February 29, 2008, I forwarded
a true and correct copy of:

1. Declaration of Plaintiff Christine Chang in Support of Plaintiffs'
   Appeal of Court Order Granting Defendants Rockridge Manor Condominium's
   Motion to Dismiss or, in the Alternative, for a More Definite Statement;
   And Granting Defendants Rockridge Manor Condominium's Motion
   for Summary Judgment and Leave for Appeal

2. Plaintiffs' Appeal of Court Order Granting Defendants Rockridge Manor
   Condominium's Motion to Dismiss or, in the Alternative, for a More Definite
   Statement; and Granting Defendants Rockridge Manor Condominium's
   Motion for Summary Judgment And Leave for Appeal

To Defendants' Counsels by placing a true copy and exhibits thereof in a sealed
Envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the
United States Mail at San Francisco, California.

Dated: February 29, 2008

By _____
Christine Chang, Plaintiff