1  **ALBERT F. COOMBES, ESQ.   SBN 60861**
   **15915 Ventura Blvd., Penthouse 4,**
2  **Encino, Ca. 91436**
   **Tel:   (818) 986-1533**
3  **Fax:   (818) 986-1657**

4  **Pro Se Defendant**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian Ad Litem for ERIC SUN, disabled,<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM et al.<br><br>Defendants. | No.   C 07 4005 EMC<br><br>[Motion No.2]<br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER AND/OR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br>**[FRCP 12(b)(1) and (6)]**<br><br>Date:   4/22/08<br>Time:   10:30 a.m.<br>Courtroom:   C |

TO PLAINTIFFS IN PRO PER:

PLEASE TAKE NOTICE that on April 22, 2008 at 10:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Albert Coombes will move the court to dismiss the action pursuant to FRCP 12(b)(1) and 12(b)(6) because of lack of jurisdiction over the subject matter and because plaintiffs' complaint fails to state a claim upon which relief can be granted, on the grounds that:

1. Plaintiffs' allegations regarding violations of their civil rights, privileges and immunities guaranteed under the Fourth, Fifth, Sixth, Seventh and Fourteenth

**DEFENDANT ALBERT COOMBES' MOTION**
**TO DISMISS PLAINTIFFS' FIRST AMENDED**
**COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

- 1 -

1  Amendments to the Constitution, contained in their original complaint have been
2  dismissed by this Court. [Order Granting Defendants' Motion to Dismiss - Document
3  110.]   Since a federal subject matter jurisdiction no longer remains and diversity
4  jurisdiction is non-existent, this case should be dismissed.

5  2. Plaintiffs' allegation regarding abuse of process against this defendant was
6  dismissed with prejudice by this Court. [Order Granting Defendants' Motion to Dismiss -
7  Document 110.]

8  3. Plaintiffs have failed to state facts sufficient to sustain a cause of action for
9  fraud against this answering defendant.

10  The motion will be based on this Notice of Motion and Motion, the Memorandum
11  of Points and Authorities filed herewith, and the pleadings and papers filed herein.
12  DATED: March 17, 2008

14                             /S/    ALBERT COOMBES
                                      ALBERT F. COOMBES
15                                    Pro Se Defendant

16  **MEMORANDUM OF POINTS AND AUTHORITIES**
17  **I**
18  **STATEMENT OF ISSUES**
19  The issues to be decided in this motion are:
20  1.    Does this Court have jurisdiction?
21  2.    Can plaintiffs reallege a cause of action for abuse of process?
22  3.    Have plaintiffs pled sufficient facts against this defendant to allege a prima
23        facie cause of action for fraud?
24  **II**
25  **RELEVANT FACTS**
26  On February 13, 2008 this Court filed an order granting this defendant's Motion
27  to Dismiss plaintiffs' original complaint. [Document 110.]   The only window left open
28

**DEFENDANT ALBERT COOMBES' MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

- 2 -

1  for the plaintiffs in the order was the fact that the dismissal of their fraud claim for failure
2  to meet the particularity requirements of Rule 9(b) was without prejudice. [Document 110
3  pg.23 lines 18-20.]

4  On February 29, 2008, plaintiffs filed their First Amended Complaint alleging the
5  following causes of action against this answering defendant: 1. Abuse of Process. 2.
6  Fraud and Misrepresentation.

7  The First Amended Complaint refers to this answering defendant in eight
8  paragraphs. [Paragraphs 34, 39 (repeated twice and referred to hereafter as 39a and 39b),
9  40, 41. 42, 54 and 55.]   Paragraphs 34, 39a, 39b, 40, 41, and 42 are not incorporated by
10  reference into plaintiffs' aforementioned causes of action.

11  Paragraph 34 states: "Plaintiffs' last two attorneys were Defendants Pamela
12  Zimba and Albert Coombes.  Defendant Zimba started to consolidate the actions and file
13  for guardian ad litem.   Not long after, she turned against Plaintiffs as well.   The
14  consolidation was never done."

15  Paragraph 39a states: "Defendants Zimba purposefully botched the assault/battery
16  action but kept lying that Plaintiffs had more than 70% chance winning the action with
17  remedy.   After she bolstered Plaintiffs' confidence in her, she held Plaintiff Chang by
18  duress forcing Defendant Albert Coombes' (sic) be hired with $7,500 retainer and a
19  contingency contract for 33 1/3% split in half between Defendants Zimba and Coombes;
20  or otherwise Defendant Zimba would not represent Plaintiffs in the Rockridge Manor
21  action which was 5 weeks away.  Defendant Zimba extorted $51,000 from Plaintiff at the
22  time."

23  Paragraph 39b states: "Plaintiff Chang had never met or heard of Defendant
24  Coombes until August, 2004.  As soon as Defendant Coombes appeared by the end of
25  August, Defendant Zimba turned Plaintiffs over to Defendant Coombes' (sic)
26  completely."

27  Paragraph 40 states: "Defendant Zimba instructed Plaintiffs to ask Mr. Coombes
28

**DEFENDANT ALBERT COOMBES' MOTION**
**TO DISMISS PLAINTIFFS' FIRST AMENDED**
**COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

- 3 -

all questions Plaintiffs might have, and Defendant Coombes appeared to be Defendant Zimba's superior. Defendant Zimba continued her consultation with Defendant Coombes every chance she got and each consultation last (sic) for a long time. Those consultation (sic) were either made in person at arm (sic) length of Plaintiffs, or by phone."

Paragraph 41 states: "The only difference was Defendant Zimba stopped hiding her consultation with Defendant Coombes from Plaintiffs, because Defendant Coombes was officially Plaintiffs' retained attorney."

Paragraph 42 states: "Upon information and belief and respectfully allege (sic), Defendant Coombes was the person who Defendant Zimba consulted at length starting July, 2004 when Defendant Coombes instructed Defendant Zimba pressuring Plaintiffs to drop the assault/battery action. When it was unsuccessful, Defendant Coombes instructed Defendant Zimba to frame plaintiffs being the assailants to absolve the Rockridge Manor, assault/battery Defendant Celaya, and The Regents of the University of California's liabilities owed to Plaintiffs."

Paragraph 54 states: "Abuse of Process - In July 2004 Defendant Albert Coombes started to manipulate Plaintiffs' two state actions. Defendant Zimba constantly consulted Defendant Coombes for advise (sic) but would not allow Plaintiff Chang hearing their conversation over the phone. Either in various depositions or suppressing Plaintiffs to drop the assault/battery action, Defendant Zimba engaged lengthy conversations with Defendant Coombes. Plaintiffs are informed and believe and respectfully allege that Defendant Coombes was the person orchestrated Defendant Zimba step by step in botching the assault/battery action framing Plaintiffs as the assailants, to absolve the liabilities of assault/battery Defendant Celaya, The Regents Individual Defendants, and Rockridge Manor Defendants who caused the assault/battery."

Paragraph 55 states: "Fraud and Misrepresentation - On August 5, 2004, immediately after the assault/battery trial, Defendant Zimba held Plaintiff Chang by duress forcing Defendant Coombes be hired with a retainer of $7,500 and a contingency

1  contract of 33 1/3% equally split in between Defendants Coombes and Zimba.  Plaintiffs
2  are informed and believe and allege that Defendant Coombes was the person behind
3  Defendant Zimba's holding Plaintiff Chang by duress forcing Defendant Coombes be
4  hired with a retainer of $7,500 and a contingency contract.   As soon as Defendant
5  Coombes started his representation on August 26, 2004, Defendant Zimba transferred
6  Plaintiffs to Defendant Coombes for all requests and questions.   Defendant Coombes
7  clearly acted as Defendant Zimba's superior.   Plaintiffs are informed and believe, and
8  allege that that (sic) Defendant Coombes orchestrated the deceit against Plaintiffs in the
9  assault/battery action.  Because Defendant Zimba consulted him in lengthy conversations
10 during break at the assault/battery trial but would not allow Plaintiffs to hear the
11 conversation. Starting August 26, 2004, Defendant Zimba consulted Defendant Coombes
12 constantly in (sic) length by phone or in person.   Plaintiffs are informed and believe and
13 allege Defendant Coombes was equally liable to (sic) Plaintiffs' injuries the same as
14 Defendant Zimba.    Defendant Coombes forged his accounting to extort the $7,500
15 retainer after representing Plaintiffs from August 26 to September 3, 2004."

### III

### ARGUMENT

**A. Federal Jurisdiction**:

Since this Court dismissed with prejudice all of the plaintiffs' original claims against this defendant except their fraud cause of action, which was dismissed without prejudice, there is no federal question left to be resolved.  And, since there is no diversity jurisdiction alleged, plaintiffs' First Amended Complaint should be rejected for failure to raise a colorable constitutional claim by alleging sufficient facts showing the basis for the claim.

**B:**  **The Abuse of Process Claim Has Already Been Dismissed With Prejudice.**

In its order granting defendant's motion to dismiss, this Court ruled that the plaintiffs' abuse of process claim was dismissed with prejudice because it was time-

1  barred. [Document 110 page 24 lines 16-17.]

2  **C:    Have Plaintiffs Alleged Sufficient Facts To Substantiate A Claim For Fraud**
3  **And Misrepresentation Against This Defendant?**

4  In all averments of fraud, the circumstances constituting the fraud shall be stated "with particularity." Fraud must be pled "with a high degree of meticulousness." [FRCP 9(b); Desaigoudar v. Meyercord (9th Cir. 2000) 223 F3d 1020, 1022-1023.] The elements are: 1. a misrepresentation (false representation, concealment, or nondisclosure); 2. knowledge of falsity (or scienter); 3. intent to defraud, i.e. to induce reliance; 4. justifiable reliance; and 5. resulting damage. [Robinson Helicopter Co., Inc.. v. Dana Corp. (2004) 34 Cal.4th 979, 990.]

11 Fraud averments failing to meet the Rule 9(b) standard are disregarded, and the remaining allegations evaluated to see if a valid claim has been stated. [Vess v. Ciba-Geigy Corp. USA (9th Cir. 2003) 317 F3d 1097, 1105.]

14 Allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). [Moore v. Kayport Package Express, Inc. (9th Cir. 1989) 885 F2d 531, 540; Wool v. Tandem Computers, Inc. (9th Cir. 1987) 818 F2d 1433, 1439.]

18 Rule 9(b) is usually interpreted to require that the plaintiffs include in their complaint facts specifying the alleged fraudulent allegations; allegations that the representations were false when made; the identity of the speaker; when and where the statements were made; and the manner in which the representations were false and misleading. [In re GlenFed, Inc. Secur. Litig. (9th Cir. 1994) 42 F3d 154, 1547, fn.7 (en banc); DiLeo v. Ernst & Young (7th Cir. 1990) 901 F2d 624, 627; Arnold & Assocs., Inc. v. Misys Healthcare Systems, a div. of Misys, PLC (D AZ 2003) 275 F.Supp.2d, 1013, 1018 (citing text).]

26 In its order dismissing plaintiffs' original complaint, this Court gave plaintiffs the opportunity to reassert their fraud claim against this defendant if they could meet the

**DEFENDANT ALBERT COOMBES' MOTION**
**TO DISMISS PLAINTIFFS' FIRST AMENDED**
**COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

1  particularity requirements of Rule 9(b).

2  Once again, plaintiffs have failed to follow the Rule 9(b) requirements. The
3  allegations contained in paragraphs 34, 39a, 39b, 40, 41, 42, 54 & 55 of their First
4  Amended Complaint remain conclusory in nature and are insufficient to state a complaint
5  for fraud. Plaintiffs vaguely claim that defendant Pamela Zimba somehow held Mrs.
6  Chang "by duress forcing Defendant Albert Coombes'(sic) be hired .." [Paragraphs 39(a)
7  and 55.] Further, "Coombes instructed Defendant Zimba to frame Plaintiffs ..."
8  [Paragraph 42.] And, "Defendant Coombes was the person behind Defendant Zimba's
9  holding Plaintiff Chang by duress forcing Defendant Coombes be hired ..." [Paragraph
10  55.]

11  This Court's order dismissing plaintiffs' original complaint noted that even when
12  asked at the hearing, "Plaintiffs could not cite any fraudulent statement by Mr. Coombes,
13  simply relying on the theory that he was Ms. Zimba's superior." [Document 110 page 21
14  lnes 1-2.]

15  Plaintiffs have failed to attribute any fraudulent statement by this defendant in
16  their First Amended Complaint.

17  In total they have failed to allege facts necessary to substantiate the essential
18  element of a fraud claim.

### CONCLUSION

20  For all of the foregoing reasons it is respectfully requested that plaintiffs' First
21  Amended Complaint be dismissed with prejudice.

22  DATED: March 17, 2008                                    Respectfully submitted,

24                                                          /s/ ALBERT COOMBES
                                                            ALBERT F. COOMBES
25                                                          Pro Se Defendant

26  ////

**DEFENDANT ALBERT COOMBES' MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

- 7 -

# CERTIFICATE OF SERVICE

I, ALBERT COOMBES, hereby certify that on March 17, 2008, I forwarded a true and correct copy of my Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint For Lack Of Jurisdiction Over The Subject Matter And/Or Failure To State A Claim Upon Which Relief Can Be Granted to the plaintiffs herein by placing a true copy thereof in a sealed envelope with first class postage prepaid and addressed as follows:

> Christine Chang
> Individually and as Guardian Ad Litem for Eric Sun
> 341 Tideway Drive, #214
> Alameda, Ca. 94501

I caused such envelope to be placed for collection and mailing in the United States Mail at Encino, California.

Dated: March 17, 2008

> /s/ ALBERT COOMBES
> ALBERT COOMBES
> Pro Se Defendant

**DEFENDANT ALBERT COOMBES' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) & (6)**

- 8 -