GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone: (510) 433-2600
Facsimile: (510) 433-2699

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT and SUSAN VON SEEBURG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,

Plaintiff,

v.

ROCKRIDGE MANOR CONDOMINIUM, et al.,

Defendants.

Case No. C-07-4005 EMC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [F.R.C.P. 56]**

Date: April 23, 2008
Time: 10:30 a.m.
Courtroom: C
Judge: Magistrate Judge Edward M. Chen



LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. THE NEW ALLEGATIONS .......... 1

III. LEGAL ARGUMENT .......... 2

A. STANDARD OF REVIEW FOR MOTION TO DISMISS .......... 2

B. STANDARD OF REVIEW FOR MOTION FOR SUMMARY JUDGMENT .......... 3

C. PLAINTIFFS' §1983 CLAIM(S) ONCE AGAIN FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH A POSSIBLE VIOLATION OF A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT .......... 3

D. THE CLAIMS AGAINST THE UNIVERSITY OFFICIALS/EMPLOYEES ARE BARRED BY THE IMPLIED IMMUNITY DOCTRINE .......... 6

E. ABUSE OF PROCESS .......... 7

F. NO STATE BASED NEGLIGENCE CLAIM HAS BEEN STATED AGAINST ANY OF THE INDIVIDUAL UNIVERSITY DEFENDANTS .......... 8

G. EACH TORT CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE DISCRETIONARY IMMUNITY AFFORD TO PUBLIC EMPLOYEES .......... 9

H. ALTERNATIVELY, THE STATE-BASED CLAIMS AGAINST THE UNIVERSITY OF CALIFORNIA OFFICIALS ARE BARRED BY THE LITIGATION PRIVILEGE .......... 10

I. CLAIMS FOR FRAUD AND MISREPRESENTATION CLAIMS ARE WITHOUT MERIT AS A MATTER OF LAW .......... 11

IV. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Federal Cases

Anderson v. Creighton 483 U.S. 635 (1987) ..... 7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ..... 3

Balistreri v. Pacifica Police Department, 901 F.2d 696 (9th Cir. 1990) ..... 3

Daniels v. Williams, 474 U.S. 327 (1986) ..... 9

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ..... 6

Hunter v. Bryant, 502 U.S. 224 (1991) ..... 10

Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1993) ..... 2

Michell v. Forsyth, 472 U.S. 511 (1985) ..... 6, 7

Moore v. Kayport Package Exp., Inc., 885 F.2d 531 (9th Cir. 1989) ..... 11

Neubronner v. Milken, 6 F.3d 666 (9th Cir. 1993) ..... 11

Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992) ..... 4

Pomerantz v. County of Los Angeles, 674 F.2d 1288 (9th Cir. 1982) ..... 4

Sykes v. California (DMV), 497 F.2d 197 (9th Cir. 1974) ..... 4

Van Ort v. Estate of Stanewich, 92 F.3d 831 (9th Cir. 1996) ..... 4

## State Cases

Benavidez v. San Jose Police Department, 71 Cal.App.4th 853 (1999) ..... 9

City of Sacramento v. Superior Court, 131 Cal.App.3d 395 (1982) ..... 9

Colome v. State Athletic Commission of California 47 Cal.App.4th 1444 (1996) ..... 10

Foothill Federal Credit Union v. Superior Court (King) 66 Cal. Rptr. 3d 249 (2007) ..... 10

Hoff v. Vacaville Unified School District, 19 Cal.4th 925 (1998) ..... 9

Lipman v. Brisbane Elementary School Dist., 55 Cal. 2d 224 (1961) ..... 9

Montana State University v. Ransier, 167 Mont. 149, 536 P.2d 187 (1975) ..... 6

Rusheen v. Cohen, 37 Cal.4th 1048 (2006) ..... 8

Silberg v. Anderson, 50 Cal.3d 205 (1990) ..... 10, 11

Thompson v. County of Alameda, 27 Cal.3d 741 (1980) ..... 9

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Tyler v. County of Alameda, 34 Cal.App.4th 777 (1995) .......... 6

**Federal Statutes**

42 U.S.C §1983 .......... 3

42 U.S.C.S. §1983 .......... 1, 2

Govt. Code §818.8 .......... 12

**State Statutes**

Cal. Gov't Code §820.2 .......... 9

**Federal Rules**

F.R.C.P. 9(b) .......... 11

F.R.C.P 11 .......... 5

F.R.C.P. 12(b)(6) .......... 1, 2, 4

F.R.C.P. 56 .......... 1, 3

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# I. INTRODUCTION

Defendants The Regents Of The University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, and Susan Von Seeburg ("University Defendants")[1] bring this second motion to dismiss, or in the alternative, motion for summary judgment, in response to Plaintiffs' First Amended Complaint filed on February 29, 2208. As a review of the new pleading reflects, the First Amended Complaint again fails to set forth facts sufficient to state any plausible cause of action against any of the individual defendants in their individual capacity. Consequently, the University Defendants move for dismissal of the instant action, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative, pursuant to F.R.C.P 56.

# II. THE NEW ALLEGATIONS

The First Amended Complaint contains the following allegations concerning the University Defendants:

> **CAUSE OF ACTION AGAINST THE REGENTS**
>
> **INDIVIDUAL DEFENDANTS**
>
> 49. Fourteenth Amendment pursuant to 42 U.S.C.S. Section 1983 – Plaintiffs' constitutionally protected liberty or property interest is at stake which was the proximate cause of (1) the Individual Defendants acting under color of state law (2) deprived Plaintiffs rights secured by the constitution or federal statutes. The assault/battery Defendant Celaya colossus perjury starting 2002 and continued into September 16, 2005 motion hearing. Between The Regents Individual Defendants Susan Von Seeburg, Victoria Harrison, Adan Tejada and Constance Peppers Celaya, who acted under color of state law, made extensive communication and coordination with Judge Castellanos, Alameda County Superior Court, to deprive Plaintiffs' property interest. Plaintiffs were entitled to all oral and written communication between these Individual defendants and Judge Castellanos, before and after the motion hearing on September 16, 2005.
>
> 50. Abuse of Process – The Regents Individual Defendants used improper legal proceedings to deprive Plaintiffs rights. Plaintiffs were entitled to receive every oral and written communications between these Individual Defendants and state court, and were entitled to any document these Individual Defendants submitted to state court.

[1] Allan Kolling and Tom Klatt, who were named in the original Complaint, are not named as parties in the caption of the First Amended Complaint and there are no allegations concerning them in the Amended Complaint. Consequently, they should be formally dismissed from the lawsuit with prejudice regardless of the outcome of the instant motions.



LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

51. Fourteenth Amendment pursuant to 42 U.S.C.S. Section 1983 – The Regents Individual Defendants Robert Birgeneau and Victoria Harrison attempted to run Plaintiff Chang out of the campus violating Plaintiff's rights of liberty and freedom to visit the campus or park in the parking lot. The Individual Defendant Robert Birgeneau threatened both students of suspending their student status when the legitimate service process was being done for this instant action on September 7, 2007. As soon as Plaintiff left the parking lot where the parking attendant, Vernon Bolds, gave Plaintiff permission to park, a citation officer forcibly cited Plaintiff for $40 parking violation, despite Mr. Bolds' objection. Mr. Bolds told Plaintiff that he knew every citation officer on campus, but did not recognize the citation officer who cited Plaintiff. Mr. Bolds also told Plaintiff that the citation officer regular hour stopping by was 2 to 3 hours away. Plaintiff went to a different parking lot, within few minutes another citation officer started to cite tickets. There was a Regents patrol car parked at the only exit where Plaintiff parked. Plaintiff did not violate any laws or regulations but these Individual Defendants would not allow Plaintiff parked on the campus when serving the instant complaint on September 7, 2007. The Individual Defendant Robert Birgeneau threatened The Regents students of suspending their student status because of the service process.

52. Negligence - The Respondeat Superior and Agency Law hold The Regents Individual Defendants responsible for their employees' intentional tortuous acts. The Regents Individual Defendants acting under color of state law which have a duty of care for general public, such as assault/battery/perjury victimizing innocent citizens. They breached the duty irresponsibly denied Plaintiffs' complaints and their omission to act.

53. Fraud and Misrepresentation – the Regents Individual Defendants Susan Von Seeburg, Victoria Harrison, Adan Tejada, and Constance Peppers Celaya, made extensive communication and coordination with state court judge Castellanos, but would not inform Plaintiff of their oral or written communications. Plaintiff Chang was entitled to their oral or written communications including any documents they submitted to the state court. But The Regents Individual Defendants kept Plaintiff Chang in dark without ever notifying any oral or written communications. [First Amended Complaint, 11:13-13:4].

## III. LEGAL ARGUMENT

### A. STANDARD OF REVIEW FOR MOTION TO DISMISS

F.R.C.P. 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a motion to dismiss under FRCP 12(b)(6) the Court is only required to accept as true well-pleaded allegations. It is not required to accept conclusions of law. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."]. A dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

under a cognizable legal theory." Balistreri v. Pacifica Police Department, 901 F.2d 696 (9th Cir. 1990).

### B. STANDARD OF REVIEW FOR MOTION FOR SUMMARY JUDGMENT

Summary Judgment is appropriate if the pleadings and accompanying declarations (or other appropriate evidence on file) show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). An genuine issue of act exists only where there is sufficient evidence for a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-248 (1986). Here there is no evidence to support the Plaintiffs' implausible claims against the University defendants.

### C. PLAINTIFFS' §1983 CLAIM(S) ONCE AGAIN FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH A POSSIBLE VIOLATION OF A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT

The amended §1983 claims have the same deficiencies as the original. There have been no facts alleged of a violation of a clearly established constitutional right. The only "facts" alleged in the ¶49 claim against Von Seeburg, Harrison Tejada and Celaya are:

> The assault/battery Defendant Celaya colossus perjury starting 2002 and continued into September 16, 2005 motion hearing. Between The Regents Individual Defendants Susan Von Seeburg, Victoria Harrison, Adan Tejada and Constance Peppers Celaya, who acted under color of state law, made extensive communication and coordination with Judge Castellanos, Alameda County Superior Court, to deprive Plaintiffs' property interest. Plaintiffs were entitled to all oral and written communication between these Individual defendants and Judge Castellanos, before and after the motion hearing on September 16, 2005.

This attempt to resurrect a 42 U.S.C §1983 claim is patently deficient. Once again, Plaintiffs have failed to allege *facts* to support their conclusory allegation of a constitutional violation. Further, no clearly established constitutional right is identified. This Court has already determined that this alleged conspiracy between the University defendants and Judge Castellanos "to deprive Plaintiffs from obtaining documents in response to the subpoena" was insufficient to show conduct which constitutes a constitutional violation [See Court's February 13, 2008 Order Granting Motions to Dismiss at 22:1-2].

The "new" twist on this claim—that defendants had unidentified, vague ex parte

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

communications with Judge Castellanos (in the context of a ***late*** Motion to Vacate)--likewise fails to rise to the level of conduct which constitutes a constitutional violation. Further, as the Court indicated in footnote 6 of its Order granting the initial Motions to Dismiss (Order, 22:25-28), the individuals are entitled to qualified immunity on the §1983 claim in any event. [See, Section C *infra* for appropriate authorities].

Moreover, a defendant cannot be liable under §1983 unless that defendant "caused" or "participated in" conduct violating the plaintiff's federal rights. Pomerantz v. County of Los Angeles 674 F.2d 1288, 1291 (9th Cir. 1982) Thus, a complaint which presents only generalized and vague allegations that University official participated in "civil rights violations" are insufficient to withstand a motion to dismiss. Pena v. Gardner 976 F.2d 469, 471 (9th Cir. 1992). Here, there are no facts showing that defendants "caused" anything. Her tardy motion to vacate a judgment was denied as untimely and because she failed to show could cause for the motion. There are simply no facts that could be alleged under the circumstances to conceivably rise to the level of "constitutional violations" that actually damaged Plaintiffs.

With regard to the claim against Ms. Celaya, there is no allegation that her defense of the state court action was taken under color of state law or while Ms. Celaya was acting on behalf of the University. Thus, she is not a "person" subject to individual liability under §1983. See, Sykes v. California (DMV) 497 F.2d 197, 200 (9th Cir. 1974); Van Ort v. Estate of Stanewich 92 F.3d 831,835-36 (9th Cir. 1996) (an off-duty police officer who shot a home-owner while committing a burglary at a location he had investigated while on duty held not state actor acting under color of state law as he was not acting in the course of his employment at the time of the incident),

Moreover, even in the unlikely event the Court were to find sufficient facts in the context of the FRCP 12(b)(6) challenge, and to put this entire matter to rest, the fact of the matter is, ***there were no communications between the University defendants and Judge Castellanos***—other than Ms. Celaya at the time of the September 16, 2005 hearing. [See Declarations of Susan Von See Burg, Victoria Harrison, Adan Tejada and C. Pepers Celaya]. Further, any communications by Ms. Celaya during the hearing cannot support a violation of due process claim. As a defendant in

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

a civil lawsuit, she had every right to present her defense to the motion during the hearing (nor can there be action "under color of state law" in the context of that private legal matter).

Revealingly, the First Amended Complaint contains no factual allegations to support the implausible theory that any University defendant had contact with Judge Castellanos other than Ms. Celaya at the Septembe r16, 2005 hearing. As the accompanying Declarations make clear, none of the individual defendants had any contact with Judge Castellanos. The conclusory and inflammatory allegations that they did, deserve the imposition of F.R.C.P 11 sanctions.

The "second" §1983 claim is equally deficient. Thus, the allegations specific to Chancellor Birgeneau and Chief Harrison are, distilled to their essence:

> "The Regents Individual Defendants Robert Birgeneau and Victoria Harrison attempted to run Plaintiff Chang out of the campus" and preventing her from visit[ing] the campus or park[ing] in the parking lot.
>
> "Robert Birgeneau threatened both students of suspending their student status when the legitimate service process was being done for this instant action on September 7, 2007." [See, ¶51].

Once again, Ms. Chang is in F.R.C.P. 11 territory. First, Ms. Chang has no standing to claim a constitutional violation because of an alleged threat of suspension to some unidentified student. Moreover, the Chancellor did not avoid service—he appeared in this action. The specious attempt to create a cause of action to salvage this frivolous lawsuit over the circumstances of how the Chancellor was served with process in this case defies logic and abuses the Court's leniency with respect to these pro se litigants.

With respect to the allegations regarding the alleged issuance of a parking citation, the First Amended Complaint concedes neither Chief Harrison or Chancellor Birgeneau were present and did not issue any citation or have any contact with Ms. Chang whatsoever. The fact that parking is restricted (and limited) on the U.C. Berkeley campus is a fact of which one can take judicial notice. The fact that Ms. Chang encountered parking enforcement officers in the parking lot--apparently after she succeeded in visiting campus and arranging for service of process--does not suggest she was prevented from visiting the public university. In point of fact, she successfully visited the campus and found students to affect service of process on the Chancellor

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

and other defendants as conceded by the First Amended Complaint.

Coupled with Chief Harrison's declaration that she did not have any involvement in having the parking citation issued, there is absolutely no merit to this claim.

More fundamentally, being cited with a parking ticket which can be contested does not rise to the level of a constitutional violation. See, Tyler v. County of Alameda, 34 Cal.App.4th 777, 783-786 (1995) (no constitutional violation where a process is in place to contest parking violations) and Montana State University v. Ransier, 167 Mont. 149, 536 P.2d 187 (1975) (University had appropriate power to restrict parking and issue citations where affected student was given notice and an opportunity for a hearing).

**D. THE CLAIMS AGAINST THE UNIVERSITY OFFICIALS/EMPLOYEES ARE BARRED BY THE IMPLIED IMMUNITY DOCTRINE**

As discussed in the first Motion to Dismiss, the individual defendants are also qualifiedly immune from suit and liability for damages because Plaintiff fails to plead that they violated clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald 457 U.S. 800, 818 (1982); Michell v. Forsyth 472 U.S. 511, 525-526 (1985) ["Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."].

Plaintiff asserts, in conclusory fashion, that the individual University defendants are being sued in their individual capacities. However, with the exception of perhaps Ms. Celaya, there is no factual allegation of any conduct occurring outside of the individuals' course and scope of employment and official duties. Assuming *arguendo* that Plaintiffs' conclusory "individual capacity" allegations were sufficient to preclude dismissal based upon the 11th Amendment (a contention without merit based upon the pleading admissions contained in the First Amended Complaint), pubic employees are still protected by qualified immunity. This qualified immunity is not merely an immunity from liability, but "an immunity from suit," meaning an immunity from the burdens of trial and pretrial discovery and protects public

///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

employees who carry out executive and administrative functions. Mitchell v. Forsyth, supra, at 526.

The First Amended Complaint alleges acts by the individual University defendants which occurred in the course and scope of their public employment and which entail administrative and/or executive functions (ie how to respond to a subpoena, whether to respond to a community complaint about a University employee concerning a matter unrelated to University business). These administrative and discretionary acts are clearly barred by the implied immunity doctrine. The complaint is devoid of any indication of how exactly the University defendants violated the plaintiffs' civil rights or otherwise violated the constitution. The plaintiffs were required to plead, with sufficient specificity that a reasonable official would understand that what he or she is doing violates a certain constitutional right. Anderson v. Creighton 483 U.S. 635, 639-640, 646 (1987)

Consequently, regardless of whether the First Amended Complaint is barred by the immunity afforded by the 11th Amendment, the matter must be dismissed as to each of the University defendants under the implied immunity doctrine.

### E. ABUSE OF PROCESS

The next "claim" asserted is one for "Abuse of Process." Thus, Plaintiffs' contend:

> The Regents Individual Defendants used improper legal proceedings to deprive Plaintiffs rights. Plaintiffs were entitled to receive every oral and written communications between these Individual Defendants and state court, and were entitled to any document these Individual Defendants submitted to state court.

As discussed above, none of the University defendants prosecuted an action or otherwise "took action" against plaintiffs in connection with the underlying state court action. Moreover, none of the University defendants (other than Ms. Celaya) had contact with the Superior Court regarding the Plaintiffs. There are simply no facts alleged in the First Amended Complaint that could conceivably state a claim against any of the defendants in this action.

As discussed elsewhere, Plaintiff has failed to articulate why it would be an abuse of process for a defendant to show a judge a copy of a page of his or her confidential personnel records (apparently in open court) and, absent a court directive, to not show Plaintiffs the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

document. Plaintiffs have failed to allege facts showing (1) Ms. Celaya contemplated an ulterior motive in using the court process she was compelled to be a part of by Plaintiffs' lawsuit and (2) that Ms. Celaya committed a willful act in the use of the process not proper in the regular conduct of the proceedings. Rusheen v. Cohen, 37 Cal.4th 1048, 1056 (2006). As Ms. Van Seeburg observed in her correspondence to Ms. Chang after the hearing, if the Judge wanted Ms. Chang to see the document, she would have ordered Ms. Celaya to provide it. There simply is no conduct alleged that could conceivably rise to the level of "abuse of process" in the context of this civil, ***tardy*** motion to vacate a judgment proceeding.

Moreover, based upon the facts of this case (as even admitted by Ms. Chang), Ms. Celaya's conduct is clearly protected by the litigation privilege in any event. (See authorities below in Section H).

### F. NO STATE BASED NEGLIGENCE CLAIM HAS BEEN STATED AGAINST ANY OF THE INDIVIDUAL UNIVERSITY DEFENDANTS

The First Amended Complaint goes on to allege:

> 52. Negligence - The Respondeat Superior and Agency Law hold The Regents Individual Defendants responsible for their employees' intentional tortuous acts. The Regents Individual Defendants acting under color of state law which have a duty of care for general public, such as assault/battery/perjury victimizing innocent citizens. They breached the duty irresponsibly denied Plaintiffs' complaints and their omission to act.

This incomprehensible claim appears to again be that the University defendants are somehow liable for Ms.Celaya's alleged 2001 assault and their failure to respond to Ms. Chang's complaints shortly thereafter which are time-barred. To the extent Plaintiffs are suggesting the University is responsible for any statements or conduct by Ms. Celaya at the September 16, 2005 hearing, the claim is clearly insufficient as a matter of law as Ms. Celaya was defending herself in a civil lawsuit involving a private dispute.

Moreover, Plaintiffs were required to plead facts showing the University defendants owed Plaintiffs a legal duty to use due care, a breach of that legal duty and that the breach was the proximate or legal cause of a resulting injury. With respect to the duty question, Plaintiffs have provided the court with no facts suggesting the University defendants owed Plaintiffs, who were

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

not employees or students of the University, a duty of care in connection with her dispute against Ms. Celaya. See, City of Sacramento v. Superior Court, 131 Cal.App.3d 395, 402 (1982). The issue of whether a duty of care is owned is a question of law. Thompson v. County of Alameda, 27 Cal.3d 741, 750 (1980). Plaintiffs have failed to allege facts to establish any of the required elements under a negligence theory. Hoff v. Vacaville Unified School District, 19 Cal.4th 925, 933 (1998) [no duty of care by school toward non-student injured by a student off school property.]; Benavidez v. San Jose Police Department, 71 Cal.App.4th 853 (1999) [no duty of care between police and victim when no specific promise of assistance made.]

There simply is no basis for Plaintiffs' belief that any of the University defendants owed them a duty of care or otherwise caused a specific harm (the notion that Ms. Celaya showing the judge a portion of her confidential employment records on a late motion to vacate resulted in actual harm is entirely speculative and implausible).

Further, "Supervisory liability" or "Agency liability" against University officials by virtue of Ms. Celaya's employment with the University of California does not lie for the alleged federal constitutional violations. Liability under §1983 cannot be imposed for an allegedly negligent breach of a duty of care arising from tort law. Daniels v. Williams 474 U.S. 327, 329 (1986).

**G. EACH TORT CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE DISCRETIONARY IMMUNITY AFFORD TO PUBLIC EMPLOYEES**

Likewise the negligence, fraud and misrepresentation claims (¶¶52 and 53) against the individual defendants are barred by the discretionary immunity afforded to public employees in Cal. Gov't Code §820.2, which states:

> [e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

The rationale for the immunity was explained in Lipman v. Brisbane Elementary School Dist. (1961) 55 Cal. 2d 224, 229: "[t]he subjection of officials, the innocent as well as the guilty, to the burden of trial and to the danger of its outcome would impair their zeal in the performance

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

of their functions, and it is better to leave the injury unredressed than to subject honest officials to the constant dread of retaliation."

It is state policy to protect its public officials from decisions made in the course and scope of their employment. Colome v. State Athletic Commission of California (1996) 47 Cal.App.4th 1444, 1455-1457. Courts have further held that immunity issues should be determined early on in the case so as to avoid an unnecessary waste of time and expense and to avoid disruption to the activities of public officials. Hunter v. Bryant (1991) 502 U.S. 224, 228. The First Amended Complaint is devoid of any factual allegations that the defendants acted outside the scope of their employment or that they otherwise are not entitled to the immunities afforded to them under the California Government Code for exactly this time of frivolous lawsuit.

## H. ALTERNATIVELY, THE STATE-BASED CLAIMS AGAINST THE UNIVERSITY OF CALIFORNIA OFFICIALS ARE BARRED BY THE LITIGATION PRIVILEGE

The allegations in the First Amended Complaint directed to the University of California defendants, are essentially, a complaint that acts or omissions on the part of University officials adversely impacted Plaintiffs' tardy motion to vacate the judgment (failure to respond properly to the subpoena seeking production of Ms. Celaya's employment records at the hearing, not responding to Ms. Chang's written complaints against Ms. Celaya and/or conspiring with Judge Castellanos to defeat the tardy motion to vacate the adverse judgment). None of these purported "acts or omissions" give rise to a private right of action under any tort or constitutional theory and are barred by the absolute litigation privilege. Silberg v. Anderson (1990) 50 Cal.3d 205, 212, cited extensively in Foothill Federal Credit Union v. Superior Court (King) 66 Cal. Rptr. 3d 249 (2007); 07 Cal.Daily Op.Serv. 11554.

The litigation privilege has been broadly construed to bar all tort actions except for malicious prosecution. The privilege applies to all communication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved. Silberg v. Anderson, supra, 50 Cal.3d at 212 and 215-216. This includes conduct by a third party recipient of a records subpoena. See, e.g., Foothill Federal Credit Union v. Superior Court

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

(King), supra. Thus, each of plaintiffs' state tort claims, including fraud, conspiracy, negligence and abuse of process are barred. Furthermore, as the University of California defendants did not prosecute any action, there are no facts to support a malicious prosecution claim against them either.

## I. CLAIMS FOR FRAUD AND MISREPRESENTATION CLAIMS ARE WITHOUT MERIT AS A MATTER OF LAW

The fraud based claims, once again, should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.C.P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just dney that they have done anything wrong." Neubronner v. Milken, 6 F.3d 666 671 (9th Cir. 1993). A sufficient pleading under Rule 9(b) requires facts that show the times, dates, places, benefits received, and other details of the alleged fraudulent activity. Id. at 671-672. Mere conclusory allegations of fraud are insufficient. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

In the instant case, the First Amended Complaint lacks the specificity required by Rule 9(b) to give the University defendants notice of the specific misconduct alleged to constitute the fraud so that they can defend themselves against the charge. There are no facts of any false representation, concealment or nondisclosure by the University defendants. Furthermore, there are no facts showing an intent to defraud or to induce reliance, justifiable reliance or resulting damage. (Judge Castellanos ruled the Motion to Vacate was filed too late).

Moreover, as the accompanying declarations make clear, no communications occurred between Judge Castellanos and Ms. Von Seeburg, Chief Harrison and Mr. Tejada. In addition, Ms. Chang was apparently present for the communications between Ms. Celaya and Judge Castellanos. Even if defendants had communications with the Alameda Superior Court, how can communications or representations that are not made to the Plaintiff constitute fraud or misrepresentation? The answer is, they cannot. If there are no communications directed to

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Ms. Chang, there can be no reliance or intent to induce any particular act on her part.

Finally, to the extent the fraud claim is based upon alleged misrepresentations (ie that the imaginary conversations between Judge Castellanos and defendants occurred and defendants provided Judge Castellanos false or misleading information), the University employees are immune from liability for misrepresentation unless there are facts showing actual fraud, corruption or actual malice. Govt. Code §818.8. The instant First Amended Complaint is devoid of any facts that would obviate the immunity afforded to University employees for any alleged misrepresentations. There are no allegations of "malice" or "corruption" on the part of defendants and no facts which could rise to the level of an inferred motive to deceive Plaintiffs on the part of these University employees. The claim is entirely speculative and implausible and should be dismissed with prejudice.

## IV. CONCLUSION

Based upon the foregoing points and authorities, defendants Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, and Susan Vonseeburg respectfully request that their motion to dismiss, or in the alternative, motion for summary judgment be granted in its entirety as Plaintiffs' claims fail as to all defendants as a matter of law. As Plaintiffs have been afforded more than one opportunity to state a claim against these defendants and have failed, the case should be dismissed, with prejudice.

Dated: March 17, 2008

LOMBARDI, LOPER & CONANT, LLP

By: /s/ GayLynn Kirn Conant
GAYLYNN KIRN CONANT
Attorneys for Defendants
The Regents Of The University of California, Robert Birgeneau Constance Peppers Celaya, Adan Tejada, Victoria Harrison, and Susan Von Seeburg

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541