1    GAYLYNN KIRN CONANT, State Bar No. 161247
     gkc@llcllp.com
2    LOMBARDI, LOPER & CONANT, LLP
     Lake Merritt Plaza
3    1999 Harrison Street, Suite 2600
     Oakland, CA  94612-3541
4    Telephone:    (510) 433-2600
     Facsimile:    (510) 433-2699
5
     Attorneys for Defendants
6    THE REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, ROBERT BIRGENEAU
7    CONSTANCE PEPPERS CELAYA, ADAN
     TEJADA, VICTORIA HARRISON, ALLAN
8    KOLLING, TOM KLATT and SUSAN VON
     SEEBURG
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13   CHRISTINE CHANG, individually and as        Case No.  C-07-4005 EMC
     Guardian ad Litem for ERIC SUN,
     disabled,                                    **DECLARATION OF SUSAN
14                                                VON SEEBURG IN SUPPORT OF
                    Plaintiffs,                   DEFENDANTS' MOTION TO DISMISS
15                                                PURSUANT TO FRCP 12(b)(6) OR, IN
          v.                                      THE ALTERNATIVE, MOTION FOR
16                                                SUMMARY JUDGMENT [F.R.C.P. 56]**
     ROCKRIDGE MANOR
17   CONDOMINIUM, et al.,
                                                  Date:         April 23, 2008
18                  Defendants.                   Time:         10:30 a.m.
                                                  Courtroom:    C
19                                                Judge:        Magistrate Judge Edward M. Chen

20          I, SUSAN VON SEEBURG, declare:

21          1.      I am University Counsel, Office of the General Counsel for The Regents of the

22   University of California where I have been employed since 1987.  I have personal knowledge of

23   the following facts and could and would testify thereto in court if called upon to do so.

24          2.      I have never had communication, either verbal or written, with Judge Cecilia

25   Castellanos concerning Plaintiffs or C. Peppers Celaya.  I have never appeared in Judge

26   Castellanos' courtroom for any purpose.  My only contact with Ms. Chang was an exchange of

27   correspondence concerning a subpoena she served on the University of California for portions of

28   Ms. Celaya's employment records.  I informed Ms. Chang that her subpoena did not comply with

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    the notice requirements found in California Code of Civil Procedure §1985.6 and that until she

2    complied with the statutory requirements the University would be unable to produce the

3    employment records she was seeking.  Attached as Exhibit A is a true and correct copy of an

4    August 26, 2005 letter I wrote to Ms. Chang in that regard.  Attached as Exhibit B is a true and

5    correct copy of an October 4, 2005 letter I wrote to Ms. Chang in that regard.  Attached as Exhibit

6    C is a true and correct copy of a November 23, 2005.

7         3.      I have never met either of the Plaintiffs and have made no representations to them

8    about providing any part of Ms. Celaya's personnel and/or training records other than through the

9    Exhibits A-C.

10        4.      In connection with Ms. Chang's allegations concerning her receipt of parking

11   citations, at no time did I have any communications with any traffic enforcement officer about

12   Ms. Chang and at no time did I ask or instruct any traffic enforcement officer to cite Ms. Chang

13   with a parking ticket while on the U.C. Berkeley campus.

14        I declare that the foregoing facts are true and correct.  Executed this 14th day of March,

15   2008 at Oakland, California.

16

17                                        /s/ Susan Von Seeburg
                                          SUSAN VON SEEBURG

18

19

20

21

22

23

24

25

26

27

28

30284-37261 GKC 544070.1

DEC. OF VON SEEBURG ISO MOT.
DISMISS/MOT. SUMMARY JUDGMENT
C-07-4005 EMC

# EXHIBIT A

# THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL



1111 Franklin Street, 8th Floor • Oakland, California 94607-5200 • (510) 987-9800 • FAX (510) 987-9757

James E. Holst
GENERAL COUNSEL

Writer's direct line: (510) 987-9753
E-mail: susan.vonseeburg@ucop.edu

August 26, 2005

Christine Chang
341 Tireway Drive
Alameda, CA 94501

Re:    Subpoena for Employment Records of Constance Celaya

Dear Ms. Chang:

I am responding on behalf of the UC Berkeley Police Department to your subpoena for the employment records of Constance Celaya. I want to let you know that there are special requirements that must be met in order to obtain employment records. They can be found in California Code of Civil Procedure (Code Civ. Proc) section 1985.6. You have not complied with these requirements. Therefore, pursuant to California Code of Civil Procedure section 1985.6(j), we will not be producing the employment records you seek.

Sincerely,

Susan H. von Seeburg
University Counsel

lj

137476.1

EXHIBIT _A_

# EXHIBIT B

# THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
## OFFICE OF THE GENERAL COUNSEL



1111 Franklin Street, 8th Floor • Oakland, California 94607-5200 • (510) 987-9800 • FAX (510) 987-9757

James E. Holst
GENERAL COUNSEL

Writer's direct line: (510) 987-9753
E-mail: susan.vonseeburg@ucop.edu

October 4, 2005

Ms. Christine Chang
341 Tideway Drive, Apt. 214
Alameda, CA 94501

Re:    Subpoena for Employment Records of Constance Celaya

Dear Ms. Chang:

This letter is in response to your letter dated September 27, 2005. You continue to assert that you served "all the subpoena document[sic]" to Ms. Constance Celaya to obtain employment records about her training. Mr. Kolling (by letter dated September 13, 2005) and I (by letter dated August 26, 2005) have both written to you to let you know that you did not comply with the requirements of California Code of Civil Procedure (CCP) section 1985.6 and, therefore, we could not produce the employment records you are seeking. (CCP § 1985.6(j).)

Most notably, you did not comply with CCP § 1985.6(b) and (e). Subdivision (b) requires you to "serve . . . on the employee whose records are being sought a copy of the subpoena duces tecum; the affidavit supporting the issuance of the subpoena if any; and the notice described in subdivision (e), and proof of service as provided in paragraph (1) of subdivision (c).

The documents that you provided to the University did not include the "notice" that is referenced above.

Subdivision (e) describes the notice as follows:

> Every copy of the subpoena duces tecum and affidavit served on an employee or
> his or her attorney in accordance with subdivision (b) shall be accompanied by a
> notice, indicating that (1) employment records about the employee are being
> sought from the witness named on the subpoena; (2) the employment records may
> be protected by a right of privacy; (3) if the employee objects to the witness
> furnishing the records to the party seeking the records the employee shall file
> papers with the court prior to the date specified for production on the subpoena;



Ms. Christine Chang
October 4, 2005
Page 2

and (4) if the subpoenaing party does not agree in writing to cancel or limit the subpoena, an attorney should be consulted about the employee's interest in protecting his or her rights of privacy. If a notice of taking of deposition is also served, that other notice may be set forth in a single document with the notice required by this subdivision.

The notice is a very important part of the subpoena process for employment records because of the employee's right of privacy. "Failure to comply with this section [all parts of CCP § 1985.6] shall be sufficient basis for the witness [employer] to refuse to produce the employment records sought by subpoena duces tecum." (CCP § 1985.6(j).)

We do not know what went on in your case and we do not represent Ms. Celaya. Our only concern is to follow the law about employment records.

I trust that we have answered your question and that our involvement with this matter is concluded.

Sincerely,

Susan H. von Seeburg
University Counsel

tab

cc:    V. L. Harrison
       A. T. Kolling

138835.1

EXHIBIT 5

# EXHIBIT C

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL



1111 Franklin Street, 8th Floor • Oakland, California 94607-5200 • (510) 987-9800 • FAX (510) 987-9757

James E. Holst
GENERAL COUNSEL

Writer's direct line:  (510) 987-9753
E-mail: susan.vonseeburg@ucop.edu

November 23, 2005

Ms. Christine Chang
341 Tideway Drive, Apt. 214
Alameda, CA  94501

Re:    Subpoena for Employment Records

Dear Ms. Chang:

I am responding to your letter dated November 8, 2005.  In that letter, you claim that I have not responded to your telephone calls.  That is not true.  I sent you a letter on October 4, 2005 and resent it later in the month after reviewing your messages.  Also, my secretary called you on at least one occasion in late October.

You continue to request employment records of Ms. Constance Celaya.  However, to date, you have not complied with California Code of Civil Procedure section 1985.6.  Without this compliance, the University cannot release the employment records you seek.

The University is not involved in your dispute with Ms. Celaya and was not present at the court hearing on September 16, 2005.  Presumably, if the Judge thought you should have the records Ms. Celaya brought to the hearing, s/he would have ordered Ms. Celaya to give you a copy.

Again, the University will not release employment records to you unless you comply with California Code of Civil Procedure section 1985.6.

Sincerely,

Susan H. von Seeburg
University Counsel

tab

cc:    V. L. Harrison
       A. T. Kolling

140704.1

EXHIBIT  C