

1    CHRISTINE CHANG PRO PER
**Name and Address**
2    341 TIDEWAY DRIVE # 214
3    ALAMEDA, CA 94501

4

# UNITED STATES DISTRICT COURT
5
# NORTHERN DISTRICT OF CALIFORNIA
6

7                                            )
8                                            )    Case No. C 07-4005 EMC
                                             )
9    CHRISTINE CHANG, ERIC SUN               )
10        **Plaintiff / Petitioner**         )    **Document Name:**
                                             )
11        VS.                                )
                                             )    FIRST AMENDED
12                                           )
                                             )        COMPLAINT
13   ROCKRIDGE MANOR                         )
14        **Defendant / Respondent**         )
15   MANAGER et al,                               EXHIBIT A, B, C
16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  BRETT S. ALLEN, (SBN 165097)
   LAW OFFICE OF BRETT S. ALLEN
2  909 Marina Village Parkway, #669
   Alameda, CA 94501
3  Tel: (510) 872-9933

4  Attorney for Plaintiffs
   Christine Chang and
5  Eric Sun

**ENDORSED
FILED
ALAMEDA COUNTY**

**SEP 1 2 2001**

**CLERK OF THE SUPERIOR COURT
By R.C. Hughes,**

6

7

8            SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF ALAMEDA

10              UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN

13              Plaintiffs,

14          vs.

15  EVA AMMANN, ~~ELIZABETH EDDY~~,
    CHARLES BLAKENEY, MIKE
16  SOLOMON, MURRAY SINGER, and
    DOES 1-100, inclusive
17
              Defendants.
18

CASE NO. **2001-023364**

COMPLAINT FOR INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS, NEGLIGENCE, SLANDER,
AND INTRUSION

19
20       Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each
21  of them as follows:

22              **GENERAL ALLEGATIONS**

23  1.       At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and

24  ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.

25  2.       Plaintiffs are informed and believe that at all times relevant to this lawsuit

26  defendant EVA AMMANN was and is a natural person residing in Alameda

27  County.

28  3.       Plaintiffs are informed and believe that at all times relevant to this lawsuit

1

1   defendant CHARLES BLAKENEY was and is a natural person residing in
2   Alameda County.

3   4.          Plaintiffs are informed and believe that at all times relevant to this lawsuit
4   defendant MIKE SOLOMON was and is a natural person residing in Alameda
5   County.

6   5.          Plaintiffs are informed and believe that at all times relevant to this lawsuit
7   defendant MURRAY SINGER was and is a natural person residing in Alameda
8   County.

9   6.          Defendants Does 1 through 100, inclusive, are sued herein under fictitious
10  names because their true names and capacities, whether individual, associate,
11  corporate or governmental, are not now known to Plaintiffs. Plaintiffs are
12  informed and believe and upon such information and belief allege that each of
13  the Defendants named as a Doe is negligently or otherwise legally responsible in
14  some manner for the events herein alleged, and that said Defendants negligently
15  acted or omitted to act in one or more of their occupations and businesses and
16  that such negligence or fault proximately caused the injuries and damages
17  hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities
18  of said Defendants when the same are ascertained.

19  7.          At all times herein mentioned, each and every one of the Defendants
20  herein was the agent, servant and employee of each other, and each was acting
21  within the course and scope of such agency, service and employment.

22  8.          At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and
23  ERIC SUN resided in unit number 314 located in the Rockridge Manor
24  Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

25  9.          At all times relevant to this lawsuit, plaintiffs are informed and believe that
26  defendant EVA AMMANN was the manager of Rockridge Manor Condominium
27  complex and resided in said complex located at 2005 Pleasant Valley Avenue,
28  Oakland, California.

2

1    10.         At all times relevant to this lawsuit, plaintiffs are informed and believe that

2          defendant CHARLES BLAKENEY was on the board of directors of the Rockridge

3          Manor Condominium complex and resided in said complex located at 2005

4          Pleasant Valley Avenue, Oakland, California.

5    11.         At all times relevant to this lawsuit, plaintiffs are informed and believe that

6          defendant MIKE SOLOMON was on the board of directors of the Rockridge

7          Manor Condominium complex and resided in the complex located at 2005

8          Pleasant Valley Avenue, Oakland, California.

9    12.         At all times relevant to this lawsuit, plaintiffs are informed and believe that

10          defendant MURRAY SINGER was on the board of directors of the Rockridge

11          Manor Condominium complex and resided in said complex located at 2005

12          Pleasant Valley Avenue, Oakland, California.

13                    **FIRST CAUSE OF ACTION**
                    (Intentional Infliction of Emotional Distress)
14

15    13.         On or about September 14, 2000, defendant EVA AMMANN contacted

16          the Department of Social Services and knowingly and falsely reported that

17          plaintiff ERIC SUN was acting dangerously and possessed a gun.

18    14.         Defendants' conduct as alleged here was intentional and malicious and

19          done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,

20          and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE

21          SOLOMON, and MURRAY SINGER's conduct in confirming and ratifying the

22          wrongful conduct was done with a wanton and reckless disregard of the

23          consequences to Plaintiffs.

24    15.         As the proximate result of the aforementioned acts, Plaintiffs suffered

25          humiliation, mental anguish, embarrassment, shame, and emotional and physical

26          distress, and have been injured in mind and body, all to Plaintiffs's damage.

27    16.         As a result of Defendants's conduct as alleged herein, Plaintiffs suffered

28          severe emotional distress according to proof at trial including but not limited to

                                    3

1

2

### THIRD CAUSE OF ACTION
(Slander against EVA AMMANN)

3    22.        Plaintiffs incorporate herein by reference each and every allegation as set

4              forth in Paragraphs 1 through 21 above.

5    23.        On or about September 14, 2000, defendant EVA AMMANN contacted

6              the Department of Social Services and knowingly and falsely reported that

7              plaintiff ERIC SUN was acting dangerously and possessed a gun.

8    24.        Defendant EVA AMMANN's statements were made with wanton disregard

9              for the truth and accused Plaintiff ERIC SUN of possessing a firearm. Therefore,

10             Plaintiff ERIC SUN is entitled to and demands punitive damages against

11             Defendant EVA AMMANN.

12    25.       The result of Defendants's slander as alleged herein, caused Plaintiff

13             ERIC SUN loss of security, humiliation, frustration, mental anguish, and

14             emotional and physical distress.

15

16

### FOURTH CAUSE OF ACTION
(Intrusion)

17    26.       Plaintiffs incorporate herein by reference each and every allegation as set

18             forth in Paragraphs 1 through 28 above.

19    27.       Defendants actions caused the Department of Social Services and the

20             police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

21    28.       Defendants knew that falsely informing the Department of Social Services

22             and/or the police would cause the police and Department of Social Services

23             personnel to intrude into Plaintiff ERIC SUN's privacy by entering his

24             condominium.

25    WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

26        **ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:**

27              1.    For general damages according to proof at the time of trial;

28              2.    For costs of suit herein incurred;

5

1              3.     For punitive damages; and

2              4.     For such other and further relief as the Court deems just and

3                     proper.

4         **ON THE SECOND CAUSE OF ACTION:**

5              1.     For general damages according to proof at the time of trial;

6              2.     For costs of suit herein incurred; and

7              3.     For such other and further relief as the Court deems just and

8                     proper.

9   Dated: September 11, 2001           Law Office of Brett S. Allen

10

11

12

13

Brett S. Allen
Attorney for Plaintiffs
CHRISTINE CHANG and
ERIC SUN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

exhibit B

1   BRETT S. ALLEN, (SBN 165097)
    LAW OFFICE OF BRETT S. ALLEN
2   909 Marina Village Parkway, #669
    Alameda, CA 94501
3   Tel: (510) 872-9933

4   Attorney for Plaintiffs
    Christine Chang and
5   Eric Sun

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10                      UNLIMITED JURISDICTION

11

12   CHRISTINE CHANG and ERIC SUN          CASE NO.: 2001-023364

13              Plaintiffs,
                                           FIRST AMENDED COMPLAINT FOR
14          vs.                            INTENTIONAL INFLICTION OF
                                           EMOTIONAL DISTRESS,
15   EVA AMMANN, CHARLES BLAKENEY,         NEGLIGENCE, SLANDER, AND
     MIKE SOLOMON, MURRAY SINGER,          INTRUSION
16   ROCKRIDGE MANOR HOA and DOES
     2-100, inclusive
17
                Defendants.
18

19
          Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each
20
     of them as follows:
21
                            **GENERAL ALLEGATIONS**
22
     1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and
23
     ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.
24
     2.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
25
     defendant EVA AMMANN was and is a natural person residing in Alameda
26
     County.
27
     3.      Plaintiffs are informed and believe that at all times relevant to this lawsuit
28

                                          1

Case 3:07-cv-04005-EMC    Document 153    Filed 03/24/2008    Page 10 of 20


1    defendant CHARLES BLAKENEY was and is a natural person residing in

2    Alameda County.

3   4.         Plaintiffs are informed and believe that at all times relevant to this lawsuit

4    defendant MIKE SOLOMON was and is a natural person residing in Alameda

5    County.

6   5.         Plaintiffs are informed and believe that at all times relevant to this lawsuit

7    defendant MURRAY SINGER was and is a natural person residing in Alameda

8    County.

9   6.         Upon filing the original cross-complaint herein, Plaintiffs were ignorant of

10    the true names of each Defendant and having designated this Defendant in the

11    complaint by a fictitious name, to-wit DOE-1, and having discovered the true

12    name of the Defendant to be the Defendant described in this paragraph, Plaintiff

13    hereby amends its complaint by inserting such true name in the place and stead

14    of such fictitious name wherever it appears in the complaint. ROCKRIDGE

15    MANOR HOA is a business entity, form unknown, which performed managerial

16    functions at the Rockridge Manor Condominium Complex at the time of the

17    relevant events described herein. Plaintiffs are informed and believe and thereon

18    allege that the ROCKRIDGE MANOR HOA participated in the wrongful acts and

19    omissions alleged herein and ratified the wrongful acts and omissions of the

20    other defendants as alleged herein.

21   7.         Defendants Does 2 through 100, inclusive, are sued herein under fictitious

22    names because their true names and capacities, whether individual, associate,

23    corporate or governmental, are not now known to Plaintiffs. Plaintiffs are

24    informed and believe and upon such information and belief allege that each of

25    the Defendants named as a Doe is negligently or otherwise legally responsible in

26    some manner for the events herein alleged, and that said Defendants negligently

27    acted or omitted to act in one or more of their occupations and businesses and

28    that such negligence or fault proximately caused the injuries and damages

2

1    hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities
2    of said Defendants when the same are ascertained.

3 8.    At all times herein mentioned, each and every one of the Defendants
4    herein was the agent, servant and employee of each other, and each was acting
5    within the course and scope of such agency, service and employment.

6 9.    At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and
7    ERIC SUN resided in unit number 314 located in the Rockridge Manor
8    Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

9 10.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
10    defendant EVA AMMANN was the manager of Rockridge Manor Condominium
11    complex and resided in said complex located at 2005 Pleasant Valley Avenue,
12    Oakland, California.

13 11.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
14    defendant CHARLES BLAKENEY was on the board of directors of the Rockridge
15    Manor Condominium complex and resided in said complex located at 2005
16    Pleasant Valley Avenue, Oakland, California.

17 12.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
18    defendant MIKE SOLOMON was on the board of directors of the Rockridge
19    Manor Condominium complex and resided in the complex located at 2005
20    Pleasant Valley Avenue, Oakland, California.

21 13.    At all times relevant to this lawsuit, plaintiffs are informed and believe that
22    defendant MURRAY SINGER was on the board of directors of the Rockridge
23    Manor Condominium complex and resided in said complex located at 2005
24    Pleasant Valley Avenue, Oakland, California.

25    **FIRST CAUSE OF ACTION**
Intentional Infliction of Emotional Distress
26    Against All Defendants

27 14.    On or about September 14, 2000, defendant EVA AMMANN contacted
28    the Department of Social Services and knowingly and falsely reported that

3

plaintiff ERIC SUN was acting dangerously and possessed a gun.

2   15.        Defendants' conduct as alleged here was intentional and malicious and

3        done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,

4        and emotional and physical distress. Defendants CHARLES BLAKENEY, MIKE

5        SOLOMON, MURRAY SINGER, and the ROCKRIDGE MANOR HOA's conduct

6        in confirming and ratifying the wrongful conduct was done with a wanton and

7        reckless disregard of the consequences to Plaintiffs.

8   16.        As the proximate result of the aforementioned acts, Plaintiffs suffered

9        humiliation, mental anguish, embarrassment, shame, and emotional and physical

10       distress, and have been injured in mind and body, all to Plaintiffs's damage.

11  17.        As a result of Defendants's conduct as alleged herein, Plaintiffs suffered

12       severe emotional distress according to proof at trial including but not limited to

13       humiliation, embarrassment, anguish, pain, and betrayal.

14  18.        As more fully alleged above, in committing all of the foregoing acts of

15       misconduct, Defendants acted in a flagrant, aggravated, and wanton and

16       reckless disregard of the duties and obligations they owed to Plaintiffs and their

17       rights, and Plaintiffs are therefore entitled to and demand punitive damages.

18  19.        As more fully alleged above, pursuant to California Civil Code section

19       3345, Plaintiffs are entitled to have penalties, fines, and damages awarded

20       increased in an amount up to three times greater than would otherwise be

21       awarded.

22                         **SECOND CAUSE OF ACTION**
                            Negligence Against All Defendants
23

24  20.        Plaintiffs incorporate herein by reference each and every allegation as set

25       forth in Paragraphs 1 through 18 above.

26  21.        Defendants named herein knew that Plaintiff ERIC SUN had emotional

27       problems and that calling the Department of Social Services and/or the police

28       would greatly harm his state of mind. Additionally, Defendants knew that calling

1    the police and/or the Department of Social Services would cause great emotional
2    harm to Plaintiff CHRISTINE CHANG. Despite this knowledge, Defendants and
3    each of them called and/or ratified the calling of the Department of Social
4    Services and/or the police and fraudulently reported that Plaintiff ERIC SUN
5    possessed a gun and was acting violently. Defendants breached their duty to
6    Plaintiffs by fraudulently, knowingly, and falsely informing or ratifying the
7    informing of the Department of Social Services and/or the police that Plaintiff
8    ERIC SUN possessed a gun and was violent.

9    22.        The result of Defendants's negligence as alleged herein, caused the
10   Plaintiffs loss of security, humiliation, frustration, mental anguish, and emotional
11   and physical distress.

**THIRD CAUSE OF ACTION**
Slander Against All Defendants

23.        Plaintiffs incorporate herein by reference each and every allegation as set
forth in Paragraphs 1 through 21 above.

24.        On or about September 14, 2000, defendant EVA AMMANN contacted
the Department of Social Services and knowingly and falsely reported that
plaintiff ERIC SUN was acting dangerously and possessed a gun.

25.        Defendant EVA AMMANN's statements were made with wanton disregard
for the truth and accused Plaintiff ERIC SUN of possessing a firearm.
Defendants CHARLES BLAKENEY, MIKE SOLOMON, MURRAY SINGER, and
the ROCKRIDGE MANOR HOA's conduct in confirming and ratifying the
wrongful conduct was done with a wanton and reckless disregard of the
consequences to Plaintiffs Therefore, Plaintiff ERIC SUN is entitled to and
demands punitive damages against all Defendants.

26.        The result of Defendants's slander as alleged herein, caused Plaintiff
ERIC SUN loss of security, humiliation, frustration, mental anguish, and

5

1  emotional and physical distress.

2  **FOURTH CAUSE OF ACTION**
   Intrusion Against All Defendants
3

4  27.       Plaintiffs incorporate herein by reference each and every allegation as set

5  forth in Paragraphs 1 through 28 above.

6  28.       Defendants actions caused the Department of Social Services and the

7  police to intrude into the life of Plaintiff ERIC SUN in a highly offensive manner.

8  29.       Defendants knew that falsely informing the Department of Social Services

9  and/or the police would cause the police and Department of Social Services

10  personnel to intrude into Plaintiff ERIC SUN's privacy by entering his

11  condominium.

12  WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

13  **ON THE FIRST AND THIRD AND FOURTH CAUSES OF ACTION:**

14          1.     For general damages according to proof at the time of trial;

15          2.     For costs of suit herein incurred;

16          3.     For punitive damages; and

17          4.     For such other and further relief as the Court deems just and

18                 proper.

19  **ON THE SECOND CAUSE OF ACTION:**

20          1.     For general damages according to proof at the time of trial;

21          2.     For costs of suit herein incurred; and

22          3.     For such other and further relief as the Court deems just and

23                 proper.

24  Dated: October 1, 2001                    Law Office of Brett S. Allen

25

26
                                              Brett S. Allen
27                                            Attorney for Plaintiffs
                                              CHRISTINE CHANG and
28                                            ERIC SUN

6

exhibit C

1  BRETT S. ALLEN, (SBN 165097)
   LAW OFFICE OF BRETT S. ALLEN
2  909 Marina Village Parkway, #669
   Alameda, CA 94501
3  Tel: (510) 872-9933

4  Attorney for Plaintiffs
   Christine Chang and
5  Eric Sun

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 0 3 2002

CLERK OF THE SUPERIOR COURT
By R.C. Hughes,

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10                UNLIMITED JURISDICTION

11

12  CHRISTINE CHANG and ERIC SUN         CASE NO.: 2002-046048

13              Plaintiffs,

14    vs.                               COMPLAINT FOR INTENTIONAL
                                        INFLICTION OF EMOTIONAL
15  CANDACE CELAYA, and DOES 1-30,      DISTRESS, ASSAULT AND BATTERY
    inclusive
16

17              Defendants.

18
        Plaintiffs, CHRISTINE CHANG and ERIC SUN complain of Defendants and each
19
    of them as follows:
20
                      **GENERAL ALLEGATIONS**
21
    1.      At all times relevant to this lawsuit, Plaintiffs, CHRISTINE CHANG and
22
    ERIC SUN, ("Plaintiffs") were residents of Alameda County, California.
23
    2.          Plaintiffs are informed and believe that at all times relevant to this lawsuit
24
    defendant CANDACE CELAYA was and is a natural person residing in Alameda
25
    County.
26
    3.      Defendants Does 1 through 30, inclusive, are sued herein under fictitious
27
    names because their true names and capacities, whether individual, associate,
28

                              1

1   corporate or governmental, are not now known to Plaintiffs. Plaintiffs are

2   informed and believe and upon such information and belief allege that each of

3   the Defendants named as a Doe is negligently or otherwise legally responsible in

4   some manner for the events herein alleged, and that said Defendants negligently

5   acted or omitted to act in one or more of their occupations and businesses and

6   that such negligence or fault proximately caused the injuries and damages

7   hereinafter set forth. Plaintiffs pray leave to insert the true names and capacities

8   of said Defendants when the same are ascertained.

9   4.          At all times herein mentioned, each and every one of the Defendants

10   herein was the agent, servant and employee of each other, and each was acting

11   within the course and scope of such agency, service and employment.

12   5.          At all times relevant to this lawsuit plaintiffs CHRISTINE CHANG and

13   ERIC SUN resided in unit number 314 located in the Rockridge Manor

14   Condominium complex at 2005 Pleasant Valley Avenue, Oakland, California.

15   6.          At all times relevant to this lawsuit, plaintiffs are informed and believe that

16   defendant CANDACE CELAYA resided in the Rockridge Manor Condominium

17   complex located at 2005 Pleasant Valley Avenue, Oakland, California.

18                          **FIRST CAUSE OF ACTION**
                           (Intentional Infliction of Emotional Distress)
19

20   7.          On or about December 10, 2001, Defendant CELAYA, verbally threatened

21   plaintiffs with bodily injury.

22   8.          Defendant's conduct as alleged here was intentional and malicious and

23   done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish,

24   and emotional and physical distress.

25   9.          As the proximate result of the aforementioned acts, Plaintiffs suffered

26   humiliation, mental anguish, embarrassment, shame, and emotional and physical

27   distress, and have been injured in mind and body, all to Plaintiffs's damage.

28   10.          As a result of Defendant's conduct as alleged herein, Plaintiffs suffered

2

1    severe emotional distress according to proof at trial including but not limited to

2    humiliation, embarrassment, anguish, pain, and betrayal.

3    ## SECOND CAUSE OF ACTION
### (Assault)

4

5    11.    Plaintiffs incorporate herein by reference each and every allegation as set

6    forth in Paragraphs 1 through 10 above.

7    12.    On or about December 10, 2001, in the laundry room located of the

8    Rockridge Manor Condominium complex located at 2005 Pleasant Valley

9    Avenue, Oakland, California, defendant CELAYA, approached plaintiffs in a

10    menacing manor, with closed fists, and stated her intention of striking plaintiffs

11    with her hands.

12    13.    In doing the acts as alleged above, defendant CELAYA intended to place

13    plaintiffs in apprehension of great bodily harm.

14    14.    As a result of defendant CELAYA's acts as alleged above, plaintiffs, in

15    fact, were placed in great apprehension of great bodily harm.

16    ## THIRD CAUSE OF ACTION
### (Battery)

17

18    15.    Plaintiffs incorporate herein by reference each and every allegation as set

19    forth in Paragraphs 1 through 14 above.

20    16.    Immediately thereafter, defendant CELAYA pushed plaintiff CHANG in the

21    chest and grabbed CHANG'S neck with her hands. Defendant CELAYA then

22    repeatedly struck CHANG in the face with her fists. CHANG was able to back

23    away but defendant CELAYA once again grabbed CHANG'S neck and

24    threatened to kill her. CELAYA continued the attack by pushing CHANG against

25    the wall. Plaintiff SUN heard the noise and entered the laundry room. CELAYA

26    pushed and hit SUN in the shoulders, neck, and arm. She also scratched SUN

27    causing his finger to bleed.

28    17.    In doing the acts as alleged above, defendant CELAYA acted with the

3

1    intent to make physical contact with both plaintiffs.

2    ## SECOND AND THIRD CAUSES OF ACTION
     ### (Continued)

3

4    18.    At no time did plaintiffs consent to any of the acts of defendant alleged in

5    the second and third causes of action, above.

6    19.    As a proximate result of the acts of defendant as alleged in the second

7    and third causes of action, plaintiff CHANG suffered bruises to her neck and

8    face.

9    20.    As a proximate result of the acts of defendant as alleged in the second

10    and third causes of action, plaintiff SUN suffered bruises to his shoulders and a

11    cut to his finger.

12    21.    As a proximate result of the acts of defendant as alleged in the second

13    and third causes of action, plaintiffs were hurt and injured in their health,

14    strength, and activity, sustaining injuries to their persons, all of which have

15    caused, and continue to cause, plaintiffs great mental and nervous pain and

16    suffering. As a result of these injuries, plaintiffs have suffered general damages

17    in an amount to be determined at trial.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

4

1   22.            The aforementioned conduct of defendant was willful and malicious and

2   was intended to oppress and cause injury to plaintiffs. Plaintiffs are therefore

3   entitled to an award of punitive damages.

4   WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

5            1.      For general damages according to proof at the time of trial;

6            2.      For costs of suit herein incurred;

7            3.      For punitive damages; and

8            4.      For such other and further relief as the Court deems just and

9                    proper.

10  Dated: April 1, 2002                    Law Office of Brett S. Allen

11

12

13                                          Brett S. Allen
                                            Attorney for Plaintiffs
14                                          CHRISTINE CHANG and
                                            ERIC SUN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5