United States District Court

For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8   CHRISTINE CHANG, *et al.*,                    No. C-07-4005 EMC
9               Plaintiffs,
                                                  **ORDER DENYING PLAINTIFFS'**
10      v.                                        **MOTION FOR JUDGE CHEN'S**
                                                  **RECUSAL BASED ON PERSONAL BIAS**
11  ROCKRIDGE MANOR CONDOMINIUM, *et*             **AND PREJUDICE AND IN FAVOR OF**
    *al.*,                                        **ADVERSE PARTY**
12
               Defendants.                        **(Docket No. 151)**
13
    _____/
14
15          Plaintiffs have filed a motion, asking that the undersigned by removed from the case because
16  of bias or prejudice pursuant to 28 U.S.C. § 144.  Having reviewed Plaintiffs' motion and
17  accompanying submission, including the affidavit of Christine Chang, the Court hereby **DENIES**
18  Plaintiffs' motion.
19                        **I.    DISCUSSION**
20          Title 28 U.S.C. § 144 provides in relevant part as follows: "Whenever a party to any
21  proceeding in a district court makes and files a timely and sufficient affidavit that the judge before
22  whom the matter is pending has a personal bias or prejudice either against him or in favor of any
23  adverse party, such judge shall proceed no further therein, but another judge shall be assigned to
24  hear such proceeding."  28 U.S.C. § 144.
25          As evidenced by the language of the statute, "[t]he simple filing of an affidavit does not
26  automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).  Only
27  if a timely and sufficient affidavit is filed must a presiding judge proceed no further and the case be
28  reassigned to another judge.  In accordance with the language of § 144, the Ninth Circuit has

**United States District Court**
For the Northern District of California

1  expressly held that a judge against whom an affidavit of bias is filed may pass on its legal

2  sufficiency; "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty

3  of the judge to 'proceed no further' in the case." *United States v. Azhocar*, 581 F.2d 735, 738 (9th

4  Cir. 1978); *see also Davis v. Commissioner of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir.

5  1984) (noting that, "[u]nder the statutory standard for judicial disqualification, judges are charged

6  with an affirmative duty to probe the legal sufficiency of petitioner's affidavit of prejudice and not

7  to disqualify themselves unnecessarily").

8      "[T]o be legally sufficient, the affidavit must meet three requirements.  It must state facts

9  which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial

10  source (2) may prevent a fair decision on the merits.  The focus is not only on the source of the facts

11  and their distorting effect on a decision on the merits . . . , but also on (3) the substantiality of the

12  support given by these facts to the allegation of bias . . . ." *Azhocar*, 581 F.2d at 739-40.  An

13  affidavit based on conclusions, opinions, or rumors is not a sufficient basis for recusal.  *See Davis*,

14  734 F.2d at 1303; *United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir. 1976); *Hodgson v. Liquor*

15  *Salesmen's Union*, 444 F.2d 1344, 1348 (2d Cir. 1971); *see also United States v. Platshorn*, 488 F.

16  Supp. 1367, 1368 (S.D. Fla. 1980) ("Although the Court may not decide the truth of the facts alleged

17  in the affidavit, there is no requirement that the Court accept the affiant's conclusions or her

18  speculations.").

19      In the instant case, the affidavit submitted by Plaintiffs is legally insufficient and therefore

20  their request for recusal must be denied.  Plaintiffs claim that the Court is biased, prejudiced, and

21  favorably disposed to the adverse party based on the Court's statements in its order of February 13,

22  2008, in which it granted the motions to dismiss and motion for summary judgment that had been

23  filed by some of the defendants in the case.  Plaintiffs take issue in particular with the Court's

24  conclusions in its order that Plaintiffs' allegations of a massive conspiracy among Defendants and

25  her former attorneys were fanciful and speculative.  *See* Docket No. 110, at 14 (order).

26      The Court's statements in its order, however, do not constitute bias or prejudice stemming

27  from an extrajudicial source.  The Court made its statements precisely because of what it learned

28  from its participation in the case, *see United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)

(explaining that "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."), and not from some source beyond the four corners of the courtroom. *See United States v. Orbiz*, 366 F. Supp. 628, 629 (D.P.R. 1973) (explaining that "a distinction is to be drawn between attitudes and conceptions based on proceedings had before the court and those based in sources beyond the four corners of the courtroom."). As noted by one court, "[i]t is the duty of a judge to arrive at conclusions from manifestations, writings and all other evidence presented in the course of judicial proceedings before him." *Id.* at 630.

Notably, there are similar cases in which a court's criticism of a party and/or a party's argument has been held not extrajudicial. For example, in *Davis*, the Eighth Circuit rejected a party's claim that the trial court's expression of disbelief that a document had been tampered with by the U.S. mail constituted bias, adding that "whatever bias might inhere in the judge's remark is not extrajudicial and does not appear personal." *Davis*, 734 F.2d at 1304. Similarly, in *United States v. Bray*, 546 F.2d 851 (10th Cir. 1976), the Tenth Circuit indicated that, while a judge had made "unjudicial" remarks (*e.g.*, calling a party "a damned impertinent bird" and holding the party in contempt for alleging that the judge had accepted a bribe), they were comments that were not extrajudicial in nature, "reflect[ing] the judge's attitude and reactions to specific incidents occurring at trial." *Id.* at 859 (also noting that, in prior cases, the Tenth Circuit had held "that a judge's remark characterizing defense counsel's statement as 'ridiculous' did not give rise to reversible error, that a judge's 'comment on the 'pathetic' nature of a witness was not prejudicial, and that a judge's request that counsel examine his witness 'without beating around the bush' did not constitute plain error or prejudice the defendants").

There is an exception to the rule that a bias must be personal and extrajudicial -- *i.e.*, "in extreme cases of pervasive personal bias and prejudice." *Davis*, 734 F.2d at 1303.

> This "pervasive bias" exception to the extrajudicial source factor arises when a judge's favorable or unfavorable predisposition toward a party, although stemming solely from the facts adduced or the events occurring at trial, nonetheless becomes so extreme as to indicate the judge's clear inability to render fair judgment. However, the exception is construed narrowly; bias stemming solely from facts

United States District Court

For the Northern District of California

1  gleaned during judicial proceedings must be particularly strong in
   order to merit recusal.

2

3  12-63 Moore's Fed. Prac. -- Civ. § 63.21[5].  In *Liteky v. United States*, 510 U.S. 540 (1994), the

4  Supreme Court identified one example where a judge's comments reflected a high degree of

5  favoritism or antagonism that would make fair judgment impossible: where a judge, in a World War

6  I espionage case against German-American defendants, allegedly said that "'[o]ne must have a very

7  judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts

8  are reeking with disloyalty.'"  *Id.* at 555 (citing *Berger v. United States*, 255 U.S. 22 (1921)); *see*

9  *also United States v. Antar*, 53 F.3d 568, 576 (3d Cir. 1995) (finding pervasive bias where "the

10 district court told the parties that his goal from the beginning of the criminal proceeding was to

11 enforce a repatriation order and final judgment issued during a concurrent civil proceeding and give

12 back the proceeds recovered to the public"), *overruled on other grounds as stated in* Schwab v.

13 Philip Morris USA, Inc., 449 F. Supp. 2d 992 (E.D.N.Y. 2006).

14     In the instant case, Plaintiffs have made no showing that this is an extreme case evidencing

15 pervasive bias.  Plaintiffs cite to various places in the order where the Court used phrases such as

16 "fantastic," "fanciful and insubstantial," "speculative," and so forth, but these phrases were all used

17 in connection with the Court's singular conclusion that Plaintiffs' allegations of a massive

18 conspiracy were implausible.  At bottom, Plaintiffs are contesting an adverse ruling against them.

19 "Adverse rulings should be appealed; they do not form the basis for a recusal motion."  *In re*

20 *Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994).

21 ///

22 ///

23 ///

24 ///

25 ///

26

27

28

4

1    For the foregoing reasons, Plaintiffs have failed to provide a legally sufficient affidavit, and

2  in the absence of a legally sufficient affidavit, the undersigned is not barred from presiding over and

3  proceeding with this case.  Accordingly, Plaintiffs' request for recusal is denied.

## II.    CONCLUSION

5    Plaintiffs' motion for recusal is denied.

6    This order disposes of Docket No. 151.

8    IT IS SO ORDERED.

10  Dated:  March 31, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

      Plaintiffs,

   v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

      Defendants.

_____/

No. C-07-4005 EMC

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Christine  Chang
341 Tideway Drive #214
Alameda,  CA 94501

*ALL OTHER COUNSEL SERVED VIA*
*ELECTRONIC FILING*

Dated: March 31, 2008

RICHARD W. WIEKING, CLERK


By: _____/s/_____
     Leni Doyle
     Deputy Clerk