1

2

3

Christine Chang Pro Se, individually
4    and Eric Sun, disabled
341 Tideway Drive #214
5    Alameda, CA 94501
Telephone : (510) 769-8232
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  CHRISTINE CHANG, individually and          Case: C-07-4005 EMC
    ERIC SUN, disabled
11                                             PLAINTIFFS OPPOSITION
        Plaintiffs,                            TO DEFENDANT ALBERT
12                                             COOMBES MOTION TO
                                               DISMISS FOR LACK OF
        vs.                                    JURISDICTION OVER THE
13                                             SUBJECT MATTER
    ROCKRIDGE MANOR                            AND/OR FAILURE TO
14  CONDOMINIUM, et al.,                       STATE A CLAIM UPON
                                               WHICH RELIEF CAN BE
15      Defendants.                            GRANTED
16
                                               Date: April 30, 2008
17                                             Time: 10:30 a.m.
                                               Courtroom: C
18                                             Judge: Magistrate Judge
                                                     Edward M. Chen
19

20

21

22
                                    1
23 PLAINTIFFS OPPOSITION TO DEFENDANT ALBERT COOMBES MOTION TO DISMISS FOR LACK OF JURISDICTION

1

## INTRODUCTION

2    1. Plaintiffs Chang and Sun bring this opposition to Defendant Albert Coombes'

3    motion to dismiss for lack of jurisdiction over the subject matter and/or failure to

4    state a claim upon which relief can be granted. On a motion to dismiss, all well pleaded

5    allegations of material fact are taken as true and construed in light most favorable to the

6    non-moving party. The Court may not dismiss for failure to state a claim unless it

7    appears beyond doubt that the Plaintiffs can prove no set of facts in support of the claims

8    which would entitle her to relief. See *Wyler Summit Partnership v. Turner Broadcasting*

9    *System, Inc*, 135 F3d 658 (1998); *Parks School of Business, Inc v. Symington*, 51 F3d 1480

10    (9th Cir 1995); *Saylor v. Zeenat*, 2002 U.S. Dist. LEXIS 28038; *Cruz v. Beto*, 405 U.S. 998

11    (1972); *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

12

## SUBJECT MATTER JURISDICTION

13    1. FOURTEENTH AMENDMENT – The 42 U.S.C.S. Section 1983 reads, "Every

14    person who, under color of any statute, ordinance, regulation, custom, or usage, of any

15    State or Territory, subjects, or causes to be subjected, any citizen of the United States or

16    other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

17    immunities secured by the Constitution and laws, shall be liable to the party injured in an

18    action at law, suit in equity, or other proper proceeding for redress. See Plaintiff

19    Opposition to Defendant The Regents of the University of California's Motion to Dismiss

20    or Summary Judgment, filed on April 9, 2008.

21    2. The 28 U.S.C. Section 1367 is invoked which gives this Court pendent jurisdiction

22    to hear case arising under state law.

23

## RELEVANT FACTS

24    3. The Court's Order Granting Defendants' Motions to Dismiss or, in the alternative,

25    for a more definite statement (filed on February 13, 2008), page 18, fourth paragraph,

26    "The common law tort of abuse of process arises when one uses the court's process for a

27                                    2

1   purpose other than that for which the process was designed." Plaintiffs have failed to

2   state a claim for abuse of process because they have not even identified what state court

3   process was used by the Homeowners Association with an ulterior motive.

4   4. Plaintiffs' cause of action of abuse of process against this Defendant is based on

5   his **fraudulent acts** manipulating both state court actions, in order to frame Plaintiffs as

6   the assailants in the assault/battery action, then, use the upcoming Rockridge Manor

7   Condominium action to distract Plaintiffs from appealing the assault/battery judgment.

8   5. Pursuant California Code of Civil Procedure Section 338(a)(d), the applicable

9   statute of limitation is three years for causes of action of statutory liability; injury to

10  property; fraud or mistake. Because Defendant Coombes was liable for his **fraudulent**

11  **acts** of abuse of process, which caused injury to Plaintiffs' **property**. Therefore,

12  Plaintiffs believe that the 338(a)(d) three years of statute should apply.

13              ## CAUSE OF ACTION OF ABUSE OF PROCESS

14  6. On August 5, 2004, in the all day trial of assault/battery state court action, during

15  each breaks, Plaintiff Chang observed Defendant Pamela Zimba talking on her cell

16  phone secretly in length. Defendant Zimba ensured that Plaintiffs could not hear her

17  conversations. She never mentioned the purpose of those phone calls nor the person she

18  was talking to.

19  7. On August 20, 2004, in the all day depositions of Rockridge Manor Condominium

20  Defendants, Mike Solomon and Charles Blakeney, Plaintiff Chang observed Defendant

21  Zimba talking on her cell phone secretly in length during breaks. Again, Defendant Zimba

22  ensured that Plaintiff could not hear her conversations. Defendant Zimba often left the

23  conference room before she started those phone calls. There was no mention to Plaintiff

24  neither the purpose nor the person Defendant Zimba was communicating with.

25  8. The same scheme occurred repeatedly until August 26, 2004, when Defendant

26  Coombes officially appeared in the scene as Plaintiffs' newly retained attorney.

27                                          3

28 PLAINTIFFS OPPOSITION TO DEFENDANT ALBERT COOMBES MOTION TO DISMISS FOR LACK OF JURISDICTION

1   9. Upon information and belief and respectfully allege, Defendant Coombes was the

2   person who Defendant Zimba consulted at length by cell phone in every legal proceedings

3   of both state court actions starting in July 2004, whereas the trial of assault/battery action

4   was about to ensue on August 5, 2004.

5   10. See the evidence EXHIBIT A – RETAINER AGREEMENT. Plaintiff Chang

6   signed/dated/paid for the retainer agreement on **August 10**, 2004. Later found out that the

7   date had been erased and forged to **August 3**, 2004, by Defendants Coombes and Zimba.

8   11. Upon information and belief and respectfully allege, Defendant Coombes

9   instructed Defendant Zimba to move the date to August 3 in order to charge Plaintiffs

10  **for the work he had performed** before Plaintiffs retained him. Before **August 10,** 2004,

11  Plaintiffs had not even heard of Defendant Coombes' name.

12  12. See the evidence EXHIBIT B – Plaintiffs personal check for Defendant Coombes'

13  $7,500 retainer dated **August 10**, 2004.

14  13. See EXHIBIT C – Plaintiffs' bank statement proving the check #1745 was cashed

15  on August 18, 2004.

16  14. See EXHIBIT D – Defendant Zimba filed the "notice of association of counsel"

17  on August 26, 2004, the first day Defendant Coombes appeared in the scene. Immediately

18  Plaintiff Chang observed Defendant Zimba consulting Defendant Coombes in person at

19  length, also Defendant Zimba stopped hiding her conversation from Plaintiffs.

20  15. Defendant Zimba turned Plaintiffs over to Defendant Coombes' for all legal

21  inquiries and representations as if Defendant Coombes was in charge of all proceedings.

20  16. Upon information and belief and respectfully allege, Defendant Coombes was

21  the person behind the scene who instructed Defendant Zimba step by step in botching the

22  assault/battery state action, framing Plaintiffs as assailants, using Rockridge Manor

23  Condominium action to distract Plaintiffs from appealing the assault/battery judgment,

24  holding Plaintiff Chang by duress forcing Defendant Coombes be hired with retainer of

25  $7,500, forcing a new retainer agreement of 33 1/3% from gross recovery, continuing

26  extortion for another team of attorneys and expert witnesses be hired to separately

27                                          4

1   represent Plaintiff Sun.

2       17.  The elements for abuse of process are (1) defendant contemplated an ulterior

3   motive in using the process, and (2) committed a willful act in the use of the process not

4   proper in the regular conduct of the proceedings.

5       18.  Upon information and belief and respectfully allege, Defendant Coombes had

6   used the court's process for a purpose other than that for which the process was designed.

7   Rusheen v. Cohen, 37 Cal. 4th 1048, 1056 (2006).

8                           **CAUSE OF ACTION OF FRAUD**

9       19.  Defendant Coombes was retained most earliest on August 10, 2004.  See

10  EXHIBIT B, Plaintiffs personal check dated August 10, and EXHIBIT C, bank statement

11  dated August 18 when the check was cashed.  But Defendant Coombes started to charge

12  Plaintiffs on August 6, 2004.  See EXHIBIT E – Defendant Coombes' accounting.

13      20.  On September 3, 2004, Plaintiffs settled with the Rockridge Manor Condomium

14  Defendants without going to trial.  Plaintiffs expected refunds from the legal fees paid

15  in advance to cover the trial scheduled to start on September 10.  But Defendant

16  Coombes falsified accounting charging more than $2600 for travel between August 25

17  and August 31:

18              8/25/04 travel to Oakland              $733.81

19              8/26/04 travel to los angeles          $300.00

20              8/29/04 travel to Oakland              $898.92

21              8/31/04 travel to Larkspur             $200.00

22              8/31/04 travel to Oakland and Los Angeles   $500.00

23      21.  On August 17, 2004, Defendant Zimba mailed Plaintiffs' records to Defendant

24  Coombes.  See EXHIBIT F, UPS shipping receipt.  But Defendant Coombes charged

25  $1500 between August 6 and 10 for review case, research, and work on amended

26  complaint before he received Plaintiffs records.

27                                  5

1    22. See EXHIBIT G, hand-delivered memo from Defendant Zimba dated August 24,
2    indicating that Defendant Coombes would bring the original signed retainer agreement
3    to Plaintiffs, and the copy provided to Plaintiffs did not include Defendant Coombes'
4    signature. Plaintiffs never received the signed agreement and was not aware of
5    the forged date of August 3 on the copy provided by Defendant Zimba.

6    23. By November 2004 Plaintiffs received Defendant Coombes' accounting with a
7    balance of $7.73 as total due and payable, EXHIBIT E.

8    24. Plaintiff Chang wrote a letter to Defendant Coombes requesting for refund but
9    received no reply, EXHIBIT H. On January 31, 2005, Plaintiff filed complaint with the
10   State Bar which instructed Plaintiff to contact the fee arbitration association. Plaintiff
11   filed a second complaint with State Bar but received no response whatsoever, EXHIBIT I.

12   25. The Defendant Coombes accepted Plaintiffs retainer which was meant for the
13   Rockridge Manor Condominium upcoming trial. See Retainer Agreement, EXHIBIT A,
14   numeric 1, "we are giving COOMBES a retainer of $7,500....We further agree that
15   **when the $7,500.00 have been spent** we may either continue to retain said attorney at the
16   above referenced hourly rates...we will be billed on a monthly basis, or choose to retain
17   said attorney on a **contingency basis** as follows: ZIMBA and COOMBES will receive
18   thirty-three and one-third percent of the gross recovery **after trial**.

19   26. Noted as of August 24, EXHIBIT G, the Defendant Coombes was preparing to
20   appear in the deposition of August 26, his first appearance as Plaintiffs' retained attorney,
21   and bringing the original signed copy of the retainer agreement with his signature, to
22   Plaintiffs.

23   27. How did Defendant Coombes charged up the whole retainer of $7,500 when he
24   had not started his representation as of August 26, and the RETAINER AGREEMENT
25   clearly indicated that the TRIAL COST HAD BEEN PAID BY PLAINTIFFS.

26

27                                          6

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2      28. The tort of **abuse of process** requires a litigant to establish the Defendant had a

3   ulterior motive in using the judicial process, and the Defendant committed a willful

4   act using the judicial process improperly. The Defendant Coombes aided and abetted

5   The Regents Defendant/Assailant Celaya's colossus perjury in every legal proceedings,

6   by consulting Defendant Zimba's fraudulent representation in the assault/battery state

7   action framing Plaintiffs as the assailants. Defendant Coombes was in close contact with

8   Defendant Zimba giving instructions in distracting Plaintiffs from appealing the assault/

9   battery judgment, using the process of upcoming Rockridge Manor Condominium trial.

10     29. Defendant Coombes made **admissions** of his **abuse of process** in Plaintiffs' both

11   state actions. Plaintiffs never heard of Defendant Coombes' name until August 10, 2004

12   when signing/dating/paying for the retainer agreement. Defendant Coombes and Zimba

13   erased the retainer agreement date of August 10, and forged **August 3** as the date of the

14   agreement. It was **plain admission** by Defendant Coombes who had involved in

15   Plaintiffs' state actions before the assault/battery trial on August 5, 2004 – EXHIBIT A.

16     30. The tort of **fraud** requires definite statement specified with particularities. The

17   elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to

18   defraud; (4) justifiable reliance; (5) resulting damage.

19     31. Defendant Coombes made false representation in signing the retainer agareement

20   to represent Plaintiffs in the upcoming trial of Rockridge Manor Condominium state

21   action. First, Defendant Coombes instructed Defendant Zimba to hold Plaintiffs by

22   duress, forcing the $7,500 retainer for himself, and a contingency contract giving them

23   33 1/3% of Plaintiffs' gross recovery. Second, distracted Plaintiffs from appealing the

24   fraudulent assault/battery judgment. Thirdly, when they conscious disregarded Plaintiff

25   Sun's disabilities holding Plaintiffs hostage by the Rockridge upcoming trial, Plaintiff

26   Chang had no choice but to take the settlement in order to protect Plaintiff Sun from

27                                                    7

28 PLAINTIFF S OPPOSITION TO DEFENDANT ALBERT COOMBES MOTION TO DISMISS FOR LACK OF JURISDICTION

1  further harm.  Furthermore, Defendants Coombes and Zimba fraudulently extorted entire

2  legal fees without having to prepare for trial, take depositions of treating doctors, and

3  go to trial, see EXHIBIT E – Defendant Albert Coombes accounting.

## CONCLUSION

5  32.  Plaintiffs pleaded the tort of "abuse of process" based on Defendant Coombes'

6  fraudulent acts in abusing the judicial processes in both state actions.  Plaintiffs believe

7  that the California Code of Civil Procedure Section 338(a)(d) three years of statute of

8  limitation applies.

9  33.  Plaintiffs specified facts with particularity the circumstances constituting fraud

10  to give Defendant Coombes notice of his particular misconduct alleged.  Federal Rule

11  of Civil Procedure 9(b).  See EXHIBITS of attached evidence to prove the truthfulness

12  of Plaintiffs' present Opposition.

13  34.  Plaintiffs pray for the Court granting this Opposition to defeat Defendant's motion

14  to dismiss in its entirety.

15  Dated: April 8, 2008

16

17

18

19

20                                 Christine Chang, Plaintiff

21

22

23

24

25

26

27                                 8

28 PLAINTIFFS OPPOSITION TO DEFENDANT ALBERT COOMBES MOTION TO DISMISS FOR LACK OF JURISDICTION

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 9, 2008, I forwarded
a true and correct copy of:

1. Opposition/Declaration to Defendant Albert Coombes motion to dismiss
2. Plaintiff Chang's request to continue opposition to Defendant Ammann motion
3. Plaintiff Chang's request to continue opposition to Defendant Zimba motion

to Defendants' Counsels by placing a true copy and thereof in a sealed
Envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant                  Paul A. Conroy
Lombardi, Loper & Conant, LLP        Allman & Nielsen
Lake Merritt Plaza                   100 Larkspur Landing Circle
1999 Harrison Street, Suite 2600        Suite 212
Oakland, CA 94612-3541               Larkspur, CA 94939

Lee J. Danforth                      Andrew Adler
Coddington, Hicks & Danforth         Boornazian, Jensen Garthe
555 Twin Dolphin Drive, Suite 300    555 12th Street, Suite 1800
Redwood Shores, Redwood City,        Oakland, CA 94607
California 94065-2133

Albert F. Coombes                    Edward Rodzewich
15915 Ventura Blvd., Penthouse 4     Valvrian, Patterson and Stratman
Encino, CA 91436                     1650 Harbor Parkway, Suite 100
                                     Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the
United States Mail at San Francisco, California.

Dated:   April 9, 2008

                                     By _____
                                        Christine Chang, Plaintiff

EXHIBIT A

# RETAINER AGREEMENT

We retain the legal services of PAMELA ZIMBA ("ZIMBA") and ALBERT F. COOMBES ("COOMBES") for the purpose of prosecuting any and all claims we may have against Elizabeth Lady, Eva Ammann, The Rockridge Manor Homeowners Association, Charles Blakeney, Michael Solomon and the Estate of Murray Singer for an incident which occurred opn or about September, 2000. We agree to pay COOMBES and ZIMBA for their professional services on the following basis, and we agree to all of the terms and conditions in this RETAINER AGREEMENT.

1.     We agree to pay COOMBES at the rate of $150.00 per hour. To that end we are giving COOMBES a retainer of $7,500.00. We agree to pay ZIMBA at the rate of $70.00 per hour. To that end we have paid ZIMA a retainer of $30,000.00. We further agree that when the $7,500.00 and $30,000.00 have been spent we may either continue to retain said attorneys at the above referenced hourly rates, in which case we will be billed on a monthly basis, or choose to retain said attorney on a contingency basis as follows: ZIMBA and COOMBES will receive thirty-three and one-third percent (33⅓%) of the gross recovery after trial. We understand that "gross recovery" means after our initial $7,500.00 retainer to COOMBES and $30,000.00r retainer to ZIMBA has been refunded to us but before costs are deducted.

2.     We understand that should we choose to proceed on the basis of a contingency agreement it will involve a fee-split between COOMBES and ZIMBA who have explained that they will be sharing the contingency fee on a 50%/50% basis which will not result in any additional charges to us. By signing this RETAINER AGREEMENT we hereby acknowledge that we fully understand and approve said fee-splitting arrangement.

3.     There may be no settlement of the aforementioned lawsuit without our consent;

4.     We understand that we are responsible for the prompt payment of all costs expended on our behalf. Upon receiving any demand from my attorneys, we will reimburse them for all reasonable expenses they have advanced on our behalf, including copying costs, investigation costs, parking costs, filing fees, long distance telephone calls, process server costs, postage costs, deposition costs, and other reasonably necessary costs;

5.     Our attorneys may associate with or employ any other attorney, at any stage of their handling of their claim, in their sole discretion. However, in this event, no additional attorney fees shall be charged to us.

6.     We grant our attorneys a lien on any recovery made on our claim, whether the recovery is by settlement or judgment, to secure their fees and costs advanced;

7.    We grant our attorneys GENERAL POWER OF ATTORNEY to do all things on our behalf which may be necessary or appropriate in their representing us in this case, and also grant our attorneys SPECIAL POWER OF ATTORNEY to sign on our behalf all documents which relate to this case, including complaints, claims, stipulations, settlement drafts and checks, releases, verifications, insurance forms, dismissals and orders, which may lawfully be so executed;

8.    Our attorneys have made absolutely NO representation to us regarding the possible success of our claim or the amount of money which we may recover.  They have not guaranteed the success of our claims or the amount we may recover;

9.    This two-page RETAINER AGREEMENT is the entire and only agreement between our attorneys and us and supercedes any prior agreements..  There are no terms, conditions or representations which are not contained in this RETAINER AGREEMENT. This Agreement may not be modified except by a writing signed by our attorneys and us;

10.    We acknowledge that our attorneys have stated clearly that they cannot ethically advance any sum of money to us as a loan, without us first obtaining our own independent legal counsel;

11.    We further acknowledge that attorney COOMBES has explained to us that he does not maintain errors and omissions insurance coverage and chooses to be self-insured.   We understand that ZIMBA does maintain errors and omissions insurance coverage;

12.    We have been advised by our attorneys that the attorneys' fees provided in this RETAINER AGREEMENT are not fixed by law, and the percentage is freely negotiable.  We acknowledge that we have freely, voluntarily, and actively negotiated the fees provided in this Agreement;

13.    Our attorneys may, upon giving us advance notice, withdraw from representing us in our claim and case, when in their discretion they decide to terminate their representation.

Executed this 08 · 03 · 2004      at ~~Benicia~~ Oakland, California.

PAMELA ZIMBA

CHRISTINE CHANG

ALBERT F. COOMBES

ERIC SUN

2

EXHIBIT B



EXHIBIT C



July 23 through August 20, 2004
Account Number: 008-7230926
Page 2 of 5
105,511

---

## Activity detail
### Deposits

| Date | Description | $ Amount |
|------|-------------|----------|

## Withdrawals
### *Checks*

| Number | Date | $ Amount | Number | Date | $ Amount | Number | Date | $ Amount |
|--------|------|----------|--------|------|----------|--------|------|----------|
| | | ,, | 1741 | 08/04 | 70.00 | | | |
| | | | 1742 | 08/03 | 650.00 | | | |
| | | | 1744* | 08/13 | 37.14 | | | |
| | | | 1745 | 08/18 | 10,000.00 | | | |

Total checks

EXHIBIT D

1 | Pamela Zimba, S.B.N. 147850
LAW OFFICES OF PAMELA ZIMBA
2 | Treasury Commons Building
110 East D Street, Suite A
3 | Benicia, CA 94510
Tel:    707.745.6424
4 | Fax:    707.745.8695

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 6 2004

5 | Attorney for Plaintiffs CHRISTINE CHANG and ERIC SUN

CLERK OF THE SUPERIOR COURT
BY Shantal R. See, Deputy

6

7 | SUPERIOR COURT OF CALIFORNIA

8 | COUNTY OF ALAMEDA

9

10 | CHANG, et al.                          )    Case No. 2001-023364
                                          )
11 |             Plaintiffs,              )    **NOTICE OF ASSOCIATION OF**
                                          )    **COUNSEL**
12 | vs.                                    )
                                          )
13 | AMMANN, et al.                        )
                                          )
14 |             Defendants.              )
                                          )
15 |                                       )
                                          )
16

17 | TO THE CLERK, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

18 | PLEASE TAKE NOTICE that Pamela Zimba, being the attorney of record for plaintiffs

19 | CHRISTINE CHANG and ERIC SUN, hereby associates Albert F. Coombes, Esq., as co-counsel for

20 | plaintiffs CHRISTINE CHANG and ERIC SUN in this matter. The office address and telephone

21 | number of such associated counsel is:

22 | Albert Coombes, Esq.
LAW OFFICES OF ALBERT F. COOMBES
23 | 15915 Ventura Blvd., Penthouse 4
Encino, CA 91436
24 | Telephone: 818.986.1533

25 | ///

Notice of Association of Counsel

8.20.04

LAW OFFICES OF PAMELA ZIMBA

By: _____
PAMELA ZIMBA
Attorney for Plaintiffs

Albert F. Coombes hereby accepts the above association.

Dated: _8/20/04_

LAW OFFICES OF ALBERT F. COOMBES

By: _____
ALBERT F. COOMBES,
Attorney for Plaintiffs

1    **PROOF OF SERVICE**

2          I am employed in the County of Solano, State of California. I am over the age of 18 years, and
     not a party to the within action. My business address is: Treasury Commons Building, 110 East D
3    Street, Suite A, Benicia, California, 94510. On the date set forth below, I served the foregoing
     document described as:
4

5          (1)    NOTICE OF ASSOCIATION OF COUNSEL

6    on the parties or attorneys for parties in this action who are identified as follows:

7          Sara B. Allman, Esq.
           Allman & Nielsen
8          100 Larkspur Landing Circle, Suite 212
           Larkspur, CA 94939
9
           Chinh T. Vo, Esq.
10         CLAPP, MORONEY, BELLGAMBA & VUCINICH
           6140 Stoneridge Mall Road, Suite 545
11         Pleasanton, CA 94588

12    __X___    **BY PERSONAL SERVICE.** I caused a true and correct copy of the aforementioned
               document to be personally served by Pamela Zimba for same day service.
13

14    _____    **BY FACSIMILE TRANSMISSION.** I caused a true and correct copy of the
               aforementioned document(s) to be transmitted to each of the parties at the facsimile
15             machine number last given by said party on any document which he or she has filed in
               this action and served upon this office.

16
      _____    **BY MAIL.** I placed a true and correct copy of the aforementioned document(s) in a
17             sealed envelop individually addressed to each of the parties and caused each such
               envelope to be deposited with the US Postal Service and or picked up by an authorized
18             representative, on that same day with fees fully prepaid at Benicia, California, in the
               ordinary course of business.
19

20    __X__     (State) I declare under penalty of perjury under the laws of the State of California that the
               foregoing is true and correct.

21    Executed on 26th August 2004, at Alameda, California.

22

23                                                      PAMELA ZIMBA

24

25

**PROOF OF SERVICE**

I am employed in the County of Solano, State of California. I am over the age of 18 years, and not a party to the within action. My business address is: Treasury Commons Building, 110 East D Street, Suite A, Benicia, California, 94510. On the date set forth below, I served the foregoing document described as:

(1)    NOTICE OF ASSOCIATION OF COUNSEL

on the parties or attorneys for parties in this action who are identified as follows:

Leo R. Bartolotta
GEARY, SHEA, O'DONNELL & GRATTAN
37 Old Courthouse Square, Fourth Floor
P.O. Box 429
Santa Rosa, CA 95403-0429

_____    **BY PERSONAL SERVICE.** I caused a true and correct copy of the aforementioned document to be personally served by Pamela Zimba for same day service.

_____    **BY FACSIMILE TRANSMISSION.** I caused a true and correct copy of the aforementioned document(s) to be transmitted to each of the parties at the facsimile machine number last given by said party on any document which he or she has filed in this action and served upon this office.

__X__    **BY MAIL.** I placed a true and correct copy of the aforementioned document(s) in a sealed envelop individually addressed to each of the parties and caused each such envelope to be deposited with the US Postal Service and or picked up by an authorized representative, on that same day with fees fully prepaid at Benicia, California, in the ordinary course of business.

__X__    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 26th August 2004, at Oakland, California.

_____
PAMELA ZIMBA

EXHIBIT E

MEMORANDUM

TO:        Christine Chang
FROM:      Albert F. Coombes
DATE:      November 19, 2004
SUBJECT:   Chang billing

The following is the final billing re Chang et al. vs. Ammann et al.:

**2004**

| | | |
|---|---|---:|
| 8/6 | Review case and research - 3 hours at $150 per hour ........................... | $450.00 |
| | Work on amended complaint - 2 hours ................................................ | $300.00 |
| 8/9 | Conference re case status - 1 hour ...................................................... | $150.00 |
| | Further research - 2 hours ................................................................... | $300.00 |
| 8/10 | Work on amended complaint - 3 hours .............................................. | $450.00 |
| 8/12 | Conference re deposition continuance - .25 hour ............................... | $ 37.50 |
| 8/16 | Conference re motion to continue and trial strategy - .25 hour .......... | $ 37.50 |
| 8/24 | Review case documents - 3 hours ...................................................... | $450.00 |
| 8/25 | Travel to Oakland - 3 hours travel time charged at $100 per hour ..... | $300.00 |
| | Air fare ................................................................................................ | $215.00 |
| | Rental car ............................................................................................ | $ 56.75 |
| | Hotel .................................................................................................... | $162.06 |
| | Prepare for Lisa Wong deposition - 2 hours ..................................... | $300.00 |
| 8/26 | Lisa Wong deposition - 2 hours ......................................................... | $300.00 |
| | Travel to Los Angeles - 3 hours travel time ...................................... | $300.00 |
| 8/27 | Conference with forensic economist re report - .25 hour ................... | $ 37.50 |
| | Preparation for deposition of defense expert Harris - 2 hours ........... | $300.00 |
| 8/29 | Travel to Oakland - 3 hours travel time ............................................ | $300.00 |
| | Air fare ................................................................................................ | $215.00 |
| | Rental car for 3 days .......................................................................... | $170.25 |
| | Hotels for two days ............................................................................ | $213.67 |
| 8/30 | Harris deposition - 1 hour .................................................................. | $150.00 |
| | Expert witness fee paid to Harris ....................................................... | $300.00 |
| 8/31 | Travel to Larkspur - 2 hours .............................................................. | $200.00 |
| | Plaintiff's depositions - 5 hours ........................................................ | $750.00 |
| | Travel to Oakland and Los Angeles - 5 hours ................................... | $500.00 |
| 9/1 | Review Chang depositions and documents and prepare for trial 4 hours ................................................................................................. | $600.00 |
| 9/2 | Conference with mediator - .25 hour ................................................. | $ 37.50 |
| | Telephone conference with client - .5 hour ....................................... | $ 75.00 |
| | Miscellaneous costs for telephone, xerox, fedex, parking etc. ........... | $150.00 |
| | Sub total | $7,507.73 |
| | Less funds received to account | $7,500.00 |
| | Total due and payable | $    7.73 |

EXHIBIT F

SHIPPED BY:

# PRIVATE MAIL BOX
484 Lake Park Avenue
Oakland, CA 94610
(510) 832-4425 • Fax (510) 832-0847

UPS SHIPPER NUMBER

CA **851-506**

PKG ID# 25691

**UPS** *Authorized Shipping Outlet*

DO NOT ADDRESS CORRECT -- RETURN TO SHIPPER

FROM: L AW OFFICES OF PAMELA ZIMBA

DAYTIME PHONE 107 745 6404    DATE 8 / 11 / 2007

SHIP TO: Alicia Coombs Esq
L aw offices of Alicia Coombs
13515 Ventura Blvd Penthouse 4
Fresno CA ~~~~~~~

Phone # _____    Zip Code 91436

CUSTOMER DECLINED ADDITIONAL-PACKAGING [_____]

| CONTENTS: | VALUE $ |
|---|---|

Tracking Number
**1Z851506** 0 3 40 91 5923    BREAKABLE? ☐ NO ☐ YES

| CARRIER | CK ONE | COD AMT | ZONE | WT. | PKG. CHARGES Amount | TYPE |
|---|---|---|---|---|---|---|
| UPS | ☐ GRD TRAC | $ | | | ~~65~~ | FRT. |
| | ☐ 3 DAY | | | 12 | ~~12.00~~ | INS. |
| | ☐ 2ND DAY ☐ AM ☐ PM | | | | | COD |
| ☐ PK/CUST | ☐ NEXT DAY ☐ AM ☐ PM ☐ SAT. | | | LTR | | D.C. |

**Please Remember:** If you pack your parcel you are responsible for doing so in a manner to avoid damage.
1. In the event of a question about this shipment, please call us. **DO NOT** contact the carrier! We will act as your agent in filing any claims with the carrier and will rely on the carrier's investigation to determine any compensation due.
2. Purchase of insurance will not guarantee payment of that amount unless verification of value is made by the customer.
3. All claims or inquiries must be made within 90 days.

| | | |
|---|---|---|
| | | BOX |
| | | FILL |
| | | PKG. |
| | Initials | O/S |
| | | TOTAL |

*We Appreciate Your Business*

**UPS 1-800-742-5877**

CUSTOMER COPY

Chang

EXHIBIT G

## LAW OFFICES OF PAMELA ZIMBA

*Attorneys and Counselors at Law*

Treasury Commons Building
110 East D Street, Suite A
Benicia, California 94510

Telephone: 707.745.6424
Facsimile: 707.745.8695
E-mail: lopz@mindspring.com

24 August 2004

**HAND-DELIVERED**

Christine Chang
Eric Sun
341 Tideway Drive, #214
Alameda, CA 94501

### RE:    *Chang, et al. v. Ammann, et al.*

Dear Christine and Eric:

Per our telephone conversation today, enclosed is the following for your file:

1.    Retainer Agreement between Chang and Sun and Zimba and Coombes – as we discussed, Albert will be bringing the original signed copy with his signature to the deposition on Thursday. As such, the copy provided to you at this time does not include his signature.
2.    Contract with Robert Johnson & Associates
3.    Draft of the [Proposed] Third Amended Complaint – as we discussed, I brought an ex parte motion for leave of court to file this complaint, but the court denied the ex parte motion, so we will proceed forward with the second amended complaint and bring a motion at the time of trial.
4.    Copy of Plaintiff Christine Chang's and Plaintiff Eric Sun's Answers to Defendant Eva Ammann's Special Interrogatories, Set No. One;
5.    Copy of Plaintiff Christine Chang's Answers to Defendant Eva Ammann's Form Interrogatories, Set No. One;
6.    Copy of Plaintiff Eric Sun's Answers to Defendant Eva Ammann's Form Interrogatories, Set No. One;
7.    Copy of Plaintiff Christine Chang's Response to Defendant Eva Ammann's Request for Production of Documents, Set No. One;
8.    Copy of Plaintiff Eric Sun's Response to Defendant Eva Ammann's Request for Production of Documents, Set No. One.
9.    Copy of letter from my office to Albert Coombes
10.    Copy of letter from my office to Dr. Rosenthal

Also, I spoke with Sara Allman today regarding a settlement of this case. She is willing to engage in a mediation, but at this time is offering a total settlement of $2000 in exchange for a complete dismissal of all defendants (including Eva Ammann). I told her that I would advise you of their settlement offer, but that I believed you would not accept the offer.

EXHIBIT H

December 18, 2004

Albert F. Coombes
Law Offices of Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

<u>Reference: Refund of Case #2001-023364</u>

Dear Mr. Coombes:

The only reason we signed the retainer agreement and paid $7500 retainer to you was because Ms. Pamela Zimba demanded help at the very last stage of our case in August 2004. She said that you were very interested in working on our case which you would help getting large compensation for our injuries, and that you were very rich and weren't interested in ripping off our legal fees, and that she needed help in deposing expert witnesses for trial on 9/10/04.

Our retainer agreement was meant for you to take depositions of all expert witnesses and help trial the case starting 9/10/04. I received your accounting dated 11/19/04 and it seemed to be completely the opposite of what we agreed upon.

The case was settled on 9/3/04 exactly one week before the trial. You had merely taken two depositions of Lisa Wong and Harris with a total of 3 hours on 8/26 and 8/30/04, and yet you charged $7507.73 not having to prepare for trial the week before or attend the trial starting 9/10/04. You charged over $3300 for travel expenses and attending my son's deposition which wasn't part of the agreement. Without attending the trial starting 9/10/04 which generally last one week, and without taking depositions of the treating doctors (about 12 doctors) there should be a refund for at least $4500.

Please refund $4500 within two weeks from the date of this letter, or otherwise, I will file complaint against you with the California State Bar, and with the California Supreme Court if instructed by the Bar Association to file a "verified accusation against the attorney".

Sincerely yours,

Christine Chang
(Plaintiff of Superior Court Case 2001-023364)

attachment:
accounting dated 11/19/04
Notice of Asso of Counsel dated 8/26/04

copy: Pamela Zimba, Esq.

EXHIBIT I

January 31, 2005

Office of the Chief Trial Counsel/Intake
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

Ref: Refund Of Retainer From Oakland Superior Court Case #2001-023364

Dear Sir:

Starting October 2003 I hired Ms. Pamela Zimba to represent myself and my son,
Eric Sun, in the litigation of above case. By mid August 2004 Ms. Zimba demanded
for help saying she wasn't able to handle the workload unless I hire her previous
associate to handle the depositions/trial of expert witnesses and treating doctors.
I turned her down and indicated that I had paid her a total of $33,000 retainer and
expected her to carry out the trial. I had no intention to hire another attorney paying
extra retainer since it was almost to the trial scheduled on 9/10/04. But Ms. Zimba
insisted on having to bring in her previous associate, or otherwise, she wasn't able to
handle our case.  I had no choice but to agree to start another retainer agreement with
her and her associate.  Please see attached retainer agreement.  It was established
for the following purposes:

1. Acknowledgment of the retainers received by both attorneys, Albert Coombes and
   Pamela Zimba.
2. If the trial last more than expected one to one and a half week and the retainer
   had been spent, then the agreenment would continue on an hourly basis billed
   monthly or on a contingency basis by our choosing.
3. If we chose to hire both attorneys on a contingency basis and received a settlement
   or judgment from the trial, then the attorneys were to receive 33 1/3% of it and
   split the 33 1/3 % in half between themselves.
4. Item 4 was established to cover payments if we were to hire the attorneys on an
   hourly basis had the trial last more than 1 or 1 1/2 weeks and the retainer had been
   spent, or if we had decided to appeal the unfavorable judgment from the trial court.

   ***Under no circumstances had the travelling expenses been part of the agreement
   or being a reasonably necessary costs.  Especially with Mr. Coombes accounting
   charging $2632.73 travelling expenses on 8/25, 8/26, 8/29, 8/31/04 back and forth
   Oakland and L.A. when the retainer was meant to pay for his taking the depositions
   of expert witnesses and treating doctors from 9/6 through 9/9/04, and to cover the
   trial with the expert witnesses and treating doctors starting 9/10/04.

   ***Mr. Coombs had taken two depositions on 8/26 and 8/30 for a total of 3 hours.
   Yet, his travelling expenses had come to $2632.73 to cover those two depositions!

   ***Please have him show prove of his travelling expenses, and the sole purpose of
   his travelling was to work on our case, and he had dedicated all his time completely
   working on our case during his travel in those days.  And that he and his wife had
   conducted no personal businesses or visited families/friends during those days.

5. Item 5 was to cover their enlisting other attorney to work on the case but incurring
   no additional fees to us.

6. Item 6 was to establish security for their fees and cost in case of a large settlement or judgment being obtained.

Mr. Coombes had also charged me $750 sitting in my son's deposition taken by the defense while Ms. Zimba was representing us.  According to our agreement Ms. Zimba was in charge of the depos of plaintiffs (myself and my son) and defendants and being paid on an hourly basis by me.  This $750 charge was in no way being part of our agreement.

Mr. Coombes had also charged me 5 hours for a total of $750 on amended complaint. Please see his accounting dated 8/6 and 8/10. I had never seen or received the amended complaint.  Please have Mr. Coombes submit the complaint he amended and send me a copy.

Without having to earn the total retainer of $7500 due to the early mediation settlement occured on 9/3/04, Mr. Coombes had prepared the false accounting to consume the total retainer of $7500 with a balance of $7.73 . Please see attached accounting by Mr. Coombes. I had sent a letter to Mr. Coombes requesting for refund but have had no response from him. Please see attached letter dated 12/18/04.

I believe that the retainer agreement should be voided based on the following reasons:

1. I signed the agreement and paid the retainer under duress by the pressure of Pamela Zimba in mid August, a few weeks before trial.
2. The date of the agreement was falsified. My son and I signed the agreement on 8/10/04 and made the payment on the same day.  Please see attached copy of my check #1745 payable to Ms. Zimba, and the bank statement of the check being cashed on 8/18/04. At the time of the agreement we had never met Mr. coombs and only learned of his name by reading the agreement. Later I received our copy of the agreement and the date of agreement had been altered to 8/3/04.
3. Mr. Coombes had never signed the agreement.
4. Mr. Coombes started to charge me on 8/6/04 on his accounting when there wasn't an agreement in place.
5. On 8/30/04 after Mr. Coombs had taken the deposition of Mr. Harris, he told me he was still waiting for documentation from Ms. Zimba to prepare for the other depositions and trial.  He also talked to Ms. Zimba on the phone requesting for those documents. According to his accounting on 11/19/04 he had already spent the whole retainer by 9/2 without having to prepare/take those depos in the subsequent week or attend trial. It is obvious that he produced the false accounting to charge up the whole amount of $7500 by 9/2/04 the date we attended the settlement mediation and reached the settlement agreement on 9/3/04.
6. Mr. Coombs had never mentioned the $7500 had been spent as of 9/3/04 when we reached the settlement with the defense, or requested second retainer to cover the depos from 9/6 thru 9/9 and trial starting 9/10/04. Yet, he produced an accounting on 11/19/04 that I still owe him $7.73 other than the $7500 he consumed.
7. Mr. Coombs' false accounting was produced in obvious deceit.

Due to the reasons above please have Mr. Coombs refund the total retainer of $7500, or otherwise, have him submit all the proves I requested to justify his accounting.

Sincerely yours,

Christine Chang and for Eric Sun
(Plaintiff of Case #2001-023364)

attachment

chc

**THE STATE BAR
OF CALIFORNIA**

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

March 29, 2005

Christine Chang
341 Tideway Drive., #214
Alameda, CA 94501

RE:    Inquiry Number:    05-1967

Dear Ms. Chang:

This will acknowledge receipt of your complaint against Albert F. Coombs, received on February 3, 2005.

Careful consideration has been given to your inquiry against this attorney. It has been concluded that there are no grounds for disciplinary action by the State Bar of California.

We can discipline an attorney, or recommend that an attorney be disciplined, only for a wilful violation of the State Bar Act or the Rules of Professional Conduct. This matter of which you complained appears to be a fee dispute and not a disciplinary matter.

Please be advised that the Los Angeles County Bar Association has a fee arbitration committee which can hear and resolve fee disputes between attorney and client. If you are interested in pursuing arbitration of this matter, I suggest that you contact said association and request that a Petition for Arbitration be mailed to you. The address is as follows: P.O. Box 55020, Los Angeles, CA 90055-2020, (213) 896-6426.

We, however, must close our file on this matter.

If you disagree with our determination to close your complaint, you may request that your complaint be reviewed by another attorney as part of our internal review process. A request for review must be made **in writing** and should include new information or additional documents to warrant the reopening of your complaint.

Very truly yours,

Lisa McGeo
Paralegal

/lm

June 20, 2005

Office of the Chief Trial Counsel/Intake
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

Dear Chief Trial Counsel:

Declaration of Statement of Facts in Support of Relief Requested:

Ref: Request for discipline action against Albert F. Coombs
 Oakland Superior Court Case #2001-023364 & #2002—046048
 Inquiry Number #05-1967

In August 2004, Pamela Zimba pressured me into hiring Albert Coombs
who she introduced as her superior in her law career. From my observation
of Mr. Coombs' represention in last week of August, Ms. Zimba consulted
Mr. Coombs constantly in every aspect of our case. Mr. Coombs was clearly
acting in the capacity of Ms. Zimba's superior.

Please see my complaint against Pamela Zimba dated 4/26/05, No. 1 (b) and
page 4, related to Albert Coombs. Also please see my
Declaration & evidence against Zimba dated 6/4/05, No. 4, related to Albert Coombs.

I believe Mr. Coombs and Ms. Zimba conspired in extorting legal fees and
botching our cases. It was evidential that Zimba pressured for Coombs
hiring to distract me from the assault/battery case being botched completely
(2002-046048). Then, Coombs & Zimba continued using the Rockridge
Homeowners Association case (2001-023364) to distract me from the
assault/battery case appeal deadline.

They also conspired in botching the Homeowners Association case
(2001-023364) without bringing any material or third party witnesses
to prove our case. They were in the process of botching the case the same way
as the assault/battery case without bringing any evidence on our behalf in covering
up the defendants.

It was also evidential of Coombs and Zimba conspired in falsifying their accountings.
Coombs had barely worked on our case for the last week of August but charged
full $7500 retainer plus $7.73 balance. Please see the "Notice of Association of
Counsel" filed with Superior Court on 8/26/04 for Coombs. Zimba charged up
$51000 including $33000 personal retainer, $10500 expert witness fee pocketing
$3261 unpaid to the expert witnesses, and $7500 to Coombs; with a balance of
$2176.61 which Zimba deducted from our settlement with the Homeowners Asso
before we received it.

The retainers were meant to last until after the first week of trial starting 9/10/04.
Our case was settled on 9/3/04 one week before trial without having to prepare
for trial, take depo of expert witnesses and doctors, or attend trial for at least a week.
But Coombs and Zimba took all the retainers plus a balance that I still owed them.

Please discipline Coombs by all apparent evidence of Coombs and Zimba conspired against us in botching our cases and extorting legal fees; and Coombs was clearly acting as the superior of Zimba advising her in every aspect of our case. Both of Coombs and Zimba also knew that my son and I sustain psychological and physical injuries by these defendants, but decided to botch our cases and extort legal fees nevertheless.

I believe Albert Coombs had wilfully and intentionally violated the State Bar Act or the Rules of Professional Conduct and am requesting for disciplinary action taken against him.

I, Christine Chang, make the declaration of facts in support of the relief requested by me. I make this declaration under penalty of perjury under the laws of the State of California. Executed in Alameda on 6/20/05.

Sincerely yours,

Christine Chang

attachment