Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case: C-07-4005 EMC<br><br>PLAINTIFFS OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS OR SUMMARY JUDGMENT<br><br>Date: April 30, 2008<br>Time: 10:30 a.m.<br>Courtroom: C<br>Judge: Magistrate Judge<br>       Edward M. Chen |

1
PLAINTIFFS OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

## INTRODUCTION

1. Plaintiffs Chang and Sun bring this opposition to Defendants The Regents of the University of California's motion to dismiss, or, in the alternative, motion for summary judgment. On a motion to dismiss, all well pleaded allegations of material fact are taken as true and construed in light most favorable to the non-moving party. The Court may not dismiss for failure to state a claim unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of the claims which would entitle her to relief. See *Wyler Summit Partnership v. Turner Broadcasting System, Inc*, 135 F3d 658 (1998). *Parks School of Business, Inc v. Symington*, 51 F3d 1480 (9th Cir 1995), *Saylor v. Zeenat*, 2002 U.S. Dist. LEXIS 28038, *Cruz v. Beto*, 405 U.S. 998 (1972), *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

2. Federal Rule of Civil Procedure 56(c) provides that a court shall not enter summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavit, show that there is genuine issue as to material fact that the moving party is not entitled to a judgment as matter of law. The Court in *Claitor* denied Defendant's motion for summary judgment because there is material fact as triable issue. *Claitor v. United States*, 99-2 U.S. Tax Cas (1999).

## CAUSE OF ACTION AGAINST THE REGENTS INDIVIDUAL DEFENDANTS

3. In order to state a claim under Title 42 U.S.C.S. Section 1983, Plaintiffs must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under the color of state law.

4. The Regents Defendant/Assailant Constance Pepper Celaya received police offensive training and updates while being a dispatcher in the Regents Police Department.

5. The Defendant/Assailant Celaya utilized highly effective police offensive techniques in her aggravated assault/battery against defenseless/disabled Plaintiffs.

2

PLAINTIFF OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

6. The Defendant/Assailant Celaya acted under the color of state law dispatching her police-acquaintance to the crime scene to cover her up, disallowed a victim statement be offered to Plaintiffs, disallowed the police to tell Plaintiffs' rights, forbade a police report be filed.

7. The Defendant/Assailant Celaya informed her supervisor at the Regents Police Department to forbid Plaintiff's telephone complaint while the supervisor was acting under the color of state law in the Regents Police Department.

8. The Regents Police Department supervisor refused to notify her superior when Plaintiff Chang complained personally at the Regents Police Department, and refused to supply citizen complaint form after Plaintiff was advised by Tom Clatt, Manager, to file the written citizen complaint. The supervisor was acting under the color of state law.

9. The Defendant/Assailant Celaya lied in every and each state action proceedings in regard to her police department personnel file, police offensive training, daily responsibility, and duty description of her position under the color of state law.

10. The Regents Police Department negligently trained the Defendant/Assailant Celaya with the police offensive techniques to brutalize defenseless civilians without proper guideline in applying the excessive force against defenseless/disabled civilians.

11. Plaintiff Chang filed written complaints with the Regents Police Department continuously starting December 13, 2001 until September 8, 2005, and the Regents of the University Counsel until March 6, 2006, and the Regents Chancellor on May 30, 2006. Depite the serious nature of the complaints, the Regents Individual Defendants, **acted under the color of state law**, ignored Plaintiffs' outcry for disciplinary actions taken against the Defendant/Assailant Constance Pepper Celaya.

12. The Defendant/Assailant Celaya scared and stalked Plaintiffs in the Rockridge Manor Condominium from December 2001 until the last day Plaintiff Chang sold the condo unit in September 2003 when the Defendant/Assailant Celaya stalked Plaintiff Chang at the condo elevator and garage.

3

PLAINTIFF OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

13. Plaintiffs received annoying phone calls from the Defendant/Assailant Celaya starting July 2002, when Celaya's initial deposition was noticed, until 2007 when this present action was filed and served. Plaintiffs reported to police departments and contacted AT&T to trace the annoying phone calls every year starting 2002 until 2007. As soon as the police department and AT&T were contacted the annoying phone calls stopped. Plaintiffs believe and alleged that the annoying phone calls could be initiated from The Regents Police Department.

14. Plaintiff Sun was forced to move to board and care unable to live at home caused by the Defendant/Assailant Celaya's assault/battery, stalking, scarying, organized hate crime, and continuous annoying phone calls. All caused by The Regents Individual Defendants' omission to act and ignorant of Plaintiffs' outcry for help.

15. See Plaintiffs' Opposition to Defendants The University of California Berkeley Motion to Dismiss, **Exhibits 1.1 through 1.7, and 2.1 through 2.8**, filed on October 31, 2007, which are evidence of Plaintiffs' outcry to The Regents Individual Defendants.

16. On September 7, 2007, Plaintiff Chang served the summon and complaint of this action to The Regents Chancellor Robert Birgeneau, who denied services and sent citation officer to forcibly cited Plaintiff's car parked with the permission of the parking attendant, Vernon Bolds. The Chancellor intended to force Plaintiff Chang out of the University campus. From thereon, a citation officer appeared at every parking lot where Plaintiff Chang parked, and a citation patrol car appeared immediately in the corner where Plaintiff stopped (**exhibit 2.9**). The Regents Chancellor Robert Birgeneau's office verbally threatened to suspend The Regents students who helped serving the summon and complaint. The summon and complaint were served three times to The Regents Chancellor Robert Birgeneau before it was finally accepted with the threats of suspension against The Regents students.

4

PLAINTIFF OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

1    17. Plaintiffs' **Fourteenth Amendment Rights** secured by the Constitution and laws
2  of the United States were violated by The Regents Individual Defendants Robert
3  Birgeneau, Victoria Harrison, Adan Tejada, Susan Von Seeburg, Constance Peppers
4  Celaya, who acted under color of state law consciously disregarded Plaintiffs complaints
5  and rights secured by the Constitution and laws of the United States. See the Plaintiffs'
6  Opposition to Defendants The University of California Berkeley Motion to Dismiss,
7  Exhibits 1.1 through 1.7, and 2.1 through 2.8, filed on October 31, 2007.
8    18. Pursuant to The **Fourteenth Amendment Rights** which provide. "No State shall
9  make or enforce any law which shall abridge the privileges or immunities of citizens of
10 the United States; nor shall any State deprive any person of life, liberty, or property,
11 without due process of law; nor deny to any person within its jurisdiction the equal
12 protection of the laws.
13   19. Plaintiff Chang and Sun are deprived of the privileges, liberty, property, due
14 process, and equal protection of the laws. See *Vincent Baker v. State of California,*
15 2005 U.S. Dist. LEXIS 34669, *Raullerson v. City of El Cajon*, 2008 U.S. Dist.
16 LEXIS 18324, *Marconi v. Officer One*, 2006 U.S. Dist. LEXIS 74762,
17 *West v. Atkins*, 487 U.S. 42 (1988).
18   20. The identified **deficiency on the training program** closely related to the ultimate
19 injury, represent official policy inflicts the injury that the government as an entity is
20 responsible under Section 1983. Also the continuous omission to act and ignorant of
21 civilians' outcry for help, and disciplinary action taken against the state actors in the
22 chain of command, are the direct and approximate causes of Plaintiffs' injuries.
23   21. **NEGLIGENCE**. The Regents Individual Defendants Victoria Harrison and
24 Adan Tejada stand in a special relation to Defendant/Assailant Constance Peppers Celaya.
25 The Defendants Harrison and Tejada were aware of the policy deficiency in police
26 offensive training, but maintained their inaction in training, negligent supervision,
27                                    5
28 PLAINTIFFS OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

and omission to take disciplinary action against Celaya after Plaintiffs submitted complaints from 2001 until 2006, allowed Defendant/Assailant Celaya colossus perjury in every state action proceedings in relate to her police department employment starting 2002 through 2005.

22. The Regents General Council Susan Von Seeburg stands in special relation to The Regents Police Department. Plaintiff Chang submitted detail evidence proving Defendant/Assailant Celaya and the police department's liability owed to Plaintiffs, but Defendant Susan Von Seeburg, as the General Council of The Regents. took no action and remained ignorant of Plaintiff's complaints and evidence. Plaintiff Chang submitted complaint and evidence to The Regents Chancellor Robert Birgeneau, hoping for corrective or disciplinary action taken. The Chancellor simply delegated the liabilities to his staffs.

23. The Regents Individual Defendants **owe Plaintiffs a duty** to use reasonable care starting 2001 through 2007, see EXHIBITS. Especially The Regents Police Department which owes a duty to general public for safety being its mission and function. The Regents Individual Defendants have an obligation recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

24. The Regents Individual Defendants failed to comform to the required standard omitting to act and ignorant of Plaintiffs' complaints. This is called **breach of the duty**. Plaintiff received no response from The Regents Individual Defendants regarding a solution or corrective actions being taken.

25. There are **direct and proximate causal connections** between The Regents Individual Defendants' deficient policy, negligent training, improper guideline, negligent supervision, and omission to act.

26. Plaintiff Chang suffers disk bulging in the neck and lower lumbar, Plaintiff Sun

6

PLAINTIFF OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

1    suffers mental illness severely taking heavy dosage of antipsychotic medications daily.
2    Plaintiffs' damage will be proved by taking interrogatory, deposition, gathering medical
4    report, and doctor/expert testimony.
5       27. **FRAUD.** The Regents Defendant/Assailant Constance Peppers Celaya
6    fraudulently corrupted Plaintiffs' attorney Pamela Zimba. The Defendant Zimba
7    aided and abetted Celaya's colossus perjury framing Plaintiffs being the assailants.
8       28. Defendant Zimba covered up Defendant Celaya's aggravated assault/battery
9    against Plaintiffs, and directed Defendant Celaya's perjury in the assault/battery trial
10   on August 5, 2004, helping Defendant Celaya to win with remedy available to her.
11      29. Defendant Zimba lied to Plaintiffs that the judgment was NONSUIT, therefore,
12   it would be unnecessary for Plaintiffs to appeal (EXHIBIT 1.2)
13      30. Defendant Zimba, The Regents Defendant Celaya, and Rockridge Manor
14   Condominium Defendants worked out the deal to keep two lawsuits separate, therefore
15   took off the Rockridge Manor Defendants liabilities in causing the assault/battery by
16   Defendant Celaya. In the meantime, Plaintiffs' crooked attorney pushed the assault/battery
17   lawsuit to trial aiding and abetting Defendant Celaya perjury, in order to exonerate The
18   Regents Defendant Celaya from her liabilities (**EXHIBIT 1.2, PP 83 – 99, LINE 28**).
19      31. **ABUSE PROCESS**. It was very obvious that The Regents Defendant Celaya had
20   had communication and arrangements with the Alameda County Superior Court Judge
21   Castellanos before the assault/battery motion hearing on September 16, 2005. And the
22   communication and arrangements were purposely done to exclude Plaintiffs from the
23   information related to the motion hearing.
24      32. In the motion hearing Judge Castellanos asked Plaintiff, "What was the piece of
25   paper that you wanted?". The Regents Defendant/Assailant Celaya immediately stood up
26   from her seat, walked past the swing door, past the transcriptionist and court clerk, all the
27                                                 7
28   PLAINTIFF OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

1 way to Judge Castellanos handing the subpoenaed information personally without being
2 asked by Judge Castellanos. **It was purposely done to answer Plaintiffs' subpoena**
3 **without providing Plaintiffs a copy**. By the end of the hearing Judge Castellanos
4 ordered Plaintiffs to depart, but asked The Regents Defendant/Assailant Celaya to stay,
5 "Mrs. Celaya, if you could stay around until after they leave" (**EXHIBIT 2.5, P.17,**
6 **LL 20-21**). Apparently there was more urgent communication required between The
7 Regents Defendant/Assailant Celaya and the state court judge which could only be made
8 after Plaintiffs' departure from the courtroom.
9    33. The Regents Defendant/Assailant Celaya had an ulterior motive and committed
10 a willful act in the abuse of process not proper in the regular conduct of the legal
11 proceeding. To cover up her colossus perjury and aggravated assault/battery
12 against defenseless/disabled Plaintiffs (**EXHIBIT 1.1, 1.2, 1.3, 2.5**), and to protect her
13 "for the defendant judgment" in the assault/battery state action, she had exparte
14 communication and arrangements with the state court judge that could only be done
15 behind Plaintiffs' back.
16    34. In the Declaration of Constance Peppers Celaya in support of defendants' motion
17 to dismiss or summary judgment, page 2, paragraph 3, The Regents Defendant/Assailant
18 Celaya **did not** declare that she had **no** communication with Judge Castellanos before the
19 motion hearing. She declare that she had no communications with Judge Castellanos
20 since the conclusion of the September 16, 2005 hearing, but did not declare her
21 communication with Judge Castellanos immediately after the motion hearing which
22 Plaintiffs were ordered to depart (**EXHIBIT 2.5, P.17, LL20-21**).
23    35. **CONCLUSION**. The Eleventh Amendment Immunity does not apply to The
24 Regents Defendants who acted under the color of state law and conscious disregarded
25 Plaintiffs' complaints depriving Plaintiffs' Fourteenth Amendment Rights secured by
26 the Constitution and laws of the United States.
27                                            8
28 PLAINTIFFS OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

36. Pursuant California Code of Civil Procedure Section 338(a) and (d), the applicable statute of limitation is three years for causes of action of Statutory Liability; Injury to Property; Fraud or Mistake from August 3, 2004. Section 338(a) and (d):

(a) An action upon a liability created by statute, other than a penalty or forfeiture.

(d) An action for relief on the ground of fraud or mistake, of the facts constituting the fraud or mistake.

37. Based upon the Statute and authorities Plaintiffs Chang and Sun respectfully request that The Regents of the University of California's Motion to Dismiss or Summary Judgment be defeated in its entirety. Plaintiffs Chang and Sun respectfully request that the Court grant leave to amend the complaint for any deficiency the First Amended Complaint may have.

Dated: April 4, 2008

*[signature]*

Christine Chang, Plaintiff

9

PLAINTIFFS OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 9, 2008, I forwarded a true and correct copy of:

PLAINTIFFS' OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS OR SUMMARY JUDGMENT and DECLARATION

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

| | |
|---|---|
| Gaylynn Kirn Conant<br>Lombardi, Loper & Conant, LLP<br>Lake Merritt Plaza<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612-3541 | Paul A. Conroy<br>Allman & Nielsen<br>100 Larkspur Landing Circle<br>Suite 212<br>Larkspur, CA 94939 |
| Lee J. Danforth<br>Coddington, Hicks & Danforth<br>555 Twin Dolphin Drive, Suite 300<br>Redwood Shores, Redwood City,<br>California 94065-2133 | Andrew Adler<br>Boornazian, Jensen Garthe<br>555 12th Street, Suite 1800<br>Oakland, CA 94607 |
| Albert F. Coombes<br>15915 Ventura Blvd., Penthouse 4<br>Encino, CA 91436 | Edward Rodzewich<br>Valvrian, Patterson and Stratman<br>1650 Harbor Parkway, Suite 100<br>Alameda, CA 94502 |

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: April 9, 2008

By _____
Christine Chang, Plaintiff