GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, ALLAN KOLLING, TOM KLATT and SUSAN VON SEEBURG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and as Guardian ad Litem for ERIC SUN, disabled,<br><br>            Plaintiff,<br><br>     v.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>            Defendants. | Case No. C-07-4005 EMC<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT OF THE UNIVERSITY DEFENDANTS**<br><br>Date:          April 30, 2008 (Vacated by Court)<br>Time:         10:30 a.m.<br>Courtroom: C<br>Judge:         Magistrate Judge Edward M. Chen |

## I.   INTRODUCTION

Defendants The Regents Of The University of California, Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, and Susan Von Seeburg ("University Defendants") respectfully suggest that the moving papers sufficiently address the issues and that Plaintiffs' late opposition (mail-served on April 9, 2008) does not provide any argument or authority that requires a specific reply. Simply put, despite multiple opportunities, Plaintiffs have failed to state facts sufficient to constitute any plausible cause of action against any of the University Defendants. Moreover, the submitted evidence defeats the fraud claim on the merits.

As there are multiple defenses for the remaining 42 U.S.C. §1983 and tort claims, the entire action should be dismissed with prejudice. Nevertheless, to the extent the points raised in the Opposition are comprehensible, they are briefly addressed below.

## II. THE OPPOSITION AND THE FIRST AMENDED COMPLAINT ESTABLISH ALL OF THE CLAIMS AGAINST THE UNIVERSITY OFFICIALS ARE BARRED BY THE 11TH AMENDMENT OR QUALIFIED IMMUNITY AS ALL ALLEGED ACTS AND OMISSIONS OCCURRED IN DEFENDANTS' OFFICIAL CAPACITIES

Perhaps with the exception of the allegations asserted against Ms. Celaya, the "acts and omission" complained about with respect to the University defendants (Chancellor Birgeneau, Police Chief Harrison, University Counsel Susan Von Seebrug, Manager Tom Klatt (no longer a party) and Adan Tejada) were committed in their respective official capacities. There is no fact pled that would suggest personal gain or motivation for any of the alleged decisions or failures to act in response to Plaintiffs' complaints. Ms. Chang pleads, over and over, that the University defendants had an official duty to discipline Ms. Celaya because of their status as University officials. This is the classic case for 11th Amendment immunity and/or qualified immunity protection. Thus, any purported constitutional violation claim must be dismissed with prejudice.

## III. THE OPPOSITION RE-ASSERTS ALLEGATIONS THAT THE COURT HAS PREVIOUSLY DEEMED BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs' Opposition again cites facts involving the 2001 assault and the immediate aftermath in support of the 42 U.S.C §1983 claim (See ¶¶ 3-10, 12, 14 to Plaintiffs' Opposition, 2:19-3:16, 3:23-26, 4:8-11). The Court's February 13, 2008 Order previously ruled that all causes of action concerning the assault and every alleged incident related to Plaintiffs' alleged complaints to the University of California which occurred prior to August 7, 2005 were dismissed, with prejudice, because they were barred by the applicable two-year statute of limitations. Thus, the old "new" facts should not be considered by the Court in the context of the present motion. Moreover, Ms. Chang's attempt to re-litigate the Celaya lawsuit is barred by the doctrine of res judicata.

///

///

### IV. THE OPPOSITION ALLUDES TO "NEW FACTS" THAT WERE NOT IN THE OPERATIVE FIRST AMENDED COMPLAINT AND WHICH ARE NOT SUPPORTED BY ADMISSIBLE EVIDENCE

In addition, the Opposition Brief contains "new facts" that are not contained in the operative First Amended Complaint and are unsupported by an appropriate declaration or other admissible evidence. Thus, Plaintiffs claim that Ms. Chang filed written complaints with the U.C. Berkeley Police Department from December 13, 2001 "until September 8, 2005." Ms. Chang also adds that she complained to "University Counsel" until March 6, 2006 and the Chancellor on May 30, 2006. She also adds a new claim about receiving "annoying phone calls" which were from an unknown source. [¶13, 4:1-7]. None of these "new facts" should be considered by the Court. They are irrelevant to the theories of liability conceivably raised by the First Amended Complaint and, to the extent they are being submitted in opposition to the motion for summary judgment, they are not supported by admissible evidence. Finally, on their face, the facts do not give rise to any conceivable cause of action against any of the University defendants.

### V. THE PARKING CITATION ISSUE

The Opposition merely restates the facts alleged in the First Amended Complaint without addressing the legal and factual arguments presented in the moving papers or otherwise providing the Court with citations to legal authority supporting Plaintiffs' theory that being cited with a parking ticket after one serves summons and complaint rises to the level of a constitutional violation. To the extent Ms. Chang contends the parking citation was issued inappropriately, she should have contested the ticket. Since she did in fact effect service of process, there are no other compensable injuries that arise from this alleged incident (other than the parking fine which could have been reviewed through an appeal). The conspiracy theory that the Chancellor had any involvement whatsoever is nothing more than speculative paranoia and again, is unsupported by any "facts" to back up the conclusory allegation that Ms. Chang was personally targeted by parking officers at U.C. Berkeley. Once again, Ms. Chang had no contact with Chancellor Birgeneau (as conceded by the operative complaint and opposition). The claim that the Chancellor was involved whatsoever is pure speculation. Finally, even if the allegations were true, plaintiff has failed to cite to any authority to support a constitutional violation. Thus, the

1  §1983 claim with respect to the "parking citation" issue must be dismissed.

## VI. NEGLIGENCE CLAIM

The Opposition suggests two "theories" to support a negligence claim against the individual University defendants. The first, that "policy deficiency in police offensive training," inaction in training and negligent supervision resulted in the 2001 assault. Again, any claim arising from the assault is time-barred and barred by res judicata in light of the finding in Ms. Celaya's favor in the underlying Alameda County Superior Court lawsuit [See Request for Judicial Notice and attachments submitted in support of original Motion to Dismiss].

Plaintiffs then assert that the University's failure to respond to Ms. Chang's demands that Ms. Celaya be disciplined somehow breached a duty of care to Plaintiffs and somehow injured Plaintiffs. (See, e.g. "Plaintiffs submitted complaints from 2001 until 2006, allowed Defendant/Assailant Celaya colossus perjury in every state action proceedings in relate to her police department employment starting 2002 through 2005." [¶21]).

This nonsensical allegation is nothing more than a reiteration of Plaintiffs' claim that Ms. Celaya was not truthful in court proceedings. As none of the University defendants mentioned in the negligence section of the First Amended Complaint were present at any of the Court proceedings it is unclear how defendants "allowed" Ms. Celaya to do anything. Moreover, any state law based claims are barred by the litigation privilege and discretionary immunity.

Paragraph 22 is nothing more than a repeat of Ms. Chang's allegations in the original complaint that University Officials did not respond to her complaints (e.g. The Chancellor simply delegated the liabilities to his staffs.") and that they "should have." Again, Plaintiffs have not provided the Court with any authority supporting the notion that University officials owed a duty of care to Plaintiffs to investigate complaints concerning alleged off-campus behavior that had nothing to do with Ms. Celaya's status as a University employee. There is simply no authority that supports the claim that the University has a duty to become involved in private disputes. Hoff v. Vacaville Unified School District, 19 Cal.4th 925, 933 (1998) [no duty of care by school toward non-student injured by a student off school property.]; Benavidez v. San Jose Police Department, 71 Cal.App.4th 853 (1999) [no duty of care between police and victim when no

specific promise of assistance made.]

Further, the alleged "omission" of not responding to the complaint places the claim squarely within qualified immunity (for the Federal law claims) and governmental discretionary immunity (for any state based claims). Whether and how a state official decides to act in response to a complaint is quintessentially discretionary. Moreover, as discussed in the moving papers, there have been no facts showing a violation of a clearly defined constitutional right. Thus, each of the University defendants are entitled to immunity from suit.

### VII. THE FRAUD SECTION OF THE OPPOSITION CONTAINS NOTHING BUT ALLEGATIONS DIRECTED TO OTHER DEFENDANTS AND MS. CELAYA

The fraud section exemplifies the lack of merit with respect to the allegations in the First Amended Complaint. Faced with the undisputed declarations filed by the University Defendants that establishes there were no promises made nor communications to Plaintiffs regarding the provision of the Celaya "offensive training records," Plaintiffs simply restate the "conspiracy" allegations against Ms. Zimba, Rockridge Manor and Ms. Celaya from the original complaint. The claim is that these parties somehow conspired so that Plaintiffs would lose their lawsuit against Ms. Celaya. These allegations were deemed by the Court to be insufficient to state any conceivable theory against any defendant and were dismissed with prejudice. Moreover, the lack of a direct opposition to the moving papers on the "fraud" issue warrants dismissal with prejudice of the claim.

### VIII. ABUSE OF PROCESS

Plaintiffs apparently are contending that alleged *ex parte* contact between Ms. Celaya and Judge Castellanos gives rise to an "abuse of process" claim. As previously discussed in both the Court's prior order and the moving papers, this alleged incident does not give rise to an abuse of process cause of action as a matter of law. The Opposition's slightly different "spin" on the claim (that something inappropriate *must* have occurred after she left) is nothing but conclusory speculation. At most, the new "theory" shows that Ms. Celaya remained in court at the direction of a Superior Court Judge. This is hardly behavior that suggests abuse of process on the part of Ms. Celaya. See, Rusheen v. Cohen, 37 Cal.4th 1048, 1056 (2006). Finally, the abuse of process

claim is barred by the litigation privilege in any event as it is based upon alleged communications regarding pending litigation.

## IX. CONCLUSION

Based upon the foregoing points and authorities, defendants Robert Birgeneau, Constance Peppers Celaya, Adan Tejada, Victoria Harrison, and Susan Von Seeburg respectfully request that their motion to dismiss, or in the alternative, motion for summary judgment be granted and that the entire action be dismissed with prejudice.

Dated: April 10, 2008                LOMBARDI, LOPER & CONANT, LLP


By: /s/ GayLynn Kirn Conant
GAYLYNN KIRN CONANT
Attorneys for Defendants
The Regents Of The University of
California, Robert Birgeneau Constance
Peppers Celaya, Adan Tejada, Victoria
Harrison, and Susan Von Seeburg

CERTIFICATE OF SERVICE
Chang v. Rockridge Manor, et al.
USDC Northern District Case No. C-07-4005 EMC

I, Joni Gordon, hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the county of Alameda; my business address is 1999 Harrison Street, Suite 2600, Oakland, CA 94612-3541.

I served the within

- **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT OF THE UNIVERSITY DEFENDANTS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Christine Chang
Individually and as Guardian Ad Litem for Eric Sun
341 Tideway Dr., #214
Alameda, CA 94501

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age

1  between the hours of eight in the morning and six in the evening.

2  ☐  **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 11, 2008, at Oakland, California.

/s/ Joni Gordon
Joni Gordon

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30284-37261 GKC 552346.1         2         Case No. C-07-4005 EMC
CERTIFICATE OF SERVICE