UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR APPOINTMENT AS GUARDIAN AD LITEM** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | |
| Defendants. | **(Docket No. 165)** |
| _____/ | |

Plaintiff Christine Chang has asked the Court for an extension of time to find counsel. Having considered Ms. Chang's brief and accompanying submissions, the Court hereby **GRANTS** the request.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Before discussing the merits of Ms. Chang's request for an extension, the Court shall briefly discuss the relevant history of this case.

Ms. Chang initiated this lawsuit on August 3, 2007, on behalf of herself and her son, Eric Sun. *See* Docket No. 1. In November 2007, Ms. Chang filed a motion to be appointed guardian ad litem ("GAL") for Mr. Sun. *See* Docket No. 74. The Court informed Ms. Chang during a case management conference that she could not bring the action on behalf of Mr. Sun without retaining a lawyer. *See, e.g.*, *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).("hold[ing] that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). The Court therefore gave

Ms. Chang an opportunity to find counsel (by appointment or otherwise) but that, if no counsel had made an appearance by December 24, 2007, then it would deny her motion to be appointed GAL.[1] *See* Docket No. 81.

Thereafter, Ms. Chang filed an application to appoint counsel for GAL, which the Court denied on November 29, 2007. *See* Docket No. 86. On January 3, 2008, the Court denied Ms. Chang's motion to reconsider. *See* Docket No. 104. On March 7, 2008, the Court denied yet another motion by Ms. Chang for appointment of counsel for GAL. In this order, the Court informed Ms. Chang that she had to decide whether to pursue appointment as GAL for Mr. Sun or whether to dismiss Mr. Sun from the action. The Court also informed Ms. Chang that, if no counsel made an appearance by April 14, 2008, then it would deny her application to be appointed GAL and would dismiss Mr. Sun from the case. *See* Docket No. 127.

On April 14, 2008, Ms. Chang filed the currently pending request for an extension of time.

## II. DISCUSSION

In her motion, Ms. Chang asks for additional time to have counsel make an appearance. She represents that she has contacted various referral services and looked through telephone directories "to no avail." Chang Decl. ¶ 2. According to Ms. Chang, during the week of April 7, 2008, she was able to consult with an attorney in Los Angeles by telephone. *See id.* ¶ 4. It is not clear whether this attorney has actually agreed to represent Ms. Chang (either directly or as GAL for Mr. Sun). In her declaration, Ms. Chang states that he is "retained counsel" but she also represents that the attorney is "concerned" about whether or not the Court will grant Ms. Chang an extension of time. *Id.* ¶¶ 5-6.

Because Ms. Chang is pro se, the Court shall give her the benefit of the doubt and proceed with the assumption that the Los Angeles attorney has not yet been retained and that he needs additional time to evaluate whether or not to represent her and/or Mr. Sun in this case. Accordingly, the Court shall give Ms. Chang until May 2, 2008, to have counsel make an appearance in this case. If no appearance

---

[1] The Court subsequently extended this date to December 26, 2007. *See* Docket No. 90.

is made by this date, then the Court shall deny Ms. Chang's application to be appointed GAL and shall dismiss Mr. Sun from the case.

The Court forewarns Ms. Chang that, absent good cause, this is the last extension of time that it shall give her with respect to this issue. Ms. Chang has known since mid-November 2007 of the need to obtain counsel if she were to be appointed GAL for Mr. Sun. If she is unable, after more than five months, to locate representation, then it is only fair that Mr. Sun be dismissed from the case.

### III. CONCLUSION

For the forgoing reasons, Ms. Chang's request for an extension is granted.

This order disposes of Docket No. 165.

IT IS SO ORDERED.

Dated: April 16, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

<div style="writing-mode: vertical-rl">**United States District Court**
For the Northern District of California</div>

1
2
3
4
5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | |
| Defendants. / | |

14
15
16
17
18
19

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

20
21
22

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

23
24  Dated: April 16, 2008                             RICHARD W. WIEKING, CLERK
25
26                                                   By: _____
27                                                        Betty Fong
                                                          Deputy Clerk
28