FILED

APR 29 PM 2:59

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case: C-07-4005 EMC<br><br>PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR APPOINTMENT AS GUARDIAN AD LITEM; AND FOR LEAVE FOR COURT APPOINTED COUNSEL WITH COST PAID BY PLAINTIFF<br><br>Date:<br>Time:<br>Courtroom: C, 15th Floor<br>Judge: Magistrate Judge<br>          Edward M. Chen |

1

PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE COUNSEL FOR GAL

1. Pursuant to the Court Order (filed April 16) grants Plaintiff Chang's request to continue notice of appearance by counsel until May 2, 2008, Plaintiff Chang started immediately to contact Mr. Ted Armbrister on April 21 and 22, to discuss detail in relate to his appearance for Plaintiff Chang to be appointed as guardian ad litem.

2. Mr. Armbrister left a voice mail on April 22 as following, "I can not help you in this case. I am leaving town and I will not be back until after May 2. Please contact another lawyer. I certainly can not help you on your case. Please leave a message at (213) 576-5008.

3. During Plaintiff's several telecom communications with Mr. Armbrister in the week of April 7, 2008, Mr. Armbrister advised if Plaintiff was able to obtain continuance for appearance by counsel, he would discuss detail with Plaintiff regarding his appearance. Mr. Armbrister did not mention his schedule leaving the country on the weekend of April 25 and will not return until May 6, 2008.

4. On April 23 Plaintiff called Mr. Armbrister requesting a written verification be provided to submit to Court as proof of good cause for continuance. Mr. Armbrister agreed to reply Plaintiff's email (**EXHIBIT A**).

5. In Mr. Armbrister's reply, "I do not understand what it is that the Court has asked you to do. It sounds as though you are looking for an attorney to represent you in your capacity as guardian ad litem for your son."

6. Mr. Armbrister's reply came as a surprise because Plaintiff had faxed the previous Court Order to him on April 10 (**EXHIBIT B**). After further communication by phone, and with his permission to include his name and the communications, Plaintiff submitted request to continue notice of appearance by counsel on April 14 (**EXHIBIT C**). Subsequently, Plaintiff was expecting to discuss detail for his appearance by May 2.

7. To better understand Mr. Armbrister's concern regarding his involvement as an

2

1. attorney of record for Plaintiff Chang to be appointed as guardian ad litem, Plaintiff email him on April 24 asking for clarification (**EXHIBIT D**). Mr. Armbrister did not reply.

8. According to the telecom communication on April 25, Mr. Armbrister expressed his belief that the Court requires him to file complaint/oppositions/motions, take depositions, and attend hearings, in representing Plaintiff Sun for Plaintiff Chang's application to be appointed as Plaintiff Sun's guardian ad litem. Mr. Armbrister believes he will have to take over the whole case, work several hundred hours, and cost $100,000, for Plaintiff Chang's application as guardian ad litem.

9. Plaintiff Chang had communicated with Mr. Armbrister **before** submitting the "April 14 - request to continue", that the Court requires retain counsel to help with Plaintiff Chang's application as guardian ad litem, and the counsel is to protect Plaintiff Sun's rights and to voice for him when required, and Mr. Armbrister **agreed** to discuss detail of being retained as soon as Plaintiff Chang was able to obtain continuance from April 14.

10. Plaintiff does not know what transpired Mr. Armbrister before and after April 14, and is compelled to request verification from Court. Plaintiff believes that Mr. Armbrister is wrong regarding his taking over the whole case representing Plaintiff Sun, working several hundred hours, and charging over $100,000 for Plaintiff Chang's application to be appointed as Plaintiff Sun's guardian ad litem.

11. It will be prejudice to Plaintiffs if Court requires a counsel to take over Plaintiff Sun's complaint starting from filing the initial complaint, because Plaintiffs have been ripped off by various Defendants entities, lost our home of thirteen years, and by Plaintiffs' attorneys extortion of legal fees for nearly $70,000, and would not be able to afford over $100,000 **for disabled Plaintiff Sun to be represented**.

3

12. Plaintiffs request clarification of counsel's duty for Plaintiff Chang's application as guardian ad litem, and request to continue notice of appearance by counsel to June 30, to allow time to seek counsel and deliver all documents for counsel review. Between April 28 until May 13 Plaintiff Chang is studying and taking school finals.

13. Plaintiffs also **request for leave for Court appointed counsel** with cost paid by Plaintiff Chang if failed to retain counsel.

14. It has been very difficult and time consuming for Plaintiff to retain counsel, because Plaintiff is a lay person and unclear of counsel's duty during negotiations.

## DECLARATION

15. I declare under penalty of perjury that the foregoing is true and correct, except as to those matters set forth on information and belief, and as to those matters I am informed and believe them to be true and correct.

Executed on April 28, 2008 at Alameda, California.

_____
Christine Chang, Plaintiff

4

PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GAL

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 28, 2008 [29], I forwarded a true and correct copy of:

> Plaintiff Chang's request on good cause to continue notice of appearance by counsel for appointment as guardian ad litem; and for leave for court appointed counsel with cost paid by Plaintiff

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

| | |
|---|---|
| Gaylynn Kirn Conant<br>Lombardi, Loper & Conant, LLP<br>Lake Merritt Plaza<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612-3541 | Paul A. Conroy<br>Allman & Nielsen<br>100 Larkspur Landing Circle<br>Suite 212<br>Larkspur, CA 94939 |
| Lee J. Danforth<br>Coddington, Hicks & Danforth<br>555 Twin Dolphin Drive, Suite 300<br>Redwood Shores, Redwood City,<br>California 94065-2133 | Andrew Adler<br>Boornazian, Jensen Garthe<br>555 12th Street, Suite 1800<br>Oakland, CA 94607 |
| Albert F. Coombes<br>15915 Ventura Blvd., Penthouse 4<br>Encino, CA 91436 | Edward Rodzewich<br>Valvrian, Patterson and Stratman<br>1650 Harbor Parkway, Suite 100<br>Alameda, CA 94502 |

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: April 28, 2008 [29]

By _/s/ Christine Chang_
Christine Chang, Plaintiff

# EXHIBIT A

# RE: Deadline for guardian-ad-litem application #C-07-4005 EMC

| | |
|---|---|
| **From:** | Ted Armbrister <tarmbrister@gordonrees.com> |
| **To:** | christine |
| **Subject:** | RE: Deadline for guardian-ad-litem application #C-07-4005 EMC |
| **Date:** | Apr 23, 2008 1:01 PM |

Dear Ms. Chang:

I an unable and unwilling to represent you or your son in this matter.

I do not understand what it is that the Court has asked you to do. It sounds as though you are looking for an attorney to represent you in your capacity as guardian ad litem for your son. Unfortunately, I am NOT able or willing to become involved as an attorney of record in this matter.

I wish you the best of luck and recommend that you contact a local lawyer for further assistance.

Sincerely

Cyril Armbrister

-----Original Message-----
From: christine [mailto:christie1chang@peoplepc.com]
Sent: Wednesday, April 23, 2008 12:22 PM
To: Ted Armbrister
Subject: Deadline for guardian-ad-litem application #C-07-4005 EMC

Mr. Armbrister:

In my filing the continuance for guardian-ad-litem application in the District Court on April 14, you gave me permission to mention your name and our several telecon communication in relate to the possibility of retaining you for my application to be appointed as guardian-ad-litem for my son.

Yesterday late afternoon I received your voice mail that you will be going out of town, and will not be back to your office until after May 2, the Court ordered deadline for an appearance by counsel. Today in our telecon communication you expressed difficulty in accepting our case because you don't have information regarding my original and amended complaint and all other related documents. You believe you will have to know and be able to take over everything in relate to our case. You believe by taking over, it will be several hundred hours costing ten of thousands of dollars, and I will not be able to afford it.

According to the Court Order I have until May 2 to have counsel make an
appearance. If no appearance is made by this date, the Court shall deny
my application to be appointed as guardian-ad-litem and shall dismiss my
son from the case. The Court also forewarns me that, absent good cause,
this is the last extension of time I shall receive.

Please reply this email so I may present to court regarding your
difficulties to make an appearance for my application to be appointed as
guardian-ad-litem for my son.

Please let me know if you would consider requesting for an extension
from Court for you to review all our documentations, and also consider
to represent us on both fee retention and contingency basis. Thank you
very much for your consideration.

Christine Chang
Plaintiff in District Court
Case #C-07-4005 EMC

---

PeoplePC Online
A better way to Internet
http://www.peoplepc.com

--------------------------------------------------------

San Francisco * San Diego * Los Angeles * Sacramento * Orange County  * Las Vegas
* Portland * Seattle * Houston * Chicago * Phoenix *  Dallas  * New York * Long
Island  * Newark  * Denver

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE
LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified
above. If you are not the intended recipient of this communication, you are hereby
notified that any unauthorized review, use, dissemination, distribution, downloading,
or copying of this communication is strictly prohibited. If you are not the intended
recipient and have received this communication in error, please immediately notify
us by reply email, delete the communication and destroy all copies.

 IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax
advice contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding penalties
under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
GORDON & REES LLP
http://www.gordonrees.com

EXHIBIT B

To: Ted Armbrister

From: Christine Chang

Date: April 10, 2008

Sub: Guardian-ad-Litem filing

Thank you for your help. Included in this fax is Court order of 3 pages. I have until April 14 to cause a notice of appearance by counsel, or otherwise, my son will be dismissed.

I will contact you about 2:30pm this afternoon.

Our phone no is (510) 769-8232. Thank you.

Christie Chang

Case 3:07-cv-04005-EMC   Document 127   Filed 03/07/2008   Page 1 of 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

Plaintiffs,

v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

Defendants.

No. C-07-4005 EMC

**ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL FOR GUARDIAN AD LITEM**

(Docket No. 120)

___

Previously, the Court issued an order denying Plaintiffs' application to appoint counsel for guardian ad litem. *See* Docket No. 86. The Court then denied Plaintiffs' motion to reconsider the denial. Plaintiffs have now filed yet another motion asking that counsel be appointed. Plaintiffs have already had "two bites at the apple" in seeking the requested relief. They are not entitled to a third. Moreover, Plaintiffs have failed to show why the Court's previous orders should be reconsidered. As the Court previously stated, Plaintiffs have failed to show that the merits of their case are sufficiently strong to warrant appointment of counsel, particularly in light of the Court's orders dismissing the majority of the claims asserted in the original complaint.

Because the Court is denying Plaintiffs' request to appoint counsel for guardian ad litem, Ms. Chang must decide whether she wishes to pursue her application to be appointed guardian ad litem for Mr. Sun or whether she will withdraw that application and have Mr. Sun dismissed from the case. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (stating that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). The Court shall give Ms. Chang until April 14, 2008, to make this decision. If Ms. Chang does not cause a

notice of appearance by counsel, representing her in her application for appointment as guardian ad litem, to be filed by said date, the application will be denied and Mr. Sun will be dismissed.

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for appointment of counsel. The hearing on Plaintiffs' motion set for April 23, 2008 at 10:30 a.m. is hereby **VACATED**.

This order disposes of Docket No. 120.

IT IS SO ORDERED.

Dated: March 7, 2008

EDWARD M. CHEN
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

Dated: March 7, 2008                RICHARD W. WIEKING, CLERK

By: _____/s/_____
Leni Doyle
Deputy Clerk

# EXHIBIT C

ORIGINAL FILED

08 APR 14 PM 3:27

RICHARD...
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM, et al.,<br><br>Defendants. | Case: C-07-4005 EMC<br><br>PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR APPOINTMENT AS GUARDIAN AD LITEM<br><br>Date:<br>Time:<br>Courtroom: C<br>Judge: Magistrate Judge Edward M. Chen |

1

PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GUARDIAN-AD-LITE

1. Pursuant to the Court Order which gives Plaintiff Chang until April 14, 2008 to cause a notice of appearance by counsel in Plaintiff's application for appointment as guardian ad litem, Plaintiff Chang has been searching for a suitable counsel in all possible directions.

2. Plaintiff has contacted private referrals, San Francisco Lawyer Referral Service, Alameda County Lawyer Referral Service, Asian Caucus Organization, and telephone yellow pages to no avail.

3. It was difficult to find an attorney who would be competent in different area of laws of tort, family, malpractice, personal injury, and etc.

4. With due diligence, Plaintiff expanded the search to California statewide and was able to consult Mr. Ted Armbrister, who currently resides in Los Angeles, several times over the phone last week.

5. Because Plaintiff has until April 14 to cause a notice of appearance by counsel, Mr. Armbrister is concerned of "Plaintiff's request to continue notice of appearance by counsel" will be granted by Court.

6. Plaintiffs Chang and Sun pray for Court's granting this request of continuance, to allow time to discuss details with Mr. Armbrister as retained counsel, in Plaintiff Chang's application for appointment as guardian ad litem.

### DECLARATION

7. I declare under penalty of perjury that the foregoing is true and correct, except as to those matters set forth on information and belief, and as to those matters I am informed and believe them to be true and correct.

Executed on April 14, 2008 at Alameda, California.

*Christine Chang* (signature)

Christine Chang, Plaintiff

2

PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GUARDIAN-AD-LITEM

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 14, 2008, I forwarded a true and correct copy of:

   Plaintiff Chang's request to continue notice of appearance
   by counsel for appointment as guardian ad litem

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

| | |
|---|---|
| Gaylynn Kirn Conant<br>Lombardi, Loper & Conant, LLP<br>Lake Merritt Plaza<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612-3541 | Paul A. Conroy<br>Allman & Nielsen<br>100 Larkspur Landing Circle<br>Suite 212<br>Larkspur, CA 94939 |
| Lee J. Danforth<br>Coddington, Hicks & Danforth<br>555 Twin Dolphin Drive, Suite 300<br>Redwood Shores, Redwood City,<br>California 94065-2133 | Andrew Adler<br>Boornazian, Jensen Garthe<br>555 12th Street, Suite 1800<br>Oakland, CA 94607 |
| Albert F. Coombes<br>15915 Ventura Blvd., Penthouse 4<br>Encino, CA 91436 | Edward Rodzewich<br>Valvrian, Patterson and Stratman<br>1650 Harbor Parkway, Suite 100<br>Alameda, CA 94502 |

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: April 14, 2008

                                                By _____
                                                  Christine Chang, Plaintiff

EXHIBIT D

Deadline for guardian-ad-litem application #C-07-4005 EMC    Page 1 of 3

# Deadline for guardian-ad-litem application #C-07-4005 EMC

| | |
|---|---|
| From: | christine <christie1chang@peoplepc.com> |
| To: | Ted Armbrister |
| Subject: | Deadline for guardian-ad-litem application #C-07-4005 EMC |
| Date: | Apr 24, 2008 3:28 PM |

Dear Mr. Armbrister,

I believe there may be misunderstanding between you and I regarding the representation we are seeking. I believe the Court requires an attorney to help me with my application as the guardian-ad-litem for my son. As long as there is an attorney to ensure my son is protected, or voice for him when it is required, that is all the Court's requirement.

But it seems to me that you believe you will have to take over the whole case reviewing all documents, filing paperwork with court, taking depositions, appearing in court, on behalf of my son. Which will take several hundred hours and cost too much that I will not be able to afford.

Please clarify and I will obtain clarification from Court to ensure I understand what is the Court's requirement. Thank you very much.

Christine Chang

-----Original Message-----
>From: Ted Armbrister <tarmbrister@gordonrees.com>
>Sent: Apr 23, 2008 4:01 PM
>To: christine <christie1chang@peoplepc.com>
>Subject: RE: Deadline for guardian-ad-litem application #C-07-4005 EMC
>
>Dear Ms. Chang:
>
>I an unable and unwilling to represent you or your son in this matter.
>
> I do not understand what it is that the Court has asked you to do. It
>sounds as though you are looking for an attorney to represent you in
>your capacity as guardian ad litem for your son. Unfortunately, I am
>NOT able or willing to become involved as an attorney of record in this
>matter.
>
>I wish you the best of luck and recommend that you contact a local
>lawyer for further assistance.
>
>Sincerely
>
>Cyril Armbrister

>
>-----Original Message-----
>From: christine [mailto:christielchang@peoplepc.com]
>Sent: Wednesday, April 23, 2008 12:22 PM
>To: Ted Armbrister
>Subject: Deadline for guardian-ad-litem application #C-07-4005 EMC
>
>Mr. Armbrister:
>
>In my filing the continuance for guardian-ad-litem application in the
>District Court on April 14, you gave me permission to mention your name
>and our several telecon communication in relate to the possibility of
>retaining you for my application to be appointed as guardian-ad-litem
>for my son.
>
>Yesterday late afternoon I received your voice mail that you will be
>going out of town, and will not be back to your office until after May
>2, the Court ordered deadline for an appearance by counsel.  Today in
>our telecon communication you expressed difficulty in accepting our case
>because you don't have information regarding my original and amended
>complaint and all other related documents.  You believe you will have to
>know and be able to take over everything in relate to our case.  You
>believe by taking over, it will be several hundred hours costing ten of
>thousands of dollars, and I will not be able to afford it.
>
>According to the Court Order I have until May 2 to have counsel make an
>appearance. If no appearance is made by this date, the Court shall deny
>my application to be appointed as guardian-ad-litem and shall dismiss my
>son from the case.  The Court also forewarns me that, absent good cause,
>this is the last extension of time I shall receive.
>
>Please reply this email so I may present to court regarding your
>difficulties to make an appearance for my application to be appointed as
>guardian-ad-litem for my son.
>
>Please let me know if you would consider requesting for an extension
>from Court for you to review all our documentations, and also consider
>to represent us on both fee retention and contingency basis.  Thank you
>very much for your consideration.
>
>Christine Chang
>Plaintiff in District Court
>Case #C-07-4005 EMC
>
>_____
>PeoplePC Online
>A better way to Internet
>http://www.peoplepc.com