Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM;<br>ROCKRIDGE MANOR HOMEOWNERS ASSO;<br>ROCKRIDGE MANOR BOARD OF DIRECTORS;<br>ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY;<br>ROCKRIDGE MANOR MANAGER EVA AMMANN; and DOES 1-30, inclusive,<br>    JOINDER<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, SUSAN VON SEEBURG; and DOES 31-60, inclusive,<br>    JOINDER<br>PAMELA ZIMBA, ATTORNEY AT LAW;<br>ALBERT COOMBES, ATTORNEY AT LAW;<br>And DOES 61-90, inclusive,<br>    Defendants. | Case: C-07-4005 EMC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT PAMELA ZIMBA'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER AND/OR FAILURE TO STATE A CLAIM; AND FOR LEAVE TO APPEAL DENYING PLAINTIFF CHANG FOR COURT APPOINTED COUNSEL WITH COST PAID BY PLAINTIFF CHANG; AND FOR LEAVE TO APPEAL DISMISSING PLAINTIFF SUN FOR INABILITY TO RETAIN COUNSEL<br><br>Judge: Magistrate Judge Edward M. Chen |

1

**INTRODUCTION**

1. Plaintiffs Chang and Sun filed this instant action #C-07-4005 EMC on August 3, 2007 against Defendant Pamela Zimba. Defendant Pamela Zimba was retained as Plaintiffs' attorney representing Plaintiffs in state court actions Chang v. Eva Ammann (Rockridge Manor) No. 2001-023364, and Chang v. Celaya (assault/battery) No. 2002-046048.

2. Defendant Zimba's representation was fraudulent, oppressive, and malicious with conscious disregard of Plaintiffs' rights and injuries. In the assault/battery action she framed Plaintiffs as the assailants to exonerate the true assailant who struck, punched, slammed, choked-hold Plaintiffs using police offensive skills. As an officer of the court, Defendant Zimba directed and competed with the assault/battery defendant perjurying against Plaintiffs in the state court trial on August 5, 2004.

3. Defendant Zimba seeks dismissal and for a more definite statement.

**FACTS**

4. Defendant Zimba started to represent Plaintiffs in November 2003 until April 2005. On August 5, 2004 in the state action No. 2002-046048, Defendant Zimba framed Plaintiffs as the assailants in order to exonerate the assault/battery Defendant Constance Celaya causing a defense judgment with remedy available to the assault/battery assailant.

5. Defendant Zimba also extorted over $53,000 legal fees by lying to Plaintiffs while providing adverse representation.

6. On three different dates, March 16 and July 14 and July 30, 2004, Defendant Zimba scheduled depositions of Oakland Police Officers V. Le and Stephen Mitchell. When both officers finally appeared on July 30 Defendant Zimba refused to take their depositons lying to Plaintiffs that the officers' testimony was unnecessary for the assault/battery trial on August 5, 2004. The transcriptionist and subpoena fees and all cost were charged to Plaintiffs.

2

PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

1    7. Defendant Zimba subpoenaed Plaintiff Chang's Orthopedist, Dr. Behravan,
2  for deposition on July 7, 2004 but the doctor did not show up.  The transcriptionist
3  and subpoena fees and all cost were charged to Plaintiffs.
4    8. Plaintiff asked Defendant Zimba to subpoena Dr. Behravan for Plaintiff
5  Chang's medical records and MRI reports to show severe trauma in the bent spinal
6  cord, bulging neck, and bulging lower lumbar.  Defendant Zimba lied to Plaintiffs
7  that she would subpoena Dr. Behravan for courtroom testimony on August 5, 2004.
8    9. To avoid Dr. Behravan's testimony Defendant Zimba lied to Plaintiffs
9  that Dr. Behravan charge $3000 for courtroom appearance.  Plaintiff Chang decided
10  to pay the $3000.
11   10. On August 5, 2004, Defendant Zimba told the court and Plaintiffs that doctor
12  was scheduled to testify at 3 pm.  Passed 3:10 pm there was no doctor.  Defendant
13  Zimba lied to Plaintiffs that doctor's testimony was an overkill and unnecessary
14  and plain wasting of $3000.  As soon as the trial adjourned the doctor showed up
15  in the courtroom lobby.
16   11. Defendant Zimba continued lying as Plaintiffs leaving the courthouse that
17  there was more than 70% for a winning verdict.  Plaintiffs had no idea what
18  Defendant Zimba had done making Plaintiffs the assailants, knowing both Plaintiffs
19  were defenseless and being beatened up and slammed against the walls and lockers.
20   12. Defendant Zimba was aware of Plaintiff Sun sustained severe psychological
21  trauma from the assault/battery, who had to move away from home to live in board
22  and care for over a year, caused by his fear of assault/battery Defendant Constance
23  Celaya, Rockridge Manor board of directors, president, and manager.
24   13. As soon as Defendant Zimba delivered her performance of competing
25  perjury along with the assault/battery Defendant Constance Celaya, and
26  successfully prevented Plaintiffs' witnesses, doctor, and police officer testimony,
27                3
28 PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

1  she joined Plaintiffs for dinner to carry out her next move. Since she had delivered
2  her part of bargain exonerating the assault/battery Defendant, she believed she had
3  won the support of Rockridge Manor Defendants and defense attorneys to go to the
4  Rockridge Manor trial for her share of Plaintiffs' one million dollar damage.

5  14. Although she was aware a summary judgment should be filed on behalf of
6  Plaintiffs instead of going to trial. Defendant Eva Ammann perjured in her
7  deposition against a homeowner who gave contrary testimony. The testimony
8  of John George Psychiatric Pavillion also proved Defendant Eva Ammann perjured.

9  15. At dinner on August 5, 2004, Defendant Zimba forced Plaintiffs to hire
10 Defendant Albert Coombes with a retainer of $7500 and a contingency contract,
11 or otherwise, she would stop her representation immediately. The Rockridge Manor
12 trial was only five weeks away and Defendant Zimba had extorted legal fees paying
13 through the trial.

14 16. The assault/battery verdict was available on August 11, 2004 but Defendant
15 Zimba purposefully waited until August 20 to release it to Plaintiffs, after she and
16 Defendant Albert Coombes secured the 33 1/3% contingence contract and another
17 $10,000 extorted from Plaintiffs.

18 17. Upon information and belief and allege, Defendant Zimba and Coombes
19 released the fraudulent verdict NONSUIT on August 20 to abolish the deadline
20 to appeal for a new trial, and have enough time to secure the contingence contract,
21 and extort extra $10,000 from Plaintiffs. The $10,000 check cleared Plaintiffs'
22 checking account on August 18, 2004.

23 18. When asked for the meaning of NONSUIT, Defendant Zimba answered,
24 "It means nobody needs to pay anything to the other party." Defendant Zimba
25 wished to shut Plaintiffs off from any further action in the assault/battery case.

26 19. Plaintiffs asked Defendant Zimba to appeal the NONSUIT judgment,

27                                    4

28 PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

1  but Defendant Zimba told Plaintiffs there were deposition schedules of Rockridge
2  Manor Defendants Charles Blakeney and Michael Solomon on August 20, 2004.
3  Thereafter every day until September 2, either Defendant Zimba produced both
4  Plaintiffs for depositions, or defense attorneys produced Rockridge Manor
5  Defendants and expert witness for depositions, or all day mediation in conjunction
6  with half day expert psychiatrist examination.  Because Plaintiff Chang attended
7  every depositions, upon information and belief and allege, Plaintiffs attorneys and
8  defense attorneys intended to keep Plaintiffs busy without any opportunity to
9  appeal the assault/battery judgment.  Defendant Zimba and defense attorneys had
10   nine months to take those depositions between November 2003 and July 2004.
11  All of a suddent, all depositions and proceedings had to be done starting **August 20**
12  to September 10, 2004 (Rockridge Manor trial date).
13     20. On September 2, Defendant Zimba forced Plaintiff Chang to bring Plaintiff
14  Sun to the San Francisco all day mediation and half day psychiatrist examination.
15  Plaintiff Chang asked Defendant Zimba to schedule them separately because
16  Plaintiff Sun's mental deterioration could not withstand the pressure and long hours.
17  But **Defendant Zimba insisted upon the schedules had to be made despite her**
18  **knowledge of Plaintiff Sun's mental disability and mutilating himself caused**
19  **by the pressures.  Plaintiff Sun constantly told Plaintiff Chang that he could not**
20  **take it anymore**.
21     21. Starting November 2003 Defendant Zimba was first retained as Plaintiffs'
22  attorney, she emphasized the importance of filing guardian-ad-litem to protect
23  Plaintiff Sun from the legal proceedings.  She purposefully not filing the
24  guardian-ad-litem in order to induce Plaintiff Sun to take the stand in the assault/
25  battery state action to abolish a jury trial, and to facilitate her perjury against
26  Plaintiffs without jury to witness.  Then she submitted Plaintiff Sun for Rockridge
27                                             5
28 PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

1 Manor defense attorneys multiple depositions, lying to Plaintiffs that Plaintiff Sun
2 could afford no protection being disabled because he represented himself in the
3 assault/battery trial.
4     22. Plaintiff Sun was on the brink of mental break down on September 2. It did
5 not stop Defendant Zimba's continuing extortion and suppression demanding
6 a separate team of attorneys and expert witnesses be hired to represent Plaintiff Sun.
7     23. On September 3, 2004 Plaintiffs accepted the low settlement from Rockridge
8 Manor insurance company and instructed Defendant Zimba to expedite the
9 settlement. Defendant Zimba purposefully delayed the settlement attempting to
10 have the trial continued, or, forced Plaintiffs to let her convert the settlement into a
11 trust fund controlling by her.
12     24. Between September 3, 2004 and February 7, 2005, Defendant Zimba brought
13 up more than half a dozen excuses not to move forward with the settlement. One
14 of her excuses was the settlement required a guardian-ad-litem for Plaintiff Sun.
15     25. Plaintiffs provided a guardian-ad-litem who was approved by the court on
16 October 27, 2004, but Defendant Zimba would not carry out the settlement after
17 Plaintiffs repeated requests and certified letters starting September 3, 2004.
18     26. Defendant Zimba attempted to disqualify the guardian-ad-litem causing
19 Plaintiffs to search for another guardian. Plaintiff Chang informed Defendant
20 Zimba if the settlement did not go through in the hearing on February 7, 2005,
21 she will be substituted immediately and owing interest of the settlement starting
22 September 3, 2004. The settlement was finally approved by court.
23     27. All settlement funds went through Defendant Zimba who forcibly
24 charged another over $2000 before she transferred the fund to Plaintiffs stating
25 that the charge was disputable. Defendant Zimba extorted over $53,000 from
26 Plaintiffs providing adverse, fraudulent, malicious and oppressive representation.
27                                   6
28 PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

## CONCLUSION

28. Defendant Zimba is liable for FRAUD violating California Civil Procedure Section 338 – statutory liability; injury to property; fraud or mistake; within three years of statute of limitation:

(a) An action upon a liability created by statute.

(d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

29. Defendant Zimba is liable for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against Plaintiffs Chang and Sun knowing Plaintiff Sun's psychological disability.

30. Defendant Zimba breached her fiduciary duty owed to Plaintiffs. There was attorney-client relationshipwhen Defendant Zimba was being retained as Plaintiffs attorney. Defendant Zimba perjured alongside the assault/battery Defendant Constance Celaya in order to frame Plaintiffs being the assailants. Throughout all relevant times, Defendant Zimba had the knowledge and evidence that Plaintiffs were being beatened up helplessly by Defendant Constance Celaya using police offensive technique.

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on May 19, 2008, at Alameda, California.

_____
Christine Chang, Plaintiff

7

PLAINTIFFS OPPOSITION TO DEFENDANT ZIMBA MOTION TO DISMISS; FOR LEAVE TO APPEAL DISMISS SUN

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on May 21, 2008, I forwarded a true and correct copy of:

1. Plaintiffs' opposition to Defendant Pamela Zimba's memorandum of points and authorities re motion to dismiss first amended complaint;
2. Memorandum of points and authorities in support of Plaintiffs' opposition to Defendant Pamela Zimba motion to dismiss first amended complaint;

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler (**faxed on 5/21**)
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated:   May 21, 2008

By _/s/ Christine Chang_
Christine Chang, Plaintiff