Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone: (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM et al.<br><br>Defendants. | Case No: C-07-4005 EMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PAMELA ZIMBA MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND FOR LEAVE TO APPEAL ORDER DENYING PLAINTIFF CHANG'S REQUEST FOR COURT APPOINTED COUNSEL WITH COST PAID BY PLAINTIFF CHANG; AND FOR LEAVE TO APPEAL ORDER DISMISSING PLAINTIFF SUN CAUSED BY INABILITY TO RETAIN COUNSEL<br><br>Date:<br>Time:<br>Courtroom: Room C, 15th Floor<br>Judge: Magistrate Judge Edward M. Chen |

1

## INTRODUCTION

1. Plaintiffs Chang and Sun's state action Christine Chang v. Eva Ammann No. 2001-023364 was concluded by a settlement of release, dismissal and order approving compromise on April 5, 2005. See Declaration of Paul A. Conroy Exhibit "G" filed on November 2, 2007.

2. Plaintiffs filed this instant action No. C-07-4005 EMC against the Defendant Pamela Zimba who made motion to dismiss Plaintiffs' first amended complaint and for a more definite statement.

## LEGAL ARGUMENT

3. The Defendant Pamela Zimba owed a **fiduciary duty** to Plaintiffs Chang and Sun. See *American Airlines, Inc. v. Sheppard*, 96 Cal. App. 4th 1017. In *American Airlines*, plaintiff client sued defendant law firm and its attorney, and jury found defendants liable for breach of fiduciary duty and professional negligence. The plaintiff client appealed the trial court's summary adjudication of its punitive damages claim. The court of appeal held that:

(1) as a matter of law, the evidence supported the jury's finding that defendants breached their fiduciary duty to the client;

The client proved actual injury with evidence that despite its legitimate protests, the attorney persisted in representing the third party as a deposition witness. The client established as an element of its case that it suffered damages as a result of defendants' breach of fiduciary duty. The judgment and the postjudgment order awarding attorney fees to the client were affirmed.

5. See *Bankers Trust Company v. Pacific Employers Insurance Company*, 282 F.2d 106 (1960). After appellant obtained a judgment against appellee, it filed suit against appellee for **fraud** in the inducement, alleging that appellee misrepresented the value of the policies. The appellant challenged an order of the district court granting

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PAMELA ZIMBA

summary judgment for appellee in a suit for **fraud**. The appeals court reversed the
2  judgment holding that appellant did not make an election of remedies by obtaining the prior
5  judgment on the policies, because a right of action on a contract and one for **fraud** in
6  inducing a party to enter into such contract could exist at the same time, recovey on one
7  of the causes did not bar a subsequent action on the other. The **fraud** suit was a distinct
8  cause of action arising out of separate and distinct facts. It also held that the suit was
9  not barred by res judicata because the causes of action were not identical. The appeals
10 court rejected the district court's ruling that appellant waived its right to claim any
11 amount over that recovered in the prior suit, since it **did not waive a fraud** by enforcing
12 a contract which it had fully performed before discovering the **fraud**. Appellant was not
13 estopped from filing suit as it did not mislead appellee to its injury.
14      6. In *Hamilton v. Prudential Financial*, 2007 U.S. Dist. LEXIS 72034, plaintiff entered
15 into a written contract for a long term disability insurance policy with defendant, and
16 received total disability benefits from 1999 until 2005. In November 2005 defendant
17 terminated his benefits despite his allegedly continuing disability. Plaintiff alleges the
18 defendant acted despicably, willfully, wantonly, oppressively, fraudulently, or in
19 conscious disregard of the plaintiff's rights. Plaintiff further alleges defendant acted with
20 intent to annoy, harass or injure plaintiff and pursued an outrageous course of conduct,
21 intentionally and recklessly, proximately **causing plaintiff severe emotional distress**,
22 shock and other highly unpleasant emotions. Plaintiff claims that as a result of the
23 defendant's conduct, plaintiff has "suffered mental and emotional distress, including, but
24 not limited to, frustration, depression, nervousness and anxiety."
25      7. To state a claim for **intentional infliction of emotional distress**, plaintiff must allege:
26 (1) outrageous conduct by defendant; (2) defendant intentionally caused or recklessly

3
28 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PAMELA ZIMBA

1  disregarded the probability of causing emotional distress; (3) plaintiff suffered severe
2  or extreme emotional distress; and (4) defendant's outrageous conduct was the actual
3  and proximate cause of plaintiff's emotional distress.
4      8. The Defendant Pamela Zimba's **outrageous conduct** corroborating with Rockridge
5  Manor Defendants, defense attorneys, and assault/battery Defendant Constance Celaya,
6  to exonerate their liabilities in the assault/battery injury caused to Plaintiffs.
7      9. Plaintiffs' attorney Brett Allen inserted the Rockridge Manor Homeowners
8  Association in the First Amended Complaint secretly against Plaintiffs' will. Plaintiffs'
9  attorney Pamela Zimba perjured alongside the assault/battery assailant Constance Celaya
10 who won the verdict with remedy against Plaintiffs. Pamela Zimba induced disabled
11 Plaintiff Sun to take the stand in the assault/battery trial lying it would help Plaintiffs win
12 the case. Pamela Zimba submitted disabled Plaintiff Sun to Defense Attorneys Sara Allman,
13 Paul Conroy, and Chinh Vo's depositions lying that Plaintiff Sun could not claim disability
14 but to take defense attorneys' multiple depositions. The Defendant Pamela Zimba
15 **intentionally caused and recklessly disregarded** Plaintiffs emotional distress. Plaintiff
16 Chang and especially Plaintiff Sun **suffered severe and extreme emotional distress**.
17 Plaintiff Sun mutilated himself at home during those times being forced to take the stand
18 in the assault/battery trial where Pamela Zimba and assailant Constance Celaya competing
19 their perjury in the State Court, and being forced to take depositions by the Defense
20 Attorneys Sara Allman, Paul Conroy, and Chinh Vo, and being mentally disabled
21 without guardian-ad-litem filed for protection purposefully done by Pamela Zimba.
22 Defendant Zimba's **outrageous conduct was the actual and proximate cause** of
23 Plaintiffs' severe and extreme emotional distress.
24                           **CONCLUSION**
23     8. Plaintiffs have made definite statements pursuant to FRCP Rule 12(e) with
24 distinct causes of action: (1) Fraud; (2) Breach of attorney-client fiduciary duty;
25 (3) Intentional infliction of emotional distress. There are genuine issues as to
26 material fact and Plaintiffs are entitled to a jury trial.
27                                 4

1  9. Plaintiffs respectfully request that Defendant Pamela Zimba's motion to dismiss
2  Plaintiffs' first amended complaint be defeated in its entirety, and the causes of action
3  can be heard and determined by a jury.

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on May 19, 2008, at Alameda, California.

*/s/ Christine Chang*

Christine Chang, Plaintiff

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PAMELA ZIMBA

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on May 21, 2008, I forwarded a true and correct copy of:

1. Plaintiffs' opposition to Defendant Pamela Zimba's memorandum of points and authorities re motion to dismiss first amended complaint;
2. Memorandum of points and authorities in support of Plaintiffs' opposition to Defendant Pamela Zimba motion to dismiss first amended complaint;

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler (**faxed on 5/21**)
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: May 21, 2008

By _/s/ Christine Chang_
Christine Chang, Plaintiff