1
2
3
4  Christine Chang Pro Se, individually
   and Eric Sun, disabled
   341 Tideway Drive #214
5  Alameda, CA 94501
   Telephone : (510) 769-8232
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually and ERIC SUN, disabled<br><br>    Plaintiffs,<br><br>    vs.<br><br>ROCKRIDGE MANOR CONDOMINIUM;<br>ROCKRIDGE MANOR HOMEOWNERS ASSO;<br>ROCKRIDGE MANOR BOARD OF DIRECTORS;<br>ROCKRIDGE MANOR PRESIDENT OF BOARD OF DIRECTORS CHARLES BLAKENEY;<br>ROCKRIDGE MANOR MANAGER EVA AMMANN; and DOES 1-30, inclusive,<br>    JOINDER<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT BIRGENEAU, CONSTANCE PEPPERS CELAYA, ADAN TEJADA, VICTORIA HARRISON, SUSAN VON SEEBURG; and DOES 31-60, inclusive,<br>    JOINDER<br>PAMELA ZIMBA, ATTORNEY AT LAW;<br>ALBERT COOMBES, ATTORNEY AT LAW;<br>And DOES 61-90, inclusive,<br>    Defendants. | Case: C-07-4005 EMC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; AND FOR LEAVE TO APPEAL ORDER DENYING PLAINTIFF CHANG'S REQUEST FOR COURT APPOINTED COUNSEL WITH COST PAID BY PLAINTIFF CHANG; AND FOR LEAVE TO APPEAL ORDER DISMISSING PLAINTIFF SUN CAUSED BY INABILITY TO RETAIN COUNSEL<br><br>Room:15th Floor, Room C<br>Judge: Magistrate Judge<br>    Edward M. Chen |

1

OPPOSITION TO EVA AMMANN'S DISMISS AND SUMMARY JUDGMENT & FOR LEAVE TO APPEAL DISMISS SUN

## INTRODUCTION

1. The state court action No. 2001-023364 entitled Christine Chang v. Eva Ammann was controlled and manipulated by the Rockridge Mannor Defendants and defense attorneys from the very beginning until Plaintiffs were defrauded into accepting the settlement which the entire action ended on April 5, 2005.

2. Mr. Rodzewich, Defendant Ammann's counsel, relied heavily upon the other Rockridge Manor counsel Mr. Conroy's Declaration filed on November 2, 2007. The Declaration Exhibit "A" was Plaintiffs attorney Brett Allen's second amended complaint in the state action.

3. Mr. Rodzewich's memorandum of points and authorities (file date February 18, 2008) referenced the Exhibit "A" as well.

4. Both Mr. Rodzewich and Mr. Conroy "would not" and "could not" exhibit the FIRST AMENDED COMPLAINT by Plaintiffs attorney Brett Allen, who inserted the Rockridge Manor Homeowners' Association as a defendant while Plaintiffs explicitly asked him to file lawsuit against the individuals boardmembers and president of board and manager only.

5. Brett Allen did it secretly without Plaintiffs knowledge or consent, to absolve Rockridge Manor individual defendants' legal and economic liabilities, to defray the legal fees by the homeowners insurance policy, and to help these individual defendants to arouse hatred against Plaintiffs who became suing the homeowners association.

6. Brett Allen pressured Plaintiffs to submit interrogatories and depositions to Rockridge Manor defense attorneys, but took no interrogatories or depositions of Rockridge Manor defendants between September 2001 and March 2003. Brett Allen was working closely and taking instructions from Rockridge Manor defendants and defense attorneys to defraud Plaintiffs.

2

## FACTS

7. Even though Plaintiffs substituted attorneys but the subsequent attorneys defrauded against Plaintiffs similarly as Brett Allen.

8. Starting September 2001 until April 2005 the **only constant denominator** in Plaintiffs' litigations (Rockridge Manor action and Assault/Battery action) was the Rockridge Manor **defense attorney Sara Allman** in Allman & Nielsen, P.C.

9. Plaintiff Chang noticed **Brett Allen complying with defense attorney Sara Allman's demands pressuring Plaintiffs on different legal proceedings** but had taken none of defendants' interrogatories or depositions during his representation between September 2001 and March 2003.

10. The Rockridge Manor individual defendants aroused hatred against Plaintiffs in the condominium, causing The Regent of the University of California Defendant Constance Celaya aggravated assault and battery against Plaintiffs.

11. Brett Allen refused to amend the Rockridge Manor complaint to include the aggravated assault and battery, but persistently attempted to exonerate the assailant Constance Celaya along with the Rockridge Manor defendants.

12. Plaintiffs next attorney Stephen Sirota persuaded Plaintiffs to seek settlement. Plaintiffs agreed to discuss settlement with Rockridge Manor defendants who had no intention to settle, but to force Plaintiff Sun's deposition knowing Plaintiff Sun being disabled.

13. As soon as Plaintiffs substituting Stephen Sirota, on the very same day, **defense attorney's subpoena appeared in Sirota's office attempting to force Plaintiffs to stay in Sirota's representation**.

14. Pamela Zimba, who was retained as Plaintiffs attorney, aided and abetted the assault/battery defendant Constance Celaya colossus perjury in the state action trial on August 5, 2004, framing Plaintiff Chang and Sun as the assailants.

3

1  15. Being the officer of the court, Pamela Zimba, who perjured against her own
2  clients and the Alameda County Superior Court, also abolished Plaintiffs witnesses
3  and doctor testimony and a jury trial.
4  16. On **August 20, 2004** Pamela Zimba lied to Plaintiffs the fraudulent verdict
5  "NONSUIT" instead of the true verdict "FOR DEFENDANT WITH REMEDY",
6  **therefore it would be unnecessary for Plaintiffs to appeal a nonsuit judgment**.
7  17. Nevertheless, Plaintiffs decided to appeal the nonsuit judgment. Immediately
8  **on August 20 defense attorneys Sara Allman and Paul Conroy** scheduled
9  Rockridge Manor defendants' depositions to be taken by Pamela Zimba, to
10 help conceal and distract Plaintiffs from appealing the fraudulent assault/battery
11 "NONSUIT" verdict.
12 18. Starting August 20 through September 2, **Defense Attorneys Sara Allman**
13 **and Paul Conroy cooperated with Pamela Zimba**, either having defense
14 depositions taken by Zimba or Coombes, or otherwise, taking multiple depositions of
15 Plaintiffs Chang and Sun filling up every day calendars, in order to **conceal and**
16 **distract Plaintiffs from appealing** the fraudulent NONSUIT judgment.
17 19. The conspiracy was most obvious when Rockridge Manor Defense Attorneys
18 cooperated with Pamela Zimba submitting Rockridge Manor Defendants for
19 the same day depositions on August 20, whose depositions were already taken on
20 July 9. Also most obvious was Pamela Zimba and Defense Attorneys corroborated in
21 taking Plaintiff Chang's depositions for volumes six and seven in multiple morning
22 and afternoon sessions, between August 20 and 31, ten days before the trial.
23 20. Upon information and belief and allege, **Pamela Zimba had made deals**
24 with Defense Attorneys Sara Allman and Paul Conroy, Rockridge Manor defendants,
25 and The Regent of the University of California assault/battery assailant Constance
26 Celaya, to defraud against Plaintiffs Chang and Sun making Plaintiffs the assailants
27                                              4
28 OPPOSITION TO EVA AMMANN'S DISMISS AND SUMMARY JUDGMENT & FOR LEAVE TO APPEAL DISMISS SUN

1 in the assault/battery state action, to ensure the winning verdict for the assault/battery
2 assailant Constance Celaya, to exonerate the liabilities of assailant Constance Celaya
3 and Rockridge Manor defendants, in exchange for Plaintiffs Rockridge Manor action
4 to go to trial for Pamela Zimba to collect her share of Plaintiffs' million dollars
5 damages.
6     21. Rockridge Manor Defendant **Eva Ammann perjured** in her deposition on
7 May 25, 2004 lying against homeowner Elizabeth Lady who contacted the John
8 George Pavilion to invade Plaintiff Sun's privacy. After Pamela Zimba taking
9 Elizabeth Lady's deposition on June 11, 2004, a summary judgment was supposed
10 to be filed on behalf of Plaintiffs Chang and Sun.
11     22. If the summary judgment were filed accordingly, the Rockridge Manor
12 Defendants would have lost the case in June 2004, the Defendants and Defense
13 Attorney Sara Allman would not be able to exonerate assault/battery assailant
14 Constance Celaya who would definitely chew out the Rockridge Manor Defendants
15 being responsible for the assault/battery, and Pamela Zimba would not be able to
16 extort legal fees further or force a contingency contract on Plaintiffs to collect her
17 share of Plaintiffs damages in the Rockridge Manor action.
18     23. Thus, the deals were made between Rockridge Manor Defendants,
19 assault/battery assailant Constance Celaya, Defense Attorneys Sara Allman and
20 Paul Conroy, and Plaintiffs Attorney Pamela Zimba, who aided and abetted
21 assault/battery assailant Constance Celaya colossus perjury and perjured
22 against her clients Plaintiffs Chang and Sun and the Superior Court.
23     24. The aggravated assault and battery against Plaintiffs was caused by
24   **Rockridge Manor Defendants** Eva Ammann, Charles Blakeney, Mike Solomon,
25 Murray Singer, and Defense Attorney Sara Allman who corrupted Plaintiffs attorney
26 Brett Allen in filing the fraudulent FIRST AMENDED COMPLAINT inserting
27                           5
28 OPPOSITION TO EVA AMMANN'S DISMISS AND SUMMARY JUDGMENT & FOR LEAVE TO APPEAL DISMISS SUN

1 | Rockridge Manor Homeowners Association as a defendant, in which the Rockridge
2 | Manor individual defendants defray their legal cost and arouse hatred against
3 | Plaintiffs.

4 | 25. Most obviously and notably, Brett Allen and Defense Attorney Sara Allman
5 | pressured Plaintiffs submitting interrogatories continuously for six months and taking
6 | two depositions of Plaintiff Chang, while there was none of Rockridge Manor
7 | Defendants' interrogatory or deposition being taken from September 2001 through
8 | March 2003.

9 | 26. In Plaintiffs' original and first amended complaints filed on August 3, 2007
10 | and February 29, 2008, Plaintiffs repeatedly stated that the Rockridge Manor
11 | Defendants and defense attorneys corrupted every and each Plaintiffs' attorneys.
12 | Plaintiffs have **received no dispute or objection** from the defense attorneys
13 | other than Plaintiffs have offered vague and conclusory allegations.

14 | 27. The Rockridge Manor state action **concluded entirely on April 5, 2005**
15 | by a fraudulently induced settlement. See Declaration of Paul A. Conroy Exhibit "G"
16 | filed on November 2, 2007. Plaintiffs discovered FRAUD on **May 18, 2005,**
17 | and this instant action #C-07-4005 EMC was filed on **August 3, 2007**.

18 | ## CONCLUSION

19 | 28. Rockridge Manor Defendants Eva Ammann, Charles Blakeney,
20 | and Defense Attorneys Sara Allman and Paul Conroy, are liable for FRAUD
21 | violating California Civil Procedure Section 338 - Statutory Liability; Injury to
22 | Property; Fraud or Mistake; within **three years** of statute of limitation:
23 | (a) An action upon a liability created by statute.
24 | (b) An action for relief on the ground of fraud or mistake. The cause of action
25 |     in that case is not deemed to have accrued until the discovery, by the aggrieved
26 |     party, of the facts constituting the fraud or mistake.

27 | 6

28 | OPPOSITION TO EVA AMMANN'S DISMISS AND SUMMARY JUDGMENT & FOR LEAVE TO APPEAL DISMISS SUN

1  29. Rockridge Manor Defendants Eva Ammann, Charles Blakeney, and Defense
2  Attorneys Sara Allman and Paul Conroy and Chinh Vo, are liable for
3  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against Plaintiffs
4  Chang and Sun who is mentally disabled.
5  30. California Business and Professions Code Section 17200. The statute of
6  limitation for a Section 17200 claim is four years. See Cal. Bus. & Prof. Code
7  Section 17208. The Rockridge Manor Defendants Homeowners Association,
8  Board of Directors, President of Board Charles Blakeney, and Manager Eva Ammann
9  are in a fiduciary relationship with all homeowners (see Memorandum of Points
10 paragraphs 3 and 4). The four years statute does not run until Plaintiffs have notice
11 or knowledge of facts to put a reasonable person on inquiry. Plaintiff Chang
12 obtained domain summary from the state court clerk office on May 18, 2005,
13 whereas the first time realizing **fraud** committed by Rockridge Manor Defendants,
14 Defense Attorneys Sara Allman, Paul Conroy, Chinh Vo, assault/battery Defendant
15 Constance Celaya, who corroborated with Pamela Zimba, and Albert Coombes, in
16 their combined effort to defraud Plaintiffs.

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on May 21, 2008, at Alameda, California.

*/s/ Christine Chang/*

Christine Chang, Plaintiff

7

OPPOSITION TO EVA AMMANN'S DISMISS AND SUMMARY JUDGMENT & FOR LEAVE TO APPEAL DISMISS SUN

# CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on May 21, 2008, I forwarded a true and correct copy of:

1. Plaintiffs' opposition to Defendant Eva Ammann's motion to dismiss and for summary judgment; and for leave to appeal order denying Plaintiff Chang's request for court appointed counsel with cost paid by Plaintiff Chang; and for leave to appeal order dismissing Plaintiff Sun caused by inability to retain counsel
2. Memorandum of points and authorities in support of Plaintiffs' opposition to Defendant Eva Ammann's motion to dismiss and for summary judgment; and for leave to appeal order denying …appointed counsel; and for leave to appeal Order dismissing Plaintiff Sun…

To Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler (**faxed on 5/21**)
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: May 21, 2008

By _____
Christine Chang, Plaintiff