1

2   Christine Chang Pro Se, individually
    and Eric Sun, disabled
3   341 Tideway Drive #214
    Alameda, CA 94501
4   Telephone: (510) 769-8232

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  CHRISTINE CHANG, individually  )   Case No: C-07-4005 EMC
    and ERIC SUN, disabled         )
11                                 )   MEMORANDUM OF POINTS
           Plaintiffs,             )   AND AUTHORITIES IN SUPPORT
12                                 )   OF PLAINTIFFS' OPPOSITION TO
           vs.                     )   DEFENDANT EVA AMMANN'S
13                                 )   MOTION TO DISMISS AND FOR
    ROCKRIDGE MANOR                )   SUMMARY JUDGMENT;
14  CONDOMINIUM et al.             )   AND FOR LEAVE TO APPEAL
                                   )   ORDER DENYING PLAINTIFF
15         Defendants.             )   CHANG'S REQUEST FOR COURT
                                   )   APPOINTED COUNSEL WITH COST
16                                 )   PAID BY PLAINTIFF CHANG;
                                   )   AND FOR LEAVE TO APPEAL ORDER
17                                 )   DISMISSING PLAINTIFF SUN CAUSED
                                   )   BY INABILITY TO RETAIN COUNSEL
18                                 )
                                   )   Date:
19                                 )   Time:
                                   )   Courtroom: Room C, 15th Floor
20                                 )   Judge: Magistrate Judge Edward M. Chen
                                   )
21                                 )
                                   )
22  _____ )
                                   1
23  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN

## INTRODUCTION

1. Plaintiffs Chang and Sun's state action Christine Chang v. Eva Ammann No. 2001-023364 was concluded by a settlement of release, dismissal and order approving compromise on April 5, 2005. See Declaration of Paul A. Conroy Exhibit "G" filed on November 2, 2007.

2. Plaintiffs filed this instant action No. C-07-4005 EMC against the Rockridge Manor Defendant Eva Ammann who has made motions to dismiss and for summary judgment.

## LEGAL ARGUMENT

3. The Rockridge Manor Homeowners Association, board of directors, president of the board, and manager owe a fiduciary duty to the homeowners. They govern Bylaws, The Common Interest Development Declaration (CC&R), The Operating Rules of the Association, and any amendments to the above documents. They also govern homeowners association dues making every decisions in relate to financial businesses of Rockridge Manor Condominium. These officers and manager are practically in charge of every aspects of Rockridge Manor Condominium.

4. In *Posey v. Leavitt*, 229 Cal. App. 3d 1236 (1991), the appeals court reversed and remanded the case for the condo owner who sued the homeowners association for breach of fiduciary duty not enforcing the provisions of the CC&R, and whether there was irreparable injury sustained by the condo owner. Any one of the homeowners may take legal action to enforce the restrictions against what he considers to be a violation by one or more other owners. Any homeowner who believes that the association is not discharge its duty to enforce the restrictions has an individual cause of action against the association and the person who has violated the restrictions.

5. See Bankers Trust Company v. Pacific Employers Insurance Company, 282 F.2d 106 (1960). After appellant obtained a judgment against appellee, it filed suit

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN

1  against appellee for **fraud** in the inducement, alleging that appellee misrepresented the
2  value of the policies. The appellant challenged an order of the district court granting
3  summary judgment for appellee in a suit for **fraud**. The appeals court reversed the
4  judgment holding that appellant did not make an election of remedies by obtaining the prior
5  judgment on the policies, because a right of action on a contract and one for **fraud** in
6  inducing a party to enter into such contract could exist at the same time, recovey on one
7  of the causes did not bar a subsequent action on the other. The **fraud** suit was a distinct
8  cause of action arising out of separate and distinct facts. It also held that the suit was
9  not barred by res judicata because the causes of action were not identical. The appeals
10 court rejected the district court's ruling that appellant waived its right to claim any
11 amount over that recovered in the prior suit, since it **did not waive a fraud** by enforcing
12 a contract which it had fully performed before discovering the **fraud**. Appellant was not
13 estopped from filing suit as it did not mislead appellee to its injury.
14     6. In *Hamilton v. Prudential Financial*, 2007 U.S. Dist. LEXIS 72034, plaintiff entered
15 into a written contract for a long term disability insurance policy with defendant, and
16 received total disability benefits from 1999 until 2005. In November 2005 defendant
17 terminated his benefits despite his allegedly continuing disability. Plaintiff alleges the
18 defendant acted despicably, willfully, wantonly, oppressively, fraudulently, or in
19 conscious disregard of the plaintiff's rights. Plaintiff further alleges defendant acted with
20 intent to annoy, harass or injure plaintiff and pursued an outrageous course of conduct,
21 intentionally and recklessly, proximately causing plaintiff severe emotional distress, shock
22 and other highly unpleasant emotions. Plaintiff claims that as a result of the defendant's
23 conduct, plaintiff has "suffered mental and emotional distress, including, but not limited
24 to, frustration, depression, nervousness and anxiety."
25     7. To state a claim for **intentional infliction of emotional distress**, plaintiff must allege:
26 (1) outrageous conduct by defendant; (2) defendant intentionally caused or recklessly
27                                         3
28 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN

1  disregarded the probability of causing emotional distress; (3) plaintiff suffered severe
2  or extreme emotional distress; and (4) defendant's outrageous conduct was the actual
3  and proximate cause of plaintiff's emotional distress.
4  　　8. The Rockridge Manor Defendants Eva Ammann, Charles Blakeney, and Defense
5  Attorneys Sara Allman and Paul Conroy and Chinh Vo's **outrageous conduct** corrupting
6  Plaintiffs' attorneys in order to exonerate their liabilities in the assault/battery injury against
7  Plaintiffs, Plaintiffs' attorney Brett Allen inserted the Rockridge Manor Homeowners
8  Association in the First Amended Complaint secretly against Plaintiffs' will, Plaintiffs'
9  attorney Pamela Zimba perjured alongside the assault/battery assailant Constance Celaya
10 who won the verdict with remedy against Plaintiffs, Pamela Zimba induced disabled
11 Plaintiff Sun to take the stand in the assault/battery trial lying it would help Plaintiffs win
12 the case, Pamela Zimba submitted disabled Plaintiff Sun to Defense Attorneys Sara Allman,
13 Paul Conroy, and Chinh Vo's depositions lying that Plaintiff Sun could not claim disability
14 but to take defense attorneys multiple depositions. The Rockridge Manor Defendants and
15 Defense Attorneys **intentionally caused and recklessly disregarded** causing Plaintiffs
16 emotional distress. Plaintiff Chang and expecially Plaintiff Sun **suffered severe and**
17 **extreme emotional distress**. Plaintiff Sun mutilated himself at home during those times
18 being forced to take the stand in the assault/battery trial where Pamela Zimba and assailant
19 Constance Celaya competing with each other perjurying in the State Court, and being
20 forced to take depositions by the Defense Attorneys Sara Allman, Paul Conroy, and Chinh
21 Vo, and being mentally disabled without guardian-ad-litem filed for protection purposefully
22 done by Pamela Zimba. Rockridge Manor Defendants Eva Ammann, Charles Blakeney, and
23 Defense Attorneys Sara Allman, Paul Conroy, Chinh Vo's **outrageous conduct was the**
24 **actual and proximate cause** of Plaintiffs' severe and extreme emotional distress.
25 　　9. California Business and Professions Code Section 17200 – The statute of limitation
26 for a Section 17200 claim is four years. See Cal. Bus. & Prof. Code Section 17208.
27 　　　　　　　　　　　　　　　　　　4
28 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN

1  Upon information and belief and allege the Rockridge Manor Defendants Homeowners
2  Association, Board of Directors, President of Board Charles Blakeney, and Manager
3  Eva Ammann are in a **fiduciary relationship** with all homeowners (see this memorandum
4  paragraphs 3 and 4). The statute does not run until Plaintiffs have notice or knowledge of
5  facts to put a reasonable person on inquiry. Plaintiffs found out the **fraud** on May 18, 2005.
6  See *Hobart v. Hobart Estate Co*, 26 Cal. 2d 412 (1945); *Miller v. Bechtel Corp.*,
7  33 Cal. 3d 868 (1983); *Dale Sakai v. Merrill Lynch*, 2007 U.S. Dist. LEXIS 35958.

## CONCLUSION

9  10. Plaintiffs have made definite statements pursuant to FRCP Rule 12(e) with distinct
10 causes of action - fraud and California Business and Professions Code 17200, showing
11 genuine issues as to material fact, and are entitled to a jury trial..
12 11. Plaintiffs respectfully request that Rockridge Manor Defendant Eva Ammann's
13 motion to dismiss and for summary judgment be defeated in its entirety, and the causes
14 of action can be heard and determined by a jury.

## DECLARATION

16 I declare under penalty of perjury under the laws of the State of California that the
17 foregoing is true and correct to the best of my knowledge.
18 Executed on May 21, 2008, at Alameda, California.

*/s/ Christine Chang*
Christine Chang, Plaintiff

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT EVA AMMANN

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on May 21, 2008, I forwarded a true and correct copy of:

1. Plaintiffs' opposition to Defendant Eva Ammann's motion to dismiss and for summary judgment; and for leave to appeal order denying Plaintiff Chang's request for court appointed counsel with cost paid by Plaintiff Chang; and for leave to appeal order dismissing Plaintiff Sun caused by inability to retain counsel
2. Memorandum of points and authorities in support of Plaintiffs' opposition to Defendant Eva Ammann's motion to dismiss and for summary judgment; and for leave to appeal order denying …appointed counsel; and for leave to appeal Order dismissing Plaintiff Sun…

To Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler (**faxed on 5/21**)
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: May 21, 2008

By _____
Christine Chang, Plaintiff