1  ANDREW R. ADLER, ESQ. (CAL. BAR #56415)
   JASON O. BALOGH, ESQ. (CAL. BAR #238199)
2  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
3  555 12th Street, Suite 1800
   P. O. Box 12925
4  Oakland, CA  94604-2925
   Telephone: (510) 834-4350
5  Facsimile: (510) 839-1897

6  Attorneys for Defendant Pamela Zimba

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 CHRISTINE CHANG, individually and as      )  Case No.:  C 07 4005 EMC
   Guardian Ad Litem for ERIC SUN, disabled, )
11                                           )  CLOSING POINTS & AUTHORITIES
              Plaintiff,                     )  IN SUPPORT OF MOTION TO
12                                           )  DISMISS FIRST AMENDED
   vs.                                       )  COMPLAINT FOR LACK OF
13                                           )  SUBJECT MATTER JURISDICTION
   ROCKRIDGE MANOR CONDOMINIUM,              )  AND/OR FAILURE TO STATE A
14 et al.,                                   )  CLAIM UPON WHICH RELIEF CAN
                                             )  BE GRANTED AND FOR A MORE
15            Defendants.                     )  DEFINITE STATEMENT (FRCP
                                             )  12(b)(1), 12(b)(6) AND 12(e))
16                                           )
                                             )  Date:  n/a
17                                           )  Time:  n/a
                                             )  Dept:  Magistrate Judge Edward M. Chen
18                                           )
                                             )
19 _____ )  Complaint Filed:  August 3, 2007

20        Defendant Pamela Zimba submits the following closing points and authorities in support of

21 her motion to dismiss the causes of action for "Abuse of Process" and "Fraud and

22 Misrepresentation" asserted against her by plaintiffs Christine Chang and Eric Sun[1] in their First

23 Amended Complaint ("FAC") in the instant action, or for a more definite statement of the said

24 causes of action, and each of them.

25

26

27

28 _____
   [1]  Ms. Zimba reminds the Court of its recent order dismissing Mr. Sun as a plaintiff and, in turn, dismissing all claims
   asserted by Mr. Sun.

                                          -1-

1

**LEGAL ISSUES AND ARGUMENTS**

2  **1.    PLAINTIFF HAS FAILED TO RESPOND TO MS. ZIMBA'S MOTION TO
3            DISMISS HER CAUSE OF ACTION FOR "ABUSE OF PROCESS;" THAT CAUSE
          OF ACTION MUST BE DISMISSED**

4        Ms. Zimba's moving papers made three separate and distinct arguments for dismissal of the

5  "Abuse of Process" cause of action asserted in ¶52 of the FAC.  The first argument noted that the

6  Court had already declared that plaintiffs' abuse of a process claim was time-barred; i.e., that as

7  per the February 13, 2008 Order Granting Defendants' Motion to Dismiss, Etc., "The nonfraud

8  claims are barred by the statute of limitations and dismissed with prejudice."  Order, 24-9-10.  The

9  second argument showed that plaintiffs had failed to satisfy the elements of the state law tort of

10  abuse of process, in that they had not alleged that Ms. Zimba had initiated or used any sort of court

11  process against Ms. Chang or Mr. Sun.  In her third argument, Ms. Zimba showed that (as per the

12  February 2008 Order) the two-year statute of limitations set out in California CCP §335.1

13  effectively barred plaintiffs' claims for abuse of process by the time Ms. Chang first filed the

14  instant action.

15        Ms. Chang has now filed her Plaintiffs' Opposition to Defendant Pamela Zimba's

16  Memorandum of Points and Authorities re Motion to Dismiss, Etc. and Memorandum of Points

17  and Authorities in Support of Plaintiffs' Opposition to Defendant Pamela Zimba [sic] Motion to

18  Dismiss First Amended Complaint, Etc.  On review of those papers, it appears that neither makes

19  any response to any of Ms. Zimba's arguments with respect to the abuse of process claim.  The

20  Court might, for instance, note that none of the three cases cited at pages 2-3 of plaintiffs'

21  Memorandum of Points and Authorities involves or refers to any claim for abuse of process.  In a

22  similar vein, plaintiffs' papers entirely ignore CCP §335.1 and the Court's February 2008 Order.

23        Ms. Zimba's moving papers provide compelling support for her motion to dismiss

24  plaintiffs' claim for abuse of process with prejudice.  In the absence of any opposing argument

25  from Ms. Chang, Ms. Zimba respectfully urges the Court to grant her request and enter an order

26  dismissing Ms. Chang's abuse of process with prejudice.

27  **2.   THE COURT SHOULD DISMISS PLAINTIFF'S FRAUD CLAIM WITH PREJUDICE**

28        As noted in Ms. Zimba's moving papers, the Court's February 13, 2008 Order directed

-2-

that, "Plaintiffs shall provide a more definite statement as to the basis of their claim for fraud," going on to hold that plaintiffs "…must specify such facts as the times, dates, and places of the fraud, the benefits received by Ms. Zimba, and other details of the alleged fraudulent activity." Put simply, the FAC does not meet that standard.  Ms. Chang's opposition papers respond to Ms. Zimba's argument by stating – or perhaps more accurately, re-restating – her lengthy, implausible and often bizarre litany of Ms. Zimba's purported misdeeds.  However, the opposition papers make no meaningful reference to the First Amended Complaint; they do not, for instance, argue that that pleading meets the "particularity" standard set forth in FRCP 9(b) or refer to any allegation within the FAC that would satisfy the February 2008 Order.

Ms. Chang's Memorandum of Points and Authorities cites three cases, including *American Airlines, Inc. v. Sheppard* (2002) 96 Cal.App.4[th] 1017, *Bankers Trust Co. v. Pacific Employers Ins. Co.* (1960) 282 F.2d 106 and *Hamilton v. Prudential Financial* (ED Cal. 2007) 2007 U.S. Dist. LEXIS 72034.  Unfortunately, Ms. Chang has failed to explain how those cases or their holdings are relevant to any issue raised by Ms. Zimba's motion to dismiss.  While Ms. Chang apparently cites *American Airlines* for the proposition that Ms. Zimba was her fiduciary, Ms. Zimba has never contested that point or based any argument on a contention that she had not been Ms. Chang's fiduciary.  The *Bankers Trust* case stands for the proposition that a party to a contract may sue for both breach of contract and, in a separate action, for fraud in the inducement to enter into the same contract; again, no such issue is involved in the instant action.  Finally, while *Hamilton* discusses the elements of a California state law claim for intentional infliction of emotional distress, the Court's February 13, 2008 ruling that, "The nonfraud claims are barred by the statute of limitations and dismissed with prejudice" means that Ms. Chang is barred from any further attempts to assert or pursue such a claim against Ms. Zimba or any other defendant.

Ms. Chang has had two chances to plead her fraud claim against Ms. Zimba in a manner consistent with Rule 9(b).  Like its failed predecessor, her First Amended Complaint misses that mark by a wide margin.  Ms. Zimba thus respectfully urges the Court to grant this motion to dismiss plaintiff's cause of action for "Fraud and Misrepresentation" with prejudice.

---

-3-

3. **28 U.S.C. §1367(a) COMPELS THE COURT TO DISMISS ANY SURVIVING STATE LAW CLAIMS AGAINST MS. ZIMBA**

As noted in Ms. Zimba's initial moving papers, plaintiff's causes of action against her for abuse of process and fraud both arise under state law; accordingly, both claims fall outside of the Court's original jurisdiction. The Court must thus look to 28 US.C. §1367(a) to determine if it has supplemental jurisdiction over either of those claims. Ms. Zimba's moving papers show that the existing state law claims against her do not "form part of the same case or controversy" as the remaining §1983 claims against the Regents Individual Defendants that represent the plaintiffs' only surviving federal claims, and that §1367(a) thus requires the Court to dismiss any surviving claims against her for lack of jurisdiction. Plaintiff's opposition papers make no reference or response to that argument, leaving the Court with little choice but to grant Ms. Zimba's motion to dismiss for lack of jurisdiction.

4. **ANY SURVIVING STATE LAW CLAIM(S) AGAINST MS. ZIMBA SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. §1367(c), AS IT/THEY SUBSTANTIALLY PREDOMINATE OVER PLAINTIFFS' FEDERAL CLAIMS**

Ms. Zimba's moving papers also argue that, as per 28 U.S.C. §1367(c), the Court should decline to exercise §1367(a) supplemental jurisdiction over any surviving state law claims asserted against her. Ms. Chang has entirely failed to respond to that argument. In the unlikely event that either of Ms. Chang's claims is found sufficient to state a cause of action against her, Ms. Zimba thus respectfully urges the Court to decline to exercise supplemental jurisdiction over the surviving claim(s) pursuant to §1367(c).

5. **IF THE COURT DISMISSES PLAINTIFFS' TWO REMAINING FEDERAL CLAIMS, ANY SURVIVING STATE LAW CLAIM AGAINST MS. ZIMBA SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. §1367(c)(3)**

As noted in Ms. Zimba's moving papers, 28 U.S.C. §1367(c)(3) allows a district court to decline supplemental jurisdiction over a state law claim if it has "...dismissed all claims over which it has original jurisdiction." The Regents Individual Defendants have already moved to dismiss the §1983 claims that are Ms. Chang's sole remaining federal claims. Ms. Zimba has thus argued that if those claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims against her and, in turn, should dismiss those claims.

-4-

1        A review of Ms. Chang's opposition papers shows that she has not responded to Ms.

2    Zimba's §1367(c)(3) argument.  With no apparent opposition to that argument, Ms. Zimba urges

3    the Court to grant dismissal of any surviving state law claims against her pursuant to §1367(c)(3).

4    DATED:   May 27, 2008

5                                  BOORNAZIAN, JENSEN & GARTHE

6                                  A Professional Corporation

7

8                    By:

9                              ANDREW R. ADLER, ESQ.

    25168/433467                                Attorneys for Defendant

10                                 Pamela Zimba, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

## PROOF OF SERVICE BY MAIL
### (C.C.P.  SECTIONS 1013(a) -2015.5)

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **CLOSING POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR A MORE DEFINITE STATEMENT**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Ms. Christine Chang                          Plaintiff In Pro Per
341 Tideway Drive, #214
Alameda, CA  94501
Tel:  510-769-8232

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on May 27, 2008.

LESLIE HASSBERG

25168\418091

Defendant Zimba's Closing Memorandum re Motion to Dismiss First Amended Complaint - Case #C 07 4005 EMC