1

2   Christine Chang Pro Se, individually
    And Eric Sun, disabled
3   341 Tideway Drive #214
    Alameda, CA 94501
4   Telephone: (510) 769-8232

*FILED*

·ιΊΝ   2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  CHRISTINE CHANG, individually )   Case No: C-07-4005 EMC
    and ERIC SUN, disabled        )
11                                )   APPEAL OF COURT ORDER
            Plaintiffs,           )   DENYING PLAINTIFF CHANG'S
12                                )   REQUEST ON GOOD CAUSE TO
            vs.                   )   CONTINUE NOTICE OF
13                                )   APPEARANCE BY COUNSEL;
    ROCKRIDGE MANOR               )   AND DENYING FOR LEAVE FOR
14  CONDOMINIUM et al.            )   COURT-APPOINTED COUNSEL
                                  )   WITH COST PAID BY PLAINTIFF
15          Defendants.           )   CHANG; AND DISMISSING
                                  )   DISABLED PLAINTIFF
16                                )   SUN FOR INABILITY TO
                                  )   RETAIN COUNSEL
17                                )
                                  )   Date:
18                                )   Time:
                                  )   Courtroom:
19                                )   Judge:
                                  )
20                                )
                                  )
21                                )
                                  )
22                                1

23  APPEAL OF COURT ORDER DENYING CONTINUE APPEARANCE BY COUNSEL AND COURT ORDER DISMISSING PLAINTIFF SUN
        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL OF COURT ORDER DISMISSING PLAINTIFF SUN
24  DECLARATION OF PLAINTIFF SUN BEING MENTALLY AND PHYSICALLY DISABLED AND INDIGENT

1 | **BACKGROUND**

2 | 1. This is a notice of appeal to the Ninth Circuit arised from the District Court

3 | dismissing disabled and indigent Plaintiff Sun from the Case No. C-07-4005 EMC.

4 | 2. Plaintiff Chang had submitted applications to the District Court to be appointed

5 | as Guardian Ad Litem (GAL), or requested an appointed counsel for Plaintiff Chang to

6 | be the GAL for Plaintiff Sun. Because Plaintiff Chang has no legal background or

7 | experience practicing law, it took several filings to demonstrate efforts to obtain counsel,

8 | and merits of Plaintiff Sun's injuries caused by the defendants to warrant appointment

9 | of counsel.

10 | 3. On March 7, 2008, Judge Chen gave Plaintiff Chang until April 14 to cause a

11 | notice of appearance by counsel for Plaintiff Chang to be appointed as the GAL.

12 | 4. Plaintiff Chang expanded search to statewide after exhausted a long list of lawyer

13 | referral services and private law firms and attorneys, and was able to consult Mr. Ted

14 | Armbrister in Los Angeles in the week of April 7.

15 | 5. During telephone communications at (213) 576-5008 Mr. Armbrister asked

16 | Plaintiff Chang to fax the court order of April 14 deadline to his office at (213) 680-4470

17 | (**EXHIBIT A**).

18 | 6. Mr. Armbrister expressed his concern in the April 14 deadline and instructed

19 | Plaintiff Chang to request extension. Mr. Armbrister told Plaintiff Chang firmly that if

20 | the extension was granted by the Court he would discuss details in being retained

21 | and make appearance for Plaintiff Chang to be appointed as the GAL. Plaintiff Chang

22 | followed Mr. Armbrister's instruction filing the April 14 brief and was granted extension

23 | until May 2 (**EXHIBIT B**).

24 | 7. On April 22 Mr. Armbrister left a voice mail to Plaintiff Chang as following,

25 | "I can not help you in this case. I am leaving town and I will not be back until after

26 | May 2. Please contact another lawyer. Please leave a message at (213) 576-5008."

27 | 8. Plaintiff Chang immediately realized being defrauded again as part of the scheme.

28 | 2

1  Plaintiff Chang had no choice but to file with Court "request on good cause to continue
2  notice of appearance by counsel", on April 29, after every attempts failed in persuading Mr.
3  Armbrister to make appearance as agreed.  Plaintiff Chang requested clarification from
4  Court regarding Mr. Armbrister's belief that he is required to take over the whole case
5  starting from filing complaint.  Plaintiffs received no reply.  Plaintiff Chang also
6  requested Court to appoint counsel whose expenses be paid by Plaintiff Chang if unable
7  to retain counsel.  It was denied by Court.  **(EXHIBIT C)**.

8  9. Initially Mr. Armbrister told Plaintiff that the cost to make appearance for Plaintiff
9  Chang to be appointed as the GAL would be several thousand dollars.  Later he changed
10  to costing over $100,000 because he would be filing complaint, taking depositions and
11  discoveries, and making appearance at court.  Although Plaintiff Chang believed Mr.
12  Armbrister's function would be limited to protection and voice for Plaintiff Sun when
13  required.  There has been no guidance from Court since Plaintiffs filed the original
14  complaint on August 3, 2007 **(EXHIBIT D)**.

15  ### FACT OF CONTINUOUS SYSTEMATIC SCHEME

16  10. Before Plaintiffs' state court actions were filed Plaintiffs were defrauded by
17  several attorneys.  After the state court actions were filed (Alameda County Superior
18  Court #2001-023364 and #2002-046048), every and each Plaintiffs' retained attorneys
19  misrepresented against Plaintiffs extorting legal fees and aiding/abetting defendants.

20  11. Plaintiffs' retained attorney Brett Allen **(EXHIBIT E)** charged two retainers
21  for a total of $12,500, who purposely filed adverse complaints against Plaintiffs.

22  12. Plaintiffs' retained attorney Stephen Sirota **(EXHIBIT F)** attempted to force
23  Plaintiffs to go to assault/battery action without obtaining Plaintiffs' medical records,
24  testimony of police officers and eye witnesses, also attempted to force Plaintiffs to drop
25  the homeowners association action.

26  13. Plaintiffs' retained attorney Pamela Zimba **(EXHIBIT G)** aided and abetted
27  assault/battery action defendant colossus perjury framing Plaintiffs being the assailants,

28                                           3

1  while she possessed the knowledge and evidence (defendant colossus perjury in deposition)
2  of defendant assaulted and battered defenseless and disabled Plaintiffs.

3      14. Plaintiffs' retained attorney Albert Coombes (**EXHIBIT H**), who held Plaintiffs by
4  duress extorting $7500 retainer and forcing a contingency agreement for 33 1/3% of
5  Plaintiffs' damage recovery. Mr. Coombes took two depositions for a total of three hours
6  but extorted the retainer of $7500. Plaintiffs' retained attorney Pamela Zimba was under
7  Mr. Coombes' direct instructions for her misrepresentation against Plaintiffs.

8      15. Upon Ms. Zimba's advise Plaintiffs requested fee arbitration against Mr. Allen
9  on April 5, 2004. For six months the Alameda County Bar Association (ACBA) did not
10 schedule the fee arbitration. As soon as Plaintiff Chang started preparing for the
11 Law School Admission Test (LSAT) on December 4, 2004, the ACBA scheduled the fee
12 arbitration on December 2, 2004 after Plaintiff Chang specifically requested for a date
13 later than December 8, 2004 to gather evidence. The ACBA and panel judge's secretary
14 badgered Plaintiff when asked to reschedule. After Plaintiff had endured much trouble
15 and humiliation, the ACBA rescheduled the fee arbitration which, this time, on
16 December 6, 2004. Plaintiff raised another objection and was threatened by ACBA to lose
17 the priviledge of fee arbitration and $300 filing fees. The fee arbitration was held on
18 December 6, 2004 and, needless to say, it affected Plaintiff's performance on both the
19 LSAT and fee arbitration (**EXHIBIT I**).

20     16. Upon information and belief and allege, the ACBA intended to sabotage  Plaintiff
21 Chang taking the LSAT by its persistence scheduling the fee arbitration immediately
22 before or after the LSAT despite Plaintiff requested for a later date one month earlier.
23 Also its threat to Plaintiff to accept the December 6 schedule, or otherwise, forfeit the fee
24 arbitration and $300 fees.

25     17. Plaintiff Chang continued seeking legal representation in 2005 and 2006 to no
26 avail, in July 2006, decided to contact local newspapers to broadcast Plaintiffs' misfortune
27 being assaulted/battered by police department employee using police offensive skills, and
28                                         4

1   all of Plaintiffs' attorneys made fraudulent representations covering up defendants.

2   While contacting the local newspapers Plaintiff's both residential phone lines lost dial

3   tone all of a sudden. Plaintiff verified the telephones finding no malfunction, checked

4   the neighbor's phone finding no disconnection. By the end of the day the phone lines

5   mysteriously restored but it was too late to contact the local newspapers.

6       18. Plaintiff Chang continued seeking legal representation to no avail. In January

7   2007 Plaintiff successfully negotiated with the supervisors of Alameda County and San

8   Francisco County Lawyer Referral Services. with their exceptional effort Plaintiff Chang

9   received a referral of Craig A. Kroner, Attorney at Law.

10      19. The exceptional efforts did not turn out to be exception of what Plaintiffs have had

11  experienced from the previous retained attorneys. Mr. Kroner demanded $15,000 or

12  $5,000 to read the documents in the homeowners association or assault/battery action

13  respectively. The $15,000 or $5,000 only covered his reading the documents which

14  had no guarantee of legal representation. At his mercy he might charged another $1,000

15  to draft a complaint for Plaintiffs without providing legal representation (**EXHIBIT J**).

16      20. Upon information and belief and allege, there is large scale of conspiracy and

17  persecution against Plaintiffs Chang and Sun forbidding Plaintiffs' guaranteed

18  Constitutional Due Process and Equal Protection Rights.

19      21. Plaintiffs Chang and Sun, a single parent and disabled son, have no power or fame

20  or wealth or criminal records, can not comprehend this continuous systematic scheme

21  of persecution forbidding Plaintiffs' access to the judicial system, and Equal Protection

22  Rights guaranteed to every United States citizens.

23                          **ISSUES TO BE DECIDED**

24      22. Has the District Court abused its discretion denying Plaintiff Chang's request on

25  good cause to continue notice of appearance by counsel knowing Mr. Armbrister betrayed

26  his agreement to discuss details for his appearance for Plaintiff Chang's GAL application.

27      23. Has the District Cout abused its discretion denying Plaintiff Chang's request for

28                                   5

1    court appointed counsel with cost paid by Plaintiff Chang, knowing Plaintiffs have been

2    abused by all of Plaintiffs' attorneys and Plaintiffs have experienced difficulties in

3    retaining a decent counsel for legal representation.

4        24. Has the District Court abused its discretion dismissing indigent Plaintiff Sun, who

5    is disabled with mental illness and physical disability, knowing Plaintiffs were betrayed

6    by Mr. Armbrister, who instructed Plaintiff Chang to request extension and gave permission

7    to have his name included in Plaintiff Chang's brief filed on April 14, 2008.

8        25. Has the District Court abused its discretion stating Plaintiff Chang as –

9    "fantastic conspiracy, ultimately nothing more than speculation, patently fanciful and

10   insubstantial, fantastic or delusional scenarios, forma pauperis, so implausible fantastic,

11   sheer speculation lacking plausibility, fantastic, speculative and implausible, theoretical

12   matter, argument unavailing, no specific fraudulent misrepresentation is alleged".

13   While Plaintiffs' original complaint, first amended complaint, motions, oppositions,

14   reconsideration, and memorandum of points and authorities…repeatedly stated Plaintiffs'

15   attorneys were corrupted by the defendants and Rockridge Manor defense attorneys in

16   covering up for the defendants in the state actions, and Plaintiffs' statements are unopposed

17   or disputed by Plaintiffs attorneys (Ms. Zimba and Mr. Coombes) and Rockridge Manor

18   defense attorneys (Ms. Allman and Mr. Conroy).

19                                    **CONCLUSION**

20       26. In *Waltz v. Zumwalt,* 167 Cal. App. 3d 835, the Court of Appeal found petitioner

21   indigent and counsel was appointed. The County is ordered to prepare a record for appeal

22   and the expense to be borne by the county. In *Cleaver v. Wilcox, Jr.,* 499 F. 2d 940, the

23   Court of Appeals for the Ninth Circuit reversed and remanded on an appeal to appoint

24   counsel to indigent parents. The indigent parents had brought an action under the Civil

25   Rights Act of 1871, 42 U.S.C.S. Section 1983, seeking to have counsel appointed under

26   Cal. Welf. & Inst. Code Section 600.

27

28                                         6

1    27. Plaintiff Sun is indigent and disabled with mental illness and physical ailment

2    (**EXHIBIT K**). And in the interest of justice that Plaintiffs were denied of judicial access

3    in the California state court actions. Moreover, the District Court has dismissed Plaintiff

4    Sun from this instant action caused by Mr. Armbrister's betrayal as part of the continuous

5    systematic scheme. Also Plaintiffs were deprived of Due Process and Equal Protection

6    Rights guaranteed by the United States Constitution Fourteenth Amendment, caused by

7    Plaintiffs' corrupted attorneys, defendants, and Rockridge Manor defense attorneys.

8    28. Plaintiffs Chang and Sun respectfully request that this Appeal be granted to

9    appoint counsel with the expense to be borne by Plaintiff Chang. There is no possible

10   state or federal interest in not appoint counsel.

11

12   Dated: June 2, 2008

13

14

15   By _____

16   Christine Chang, Plaintiff

17

18

19

20

21

22

23

24

25

26                                  7

27   APPEAL OF COURT ORDER DENYING CONTINUE APPEARANCE BY COUNSEL AND COURT ORDER DISMISSING PLAINTIFF SUN
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL OF COURT ORDER DISMISSING PLAINTIFF SUN

28   DECLARATION OF PLAINTIFF SUN BEING MENTALLY AND PHYSICALLY DISABLED AND INDIGENT

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on June 2, 2008, I forwarded
a true and correct copy of:

1. Appeal of court order denying Plaintiff Chang's request on good cause to
   Continue notice of appearance by counsel...
2. Memorandum of points and authorities in support of appeal of court order
   Dismissing Plaintiff Sun.
3. Declaration of Plaintiff Sun being mentally and physically disabled and
   Indigent.

to Defendants' Counsels by placing a true copy and thereof in a sealed
envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the
United States Mail at San Francisco, California.

Dated:  June 2, 2008

By _Christine Chang_
Christine Chang, Plaintiff

EXHIBIT A

To: Ted Armbrister

From: Christine Chang

Date: April 10, 2008

Sub: Guardian-ad-Litem filing

Thank you for your help. Included in this fax is Court order of 3 pages. I have until April 14 to cause a notice of appearance by counsel, or otherwise, my son will ≠ be dismissed.

I will contact you about 2:30 pm this afternoon. Our phone no is (510) 769-8232. Thank you.

Christine Chang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

      Plaintiffs,

      v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

      Defendants.

_____/

No. C-07-4005 EMC

**ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL FOR GUARDIAN AD LITEM**

**(Docket No. 120)**

Previously, the Court issued an order denying Plaintiffs' application to appoint counsel for guardian ad litem. *See* Docket No. 86. The Court then denied Plaintiffs' motion to reconsider the denial. Plaintiffs have now filed yet another motion asking that counsel be appointed. Plaintiffs have already had "two bites at the apple" in seeking the requested relief. They are not entitled to a third. Moreover, Plaintiffs have failed to show why the Court's previous orders should be reconsidered. As the Court previously stated, Plaintiffs have failed to show that the merits of their case are sufficiently strong to warrant appointment of counsel, particularly in light of the Court's orders dismissing the majority of the claims asserted in the original complaint.

Because the Court is denying Plaintiffs' request to appoint counsel for guardian ad litem, Ms. Chang must decide whether she wishes to pursue her application to be appointed guardian ad litem for Mr. Sun or whether she will withdraw that application and have Mr. Sun dismissed from the case. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (stating that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). The Court shall give Ms. Chang until April 14, 2008, to make this decision. If Ms. Chang does not cause a

1  notice of appearance by counsel, representing her in her application for appointment as guardian ad

2  litem, to be filed by said date, the application will be denied and Mr. Sun will be dismissed.

3       For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for appointment of counsel.

4  The hearing on Plaintiffs' motion set for April 23, 2008 at 10:30 a.m. is hereby **VACATED**.

5       This order disposes of Docket No. 120.

6

7       IT IS SO ORDERED.

8

9  Dated: March 7, 2008

10                                                    EDWARD M. CHEN
11                                                    United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

8

9

10

CHRISTINE CHANG, *et al.*,

Plaintiffs,

No. C-07-4005 EMC

v.

11

12

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

**CERTIFICATE OF SERVICE**

13

Defendants.

14

15    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

16    District of California. On the below date, I served a true and correct copy of the attached, by placing

17    said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

18    said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

19    receptacle located in the Office of the Clerk.

20

21    Christine Chang

      341 Tideway Drive #214

22    Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA
ELECTRONIC FILING*

23

24

25    Dated: March 7, 2008

RICHARD W. WIEKING, CLERK

26

27

By: _____/s/_____

Leni Doyle

28

Deputy Clerk

# EXHIBIT B

ORIGINAL
FILED

08 APR 14 PM 3: 27

RICHARD
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and
ERIC SUN, disabled

    Plaintiffs,

vs.

ROCKRIDGE MANOR
CONDOMINIUM, et al.,

    Defendants.

Case: C-07-4005 EMC

PLAINTIFF CHANG'S
REQUEST TO CONTINUE
NOTICE OF APPEARANCE
BY COUNSEL FOR
APPOINTMENT AS
GUARDIAN AD LITEM

Date:
Time:
Courtroom: C
Judge: Magistrate Judge
    Edward M. Chen

1

PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GUARDIAN-AD-LITE

1    1. Pursuant to the Court Order which gives Plaintiff Chang until April 14, 2008 to
2  cause a notice of appearance by counsel in Plaintiff's application for appointment as
3  guardian ad litem, Plaintiff Chang has been searching for a suitable counsel in all
4  possible directions.

5    2. Plaintiff has contacted private referrals, San Francisco Lawyer Referral Service,
6  Alameda County Lawyer Referral Service, Asian Caucus Organization, and telephone
7  yellow pages to no avail.

8    3. It was difficult to find an attorney who would be competent in different area
9  of laws of tort, family, malpractice, personal injury, and etc.

10    4. With due diligence, Plaintiff expanded the search to California statewide and was
11  able to consult Mr. Ted Armbrister, who currently resides in Los Angeles, several times
12  over the phone last week.

13    5. Because Plaintiff has until April 14 to cause a notice of appearance by counsel,
14  Mr. Armbrister is concerned of "Plaintiff's request to continue notice of appearance
15  by counsel" will be granted by Court.

16    6. Plaintiffs Chang and Sun pray for Court's granting this request of continuance,
17  to allow time to discuss details with Mr. Armbrister as retained counsel, in Plaintiff
18  Chang's application for appointment as guardian ad litem.

19                              **DECLARATION**

20    7. I declare under penalty of perjury that the foregoing is true and correct, except
21  as to those matters set forth on information and belief, and as to those matters I am
22  informed and believe them to be true and correct.

23  Executed on April 14, 2008 at Alameda, California.

24

25

26                              Christine Chang, Plaintiff

27                                       2

28  PLAINTIFF CHANG'S REQUEST TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GUARDIAN-AD-LITEM

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 14, 2008, I forwarded a true and correct copy of:

    Plaintiff Chang's request to continue notice of appearance
    by counsel for appointment as guardian ad litem

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated:  April 14, 2008

By _Christine Chang_
      Christine Chang, Plaintiff

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8    CHRISTINE CHANG, *et al.*,                    No. C-07-4005 EMC

9              Plaintiffs,

10         v.                                       **ORDER GRANTING PLAINTIFF
                                                    CHANG'S REQUEST TO CONTINUE**
11   ROCKRIDGE MANOR CONDOMINIUM, *et*              **NOTICE OF APPEARANCE BY
     *al.*,                                         COUNSEL FOR APPOINTMENT AS**
12                                                  **GUARDIAN AD LITEM**
              Defendants.
13                                                  **(Docket No. 165)**

14

15   _____/

16

17         Plaintiff Christine Chang has asked the Court for an extension of time to find counsel.

18   Having considered Ms. Chang's brief and accompanying submissions, the Court hereby **GRANTS**

19   the request.

20                    **I.    FACTUAL & PROCEDURAL BACKGROUND**

21         Before discussing the merits of Ms. Chang's request for an extension, the Court shall briefly

22   discuss the relevant history of this case.

23         Ms. Chang initiated this lawsuit on August 3, 2007, on behalf of herself and her son, Eric Sun.

24   *See* Docket No. 1. In November 2007, Ms. Chang filed a motion to be appointed guardian ad litem

25   ("GAL") for Mr. Sun. *See* Docket No. 74. The Court informed Ms. Chang during a case management

26   conference that she could not bring the action on behalf of Mr. Sun without retaining a lawyer. *See, e.g.*,

27   *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).("hold[ing] that a parent or guardian

28   cannot bring an action on behalf of a minor child without retaining a lawyer"). The Court therefore gave

United States District Court
For the Northern District of California

1   Ms. Chang an opportunity to find counsel (by appointment or otherwise) but that, if no counsel had
2   made an appearance by December 24, 2007, then it would deny her motion to be appointed GAL.[1] *See*
3   Docket No. 81.

4       Thereafter, Ms. Chang filed an application to appoint counsel for GAL, which the Court denied
5   on November 29, 2007. *See* Docket No. 86. On January 3, 2008, the Court denied Ms. Chang's motion
6   to reconsider. *See* Docket No. 104. On March 7, 2008, the Court denied yet another motion by Ms.
7   Chang for appointment of counsel for GAL. In this order, the Court informed Ms. Chang that she had
8   to decide whether to pursue appointment as GAL for Mr. Sun or whether to dismiss Mr. Sun from the
9   action. The Court also informed Ms. Chang that, if no counsel made an appearance by April 14, 2008,
10  then it would deny her application to be appointed GAL and would dismiss Mr. Sun from the case. *See*
11  Docket No. 127.

12      On April 14, 2008, Ms. Chang filed the currently pending request for an extension of time.

13                          **II.    DISCUSSION**

14      In her motion, Ms. Chang asks for additional time to have counsel make an appearance. She
15  represents that she has contacted various referral services and looked through telephone directories "to
16  no avail." Chang Decl. ¶ 2. According to Ms. Chang, during the week of April 7, 2008, she was able
17  to consult with an attorney in Los Angeles by telephone. *See id.* ¶ 4. It is not clear whether this attorney
18  has actually agreed to represent Ms. Chang (either directly or as GAL for Mr. Sun). In her declaration,
19  Ms. Chang states that he is "retained counsel" but she also represents that the attorney is "concerned"
20  about whether or not the Court will grant Ms. Chang an extension of time. *Id.* ¶¶ 5-6.

21      Because Ms. Chang is pro se, the Court shall give her the benefit of the doubt and proceed with
22  the assumption that the Los Angeles attorney has not yet been retained and that he needs additional time
23  to evaluate whether or not to represent her and/or Mr. Sun in this case. Accordingly, the Court shall
24  give Ms. Chang until May 2, 2008, to have counsel make an appearance in this case. If no appearance

25

26

27      [1] The Court subsequently extended this date to December 26, 2007. *See* Docket No.
28  90.

1    is made by this date, then the Court shall deny Ms. Chang's application to be appointed GAL and shall

2    dismiss Mr. Sun from the case.

3         The Court forewarns Ms. Chang that, absent good cause, this is the last extension of time that

4    it shall give her with respect to this issue. Ms. Chang has known since mid-November 2007 of the need

5    to obtain counsel if she were to be appointed GAL for Mr. Sun. If she is unable, after more than five

6    months, to locate representation, then it is only fair that Mr. Sun be dismissed from the case.

### III.    CONCLUSION

8         For the forgoing reasons, Ms. Chang's request for an extension is granted.

9         This order disposes of Docket No. 165.

10

11    IT IS SO ORDERED.

12

13    Dated: April 16, 2008

14
                                    EDWARD M. CHEN
15                                  United States Magistrate Judge

16

United States District Court
For the Northern District of California

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

CHRISTINE CHANG, *et al.*,

        Plaintiffs,

   v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

        Defendants.

              /

No. C-07-4005 EMC

**CERTIFICATE OF SERVICE**

14

15

16

17

18

19

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

District of California. On the below date, I served a true and correct copy of the attached, by placing

said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

receptacle located in the Office of the Clerk.

20

21

22

23

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA*
*ELECTRONIC FILING*

24

25

26

27

28

Dated: April 16, 2008

RICHARD W. WIEKING, CLERK

By: _____

       Betty Fong
       Deputy Clerk

EXHIBIT C

ORIGINAL
FILED

APR 29 PM 3:00

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christine Chang Pro Se, individually
and Eric Sun, disabled
341 Tideway Drive #214
Alameda, CA 94501
Telephone : (510) 769-8232

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, individually and
ERIC SUN, disabled

    Plaintiffs,

    vs.

ROCKRIDGE MANOR
CONDOMINIUM, et al.,

    Defendants.

Case: C-07-4005 EMC

PLAINTIFF CHANG'S
REQUEST ON GOOD
CAUSE TO CONTINUE
NOTICE OF APPEARANCE
BY COUNSEL FOR
APPOINTMENT AS
GUARDIAN AD LITEM;
AND FOR LEAVE FOR
COURT APPOINTED
COUNSEL WITH COST
PAID BY PLAINTIFF

Date:
Time:
Courtroom: C, 15th Floor
Judge: Magistrate Judge
    Edward M. Chen

1

PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE COUNSEL FOR GAL

1    1. Pursuant to the Court Order (filed April 16) grants Plaintiff Chang's request to
2    continue notice of appearance by counsel until May 2, 2008, Plaintiff Chang started
3    immediately to contact Mr. Ted Armbrister on April 21 and 22, to discuss detail in
4    relate to his appearance for Plaintiff Chang to be appointed as guardian ad litem.

5    2. Mr. Armbrister left a voice mail on April 22 as following, "I can not help you in
6    this case. I am leaving town and I will not be back until after May 2. Please contact
7    another lawyer. I certainly can not help you on your case. Please leave a message at
8    (213) 576-5008.

9    3. During Plaintiff's several telecom communications with Mr. Armbrister in the week
10   of April 7, 2008, Mr. Armbrister advised if Plaintiff was able to obtain continuance for
11   appearance by counsel, he would discuss detail with Plaintiff regarding his appearance.
12   Mr. Armbrister did not mention his schedule leaving the country on the weekend of April
13   25 and will not return until May 6, 2008.

14   4. On April 23 Plaintiff called Mr. Armbrister requesting a written verification be
15   provided to submit to Court as proof of good cause for continuance. Mr. Armbrister
16   agreed to reply Plaintiff's email (**EXHIBIT A**).

17   5. In Mr. Armbrister's reply, "I do not understand what it is that the Court has asked
18   you to do. It sounds as though you are looking for an attorney to represent you in your
19   capacity as guardian ad litem for your son."

20   6. Mr. Armbrister's reply came as a surprise because Plaintiff had faxed the previous
21   Court Order to him on April 10 (**EXHIBIT B**). After further communication by phone,
22   and with his permission to include his name and the communications, Plaintiff submitted
23   request to continue notice of appearance by counsel on April 14 (**EXHIBIT C**).
24   Subsequently, Plaintiff was expecting to discuss detail for his appearance by May 2.

26   7. To better understand Mr. Armbrister's concern regarding his involvement as an

27                                          2

1   attorney of record for Plaintiff Chang to be appointed as guardian ad litem, Plaintiff

2   email him on April 24 asking for clarification (**EXHIBIT D**). Mr. Armbrister did not reply.

3       8.  According to the telecom communication on April 25, Mr. Armbrister expressed his

4   belief that the Court requires him to file complaint/oppositions/motions, take depositions,

5   and attend hearings, in representing Plaintiff Sun for Plaintiff Chang's application to be

6   appointed as Plaintiff Sun's guardian ad litem.  Mr. Armbrister believes he will have to

7   take over the whole case, work several hundred hours, and cost $100,000, for Plaintiff

8   Chang's application as guardian ad litem.

9       9.  Plaintiff Chang had communicated with Mr. Armbrister **before** submitting the

10  "April 14 - request to continue", that the Court requires retain counsel to help with

11  Plaintiff Chang's application as guardian ad litem, and the counsel is to protect Plaintiff

12  Sun's rights and to voice for him when required, and Mr. Armbrister **agreed** to discuss

13  detail of being retained as soon as Plaintiff Chang was able to obtain continuance from

14  April 14.

15      10.  Plaintiff does not know what transpired Mr. Armbrister before and after April 14,

16  and is compelled to request verification from Court.  Plaintiff believes that Mr. Armbrister

17  is wrong regarding his taking over the whole case representing Plaintiff Sun, working

18  several hundred hours, and charging over $100,000 for Plaintiff Chang's application to be

19  appointed as Plaintiff Sun's guardian ad litem.

20      11.  It will be prejudice to Plaintiffs if Court requires a counsel to take over Plaintiff

21  Sun's complaint starting from filing the initial complaint, because Plaintiffs have been

22  ripped off by various Defendants entities, lost our home of thirteen years, and by Plaintiffs'

23  attorneys extortion of legal fees for nearly $70,000, and would not be able to afford over

24  $100,000 **for disabled Plaintiff Sun to be represented**.

25

26

27                                            3

1    12. Plaintiffs request clarification of counsel's duty for Plaintiff Chang's application
2  as guardian ad litem, and request to continue notice of appearance by counsel to June 30,
3  to allow time to seek counsel and deliver all documents for counsel review. Between
4  April 28 until May 13 Plaintiff Chang is studying and taking school finals.

5    13. Plaintiffs also **request for leave for Court appointed counsel** with cost paid by
6  Plaintiff Chang if failed to retain counsel.

7    14. It has been very difficult and time consuming for Plaintiff to retain counsel,
8  because Plaintiff is a lay person and unclear of counsel's duty during negotiations.

9                              **DECLARATION**

10    15. I declare under penalty of perjury that the foregoing is true and correct, except
11  as to those matters set forth on information and belief, and as to those matters I am
12  informed and believe them to be true and correct.

13  Executed on April 28, 2008 at Alameda, California.

14
15
16                                   _Christine Chang_
17                              Christine Chang, Plaintiff
18
19
20
21
22
23
24
25
26
27                                    4
28 PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL FOR GAL

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on April 29, 2008, I forwarded a true and correct copy of:

Plaintiff Chang's request on good cause to continue notice of appearance by counsel for appointment as guardian ad litem; and for leave for court appointed counsel with cost paid by Plaintiff

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: April 29, 2008

By _____
Christine Chang, Plaintiff

ORIGINAL E-filing
FILED

MAY X 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   CHRISTINE CHANG, *et al.*,                    No. C-07-4005 EMC

9          Plaintiffs,

10          v.                                     **ORDER DENYING PLAINTIFF
                                                   CHANG'S REQUEST ON GOOD CAUSE
11   ROCKRIDGE MANOR CONDOMINIUM, *et*            TO CONTINUE NOTICE OF
     *al.*,                                        APPEARANCE BY COUNSEL;
12                                                 DENYING PLAINTIFF CHANG'S
           Defendants.                             REQUEST FOR LEAVE FOR COURT-
13   _____/               APPOINTED COUNSEL WITH COST
                                                   PAID BY PLAINTIFF; AND
14                                                 DISMISSING PLAINTIFF SUN**

15                                                 **(Docket No. 169)**

16          Previously, the Court issued an order giving Plaintiff Christine Chang a further extension to

17   May 2, 2008, to have counsel make an appearance in this case on behalf of her as guardian ad litem

18   ("GAL"). The Court informed Ms. Chang that, if no appearance were made by that date, then the

19   Court would deny Ms. Chang's application to be appointed GAL and dismiss Mr. Sun from the case.

20   The Court also warned Ms. Chang that, absent good cause, this would be the last extension of time

21   that it would give her with respect to this issue as she has known since mid-November 2007 of the

22   need to obtain counsel if she were to be appointed GAL for Mr. Sun. Ms. Chang has now filed a

23   motion asking for yet another extension of time to obtain counsel. In the alternative, she asks that

24   the Court appoint counsel, apparently with the cost of representation to be borne by her.

25          Having considered Ms. Chang's brief and supporting documents, the Court hereby **DENIES**

26   the request for an extension of time. Ms. Chang has failed to show good cause why she should be

27   entitled to another extension of time. The request and supporting documents indicate that the

28

United States District Court
For the Northern District of California

1   attorney she has consulted is not willing to represent her in this matter.[1]  The Court has given Ms.

2   Chang ample time to find counsel.

3        The Court further **DENIES** Ms. Chang's request for appointment of counsel.  The Court has

4   denied previous requests for such relief, and there is nothing to alter the Court's conclusion that

5   appointment of counsel is not warranted, especially given the weakness of the case on the merits.

6        Finally, the Court dismisses Plaintiff Eric Sun from the case because Ms. Chang cannot bring

7   an action on his behalf as GAL without retaining a lawyer.

8        This order disposes of Docket No. 169.

9

10       IT IS SO ORDERED.

11

12   Dated: May 6, 2008

13

14                                          EDWARD M. CHEN
                                            United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27       [1] To the extent that Ms. Chang asserts that she need only obtain counsel to represent her for the
     application for guardian ad litem, she is incorrect.  For Ms. Chang to be appointed guardian ad litem,
28   she would need representation by counsel for the entire case.

United States District Court
For the Northern District of California

1
2
3
4
5            UNITED STATES DISTRICT COURT
6            NORTHERN DISTRICT OF CALIFORNIA
7
8    CHRISTINE CHANG, *et al.*,                    No. C-07-4005 EMC
9              Plaintiffs,
10        v.
                                             **CERTIFICATE OF SERVICE**
11   ROCKRIDGE MANOR CONDOMINIUM, *et al.*,
12
              Defendants.
13   _____/
14
15        I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
16   District of California. On the below date, I served a true and correct copy of the attached, by placing
17   said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
18   said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
19   receptacle located in the Office of the Clerk.
20
21   Christine Chang                          *ALL OTHER COUNSEL SERVED VIA*
     341 Tideway Drive #214                   *ELECTRONIC FILING*
22   Alameda, CA 94501
23
24
     Dated: May 6, 2008              RICHARD W. WIEKING, CLERK
25
26
27                          By: _____/s/_____
                                    Leni Doyle
28                                  Deputy Clerk

EXHIBIT D

# RE: Deadline for guardian-ad-litem application #C-07-4005 EMC

| | |
|---|---|
| **From:** | Ted Armbrister <tarmbrister@gordonrees.com> |
| **To:** | christine |
| **Subject:** | RE: Deadline for guardian-ad-litem application #C-07-4005 EMC |
| **Date:** | Apr 23, 2008 1:01 PM |

Dear Ms. Chang:

I an unable and unwilling to represent you or your son in this matter.

I do not understand what it is that the Court has asked you to do. It sounds as though you are looking for an attorney to represent you in your capacity as guardian ad litem for your son. Unfortunately, I am NOT able or willing to become  involved as an attorney of record in this matter.

I wish you the best of luck and recommend that you contact a local lawyer for further assistance.

Sincerely

Cyril Armbrister

-----Original Message-----
From: christine [mailto:christielchang@peoplepc.com]
Sent: Wednesday, April 23, 2008 12:22 PM
To: Ted Armbrister
Subject: Deadline for guardian-ad-litem application #C-07-4005 EMC

Mr. Armbrister:

In my filing the continuance for guardian-ad-litem application in the District Court on April 14, you gave me permission to mention your name and our several telecon communication in relate to the possibility of retaining you for my application to be appointed as guardian-ad-litem for my son.

Yesterday late afternoon I received your voice mail that you will be going out of town, and will not be back to your office until after May 2, the Court ordered deadline for an appearance by counsel.  Today in our telecon communication you expressed difficulty in accepting our case because you don't have information regarding my original and amended complaint and all other related documents.  You believe you will have to know and be able to take over everything in relate to our case.  You believe by taking over, it will be several hundered hours costing ten of thousands of dollars, and I will not be able to afford it.

According to the Court Order I have until May 2 to have counsel make an
appearance. If no appearance is made by this date, the Court shall deny
my application to be appointed as guardian-ad-litem and shall dismiss my
son from the case. The Court also forewarns me that, absent good cause,
this is the last extension of time I shall receive.

Please reply this email so I may present to court regarding your
difficulties to make an appearance for my application to be appointed as
guardian-ad-litem for my son.

Please let me know if you would consider requesting for an extension
from Court for you to review all our documentations, and also consider
to represent us on both fee retention and contingency basis.  Thank you
very much for your consideration.

Christine Chang
Plaintiff in District Court
Case #C-07-4005 EMC

_____

PeoplePC Online
A better way to Internet
http://www.peoplepc.com


------------------------------------------------------------

San Francisco * San Diego * Los Angeles * Sacramento * Orange County  * Las Vegas
* Portland * Seattle * Houston * Chicago  * Phoenix  *  Dallas  *  New York  * Long
Island  * Newark  * Denver

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE
LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified
above. If you are not the intended recipient of this communication, you are hereby
notified that any unauthorized review, use, dissemination, distribution, downloading,
or copying of this communication is strictly prohibited. If you are not the intended
recipient and have received this communication in error, please immediately notify
us by reply email, delete the communication and destroy all copies.


IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax
advice contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding penalties
under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
GORDON & REES LLP
http://www.gordonrees.com

# Deadline for guardian-ad-litem application #C-07-4005 EMC

| From: | christine <christie1chang@peoplepc.com> |
|-------|------------------------------------------|
| To: | Ted Armbrister |
| Subject: | Deadline for guardian-ad-litem application #C-07-4005 EMC |
| Date: | Apr 24, 2008 3:28 PM |

Dear Mr. Armbrister,

I believe there may be misunderstanding between you and I regarding the representation
we are seeking. I believe the Court requires an attorney to help me with my application
as the guardian-ad-litem for my son. As long as there is an attorney to ensure
my son is protected, or voice for him when it is required, that is all the Court's
requirement.

But it seems to me that you believe you will have to take over the whole case reviewing
all documents, filing paperwork with court, taking depositions, appearing in court,
on behalf of my son. Which will take several hundred hours and cost too much that
I will not be able to afford.

Please clarify and I will obtain clarification from Court to ensure I understand
what is the Court's requirement. Thank you very much.

Christine Chang

-----Original Message-----
>From: Ted Armbrister <tarmbrister@gordonrees.com>
>Sent: Apr 23, 2008 4:01 PM
>To: christine <christielchang@peoplepc.com>
>Subject: RE: Deadline for guardian-ad-litem application #C-07-4005 EMC
>
>Dear Ms. Chang:
>
>I an unable and unwilling to represent you or your son in this matter.
>
> I do not understand what it is that the Court has asked you to do. It
>sounds as though you are looking for an attorney to represent you in
>your capacity as guardian ad litem for your son.  Unfortunately, I am
>NOT able or willing to become  involved as an attorney of record in this
>matter.
>
>I wish you the best of luck and recommend that you contact a local
>lawyer for further assistance.
>
>Sincerely
>
>Cyril Armbrister

EXHIBIT E

March 5, 2003

SENT BY CERTIFIED MAIL
WITH RETURN RECEIPT

Honorable Carl W. Morris
Department 18
Superior Court Alameda County
1221 Oak Street
Oakland, CA 94612

RE: Order to Appear for Possible Sanctions or Case Dismissal
for Case Number 2002-046048

Dear Judge Morris:

On 2/23/03 I received an email from our lawyer, Brett Allen, who belatedly notified me
of the settlement conference scheduled on 2/21/03 in your department. When I
complained about his belated notification and means of contact, he responded that it was
his secondary notice. In his secondary email he also mentioned his attempt to have
the court continue the conference which wasn't approved, his absence due to another
scheduled conference in Redwood City which required his attendance, and that
he had arranged a substitute attorney to take his place to represent our case. The
earlier email I received from him was about his request to have the settlement continued
until I could retain another attorney. Please see attached email from Mr. Allen dated
2/14/03. I don't consider this to be a first notification to appear.

I have communicated with Mr. Allen numerous times by email and phone voice mail
requesting phone contact for emergencies such as this. He has failed to communicate
adequately with me throughout his representation in both of our cases (2001-023364 &
2002-046048). In December 2002, he notified me by email of a scheduled meeting with
the Judge in case 2001-023364 even though he knew my computer was in the shop being
repaired. I had written him a letter and called him on the phone several times requesting
phone contact. Please see supporting documents.

There were extensive emails and supporting documents I sent Mr. Allen regarding our
cases. I also requested his subpoena of police officers/police records/witnesses/
homeowner association records/homeowner association board member. I believe he
has done nothing to help support our cases. And he hasn't communicated with me as
far as the status or the possible options/outcome of our cases. He has rushed me to
meet his schedules of interrogatory/deposition/settlement/summary judgement/trial
schedule without counseling or explanation. The only counseling he provided was during
the two depositions in case 2001-023364. I followed all his instructions yet he turned
around and blamed me for not providing any evidence of harrassment or discrimination
by defendants during the depositions.

I have consulted 6 attorneys but no one is interested in taking over our cases because of
the advanced stage of our cases, and because Mr. Allen's representation has turned our
cases from viable to non-vaible. His refusal to meet with me to let me know the status
and transfer files to me has also been an obstacle. I have contacted the police
department to obtain the subpoena info but in vain. The police department personnel
instructed me to contact our attorney or the court.

Constance Celaya knew my son and me for more than 10 years. She also knew my son's mental and physical disabilities, and yet she assaulted/battered us over a disagreement about using the washing machine in the laundryroom. There were witnesses and police officers on the scene but I believe Mr. Allen hasn't subpoenaed any record or witness. Initially he promised to work on proving the conspiracy of Constance Celaya with one of the boardmembers in the condo so as to join both cases together (2001-023364 and 2002-046048). Since I requested the status of our cases he started to press me to sign for a substitution of attorney so as to dump our cases. Most recently he filed a motion to be relieved as counsel based on a false declaration that I refused to submit to a deposition. Please see my certified letter to Mr. Allen.

I am requesting the court to allow the settlement conference to be continued without sanction until I am able to obtain the status and files of our cases from Mr. Allen, and to engage services of a new attorney to take over our cases.

Thank you very much for your consideration.

Sincerely yours,

*Christine Chang*

Christine Chang and Eric Sun
Plaintiff / Case 2002-046048

attachment

March 11, 2003

**SENT BY CERTIFIED MAIL**
**WITH RETURN RECEIPT**

Honorable Winton McKibben
Department 140
Superior Court Alameda County
600 Washington Street
Oakland, CA 94607

### RE: Representation by Attorney Brett Allen in Case 2001-023364

Dear Judge McKibben:

Please see attached certified letter to our attorney Brett Allen. I was alarmed by his belated email notifying me of the meeting scheduled with you on 12/10/02. I had several times requested Mr. Allen to communicate with me by phone, since my computer was in the shop being repaired. Yet he notified me the meeting schedule by email, despite knowing my computer wasn't working, He never bothered to contact me by phone. Please see my letter to Judge Morris regarding Mr. Allen's belated email notification of the settlement conference (case 2002-046048), for which I may be sanctioned or have our case dismissed. In Mr. Allen's email dated 12/6/02 he also mentioned that you were "extremely concerned about the viability" of our case.

My son sustained a severe aggravation to his mental disability, which also contributed to his physical disability by defendants' continuous harrassment. He was taking care of himself and working for the YMCA in Oakland Downtown 4 to 5 days a week and taking public transportation before the harrassment occurred. Ever since being traumatized on September 15, 2000 by defendants' careless act he became extremely paranoid when in the condo. He was so constantly worried about being taken away and locked up by the social services or policemen that he lost the ability to take public transportation to and from work. The mental and physical disabilities became worse and eventually cost him his job. He became completely isolated, locked himself in our unit, and was extremely paranoid about any moving body or car when I brought him to his doctor's appointment. He worried about being stalked as soon as we left our front door to go down to the garage to our car. As soon as we reached our car he would jump in and urge me to take off right away. I noticed him keeping his eyes shut and starting to sweat. He was constantly paranoid about the noises and people in the condo, so he had a portable walkman turned on with earphone in his ears blocking out any possible noises at all time. He was hospitalized several times and has had to move into board and care homes because of his worsened mental disability. He misses home terribly but couldn't afford to live at home because of the above condition. To this date whenever he is visiting home temporarily all of the above conditions recur. I too have suffered mental injury from defendants' intentional and continuous harrassment and humiliation to my son and me. I am currently in the process of selling our unit in the condo and moving to somewhere else.

I sent Mr. Allen extensive emails and supporting documents regarding our cases. I also requested that he subpoena police officers/police records/social service records/doctor and hospital records/witnesses/homeowner association records/homeowner association boardmembers, documents from defendants and defense attorneys. Depositions were to be taken of the defendants. So far I haven't receive any response from Mr. Allen. I believe he has done nothing to help support our cases and he hasn't communicated with me as far as their status or the possible options/outcome of our cases. He has rushed me to meet his schedules of interrogatories/depositions/settlement conference/summary judgement/trial schedules without counseling or explanation. The only

counseling he provided was <u>during</u> the two depositions. I followed all his instructions carefully, yet he turned around and blamed me for not providing any evidence of harrassment or discrimination by defendants <u>during</u> the depositions. I found out during the second deposition that the defense attorney didn't receive the documents Mr. Allen said had been submitted.

after I requested information about the status of our cases in December 2002, Mr. Allen started to press me to sign the substitution of attorney ,saying that otherwise, he won't transfer our files to me. I have paid him $12,500 to represent us in our cases and he refused to show me the work he has done! I requested repeatedly to set up a meeting about the status of our cases, yet Mr. Allen filed a motion to be relieved as counsel alleging that I don't follow his advice and refuse to submit to deposition. He has filed this false declaration to avoid having to meet with me to discuss the status of our cases. I had previously submitted interrogatories and given two depositions to defense attorneys upon his requests, and I have no intention to refuse any court proceedings.

I have serious doubts about Mr. Allen's representation of myself and my son, especially his belated notifications regarding meeting schedule and settlement conference with the Judges. I need additional information before allowing him to press me into further depositions/settlement conferences/summary judgements/trials. I have been notified by him to meet the schedules of interrogatories/depositions/settlement conference/summary judgement/trial without counseling. The notifications were usually belated or last minute notices without any explanations. He has simply rushed me to meet his schedules without doing any work to prove our cases. Starting in <u>December 2002</u> I requested that he postpone those scheduled events and to meet with me for status updates, but he hasn't responded to any of my requests. Instead, he filed a motion to be relieved, declaring me un-cooperative regarding submitting to his advice, and requested deposition. Then, without notifying me ahead of time, he sent a substitute attorney to the settlement conference who was unfamiliar with our case (2002-046048).

To date I have consulted 6 attorneys in seeking to replace Mr. Allen, but no one has been interested in taking over our cases because of their advanced stages, and because Mr. Allen's representation has turned our cases from viable to non-viable. His refusal to meet with me and to transfer files to me has also been an obstacle. I have contacted the police department and social services to verify if our records have actually been subpoenaed by him, but in vain. They advised me to contact our attorney for the information. When I explained our situation with Mr. Allen, they instructed me to contact the court.

I am requesting the court to allow that the deposition/summary judgement/trial schedules be postponed until I am able to obtain status information and/or the files of our cases from Mr. Allen, and to engage the services of a new attorney to take over our cases.

Thank you very much for your consideration.

Sincerely yours,

Christine Chang and Eric Sun
Plaintiff / Case 2001-023364

attachment

cc: Judge Thomas Rasch - Dept 303
    Judge James Richman - Dept 31

EXHIBIT F

September 7, 2004

Stephen M. Sirota, Esq.
15250 Hesperian Blvd., St 102
San Leandro, CA 94578

Reference:  Oakland Superior Court Cases 2001-023364 & 2002-046048

Dear Mr. Sirota:

You have followed Mr. Brett Allen's footstep sabotaging our cases and ripping off our legal fees. Following are facts of your representation in both cases starting from May through October 2003:

Case 2001-023364

1. After your negotiation with the defense attorneys for settlement/mediation failed, you advised me to drop defendants from our lawsuit, but I decided to take depositions of all defendants in preparation for trial. I delivered $2000 for the depositions you agreed to take. You didn't take any of the depositions but consumed the fees. I requested final accounting twice while in your office and by letter and phone, but never received correct accounting and refund owed to me to this date.

2. As soon as I sold my unit in Rockridge Condo and stopped socializing with friends living there to avoid defendants' continuous harrassment, you and the defense attorney scheduled trial date for the case. Since the defendants wouldn't be able to continue their incrimination to pressure us to drop the lawsuit, instantly, the trial date was set.

3. On October 23, 2003, I delivered the Substitution of Attorney to your office in exchange for our files. You gave me the file of another client of yours. I believe you were trying to prevent me from transfering our cases out of your office. Yet, you charged me $75 for organize file/collect documents and $30 meeting with me, while you were talking to another client and your secretary and I was standing on my feet waiting to pick up our files for 10 minutes. In the meantime, you gave me the wrong files which I made another trip back to your office to correct your error.

4. While I was in your office on 10/23/03, you showed me the deposition orders sent by the defense attorney. Apparently you were working closely with the defense attorney in manipulating our cases. Those orders showed up in your office just as I was substituting your representation. Between 10/21/03 I made the decision of substituting your office and 10/23/03 hand-delivered the substitution of attorney to your office, you and the defense attorney worked out the deposition orders to pressure me to keep our cases in your office.

Case 2002 - 046048

1. In the deposition of Constance Celaya who appeared to be completely relaxed and friendly and being treated as a star-witness. She lied through the whole depo as if it was a friendly "show and tale" session rather than a legal proceeding. My understanding was that you had several communications with Celaya beforehand.

I felt odd of both of your attitude at the time, but wasn't alarmed because you had agreed to subpoena witnesses and documents to prove her lying.

2. I believe Constance Celaya was lying freely because she knew there wouldn't be any witnesses or documents subpoenaed by you. So she felt completely comfortable lying throughout the depo while being the defendant of assault/battery lawsuit.

3. You instructed me to gather info on witnesses to subpoena and suggested internet website where I could hire search-firm to locate witness. You also told me to find Celaya's ex-husband info for you to subpoena. I faxed, phoned, and hand-delivered those info to your office expecting witnesses and documents to be brought in. Without explanation you disappeared for two weeks not answering phone calls or returning voice mails until time had expired in subpoena witnesses and documents.

4. The server you hired had spoken with David and Gail Bailey on the intercom and dropped off the depo subpoenas to them. After their no-show to the depo you decided not to compel them. David & Gail Bailey were eyewitnesses of the assault/battery case.

5. By the time you answered my phone call you told me the dealine had past in subpoena witnesses or documents, and I shouldn't expect anything to come in before trial because there wouldn't be anything be brought in.

6. On 10/21/03, I became terribly upset and begged you to reconsider. But you were firm about the deadline and determined to froce the assault/battery case into trial without bringing any evidence. I finally decided to substitute you with another attorney and hand-delivered the Substitution of Attorney to your office on 10/23/03. Immediately you showed me the deposition orders of Cáse 2001-023364 from the defense attorney.

7. While in your office on 10/23/03, you also presented me a falsified accounting report of Hudson Management showing Celaya owing homeowner association dues over a thousand dollars twice. It was the document you were supposed to subpoena but the deadline had past after your disappearance for two weeks. You inserted the accounting report into our files before you handed the files to me. But that accounting report couldn't be located to this date. I believe it was part of your strategies to change my mind in substituting you.

8. I believe you were helping the defendants in sabataging our cases, and you were working closely with the defese attorneys in setting up the trial date, deposition notices, and accounting report by Hudson management. How were you able to obtain Rockridge Condo's accounting report and defense deposition notices of us in the very last day as I was leaving your office/representation?

9. You had never requested our medical records for the assault/battery case. You had determined not to bring in any witnesses , documents, and medical records in preparation of the assault/battery trial. You purposely disappeared from your office for two weeks until time had elapsed in subpoening those evidence.

10. I requested final accounting while delivering the substitution of attorney on 10/23/03. You responded that the secretary was working on it at the moment. The next day I went

back to your office to exchange files you had given me of your other client, and I requested final accounting again without receiving it. Later you sent me erroneous accounting repeatedly mailing to my previous address in Rockridge Condo with wrong street number, apartment number, and zip code. Starting October 2003 through January 2004 I made numerous requests for correct accounting and refund but haven't received it to this date.

11. Correct Accting: $1735.00 - Credit balance in case #5115-2 (Court #2001-023364)
              +   105.00 - Refund of $75 organize file and $30 meeting with client 10/23/03
              ─────────
              $1840.00 - Credit balance in case #5115-2 (Court #2001-023364)
              -  940.00 - Balance due in case 5115-1 (Court #2002-46048)
              -  419.75 - Balance due of Celaya depo from Wheeler & Hallford
              ─────────
              $ 480.25 - Refund due

Please refund $480.25 within two weeks from this letter. Or otherwise, I will file complaint against you with California State Bar Association based on all of the facts above. And file "Accusation Against An Attorney" with California Supreme Court if advised by State Bar. Our current address is: 341 Tideway Drive #214
                                        Alameda, CA 94501

                        Sincerely yours,

                        Christine Chang & Eric Sun
                        (Superior Court Case #2001-023364 & 2002-046048)

attachment

LAW OFFICES OF

### Allan R. Frumkin, Inc.

A Professional Corporation

ALLAN R. FRUMKIN
STEPHEN M. SIROTA
PATRICIA Y. SONG
PRISCILLA WOON

15250 HESPERIAN BLVD., SUITE 102
SAN LEANDRO, CALIFORNIA 94578
510/278-5872

September 9, 2004

Christine Chang
341 Tidewater Drive, #214
Alameda, CA 94501

**RE:   Chang v. Celeya**

Dear Christine:

I received your letter of September 7, 2004. I apologize for not refunding your credit due earlier. The problem was more a function of the law firm. However, you neglected to include the $140.00 outstanding charges from the process server Robert Downing for serving the subpoena.

Also we are not agreeable to refund the $105.00 charged for time spent organizing the file and meeting with you on 10/23/03 in those regards. Actually the time spent organizing the file, meeting with you would have resulted in a much higher charge of our hourly fee.

I have enclosed a check in the amount of $234.25 which I believe is a fair and accurate refund you have due.

Best of luck to you in the future.

Yours very truly,

LAW OFFICES OF ALLAN R. FRUMKIN, INC.

Stephen M. Sirota, Esq.

SMS/km
Encl.

September 13, 2004

Stephen M. Sirota, Esq.
15250 Hesperian Blvd., St 102
San Leandro, CA 94578

Dear Mr. Sirota:    Ref: Oakland Court Cases 2001-023364 & 2002-046048

I received your check for $234.25 and I believe the fair and accurate refund should be $4500 of the total legal fee I have paid you in representing us in above cases.

In your letter dated 9/9/04 you indicated that I neglected to include the $140 outstanding charges from the process server for serving the subpoena. This is the first time I was notified about those charges, and by charging me you have proved my point of your sabotaging and manipulating our cases:

Your server served D.C and Gail Bailey who didn't show up at the depositions but you decided not to compel them. You purposely disappeared for two weeks until time had expired in compelling them who were the eye-witnesses of the assault/battery case (2002-046048). In doing so you had taken away the validity of our case. My son and I were the victims of Constance Celaya's assault and battery, but Constance Celaya falsified her statement that the fighting was mutual. You purposely not to bring in the witnesses to prove our case in protecting Constance Celaya.

Your server served Hudson Management for Rockridge Homeowners Asso. accounting record proving Celaya owed dues for months/years. But you told me not to expect anything to come in because it was served late. On 10/23/03 when I brought in the "Substitution of Attorney" you showed me a two-line accounting record of Celaya owing dues and inserted it to the folder of our cases. But the accounting record can not be located to this date. Apparently you falsified the accounting record to keep our cases in your office.

You charged me $105 for organizing the file and meeting with me was completely ridiculous! First of all you gave me someone else's file to prevent me from leaving your representation, secondly, you inserted falsified document to the file that couldn't be located to this date, thirdly and not the last, during our 10 minutes meeting you were busy talking to other clients on the phone and your secretary in the front office, and I was standing on my feet watching your communication with those parties. I believe the files you gave me for both cases were incomplete.

Base on the above and my letter dated 9/7/04 I am requesting a refund of $246 be sent to me within 2 weeks of this letter. Or otherwise, I will file a complaint against you with the State Bar Association, and if advised by State Bar, filed with the Supreme Court in California.

Sincerely yours,

Christine Chang & Eric Sun

attachment                    (Cases 2001-023364 & 2002-046048)

EXHIBIT G

June 8, 2006

Honorable Supreme Court Judge
California Supreme Court
350 McAllister Street
San Francisco, CA 94102

<u>Ref: Verified Accusation Against Plaintiffs' Attorney Pamela Zimba In Oakland Superior
      Court Cases 2001-023364 (Homeowners Association) & 2002-046048 (Assault/Battery)</u>

Honorable Supreme Court Judge:

This is a verified accusation against our attorney who fraudulently misrepresented our cases, intentionally
inflicted emotional distress, prevented a jury trial in case 2002-046048, aided and abetted defendant's
perjury, precluded evidence and third party witnesses testimonies, lied to plaintiffs of the final judgment as
"NONSUIT" when it was actually "FOR DEFENDANT WITH REMEDY AVAILABLE TO DEFENDANT",
abolished appeal deadline, conspired with defendant and defense attorney to cover up homeowners
association's (2001-023364) involvement in assault/battery case (2002-046048), and extorted legal fees.

In November 2003 Zimba informed plaintiffs that both cases were still in early stage
which she could easily repair any damages done by plaintiffs' previous attorneys. Therefore, plaintiffs
agreed to retain Zimba who would **consolidate both cases**, file **Guardian Ad Litem** to protect plaintiff
Eric Sun, re-initiate **discoveries**, and bring the **consolidated case to trial**. Zimba didn't do anything she
agreed to do in representing plaintiffs. What she did was to sabotage the cases, destroy plaintiff Eric
Sun's mental health, recklessly inflicted emotional distress against plaintiffs Christine Chang and Eric Sun,
conspired with defendants and defense attorney in covering up for the defendants, and extorted legal
fees from plaintiff Christine Chang.

Evidence: exhibit 1.1 - retainer agreement
          1.2 - substitution of attorney

<u>1. Issue: Misrepresentation/Fraud/Facilitate defendants intentional torts against plaintiffs</u>

Facts: Zimba initiated the consolidation but had no intent to actually consolidate the cases. She was
successful in keeping the cases separate, aiding and abetting perjury of the assault/battery defendant who
won with remedy available, and covering up homeowners association defendant's involvement in the
assault and battery case.

Evidence: exhibit 1.3 - declaration for consolidation/guardian ad litem/open discovery/continued trial
          exhibit 1.4 - domain summaries of both cases which were never consolidated, and the trial
                        dates of both cases were one month apart

Facts: Zimba waited until the last weeks to inform plaintiffs that the assault/battery case was going to trial
separately. When plaintiffs objected it Zimba induced plaintiffs to go to trial by promising to obtain $5,000
in settlement or $100,000 in trial.

Evidence: exhibit 1.5 - Zimba's settlement offer

Facts: Zimba told plaintiffs that the complaints/pleadings filed by plaintiffs' previous attorney were poorly
and erroneously done, and that she would file amended complaint to set the course straight. She never
filed the amendments in order to cover up the aggravated assault and battery in both cases.

Evidence: exhibit 1.6 dated 4/13/04 - third amended complaint by Zimba which was never filed with court
          exhibit 1.7 dated 8/9/04 - third amended complaint by Coombes which was never filed

<u>2. Issue: Intentional infliction of emotional distress/Misrepresentation/Fraud & Deceit
           Intentional aiding and abetting defendant colossus perjury in assault/battery case
           Malicious prosecution/Wrongful institution of civil proceedings/abuse of process</u>

Facts: Zimba was well aware of plaintiff Eric Sun's mental impairment who is diagnosed of
Paranoid Schizophrenia. Eric Sun's symptoms include withdrawn, anxiety, post trauma stress disorder,
severe paranoia, constant fear of people and our living environment, self-mutilation, and physical

impairment led by his paranoia. Zimba was also aware of Eric Sun lived in board and care for over a year, and checked into emergency psychiatric wards several times due to defendants' intentional intrusion, aggravated assault/battery, incrimination and defamation, and around the clock stalking in the condo where plaintiffs lived.

Evidence: Exhibit 2.11- letter from Pathway to wellness Psychiatric Nurse Practitioner Annie McCorkindale
2.12- letter from pathway to wellness Psychiatrist Hiawatha Harris
2.13- letter from Therapist Kathleen Leslie

Facts: Plaintiffs retained Zimba in early November 2003 who told plaintiffs that a **Guardian Ad Litem was necessary to protect Eric Sun**. Zimba told plaintiffs that Christine Chang couldn't be the guardian because conflict of interest being a party in the lawsuit. Plaintiffs provided a guardian who volunteered to be included in the legal proceedings but Zimba had no intention to file the Guardian Ad Litem.

Evidence: exhibit 2.21- Zimba's letters dated 2/10/04 and 4/26/04 to defense attorney for a guardian
exhibit 2.22 - Zimba prepared the declaration for Eric Sun's Psychiatrist Dr. Ndlela for
appointment of a guardian
exhibit 2.23- Eric Sun's treating Psychiatrist Dr. Ndlela's depo testimonies proving Eric Sun's
mental impairment and was on heavy dosage of antipsychotic medications.

Facts: Zimba induced Eric Sun to represent himself in the assault/battery trial lying that it would help plaintiffs win the case. Zimba precluded a jury trial using Eric Sun's fear of people unable to withstand a full court. **Zimba precluded a jury trial to facilitate a one-judge-presiding-verdict for the defendant**. The assault and battery defendant won with remedy available to the defendant who perjured for 3 years in every legal proceedings, but was covered up by Zimba and Judge Castellanos.

Evidence: exhibit E,E1 thru E12 - complaint against Oakland Superior Court Judge Castellanos
sent to Commission on Judicial Performance
exhibit E4 - assault/battery defendant's deposition transcript with extensive perjury
exhibit E5 - assault/battery trial transcript with defendant continuous extensive perjury
exhibit E6 - domain summary the final judgment entered on 8/11/04
exhibit E8 - motion to set aside the judgment was denied on 9/16/05

exhibit 2.31 - complaint against assault/battery defendant and U.C Berkeley Police
Department and University Counsel sent to Chancellor Robert Birgeneau
exhibit 2.32- complaint and refund request against Zimba sent to Legal Services Plan

Facts: Zimba knew plaintiffs were lay persons who had no knowledge or experience in legal proceedings and trial testimonies. She also knew Eric Sun was aggravately assaulted and battered by the defendant who utilized her highly effective police offensive training and was aware of Eric Sun's disabilities at the time of her assault and battery. But Zimba had no intention to represent Eric Sun fairly and justly. She purposely omitted the facts in trial of Eric Sun being beatened up helplessly by the defendant, omitted to bring up defendant's colossus perjury for three years in her cross/answer complaint, 2 hours deposition, and continued into the all day trial, omitted to submit defendant's depo transcript, and aided & abetted defendant colossus perjury in trial.

Evidence:   exhibit E5 trial transcript page 16 line 1 thru page 17 line 14
page 33 line 3 thru page 34 line 20
page 60 line 16 thru 20
page 66 line 7 thru page 69 line 7
page 69 line 18 thru line 23
exhibit E5 - defendant's trial testimonies - page 111 line 2 thru page 111 line 10

Facts: Zimba knew Eric Sun didn't initiate any offensive contact or attack defendant, and was traumatized by defendant's aggravated assault/battery causing his memory loss. Defendant perjured against Eric Sun in trial and Zimba helped cover up defendant's perjury against defenseless and disabled Eric Sun. Zimba submitted Eric Sun's injury photos to court as exhibits but made absolutely no connections of those injuries with defendant's aggravated assault/battery. Zimba's submission of those injury photos and medical records was to fool plaintiffs into believing her representation as fair and just.

Evidence: exhibit 2.4 - Eric Sun's injury photos
exhibit 2.5 - Christine Chang's medical records with cervical and lower lumbar injuries

— 2 —

Facts: Zimba knew plaintiff Christine Chang didn't know how to raise fist, initiate offensive contact, or attack any one. She also knew Christine Chang was being choked up/beatened up/tossed against the laundryroom walls/lockers/machines and thrown out of the laundryroom helplessly by the defendant. But Zimba intentionally **aided and abetted defendant three years of perjury to help incriminating Christine Chang as the assailant.**

Evidence: exhibit E5 trial testimonies page 81 line 1 thru 10
                                     page 83 line 8 thru16
                                     page 83 line 22 thru 25
                                       page 85 line 21 thru page 86 line 9
                                     page 88 line 17 thru 23
                                     page 89 line 21 thru page 90 line 5
                                     page 90 line 9 thru 21
                                     page 91 line 7 thru page 92 line 17
                                     page 93 line 20 thru 23
                                     page 95 line 2 thru 21

Facts: Plaintiff Christine Chang requested Zimba specifically to compare defendant's cross/answer complaint and depo transcript for inconsistencies. But Zimba **used the depo transcript to actively aiding and abetting defendant's perjury and to incriminating plaintiffs as the assailants.**

Evidence: exhibit 2.51- Christine Chang's notes to Zimba pointing out defendant's colossus perjury
               exhibit 2.52 - List of plaintiffs' exhibits in trial. Zimba submitted defendant's cross/answer
                                     complaint as exhibit #1 but not her depo transcript with colossus perjury that
                                     last 2 hours..
               exhibit 2.53 - Zimba submitted the homeowners association letter dated 12/10/01 as
                                     exhibit #2, which was the cause of the assault/battery, but made
                                     absolutely no connection to homeowners association's inflicting hatred
                                     against plaintiffs.
               exhaibit E5 - Zimba's representation in page 100 line 2 thru page 102 line 3
               exhibit 2.54 - homeowners association 2002 operating budget lying to homeowners
                                     that the dues will be increased and a special assessment required,
                                     to inflict hatred against plaintiffs (2001-023364).
               exhibit 2.55 - homeowners association's networth in December 2001 was $438,716
                                     as healthy as it could be. The due increase or special assessment proved
                                     to be lies.

Facts: Zimba purposely waited until 8/20/04 the 10th day of the verdict on 8/11/04 to release the final judgment to plaintiffs as "NONSUIT", to **abolish plaintiffs' rights for a motion** for new trial based on counsel's fraudulent representation and defendant's colossus perjury (filing has to be done within 10 days from the final judgment). Immediately, plaintiffs requested Zimba to appeal and take depositions of third party witnesses Zimba lied about taking but never took. But Zimba ignored plaintiffs and determined to cover up her fraudulent representation and defendant's aggravated assault/battery by abolishing the appeal deadline.

Evidence: exhibit 2.61- domain summary of assault/battery final judgment entered on 8/11/04 and plaintiff
                                     motion to set aside the judgment filed 4 times from June thru August 2005
               exhibit 2.62 - complaint (page 4) against Zimba releasing the final judgment on 8/20/04
           3.6 exhibit 2.63- complaint sent by certified mail was unclaimed and was sent via first class
               exhibit 2.64 - Zimba's response directing plaintiff to file fee arbitration to avoid subsequent
                                     complaints filed against her with the State Bar and California Supreme Court

Facts: In order to distract plaintiffs' appeal against the assault/battery case, Zimba conspired with defense attorney submitting Christine Chang for **defense depo on 8/26/04 and 8/31/04 for the 6th and 7th** times, causing tremendous distress against Christine Chang going through miserable details of defendants' intentional torts.

Evidence: exhibit 2.71- Christine Chang depositions dated 8/26/04 & 8/31/04, first and last pages.
               exhibit 2.72 -Christine Chang depositions dated 10/2/02, 11/7/02, 12/16/03, first and last

Facts: In order to distract plaintiffs' appeal against the assault/battery case, Zimba advised plaintiffs that

$-3-$

**Eric Sun had to take homeowners association depositions** despite her knowledge of Eric Sun's mental impairment. When Christine Chang objected it Zimba insisted that Eric Sun couldn't be excused because he had represented himself in the assault/battery trial without the protection of a guardian, and that Eric Sun had lost the privilege of having a guardian. **Zimba acted maliciously with conscious disregard of Eric Sun's mental impairment forcing him to take defense depositions after her intentional botching the assault/battery case against plaintiffs.**

Evidence: exhibit 2.81 - Zimba **conspired** with homeowners association defense attorney who **filed notice of taking deposition of Eric Sun on 8/12/04** the day immediately after the assault/battery final judgment on 8/11/04

exhibit 2.82 - Eric Sun depositions dated **8/25/04 and 8/31/04,** first and last pages
exhibit 2.83 - invoices of Christine Chang depositions on 7/21/04, 7/23/04, 8/26/04, 8/31/04 and Eric Sun depositions on 8/25/04 and 8/31/04

Facts: In order to distract plaintiffs' appeal Zimba subpoenaed 11 doctors for depositions/trial knowing Christine Chang attend every depo.

Evidence: exhibit 2.9 - Zimba subpoenaed 11 doctors for depositions/trial between 9/3/04 and 9/10/04 the date of trial, knowing Christine Chang attend every depositions. Zimba wasted legal fees sending multiple subpoenas to each doctors up to the trial date, in order to distract plaintiffs' appeal against the assault/battery judgment.

Facts: In order to distract plaintiffs' appeal Zimba forced Eric Sun to attend the all day mediation on 9/2/04 in homeowners association case. She purposely scheduled Eric Sun to see the forensic psychiatrist on the same day in San Francisco, knowing Eric Sun was completely dependent of Christine Chang without any means of transportation. When Christine Chang objected having Eric Sun attend the all day mediation in fear of dis-stabilizing his mental condition, Zimba enforced the notion that Eric Sun had to see the forensic psychiatrist between mediation break for the upcoming trial on 9/10/04. **Despite her being retained starting November 2003, knowing Eric Sun's mental impairment, recklessly/wantonly botching the assault/battery against plaintiffs most recently, she scheduled the forensic psychiatrist interview for Eric Sun on the same day as the mediation on 9/2/04.** Zimba acted maliciously with conscious disregard for Eric Sun's mental health in order to distract plaintiffs from appeal against the assault/battery judgment.

**Eric Sun experienced psychiatric crisis in the afternoon of 9/2/04 and was close to having a mental break down.** He complained that he couldn't take it anymore.

Evidence: exhibit 2.91- mediation held on 9/2/04
exhibit 2.92- forensic psychiatrist accounting for 9/2/04

Facts: During the mediation on 9/2/04 Zimba continued pressuring Christine Chang to hire a new team of attorneys and expert witnesses to represent Eric Sun separately after she had extorted $51,000 from Christine Chang. On 9/3/04 Plaintiffs accepted the homeowners asociation settlement to avoid further psychiatric damages to Eric Sun, and to get out of Zimba's fraudulent and oppresive representation and continuous extortion of legal fees.

Evidence: exhibit 2.93 - Case 2001-023364 domain summary 9/10/04 hearing continued
exhibit 1.4 - domain summary of both cases

Facts: Zimba disallowed the settlement to go through. Starting 9/3/04 Christine Chang requested the settlement be expedited but Zimba ignored the request intending to force plaintiffs to convert the settlement into a trust fund controling by her, also to prohibit plaintiffs from filing complaints against her. Christine Chang communicated with Zimba by phone, voice mail, personal meeting, certified letter, first class letter from 9/3/04 until 2/7/05 to no avail. The certified letters came back as unclaimed and were hand-delivered to Zimba on 11/23/04. In the 11/23/04 meeting Zimba admitted to Christine Chang that the settlement could be accomplished without going through a court hearing. Despite Christine Chang's continuous requests Zimba would not process the settlement. After Zimba's purposely delay for 5 months Christine Chang intended to substitute her if the settlement didn't go through on 2/7/05. The settlement was finally approved but Zimba hung on to the case until April 2005 and forcibly charged another $2176 from the settlement.

Evidence: exhibit 2.94 - Christine Chang's certified letter dated 10/2/04 as unclaimed

exhibit 2.95 - Christine Chang's certified letter dated 11/1/04 as unclaimed
exhibit 2.96 - Christine Chang's letter dated 2/7/05 hand-delivered to Zimba

Facts: In October 2004, Zimba lied to plaintiffs that a guardian was required to enable the settlement approval. Plaintiffs provided the same guardian (a family friend) as before and **Zimba started to file Guardian Ad Litem after both cases had concluded!!!!!** The guardian was appointed by court on **10/27/04 but had no effect on expediting the settlement.** Zimba still wouldn't allow the settlement getting through.

Evidence: exhibit 2.97 - Eric Sun's consent to appointment of Guardian Ad Litem
exhibit 2.98 - Appointment of Guardian Ad Litem dated 10/27/04

### 3. Issue: Misrepresentation/Fraud and Deceit/extortion of legal fees

Facts: Zimba subpoenaed third party witnesses only to fool plaintiffs of her true intent in precluding all third party testimonies. She wasted legal fees to subpoena police officers/doctor/eyewitnesses, but had no intention to bring third party testimonies to court. Zimba then lied to plaintiffs that third party testimonies were unnecessary.

Evidence: exhibit E5 trial transcript -Judge Castellanos indicated police officer's testimonies was required page 55 line 19 thru 23

exhibit 3.1 - Zimba subpoenaed Orthopedist Darien Behravan multiples times
exhibit 3.2 - **Zimba took Dr. Behravan's deposition without the doctor**
exhibit 3.3 - Zimba subpoenaed Police Officer Steve Mitchell but **refused** to take his deposition lying to plaintiffs that it wasn't necessary
exhibit 3.4 - Zimba subpoenaed Police Officer V. Lee but **refused** to take his deposition lying to plaintiffs that it wasn't necessary
exhibit 3.41 - Zimba subpoenaed eyewitnesses but had no intention to get their testimonies
exhibit E5 - **In the trial it was plaintiffs' words against defendant's with plaintiffs' attorney Zimba aiding and abetting defendant's perjury incriminating**

**plaintiffs.**

Facts: Zimba coerced Dr. Behravan showing up late for trial testimonies to avoid proving Christine Chang's injuries caused by defendant's aggravated assault/battery. Dr. Behravan communicated with Zimba in length that Christine Chang's cervical and lower lumbar injuries were more than likely caused by defendant's aggravated assault/battery. **Zimba intentionally lied to Christine Chang that doctor's testimonies were completely unnecessary who charged $3600 to testify.** At 3pm when Dr. Behravan was supposed to testify but was no where to be found. As soon as Zimba was able to induce Christine Chang's consent not to have doctor's testimonies and the court adjoured, Dr. Behravan showed up in the lobby of the courthouse. **Zimba purposely precluded Dr. Behravan's testimonies in order to cover up defendant's aggravated assault and battery against plaintiff Christine Chang.**

Evidence: exhibit E5 - trial transcript page 4 line 5 thru 7,
page 7 line 6 thru page 8 line 3
page 121 line 20 thru page 122 line 9
exhibit 3.5 -complaint against Zimba coerced Dr. Behravan's testimonies
exhibit 3.6 - Zimba refused to accept the certified mail which was unclaimed and returned to plaintiffs. It was mailed via first class.

### 4. Issue: Extortion Of Legal Fees/Misrepresentation/Fraud & Deceit with Albert Coombes

Facts: Right after the assault/battery trial on 8/5/04 Zimba told plaintiffs there was more than 70% of chances winning the case, then immediately pressed Christine Chang to hire her previous boss Albert Coombes. Christine Chang objected it because Zimba had been paid in full to cover through the homeowners association trial which was only several weeks away. But **Zimba held Christine Chang by duress saying if Albert Coombes wasn't hired she would not be able to represent plaintiffs in the upcoming trial on 9/10/04.** It was a master plan to extort $10,000 with $7500 for Coombes and $2500 for Zimba, and a new retainer agreement allowing Coombes and Zimba to tab into plaintiffs' damages of $1,259,396 against the homeowners association.

It was Christine Chang's understanding that both Coombes and Zimba were paid by hourly.rate

$-\mathcal{S}-$

and were paid in full to cover the whole trial that last 1 to 1 1/2 weeks. Therefore when the case settled one week before trial there should be refund from both attorneys. The new retainer agreement was to cover after the trial for appeal if plaintiffs didn't win. Both attorneys acted in concert falsefied accountings to charge up the full remaining balance. Zimba lied that there was $2500 legal fees payable to Economist Johnson. Christine Chang found out that Johnson was paid in July and apparently still owed a refund of $498.5 to Christine Chang. Zimba lied to extort extra $2500 for herself. When Johnson made the refund of $498.5 Zimba nevertheless swallowed it as well.

Evidence: exhibit 1.1 - retainer agreement
      exhibit 4.1 - complaint against Coombes
      exhibit 4.2 - Christine Chang's personal check of $10,000 dated 8/10/04
      exhibit 4.3 - Bank statement of cashing the check
      exhibit 4.4 - Robert W. Johnson & Association was paid on 7/21/04 for $2500 and made a
            refund of $498.50 to Zimba
      exhibit 4.5 - Economist Johnson's damage report for plaintiffs for $1,259,396.00

### 5. Issue: Misrepresentation/Fraud & Deceit/Conspiracy with plaintiffs' previous attorney Brett Allen and Stephen Sirota

Fact: Christine Chang filed an accusation against previous attorney Brett Allen The request for relief was denied by the Supreme Court. The court clerk would not release the reason of denial advising Christine Chang to obtain a lawyer to contact the Supreme Court. Christine Chang requested Zimba to help finding out the reason of denial intending to follow up on the complaint against Brett Allen. Instead of helping Zimba advised Christine Chang to file fee arbitration against Brett Allen in order to release him of his fraudulent misrepresentation. Zimba and plaintiffs' previous attorneys Allen and Sirota acted in concert. All three attorneys wouldn't bring any third party witnesses testimonies intending to cover up defendant's aggravated assault/battery. Brett Allen fraudulently filed two separate lawsuits and lied that he would consolidate both cases if find proof, but did nothing to find prove. Zimba lied that she would consolidate both cases but did nothing to consolidate the cases. Brett Allen almost caused plaintiffs to be dismissed by court in the assault/battery case. Stephen Sirota purposely disappeared from his office for 2 weeks until the deadline expired in bringing third party witnesses. Zimba completely botched the case making plaintiffs assailants.

Evidence: exhibit 5.1 - Zimba's declaration showing fees paid to Brett Allen and Stephen Sirota
      exhibit 5.2 - accusation against Brett Allen
      exhibit 5.3 - amendment to accusation
      exhibit 5.4 - letter of complaint against Brett Allen & court order plaintiff to appear or
dismissal
      exhibit 5.5 - Zimba advised fee arbitration filed against Brett Allen
      exhibit 2.64 - Zimba's admission and response to plaintiffs' complaint and directed plaintiffs
          to file fee arbitration against her to avoid subsequent complaints filed with
the State Bar and Supreme Court.
      exhibit 5.6 - Complaint against Stephen Sirota

Plaintiffs pray that the Supreme Court will grant a jury trial for plaintiffs to have an opportunity to be heard with proper submissions of evidence and third party witnesses testimonies.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on June 8, 2006 at Alameda, California.

             Truthfully yours,

             *Christine Chang and Eric Sun*
             Christine Chang and Eric Sun
             Victims and Disabled Citizens
                (Oakland superior Court Case 2001-023364 & 2002-046048)

attachment

— 6 —

November 13, 2006

Attn: Ms. Connie Ruffley
     Mr. Ernie Norris
Judicial Watch
Western Regional Headquarters
2540 Huntington Dr., Suite 201
San Marino, CA 91108

Ref:   The OCTC And Supreme Court's Inaction Against Attorney Abuses

Dear Ms. Connie Ruffley:
    Mr. Ernie Norris:

These were the complaints and evidence sent to the OCTC and the Supreme Court for disciplinary actions taken against our attorney Pamela Zimba. Please intervene in OCTC and Supreme Court's inaction against these attorneys' intentional fraud and misconducts. Following are facts and evidence:

Pamela Zimba had

1) Abolished our rights to a jury trial

a. My son's treating psychiatrist Dr. Ndlela's declaration and depo testimonies prove my son's severe mental impairment **(exhibit 1.1 and 1.2).** A letter written by my son's current treating therapist proves his fear of people **(1.3).** A letter from Pathway Mental Health Clinic proves my son's increased medication and gait alteration starting 2001 when homeowners association defendants' discrimination and harrassment occurred **(1.4).**

b. Zimba's letters to file Guardian Ad Litem to protect my son from legal proceedings. We provided a family friend as the guardian in April 2004, but Zimba had no intention to file the necessary paperwork to appoint the guardian to protect my son **(1.5).**

c. Zimba's letters to consolidated the homeowners association case with the assault/battery case, but the cases were never consolidated. Zimba kept the cases separate in order to sabotage our complaints against the homeowners association defendants who caused the aggravated assault and battery ,and to cover up the liability of assault/battery defendant **(1.6).**

d. Zimba induced our consent to keep the cases separate and started the assault/battery trial by lying to us that she would obtain $5,000 or $10,000 damages for us in the assault/battery case **(1.7).**

e. Zimba didn't file the Guardian Ad Litem purposely in order to induce my son to take the stand in the assault/battery trial. She used my son's fear of people unable to withstand a full court with jurors to **eliminate a jury trial**. In the one-judge-presiding-trial Zimba was able to make her fraudulent representation against us, and to fully control the outcome of final verdict. Please see exhibit **(1.8)** trial transcript cover page dated 8/11/04 that my son took the stand in court without a jury.

2) Aided and abetted defendant's three years of perjury to help defendant win with remedy after
    defendant's aggravated assault and battery against disabled and defenseless using her police-
    offensive-combat-skills

a. Zimba knew that we didn't initiate offensive contact against the defendant, and we didn't know how to raise fist against anyone and didn't have any defensive capabilities. She also knew that the defendant was premeditated in her hatred against us, motivated by the homeowners association defendants who caused the aggravated assault and battery against us. But during trial Zimba repeatedly aided and abetted defendant's 3 years colossus perjuries (answer-cross complaint, 2 hours depo testimonies, and all-day trial testimonies), and framed me as the assailant, and made the defendant self-defense against me **(2.1 - trial transcript of Zimba's aiding and abetting defendant perjuries).**

b. My trial testimonies **(2.2).**

c. My son's testimonies **(2.3).**

3) Lied to us that the verdict was "NONSUIT" when it was actually "FOR DEFENDANT WITH REMEDY",
   in covering up her fraudulent representation against us, her clients

a. My complaint to Zimba regarding the assault/battery "NONSUIT" verdict and her purposely abolished
   the appeal deadline, dated 4/26/05, page 4 (3.1). Zimba refused to accept the certified letter, and the
   second delivery was sent by first class mail (3.2).

b. Zimba's admission after her receipt of my complaint (3.3).

c. I requested the domain case summary from court clerk on 5/18/05 when I found out the true verdict was
   "FOR DEFENDANT WITH REMEDY AVAILABLE TO THE DEFENDANT" (3.4).

4) Abolished appeal deadline purposely when we asked her to appeal

a. Zimba purposely scheduled the trial dates of both cases 1 month apart in order to avoid appeal on the
   assault/battery verdict, and to oppresively forcing us to go forward with the homeowners association
   trial. Please see the domain case summaries for assault/battery case (2002-046048) trial date 8/5/04
   (3.4), and homeowners association case (2001-023364) trial date 9/10/04 (3.5).

   Zimba released the fraudulent "NONSUIT" verdict on 8/20/04, then immediately started to force us to
   take numerous defense depositions for the upcoming homeowners association trial on 9/10/04. She
   also subpoenaed 11 doctors for depositions in the first week of September knowing I intended to attend
   every depo.

   Zimba held me by duress disregarding my request to appeal the assault/battery "NONSUIT" verdict, and
   forcing us to go forward with the homeowners association trial. Because she had extorted $51,000 from
   me knowing I wouldn't be able to substitute her with the fast approaching trial on 9/10/04, she neglected
   my request  for appeal (exhibits 3.1, 3.2, 3.3, 3.4, 3.5).

5) Extorted legal fees and brought her previous associate to extort legal fees from me

a. My complaints against Zimba sent to State Bar and State Bar responses (5.1).

b. My complaint to Coombes and Coombes's fraudulent accounting extoring $7500 (5.2).

c. My complaints to State Bar against Coombes dated 1/31/05 and 6/20/05, and Zimba's filing of
   "Notice Of Association Of Counsel" on 8/26/04 for Coombes to work on the 9/10/04 trial (5.3).

   I accepted homeowners association's settlement on 9/3/04 to get out of their fraudulent
   representation, but nevertheless, both attorneys extorted the full legal fees paid in advance
   covering through the trial  starting 9/10/04.

6) Disregarded my son's disabilities and purposely inflicted emotional distress by not filing Guardian Ad
   Litem, and exposing him to the legal proceedings in assault/battery trial and homeowners association
   depositions (exhibits 1.1 through 1.8).

7) Disallowed the homeowners association settlement being finalized from 9/3/04 through 2/7/05

a. Zimba attempted to force me to let her convert the settlement into a trust fund controlling by her,
   also to tie my hand from filing complaints against her. She would not finalize the settlement from
   9/3/04 until 2/7/05 despite my continuous requests (3.5 - domain case summary for case 2001-
   023364 dated 9/10/04 and 2/7/05).

b. Zimba refused to accept my certified letter dated 10/2/04. I hand-delivered to her on 11/23/04 (7.1).

c. Zimba refused to accept my certified letter dated 11/1/04. I hand-delivered to her on 11/23/04 (7.2).

d. My letter dated 2/7/05 was hand-delivered to her in the homeowners association settlement hearing.
   I communicated my intent to substitute her immediately after the hearing if the settlement didn't go
   through that day, and my charging her interest on the settlement starting 9/3/04 (7.3).

e. In October 2004 Zimba lied to us that a Guardian Ad Litem was required to finalize the settlement. She started to file the Guardian Ad Litem which should have been filed in April 2004 to protect my son. The court appointed the guardian in October 2004, but it didn't expedite the settlement. Zimba still wouldn't allow the settlement be finalized (**7.4 - Zimba's letter dated 11/9/04** for approval of guardian and proceed forward with the settlement, but had no intention to finalize the settlement). ( **3.5** - Domain Summary dated 10/21/04 for Guardian Ad Litem approval).

Please advise if I may provide further evidence or direct examination to prove our complaints against these attorneys' abuses. Please inform your decision whether the Judicial Watch will intervene in OCTC and Supreme Court's inaction against these attorneys' intentional fraud and misconducts. Thank you very much for your consideration.

Yours truly,

*Christine Chang and for Eric Sun*

Christine Chang and for Eric Sun
Victims and Disabled Citizens
(Oakland superior Court Case 2001-023364 & 2002-046048)

attachment

copy: Bill Trussell

EXHIBIT H

December 18, 2004

Albert F. Coombes
Law Offices of Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

<u>Reference: Refund of Case #2001-023364</u>

Dear Mr. Coombes:

The only reason we signed the retainer agreement and paid $7500 retainer to you was because Ms. Pamela Zimba demanded help at the very last stage of our case in August 2004. She said that you were very interested in working on our case which you would help getting large compensation for our injuries, and that you were very rich and weren't interested in ripping off our legal fees, and that she needed help in deposing expert witnesses for trial on 9/10/04.

Our retainer agreement was meant for you to take depositions of all expert witnesses and help trial the case starting 9/10/04. I received your accounting dated 11/19/04 and it seemed to be completely the opposite of what we agreed upon.

The case was settled on 9/3/04 exactly one week before the trial. You had merely taken two depositions of Lisa Wong and Harris with a total of 3 hours on 8/26 and 8/30/04, and yet you charged $7507.73 not having to prepare for trial the week before or attend the trial starting 9/10/04. You charged over $3300 for travel expenses and attending my son's deposition which wasn't part of the agreement. Without attending the trial starting 9/10/04 which generally last one week, and without taking depositions of the treating doctors (about 12 doctors) there should be a refund for at least $4500.

Please refund $4500 within two weeks from the date of this letter, or otherwise, I will file complaint against you with the California State Bar, and with the California Supreme Court if instructed by the Bar Association to file a "verified accusation against the attorney".

Sincerely yours,

Christine Chang
(Plaintiff of Superior Court Case 2001-023364)

attachment:
accounting dated 11/19/04
Notice of Asso of Counsel dated 8/26/04

copy: Pamela Zimba, Esq.

C/2

June 20, 2005

Office of the Chief Trial Counsel/Intake
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

Dear Chief Trial Counsel:

Declaration of Statement of Facts in Support of Relief Requested:

Ref: Request for discipline action against Albert F. Coombs
    Oakland Superior Court Case #2001-023364 & #2002—046048
    Inquiry Number #05-1967

In August 2004, Pamela Zimba pressured me into hiring Albert Coombs
who she introduced as her superior in her law career. From my observation
of Mr. Coombs' represention in last week of August, Ms. Zimba consulted
Mr. Coombs constantly in every aspect of our case. Mr. Coombs was clearly
acting in the capacity of Ms. Zimba's superior.

Please see my complaint against Pamela Zimba dated 4/26/05, No. 1 (b) and
page 4, related to Albert Coombs. Also please see my
Declaration & evidence against Zimba dated 6/4/05, No. 4, related to Albert Coombs.

I believe Mr. Coombs and Ms. Zimba conspired in extorting legal fees and
botching our cases. It was evidential that Zimba pressured for Coombs
hiring to distract me from the assault/battery case being botched completely
(2002-046048). Then, Coombs & Zimba continued using the Rockridge
Homeowners Association case (2001-023364) to distract me from the
assault/battery case appeal deadline.

They also conspired in botching the Homeowners Association case
(2001-023364) without bringing any material or third party witnesses
to prove our case. They were in the process of botching the case the same way
as the assault/battery case without bringing any evidence on our behalf in covering
up the defendants.

It was also evidential of Coombs and Zimba conspired in falsifying their accountings.
Coombs had barely worked on our case for the last week of August but charged
full $7500 retainer plus $7.73 balance. Please see the "Notice of Association of
Counsel" filed with Superior Court on 8/26/04 for Coombs. Zimba charged up
$51000 including $33000 personal retainer, $10500 expert witness fee pocketing
$3261 unpaid to the expert witnesses, and $7500 to Coombs; with a balance of
$2176.61 which Zimba deducted from our settlement with the Homeowners Asso
before we received it.

The retainers were meant to last until after the first week of trial starting 9/10/04.
Our case was settled on 9/3/04 one week before trial without having to prepare
for trial, take depo of expert witnesses and doctors, or attend trial for at least a week.
But Coombs and Zimba took all the retainers plus a balance that I still owed them.

Please discipline Coombs by all apparent evidence of Coombs and Zimba conspired against us in botching our cases and extorting legal fees; and Coombs was clearly acting as the superior of Zimba advising her in every aspect of our case. Both of Coombs and Zimba also knew that my son and I sustain psychological and physical injuries by these defendants, but decided to botch our cases and extort legal fees nevertheless.

I believe Albert Coombs had wilfully and intentionally violated the State Bar Act or the Rules of Professional Conduct and am requesting for disciplinary action taken against him.

I, Christine Chang, make the declaration of facts in support of the relief requested by me. I make this declaration under penalty of perjury under the laws of the State of California. Executed in Alameda on 6/20/05.

Sincerely yours,

Christine Chang

attachment

EXHIBIT I



PROMOTING JUSTICE SINCE 1877

**CLIENT'S REQUEST FOR FEE ARBITRATION**

**RECEIVED**

APR 0 6 2004

ALAMEDA COUNTY
BAR ASSOCIATION

If you have a dispute concerning legal fees and/or costs with your attorney, you may submit the dispute to an arbitrator(s) for decision. Fee arbitration matters are governed by the rules of procedure that accompany this form. You should read the rules carefully and, if you have questions after you have done so, contact this office at (510)893-7160.

To initiate arbitration, you must:
- A.   Fill out this form and sign at the bottom of Page 3.
- B.   Enclose the correct filing fee as determined on Page 3.
- C.   Mail to:
  Alameda County Bar Association
  Fee Arbitration Program
  610-16th Street, Suite 426
  Oakland, CA 94612

> **For ACBA office use only:**
> Check : _____
> Amount: _____
> File No.: _____

1.a.   Client   *CHRISTINE CHANG*   Phone *510-595-6252* Fax _____
       Address *181 SANTA ROSA AVE #32*   City, State, Zip *OAKLAND, CA 94610* Email *christieichang@...*

1b.    Attorney *BRETT ALLEN, ESQ*   Phone *510-872-9933* Fax _____
       Address *909 MARINA VILLAGE PARKWAY #669*   City, State, Zip *ALAMEDA, CA 94501* Email *ballenlaw@earthlink.ne...*

2.    If you or the attorney are, or will be, represented by an attorney in the arbitration, provide the name, address and telephone number of the attorney:
      _____  _____  _____  _____

3.    Please check the box(es) which apply:
      ☐ The office of the attorney is in Alameda County.
      ☐ The attorney rendered substantial legal services in Alameda County.
      ☐ My case was filed in Alameda County.

4.    Did you receive a "Notice Of Client's Right to Arbitration?"
      ● No   ○ Yes   Date Received _____   Please attach a copy.

5.    Were you referred to the attorney by a lawyer's referral service?
      ● No   ○ Yes   If yes, which service? _____

6.    Do you have a written fee agreement?
      ○ No   ● Yes   Please attach a copy.

7.    Have a lawsuit been filed against you for recovery of attorney's fees and/or costs?
      ● No   ○ Yes   Please attach a copy of the complaint.

ALAMEDA COUNTY BAR ASSOCIATION

610 16ᵗʰ Street, Suite 426 • Oakland, California • 94612
510.893.7160 • Fax 510.893.3119 • www.acbanet.org • acba@acbanet.org

1

If yes, have you filed an answer in court? ○No ○Yes

8. Have you filed a lawsuit against the attorney? *I FILED COMPLAINT AGAINST HIM WITH THE b*
   ● No    ○ Yes    Please attach a copy of the complaint. *ASSo. WHICH INSTRUCTED TO FILE WITH*
                                                          *SUPREME COURT. MY PETITION WAS*
9. Were the fees and/or costs ordered by the court or set by law? *DENIED WITHOUT EXPLANATION BY*
   ● No    ○ Yes    If yes, please explain below & **attach a copy of the court order.** *THE COURT RECE*
                                                                                          *IN LAST WEEK O,*
10. What type of case is involved in the dispute? (e.g., personal injury, adoption, probate, | *MARCH 2003.*
    bankruptcy, divorce, etc.)
    *PERSONAL INJURY, ASSAULT & BATTERY, HARRASSMENT & DESCREMENTION AGAINST*
                                                                          *DISABLED*
11. Give a brief description of the fee dispute below.
    *MR. ALLEN CHARGED $11204.43 PROVIDING ADVERSARY REPRESENTATION AND COUNSELI*

12. What is the total amount you have paid the attorney?                        *$11204.43*
13. How much does the attorney say you owe?                                     *Ø*
14. How much is the attorney's total bill? (Total of lines 12 & 13)             *$11204.43*
15. How much do you think the bill should be?                                   *$ 1204.43*
16. Subtract line 15 from line 14                                              *$ 10000.00*
17. FILING FEE DUE*                                                            *$ 300.00*

*Your filing fee is determined by your answer on line 16, the amount in dispute. Example: The attorney charged $1,505. The client feels the fee should have been only $900. The difference ($1,505 minus $900) is $605. Therefore, according to the fee schedule below, the filing fee would be $50.

| If the answer on line 14 is: | Your filing fee is: |
|---|---|
| $10,000 or less | 3% of dispute (minimum $50) |
| $10,001 to $25,000 | 4% of dispute |
| over $25,001 | 5% of dispute (not to exceed $5000) |

Please make checks payable to the "ACBA." Do not send cash.
Your filing fee MUST BE ENCLOSED to initiate the arbitration.

18. Please name any person, other than the client, who you believe may be responsible for the fees and/or costs or may be entitled to a refund of fees and/or costs. If you name any such persons, he or she will be included as a party to the fee arbitration proceedings and receive copies of all correspondence.

| Attorney Address | | Phone City, State, Zip | |
|---|---|---|---|
| Client Address | *ERIC SUN* *181 SANTA ROSA AVE #32* | Phone City, State, Zip | *510-595-6752* *OAKLAND, CA 94610* |

**SIGNATURE(S)**
This form must be signed below in order to initiate arbitration. The request for arbitration may be signed in counterparts by attorney and/or client. (They need not sign the same form).

I declare under penalty of perjury under the laws of the State of California that my statements on this request and any attachments are true and correct.

*Christ. Chang*    *4/5/04*
Client's Signature    Date          Attorney's Signature    Date

2



PROMOTING JUSTICE SINCE 1877

April 8, 2004

Brett Allen
909 Marina Village Pkwy., Suite 669
Alameda, CA 94501-


Re:     Client's Request for Fee Arbitration
        File No. 99-215

Dear Mr. Allen:

This letter is to inform you that we recently received a Client's Request for Fee Arbitration from **Christine Chang** in which you were named as the attorney.  We will be notifying you by separate letter of the appointment of the arbitrator(s) in this matter and provide you with a copy of the Client's Request at that time.

If you have any questions about this matter, please feel free to contact me directly at (510) 817-3522.


Sincerely,



Grace Fonseca (510) 893-7160, X422.  Called 5/12/04 and left msg.
Program Administrator, LRS, ADR & Fee Arbitration



cc:     client

LAW OFFICES OF
JOHN F. MARTIN
A PROFESSIONAL CORPORATION
STATION PLAZA
3100 OAK ROAD, SUITE 230
POST OFFICE BOX 5331
WALNUT CREEK, CALIFORNIA 94596

TELEPHONE: (925) 937-5433
TELECOPIER: (925) 938-5567
john@johnfmartinlaw.com

November 8, 2004

Dana Sack, Esq.
Panel Member
One Kaiser Plaza, Suite 340
Oakland, California 94612

Mr. Louis Levy
Lay Arbitrator
20 Chelsea Court
Oakland, California 94611

RE:    Christine Chang v. Brett Allen, Esq.
       Fee Arbitration No. 99-215

Dear Messrs. Sack and Levy:

As you are aware, I have been appointed to chair the panel in the arbitration of the captioned case.

This letter will confirm my secretary's telephone conversations with all the parties involved wherein it was agreed that the arbitration previously scheduled to be held on for November 22, 2004 be rescheduled to ***Thursday, December 2, 2004 at 10:30 p.m. in my office***.

Very truly yours,

LAW OFFICES OF JOHN F. MARTIN
A Professional Corporation

By: _____
        JOHN F. MARTIN

JFM:ps
*(deadline: 12-09-04)*
cc:  Alameda County Bar Assn.
     610 - 16th Street, Suite 426
     Oakland, California 94612
cc:  Brett Allen, Esq.
     Van De Poel & Levy LLP
     1600 S. Main Plaza, Suite 325
     Walnut Creek, California 94596
cc:  Christine Chang
     341 Tideway Drive, Apt. 214
     Alameda, California 94501
cc:  Eric Sun
     181 Santa Rosa Avenue, Apt. 32
     Oakland, California 94610

A 20

## BEFORE THE FEE ARBITRATION COMMITTEE
## ALAMEDA COUNTY BAR ASSOCIATION

Client,    Christine Chang    )
                              )                  Fee Arbitration Case ID: 99- 215
                              )
and                           )         NOTICE OF TIME AND PLACE OF
                              )                  ARBITRATION
Attorney(s) Brett Allen       )
                              )
                              )

TO:    CLIENT          Christine Chang :

       ATTORNEY(s)     Brett Allen :

PLEASE NOTICE that the following arbitrator(s) have been appointed to arbitrate your case:
ARBITRATOR(S):

John F. Martin, Esq.      Dana Sack, Esq.      Louis Levy

This arbitration will be held on the 6th day of December 2004, at the hour of 9:00 am :
at the following address: Law Offices of John F. Martin
                          3100 Oak Road Suite 230 Walnut Creek, CA; Tel: 925-937-5433

You should bring with you all witnesses and documents you believe are important in resolving this fee dispute. You may ask this panel to issue a subpoena if you think an "order" is necessary to get someone to produce certain papers you may require or to compel a witness to attend the hearing.

If either the attorney or the client does NOT appear at the hearing, the arbitrator(s) still may decide the dispute after hearing whatever evidence is produced. To repeat, the arbitrator(s) can decide the fee dispute even though one of the parties does not attend the hearing.

If the above date for this hearing is not acceptable for some reason, immediately contact the panel chair informing the chair why the date is unacceptable. The hearing will be rescheduled only upon a sufficient showing of good cause.

Chair of the Panel: John F. Martin, Esq.
Telephone: (925) 937-5433    Fax: (925) 938-5567
Address: 3100 Oak Road Suite 230 Walnut Creek, CA 94596

cc:    Alameda County Bar Association

◄ HOME                                    🛒 SHOPPING CART   🔒 LOG OUT



# LSAC Online Services

**Your LSAC Account Number is L24143911 . Please keep this number as confirmation of use in all correspondence with LSAC.**

▣ Thank you for placing your order with LSAC. You should print this order confirmation and kee for your records. Your transaction has been completed and secured with VeriSign®. VeriSign has routed, processed, and secured your payment information. (More information about VeriSign.)

**Admission Tickets** select the ticket you wish to print.

▣ Click on a test date below to print your admission ticket:

**Saturday December 04, 2004 LSAT Admission Ticket** 📄

**You must have your admission ticket to gain entry to the test center.** You can print the admission ticket now or at a later date by selecting the My Documents tab. **Important: Please check the ticket in your My Docs folder the day prior to the test. In the event LSAC changes your center or the reporting address, the ticket will contain the most updated information.**

The Adobe® Acrobat Reader is required to view and print which are indicated by this s you **do not** already have the installed on your computer, Adobe Acrobat Reader link b download it for free.

**Adobe Acrobat R**

Note: After you download the Adobe your computer, double-click the new and follow the installation instructions installed, click the name of the PDF fi

*On 1/31/05  Spoke w/ Irene  on phone  — and face  acces # 9731*

Note: For centers in foreign countries only, the test date and time may differ from the test date check your admission ticket for the exact test date and time.

Please review the information below for details about your purchases.

| Date order placed: | 9/10/2004 | Time: | 3:50 PM ET | |
|---|---|---|---|---|
| **Items** | | **Qty** | **Cost** | **Stat** |
| December 4, 2004 LSAT at COLLEGE OF ALAMEDA | | | 112.00 | |
| Sub-total | | | $112.00 | |
| Previous Balance: | | | $0.00 | |
| TOTAL (prices are stated in U.S. dollars) | | | $112.00 | |

**Your Address on File is:**          The amount of $112.00 has been charge

   **341 TIDEWAY DRIVE #214**          **Card: Visa**

EXHIBIT J

**BAR ASSOCIATION OF SAN FRANCISCO**
**LAWYER REFERRAL AND INFORMATION SERVICE**
Merchants Exchange Building
465 California Stree , Suite 1100
San Francisco, CA 94104
(415) 989-1616

**Date:** 1/5/2007

Confirmed 1/9/2007 10:15:52 AM

| FOR LRIS USE ONLY | | |
|---|---|---|
| | SR | CWI |
| 869760 | | 124565 |
| MS | DA | LA |

**Client** Christine Chang
341 Tideway Dr. #214
Alameda, CA 94501

**Attorney** Craig Kroner
225 Bush Street 16th Floor
San Francisco, CA 94104

**Phone** (888) 870-0887
**Fax** (408) 433-9301
**Email** locak@sbcglobal.net

The Lawyer Referral and Information Service is a public service of the Bar Association of San Francisco. The purpose of the service is to provide a lawyer for your type of legal problem. In order to maintain and improve our referral service as a public service to the community, we would appreciate your answering the following questions to assist us in our evaluations. Thank you for using our referral service. If you were satisfied with our service, please tell your friends and neighbors. If you were dissatisfied with the attorney's services, have a dispute with the attorney or a complaint against the attorney, you may contact us for assistance. **Call 989-1616 and ask for the Office Manager.**

You were referred to this attorney by the Lawyer Referral and Information Service. Your appointment was originally scheduled for 1/12/2007 at 2:00:00 PM.

| | | | | |
|---|---|---|---|---|
| 1. Were you satisfied with the Bar Association Referral Service? | Yes | No | Not sure | If not, why not? |
| 2. Did you keep the appointment with the attorney? | Yes | No | | If not, why not? |
| 3. If not, did you arrange to speak with the attorney at another time? | Yes | No | | |
| 4. Were you satisfied with the services of the lawyer? | Yes | No | Not sure | If not, why not? |
| 5. Did you hire the lawyer to handle your legal problem? | Yes | No | Not sure | If not, why not? |

6. If you hired the lawyer, what sort of fee arrangements did you make with the lawyer? Do you believe the attorney's fees are reasonable?

7. (Optional) How much have you paid the lawyer so far?

8. Comments:

May we share your comments with the attorney?     Yes     No

CRAIG A. KRONER   *S.T. Lawyer referral Service*
*Superior MARL c it (415) 989-1616*
Attorney at Law
Specializing in Personal Injury Law   *225 BUSH ST. 16th Floor*
*Met 1/12/07 in S.F.*   THE LAW OFFICES OF   *it he wout.*
*(888) 870-0887.*   CRAIG A. KRONER   *he can charge*
*Demanded $15000 to*   1141 RINGWOOD CT. #10   *mother & lien*
*need my complaints filed*   SAN JOSE CA 95131-1757   *to draft the*
*with CA Supreme Court and*   TELEPHONE 408-433-9893   *client*
*Judicial Performance. etc,*   FACMILE 408-433-9301
*$ 50% he need consult/battery*   E-MAIL locak@sbcglobal.net
*documents, then that he was look to my face without representation.*

EXHIBIT K

1

2

Christine Chang Pro Per, individually

3    and Eric Sun, disabled
341 Tideway Drive #214

4    Alameda, CA 94501
Telephone: (510) 769-8232

5

6

7                      UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9    CHRISTINE CHANG, individually    )        Case No: C-07-4005 EMC
     and ERIC SUN, disabled           )

10                                     )        DECLARATION OF
              Plaintiffs,             )        HIAWATHA HARRIS,

11                                     )        M.D. FOR APPOINTMENT
              vs.                      )        OF COUNSEL FOR

12                                     )        PLAINTIFF SUN'S
     ROCKRIDGE MANOR                  )        GUARDIAN AD LITEM

13   CONDOMINIUM et al.               )
                                       )

14            Defendants.             )        Date:  April 23, 2008
                                       )        Time:  10:30 a.m.

15                                     )        Courtroom: C, 15th Floor
                                       )        Judge:  Honorable

16                                     )                Edward M. Chen
                                       )

17

18            I, Hiawatha Harris, M.D., declare as follows:

19            I am the Director of Pathways to Wellness Medication Clinic licensed to

20    practice as a psychiatrist in the State of California, and my business address is

21    411 30th Street, Suite 314, Oakland, CA 94609.

22            Eric Sun has been a patient of Pathways to Wellness Medication Clinic

23                                          1

1    since March 23, 2000. He has been treated by me and other psychiatrist for

2    consultation and medication on a monthly basis.

3        It is in my opinion that Mr. Sun presently suffers mental illness with

4    diagnosis of Schizophrenia Paranoid Type (295.30) and as such, lacks the legal

5    and mental capacity to represent himself.

6        Due to this mental illness which causes Mr. Sun's anxiety and fear, he

7    is unable to defend/protect himself in legal proceedings. He is also lacking the

8    ability to plan, organize and reason with reality for his self interest. When under

9    pressure, he becomes confused and fearful of people and the environment which

10   often leads to more severe symptoms.

11       I am informed and believe that Mr. Sun's Mother, Christine Chang, be

12   appointed to serve as his Guardian Ad Litem to protect his interest in the United

13   States District Court Action, Christine Chang and Eric Sun vs. Rockridge Manor

14   Condominium et al., Case No. C-07-4005 EMC.

15       I declare under penalty of perjury under the laws of the State of California

16   that the foregoing is true and correct to the best of my knowledge. Execute this

17   20th day of February, 2008 in Oakland, California.

18   DATED: February 20, 2008

19

20                               _Hiawatha Harris_
                                 Hiawatha Harris, M.D.
21

22

23                               2

# Pathways to Wellness Medication Clinic
### 411 30th St. # 314
### Oakland, CA 94609
### (510) 273-4200

December 5, 2001

Motor Vehicle Department

Re:    Eric Sun
DOB:   2/24/1980

To Whom It May Concern:

This letter is to inform you that Eric Sun is a client at Pathways to Wellness Medication Clinic receiving psychopharmacological intervention for the management of signs and symptoms characteristic of Paranoid Schizophrenia. One year ago, Eric developed severe extrapyramidal symptoms (EPS) after being treated with increased amounts of an antipsychotic. As a result, Eric's gait has been permanently altered with periods of exacerbating pain. He thus has difficulty walking from one place to the next in an efficient, pain-free manner. Access to handicap parking would be extremely helpful for both Eric and his family. Please authorize Eric Sun to utilize handicap parking spaces and release the appropriate paperwork and/or stickers as soon as possible.

For questions or comments, please contact the clinic at the above number.

Thank you in advance for your consideration in this matter,

Annie McCorkindale, R.N., P.M.H.N.P.
Psychiatric Nurse Practitioner

/am

411 30TH Street Suite 314
Oakland, CA 94609
(510) 273-4200
(510) 273-8340 Fax



1328 Decoto Road Suite 124
Union City, CA 94587
(510) 675-0600
(510) 675-0185 Fax

## HIAWATHA HARRIS, M.D., INC
### PATHWAYS TO WELLNESS MEDICATION CLINICS
### A PROFESSIONAL MEDICAL CORPORATION

February 27, 2004

Superior Court of California
County of Alameda
661 Washington St. 3rd. Floor
Oakland, CA 94607

RE: Eric Sun
DOB: 02/24/1980
SSN: 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

Participant no.: 101274980
Group no.: L-1003

Dear Honorable Judge:

Mr. Eric Sun is presently a patient at Pathways to Wellness. He is diagnosed with
Schizophrenia Paranoid Type (295.30) and his illness is permanent. Due to the symptoms
related to his illness, he is unable to perform jury responsibilities. Please excuse him from
jury duty.

Please call if you have any further questions at (510) 273-4200. Thank you for your
consideration in this matter.

Sincerely,

Hiawatha Harris, MD
Adult Psychiatrist

**Kathleen Leslie, LCSW**
**6355 Telegraph Ave.**
**Oakland, CA 94609**
**(510) 428-2821**

September 12, 2005

To Whom It May Concern:

I am writing this letter at the request of Mr. Eric Sun. He first began individual therapy in July of 2003 and has attended weekly sessions since that time. During these weekly sessions, Eric and I meet for individual therapy and also meet for brief family sessions with his mother, Eric and myself.

During the course of treatment, Eric has discussed many issues. A primary concern is his fears of other people and the ways that these fears severely impact his ability to function in his day to day life.

If Eric wishes for further information to be disclosed and signs a release, I can be reached at my office 510 653-3134.

Sincerely,

*Kathleen Leslie*

Kathleen Leslie

SOCIAL SECURITY
1111 JACKSON ST
OAKLAND CA 94607

Social Security Administration
**Supplemental Security Income**

Notice of Change in Payment
Date: November 25, 2007
Claim Number: 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 DI

000076035 01 AT    0.334    B043,M4E,291
953 07S1196E88754



ERIC C SUN
341 TIDEWAY DRIVE
APT 214
ALAMEDA CA 94501-3549
Illalalddldlllllllldlldldddldllllllllllll



We are writing to tell you about changes in your Supplemental Security
Income (SSI) payments. The rest of this letter will tell you more about this
change.

We explain how we figured the monthly payment amounts shown below on the
last page of this letter. The explanation shows how your income, other than
any SSI payments, affects your SSI payment. It also shows how we decided
how much of your income affects your payment amount. We include
explanations only for months where payment amounts change.

## Information About Your SSI Payments

- The amount due you beginning January 2008 will be $1,049.00. This
  amount includes $412.00 from the State of California.

- The amount due you is being raised because the law provides for an
  increase in Supplemental Security Income payments in January 2008 if
  there was an increase in the cost-of-living during the past year.

## Information About Other Benefits

We can sometimes pay more than just SSI payments. You may be able to
receive benefits from your parent's Social Security record if you meet the
following rules:

- you were disabled before age 22, and

- you are unmarried, and

- at least one of your parents worked long enough under the Social
  Security program and is entitled to retirement or disability benefits or
  is deceased.

See Next Page

SSA-L8151