1

2  Christine Chang Pro Se, individually
   and Eric Sun, disabled
3  341 Tideway Drive #214
   Alameda, CA 94501
4  Telephone: (510) 769-8232

FILED
08 JUN -2 PM 4:02

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, individually ) <br> and ERIC SUN, disabled ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROCKRIDGE MANOR ) <br> CONDOMINIUM et al. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No: C-07-4005 EMC <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL OF COURT ORDER DENYING PLAINTIFF CHANG'S REQUEST ON GOOD CAUSE TO CONTINUE NOTICE OF APPEARANCE BY COUNSEL; AND DENYING FOR LEAVE FOR COURT-APPOINTED COUNSEL WITH COST PAID BY PLAINTIFF CHANG; AND DISMISSING DISABLED PLAINTIFF SUN FOR INABILITY TO RETAIN COUNSEL <br><br> Date: <br> Time: <br> Courtroom: <br> Judge: |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL OF COURT ORDER DISMISSING PLAINTIFF SUN

## INTRODUCTION

1. Plaintiffs Chang and Sun, single parent and disabled son, have filed applications to appoint Plaintiff Chang as the Guardian Ad Litem (GAL) for Plaintiff Sun, appointment of counsel for Plaintiff Chang's application as the GAL, and appointment of counsel with cost to be borne by Plaintiff Chang caused by inability to retain counsel.

2. Because Plaintiff Chang's lack of legal background and knowledge, it took three filings to achieve the requirements of (1) Plaintiff Sun's financial resources; (2) Plaintiffs have attempted to secure counsel; and (3) Plaintiffs' claims have merit.

3. The District Court gave Plaintiffs until April 14, 2008 to cause a notice of appearance by counsel for Plaintiff Chang's application as the GAL. Upon Mr. Armbrister's instruction and assurance to be retained as counsel as soon as Plaintiff Chang secure a continuance from April 14, Plaintiff Chang filed the request to continue notice of appearance by counsel and was granted continuance until May 2.

4. Mr. Armbrister betrayed Plaintiffs denying the agreement being retained as counsel and was leaving the country within a few days.

5. Plaintiff Chang requested for continuance from May 2 and court appointed counsel with cost to be borne by Plaintiff Chang. The District Court denied Plaintiff's requests and dismissed Plaintiff Sun from the entire action.

## LEGAL AUTHORITIES

6. Plaintiffs Chang and Sun experience long term and vast scale of persecution by Plaintiffs' retained attorneys who have been corrupted by defendants and defense attorneys. See accompanied filing of "Appeal of court order denying Plaintiff Chang's request on good cause to continue notice of appearance by counsel".

7. The most current event of Mr. Armbrister fraudulently botched Plaintiff Chang's application for GAL is a living proof. It has caused Plaintiff Sun to be dismissed in this instant action despite no fault of Plaintiffs. The same **continuous systematic scheme** will occur continuously in violation of Plaintiffs Chang and Sun's Due Process and Equal Protection Rights of the United States Constitution.

2

1  8. See *Forslund v. Rein*, 2003 U.S. Dist. LEXIS 16832. The plaintiff sued defendants
2  attorney and law firm alleging fraud and aiding and abetting a breach of fiduciary duty.
3  The plaintiff alleged that the company was a ponzi scheme. Defendants summary
4  judgment was denied and the district court found that there was a triable issue of fact.
5  9. In *Jasmine Technologies v. Rodime, Inc*, 1992 U.S. Dist. LEXIS 14627, the court
6  denied the motion to dismiss claims for breach of fiduciary duty and conspiracy because
7  an attorney could be liable for breach of fiduciary duty if the attorney conspired with a
8  client to violate a statutory duty if the attorney acted in furtherance of personal gain.
9  10. California Code of Civil Procedure Section 372 – When an incompetent person
10 is a party, that person shall appear by a guardian ad litem appointed by the court in
11 which the action or proceeding is pending, or by a judge thereof, in each case. A
12 guardian ad litem may be appointed in any case when it is deemed by the court in
13 which the action or proceeding is prosecuted.
14 11. Plaintiff Sun is such incompetent person and the court shall appoint Plaintiff
15 Chang as the GAL in which this instant action is prosecuted.
16 12. California Code of Civil Procedure Section 373.5 – The reasonable expenses of
17 the guardian ad litem, including compensation and counsel fees, shall be determined by
18 the court and paid as it may order, either out of the property or by plaintiff or petitioner.
19 If the expenses are to be paid by the plaintiff or petitioner, execution therefore may
20 issue in the name of the guardian ad litem.
21 13. In *People v. Jenan*, 148 Cal. App. 4th 1144, the Court of Appeal found that
22 reversal was required because the trial court had a duty to appoint counsel to represent
23 defendant on the issue of competence. By denying defendant appointed counsel and
24 by forcing self-representation at a time when his mental competence was at issue,
25 the court's dereliction of statutory duty denied defendant the right to counsel.
26 14. See *Gilbuena v. Moore*, 209 Cal. Rptr. 556. The Court of Appeal found
27 that due process required the appointment of appellate counsel for an indigent.
28

1.     15. See The People v. Vaughn, 243 Cal. App. 2d 730. The Court of Appeal reversed the lower court's order and directed the lower court on remand to appoint counsel for defendant because he was indigent, and to hear the merits of defendant's petition, that his petition had prima facie case.

## CONCLUSION

16. It is impossible for Plaintiffs to retain a decent counsel. See accompanied filing of "Appeal of court order denying Plaintiff Chang's request on good cause".

17. Plaintiffs Chang and Sun respectfully request the Court to reverse the dismissal, and appoint counsel with cost to be borne by Plaintiff Chang. There is no possible state or federal interest in not appoint counsel, also to protect Plaintiffs' Due Process and Equal Protection rights.

Date: June 2, 2008

_Christine Chang_

Christine Chang, Plaintiff

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPEAL OF COURT ORDER DISMISSING PLAINTIFF SUN

## CERTIFICATE OF SERVICE

I, CHRISTINE CHANG, hereby certify that on June 2, 2008, I forwarded a true and correct copy of:

1. Appeal of court order denying Plaintiff Chang's request on good cause to Continue notice of appearance by counsel...
2. Memorandum of points and authorities in support of appeal of court order Dismissing Plaintiff Sun.
3. Declaration of Plaintiff Sun being mentally and physically disabled and Indigent.

to Defendants' Counsels by placing a true copy and thereof in a sealed envelope with first class postage prepaid and addressed as follows:

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Paul A. Conroy
Allman & Nielsen
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939

Lee J. Danforth
Coddington, Hicks & Danforth
555 Twin Dolphin Drive, Suite 300
Redwood Shores, Redwood City,
California 94065-2133

Andrew Adler
Boornazian, Jensen Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Albert F. Coombes
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436

Edward Rodzewich
Valvrian, Patterson and Stratman
1650 Harbor Parkway, Suite 100
Alameda, CA 94502

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated:   June 2, 2008

By _____
Christine Chang, Plaintiff