1

2    Christine Chang Pro Se, individually
     And Eric Sun, disabled

3    341 Tideway Drive #214
     Alameda, CA 94501

4    Telephone: (510) 769-8232

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10   CHRISTINE CHANG, individually )         Case No: C-07-4005 EMC
     and ERIC SUN, disabled        )

11                                  )         APPEAL OF ORDER GRANTING
              Plaintiffs,           )         DEFENDANTS' MOTIONS TO
                                    )         DISMISS FIRST AMENDED
12                                  )         COMPLAINT AND GRANTING
              vs.                   )         DEFENDANTS' MOTIONS
13                                  )         FOR SUMMARY JUDGMENT
     ROCKRIDGE MANOR               )
14   CONDOMINIUM et al.             )
                                    )
15            Defendants.           )
                                    )
16                                  )
                                    )
17                                  )
                                    )         Date:
18                                  )         Time:
                                    )         Courtroom:
19                                  )         Judge:
                                    )
20                                  )
                                    )
21                                  )
                                    )
22   _____)         1

23   APPEAL OF ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND SUMMARY JUDG.

1                              **BACKGROUND**

2    1. This is a notice of appeal to the Ninth Circuit arose from the District Court

3   order granting Defendants' motions to dismiss Plaintiffs' first amended complaint,

4   and granting Defendants summary judgment.

5    2. Plaintiffs Chang and Sun's state court actions were botched by the Defendants,

6   Rockridge Manor Homeowners Association and Directors and Manager (thereafter

7   "HOA"), and assault/battery Defendant Constance Celaya who works for The Regent of

8   the University of California Police Department.

9    3. The HOA who owed fiduciary duties to Plaintiffs Chang and Sun, intentionally

10  breached their duties by their tortious acts causing injuries to Plaintiffs. Because

11  Plaintiffs initiated state court action against the HOA, who then caused the police

12  department employee Constance Celaya to stalk and assault and batter defenseless/disabled

13  Plaintiffs using police department combat techniques.

14    4. These HOA and assault/battery Defendants had known Plaintiffs for over ten years

15  living next doors to Plaintiffs in the Rockridge Manor Condominium, and were fully

16  aware of Plaintiffs' defenseless/disabled status.

17    5. Plaintiffs Chang and Sun retained attorneys bringing state court actions against

18  these Defendants who gained upper hands at every steps with defense attorneys'

19  assistance corrupting Plaintiffs' attorneys.

20    6. Plaintiffs' attorneys extorted nearly seventy thousands dollars from Plaintiffs,

21  but fraudulently framed Plaintiffs being the assailants in the assault/battery state action,

22  in order to absolve HOA and assault/battery Defendants' liabilities in their aggravated

23  assault/battery against Plaintiffs.

24    7. Plaintiffs decided to appeal the assault/battery state court judgment "NONSUIT"

25  unaware of the true judgment "for defendant with remedy available to the defendant".

26    8. To ensure their victory in the assault/battery state action against Plaintiffs, Plaintiffs'

27  attorneys worked in conjunction with the HOA Defendants and defense attorneys, forced

28                            2

1    Plaintiffs to go forward with the HOA state action trial in three weeks, scheduled

2    Defendants/Plaintiffs/doctors/expert witnesses depositions and examinations covering

3    three full weeks until the HOA state action trial date on September 10, 2004.

4        9.  Starting August 20 the fraudulent "NONSUIT" judgment was released to Plaintiffs,

5    they kept Plaintiffs busy everyday attending depositions and examinations, therefore,

6    they were able to forbid Plaintiffs from appeal the assault/battery state court judgment.

7        10.  Because Plaintiff Sun's disabilities, their severe abuses in the assault/battery

8    state trial, forced Plaintiffs taking multiple depositions, and forced Plaintiffs attending

9    examinations and mediations; Plaintiffs were forced into accepting HOA settlement offer

10   on September 3, 2004.

11       11.  Plaintiffs' attorneys purposely neglected to file guardian-ad-litem to protect disabled

12   Plaintiff Sun, in order to manipulate Plaintiff Sun to take the stand in the assault/battery

13   trial, to facilitate assault/battery Defendant Constance Celaya colossus perjury without a

14   jury present, and to facilitate Plaintiffs' attorneys framing Plaintiffs being the assailants

15   without jury who might be more knowledgeable in court testimony and proceedings than

16   Plaintiffs.

17       12.  Because Plaintiff Sun could not withstand the abuses who was on the verge of

18   mental breakdown Plaintiffs were forced into accepting the HOA settlement.

19       13.  Plaintiffs' attorneys did not expect Plaintiffs to accept the settlement.  Instead,

20   they expected to go to the HOA trial and collect their 33 1/3% contingency fees from

21   Plaintiffs' damage award which they held Plaintiffs by duress in signing the agreement.

22       14.  Plaintiffs are informed and believe and allege that there was fraudulent agreement

23   between Plaintiffs' attorneys, HOA and assault/battery Defendants, and HOA defense

24   attorneys.  Plaintiffs' attorneys were to frame Plaintiffs as the assailants in the

25   assault/battery state trial.  In return, Plaintiffs attorneys would collect the 33 1/3%

26   contingency fees from the HOA trial.  Plaintiffs' attorneys were supposed to file summary

27   judgment against the HOA because the discoveries had shown HOA Defendants' breach of

28   duty as the cause of Plaintiffs' injuries.

3

1    15. Unknown to Plaintiffs at the time accepting the settlement, the HOA Defendants
2    had caused Plaintiffs' attorney, Brett Allen, to amend the complaint adding the
3    Rockridge Homeowners Association as defendant, to deflect these individual defendants'
4    cost in defending Plaintiffs' complaint. The Homeowners Association insurance policy
5    and all the homeowners including Plaintiffs were paying for these individual defendants'
6    liabilities.

7    16. Unknown to Plaintiffs at the time accepting the settlement, that Plaintiffs' attorneys,
8    HOA Defendants, and HOA defense attorneys, faked the assault/battery state court
9    judgment from "for defendant with remedy available to the defendant" to "NONSUIT", to
10   avoid Plaintiffs insisting upon an appeal.

11   17. Unknown to Plaintiffs at the time accepting the settlement, that Plaintiffs' attorneys,
12   HOA Defendants, and HOA defense attorneys, worked together in conjunction starting
13   August 20, 2004, when the "NONSUIT" judgment was released to Plaintiffs, kept Plaintiffs
14   calendar full everyday with depositions/examinations/mediations, were their combined
15   effort to forbid Plaintiffs from appeal the assault/battery state court judgment, and to
16   conceal the true judgment "for defendant with remedy available to the defendant".

17   18. Although Plaintiffs requested for expedited settlement, Plaintiffs' attorneys refused
18   to carry it out in their attempt to continue the HOA trial, or force Plaintiffs to let them
19   transfer the settlement into a trust fund controlled by them, to tie Plaintiffs' hand from
20   filing state bar complaints against them.

21   19. Plaintiffs' attorneys dragged on disallowing the settlement to go through from
22   September 3, 2004 until February 7, 2005. On February 7, 2005, Plaintiffs notified
23   Plaintiffs' attorney Pamela Zimba, if the settlement did not go through on that day,
24   Plaintiffs would immediately file substitution of attorney, pick up all documents from her
25   office, and file lien against her for interest accrued on the settlement starting September 3,
26   2004.

27   20. The settlement went through in the hearing on February 7, 2005, but the HOA case
28   remained open until April 2005 in their attempt to delay Plaintiffs filing complaints..

4

1     21. On May 18, 2005, Plaintiffs obtained the state actions' domain case summary and

2   found out for the first time, that the assault/battery court judgment was "for defendant with

3   remedy available to the defendant."

4     22. Shocked, Plaintiffs all of a sudden realized why Plaintiffs' attorneys, HOA

5   Defendants, and HOA defense attorneys, scheduled Plaintiffs/Defendants/doctors/expert

6   witnesses' depositions and examinations and mediation starting August 20, 2004, as soon as

7   the assault/battery court judgment "NONSUIT" was released to Plaintiffs, who decided to

8   appeal the "NONSUIT" judgment. There were seven depositions taken of Plaintiff Chang.

9     23. Plaintiff Chang reviewed all the documents of both state actions after the HOA

10  case was closed in April 2005. Plaintiffs were shocked in finding the amended complaint

11  adding Rockridge Homeowners Association as defendant only 19 days after the original

12  complaint was filed on September 12, 2001. Plaintiffs did not know the existence of the

13  amended complaint despite numerous requests for all the documents.

14                                 **DISCUSSION**

15     24. The District Court Magistrate Judge Chen has ruled erroneously both on facts and

16  laws (District Court Case No. C-07-4005 EMC, Document 110 and 181).

17     25. **For the HOA Defendants** – Judge Chen ruled because Plaintiffs signed the release

18  and covenant not to sue the HOA in the state action, therefore, there is no genuine dispute of

19  material fact could be raised in this instant action.

20     **(a)** The HOA Defendants were in a fiduciary relationship with Plaintiffs who were

21  homeowner and family living in Rockridge Manor condominium. The statute did not

22  run until Plaintiffs had notice or knowledge of facts sufficient to put a reasonable man

23  on inquiry. See *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412 (1945), and *Miller v. Bechtel

24  Corp.*, 33 Cal. 3d 868 (1983), and *Sakai v. Merrill Lynch Life Insurance Co.*, 2007 U.S.

25  Dist. LEXIS 35958.

26     **(b)** Plaintiffs discovered the fraudulent amended complaint filed by Plaintiffs' attorney

27  Brett Allen in April 2005, after the state action closed and Plaintiffs received all the

28  documents from Plaintiffs' attorney Pamela Zimba.

5

1    (c) Plaintiffs signed the release and covenant not to sue, which does not cover HOA
2  Individual Defendants corrupted Plaintiffs' attorney, Brett Allen, to amend complaint
3  adding Homeowners Association as defendant, to shield these HOA Individual
4  Defendants' legal expenses in defending Plaintiffs' state action.

5    (d) Plaintiffs signed the release and covenant not to sue, which does not cover HOA
6  Individual Defendants and defense attorneys' fraudulent concealment of the
7  assault/battery true judgment. To forbid Plaintiffs from appeal the fraudulent assault/
8  battery "NONSUIT" judgment, the HOA Defendants and defense attorneys forced seven
9  depositions on Plaintiff Chang, two depositions on disabled Plaintiff Sun, two defendant
10 depositions, two expert witness depositions, psychiatrist examination, all day mediation,
11 between August 20 and September 2, 2004. The twelve treating doctors' scheduled
12 depositions were to be taken from September 6 until 10, 2004 the HOA trial date.

13    (e) Plaintiffs signed the release and covenant does not bar a subsequent action for fraud
14 in this instant action filed on August 3, 2007:

15 (1) HOA Individual Defendants' fraudulent concealment and misrepresentation in
16    corrupting Plaintiffs' attorney to amend the complaint to deflect their legal expenses.
17 (2) HOA Defendants and defense attorneys' fraudulent concealment and misrepresentation
18    in the assault/battery true judgment and forbad Plaintiffs from appeal the fake judgment
19    of "NONSUIT". Plaintiffs were forced into unnecessary depositions and extra costs.
20 (3) HOA Defendants and defense attorneys fraudulent and tortuous acts to cover up their
21    liabilities in causing the aggravated assault/battery against Plaintiffs.

22    (f) See *Bankers Trust Co., v. Pacific Employers Insurance Co.*, 282 F.2d 106 (1960).
23 The appellant challenged district court order granting summary judgment for appellee in
24 a suit for fraud. The appeals court rejected the district court's ruling that appellant waived
25 its right to claim any amount over that recovered in the prior suit. The appeals court also
26 held that the instant suit was not barred by res judicata because the causes of action were
27 not identical. The fraud suit was a distinct cause of action arising out of separate and
28 distinct facts.

6

1    **(g)** Plaintiffs' statement of facts in the original and first amended complaints, and
2  oppositions and memorandums, have been undisputed by the HOA Defendants and defense
3  attorneys.

4    **(h)** The District Court Magistrate Judge Chen's granting HOA Defendants' motions
5  to dismiss and summary judgment should be reversed for trial. The standard of review for
6  a grant of summary judgment should be de novo.

7    26. **For The Regent of the University of California Defendants** – Judge Chen ruled
8  Defendant Celaya was entitled to summary judgment of the Section 1983 claim. It was an
9  erroneous ruling both on facts and laws.

10    **(a)** The Defendant Constance Celaya displayed hatred against Plaintiffs weeks before
11  her stalking and aggravated assault/battery against Plaintiffs. The hatred was aroused by the
12  HOA Individual Defendants. Defendant Celaya committed hate crime while employed by
13  the university police department for nearly thirty years.

14    **(b)** The Defendant Celaya assaulted/battered Plaintiffs with her police department
15  offensive trainings knowing both Plaintiffs were defenseless, and Plaintiff Sun
16  was disabled. The Defendant beatened Plaintiffs relentlessly while both Plaintiffs did not
17  know how to raise fists.

18    **(c)** Defendant Celaya was premeditated to stalk Plaintiffs in the laundryroom and beaten
19  up Plaintiffs, because the HOA Defendants announced Plaintiffs lawsuit against the
20  Rockridge Manor Condominium, and lied to Defendant Celaya and other homeowners that
21  the lawsuit cuased homeowners association dues to go up, and the association be
22  bankrupted.

23    **(d)** Immediately after her aggravated assault/battery against Plaintiffs she boasted to
24  Plaintiffs and other witnesses that she was off work and was allowed to blow up her
25  temper beatened up Plaintiffs.

26    **(e)** She summoned her police-acquaintances to the crime scene to cover up for her, and
27  to forbid victim statements and police report be filed.

28

7

1    **(f)** The Defendant Celaya also forbad Plaintiffs making telephone and in-person

2    complaints against her at The Regent of the University of California Police Department.

3    Her supervisor-friend at the police department blocked Plaintiff's telephone complaint, and

4    attempted to block Plaintiffs in-person complaint by refusing to notify her superior and

5    provide citizen complaint form.

6    **(g)**   Plaintiff Chang made special trips to Oakland Police Department to file police

7    report, and The Regent of the University of California Police Department, to file Citizen

8    Complaint and made personal complaint with Defendant Celaya's superior.

9    **(h)** Defendant Celaya continued stalking and scaring Plaintiffs in Rockridge Manor

10   Condominium until Plaintiffs sold the condo unit and moved away.

11   **(i)** Defendant Celaya continued making annoying phone calls to scare Plaintiffs. The

12   latest occurred on November 10, 2007 when Plaintiffs reported to Alameda Police

13   Department and AT&T Annoying Call Bureau.

14   **(j)** Defendant Celaya perjured in the assault/battery state action. Her continuous perjury

15   started in the answer/cross complaint, two hours deposition, assault/battery courtroom trial

16   on August 5, 2004, and motion hearing to set aside the judgment on September 16, 2005.

17   Defendant Celaya's continuous perjury and Plaintiffs attorneys framing Plaintiffs as the

18   assailants, caused Defendant Celaya winning the assault/battery state action.

19   **(k)** Plaintiff Chang served subpoena on Defendant Celaya and Police Department Chief

20   Harrison for Defendant Celaya's police offensive training records, for the September 16,

21   2005 motion hearing. Defendant Celaya continued perjury. Most notably, she perjured that

22   Plaintiff Chang harassed her at her employment while Plaintiff was serving the subpoena in

23   August and September 2005, but never received the records subpoenaed.

24   **(l)** In the motion hearing Defendant Celaya submitted her police offensive training

25   records to the hearing judge, but precluded Plaintiffs from receiving it. Plaintiffs were

26   unable to set the judgment aside because statute of limitation had run from the trial date

27   of August 5, 2004.

28

**8**

1    **(m)** The Regent of University Police Department Chief Harrison, was put on notice
2    starting December 2001 when the aggravated assault/battery first occurred, and throughout
3    the years from 2001 until present, but never responded to Plaintiffs' complaint or took
4    disciplinary action against Defendant Celaya.. Her omission caused Plaintiffs injuries and
5    loss of home in the condo where Plaintiffs lived for thirteen years.

6    **(n)** The Regent of University Chancellor Robert Birgeneau attempted to block Plaintiff
7    Chang from serving this instant complaint, by having Plaintiff Chang followed in The
8    Regent of University campus, and having a citation officer citing parking ticket to
9    Plaintiff's car while Plaintiff Chang was serving the complaint with students' help.

10    **(o)** The Regent of University Chancellor Robert Birgeneau's attempted to run
11    Plaintiff Chang out of the campus who was serving this instant complaint. The facts
12    was not disputed by the Defendant Birgenau or defense attorney. Plaintiffs had provided
13    evidence of serving this instant complaint and the parking ticket received while serving.

14    **(p)** Judge Chen has erroneously ruled on both the facts and laws. Plaintiffs'
15    Constitutional rights of due process have been violated by The Regent of University
16    Chancellor, Defendant Celaya, and Defendant Police Department Chief Harrison,
17    because the botched assault/battery state action, and Judge Chen granting the Defendants'
18    motions to dismiss and summary judgment in this instant action. Not as what Judge Chen
19    stated that the parking ticket does not amount to Plaintiffs' due process rights.

20    **(q)** The presence of federal jurisdiction exists when a federal question is presented on
21    the face of Plaintiffs' **properly pleaded complaint**. Because the substantive due process is
22    violated at the moment the harm occurs, the existence of a postdeprivation deserves this
23    instant action to go to trial. In *Rutherford v. City of Berkeley*, 780 F.2d 1444, the Appeals
24    Court reversed and remanded the district court's decision because appellant alleged facts
25    establishing a violation of substantive due process, thereby stating a 42 U.S.C.S. Section
26    1983 claim.

27

28                                          9

1    **(r)** Judge Chen has ruled erroneously on both the facts and laws that Plaintiff Chang

2    has not made a request pursuant to FRCP 56(f) for additional time to collect evidence, or

3    to amend complaint to oppose the summary judgment. On November 14, 2007, Judge Chen

4    ordered "There should be no formal discovery and no initial disclosures until further

5    order by this Court."(document 81)

6    **(s)** Judge Chen has not given permission for formal discovery or initial

7    disclosures, but simply granted Defendants' motions to dismiss and summary judgment,

8    without giving Plaintiffs opportunity for discovery or amend complaint to go to trial.

9    **t)** The District Court Magistrate Judge Chen's granting The Regent of University

10   Defendants motions to dismiss and summary judgment should be reversed for trial.

11   Standard of review for a grant of summary judgment should be de novo.

12   27. **For the Attorney Defendants Pamela Zimba and Albert Coombes**.

13   **a)** In *Bahrampour v. Lampert*, 356 F. 3d 969 (2004), a state law claim is part of the

14   same case or controversy when it shares a common nucleus of operative fact with the

15   federal claims, the state and federal claims would normally be tried together.

16   **b)** Attorney Defendants Zimba and Coombes were directly involved in the state

17   actions of assault/battery and HOA Defendants, and should not be dismissed from this

18   instant action.

19   **c)** Judge Chen declined to exercise supplemental jurisdiction was erroneous.

20   Especially his order on November 14, 2007 precluded Plaintiffs from discovery and

21   disclosures, then granted The Regent of University Defendants motions to dismiss and

22   summary judgment, which has violated Plaintiffs Constitutional Rights of Due Process.

23   **d)** The standard of review for Judge Chen's decline in exercising supplemental

24   jurisdiction should be de novo in conjunction with The Regent of University and

25   HOA Defendants.

26

27

28                                            10

APPEAL OF ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND SUMMARY JUDG.

## CONCLUSION

1  The District Court Magistrate Judge Chen has ruled erroneously both on facts and laws,
2  and precluded discovery and disclosures. (documents 81, 110, and 181). There are triable
3  issues of material facts pleaded by Plaintiffs for this action to go to trial. Judge Chen
4  granting Defendants'motions to dismiss and summary judgment should be reversed.
5  Dated: July 30, 2008
6
7                          *Christine Chang*
8                          Christine Chang, Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                    11