**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | **(Docket No. 197)** |
| Defendants. | |
| _____/ | |

Plaintiff Christine Chang has filed a motion to set aside the judgment. She purports to make this filing not only on her own behalf but also on the behalf of her son, Eric Sun. Because Ms. Chang has never been appointed guardian ad litem for Mr. Sun, *see* Docket No. 170 (order), and because, even if she had been, she would need representation by counsel which has not been obtained, *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (stating that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"), the motion as to Mr. Sun is **DENIED** without prejudice. As for the motion as to Ms. Chang, the Court, having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, hereby **DENIES** the motion for the reasons discussed below.

## I. FACTUAL & PROCEDURAL BACKGROUND

Ms. Chang initiated this lawsuit in August 2007. *See* Docket No. 1 (complaint). She sued various entities and individuals affiliated with the Rockridge Manor Condominium and the University of California, Berkeley ("University").

A. <u>Order of February 13, 2008</u>

On February 13, 2008, the Court issued an order on multiple motions that had been filed by Defendants. *See* Docket No. 110 (order). More specifically, the Court granted:

(1) A motion for summary judgment, as well as a motion to dismiss, filed by the Rockridge Manor Homeowners Association.

(2) A motion to dismiss filed by Farmers Insurance Exchange.

(3) Motions to dismiss and/or for a more definite statement filed by the attorney defendants.

(4) A motion to dismiss filed by the University defendants.

With respect to the motions to dismiss, the Court noted that many of the claims asserted were time barred. The fraud claims that were not time barred were largely lacking in the specificity required by Federal Rule of Civil Procedure 9(b), and the associated claims for conspiracy to defraud were not facially plausible as required by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Both the time-barred claims and the conspiracy claims were dismissed with prejudice, as were certain additional claims, but Ms. Chang was given leave to amend with respect to other claims.

With respect to the sole motion for summary judgment, the Court concluded that summary judgment in favor of the Homeowners Association was appropriate based on uncontested evidence of a release and covenant not to sue that had been signed by Ms. Chang.

B. <u>Order of July 3, 2008</u>

Thereafter, Ms. Chang filed an amended complaint, as permitted by the Court. Those Defendants who were named in the amended complaint challenged the amended complaint with additional motions. On July 3, 2008, the Court issued its order. *See* Docket No. 181 (order). In the order, the Court granted:

(1) A motion for summary judgment, as well as a motion to dismiss, filed by Eva Ammann (manager of the Homeowners Association).

(2) A motion to dismiss, as well as an alternative motion for summary judgment, filed by the University defendants.

(3) A motion to decline supplemental jurisdiction filed by the attorney defendants.

1    With respect to Ms. Ammann's motion for summary judgment, the Court concluded that
2 summary judgment was appropriate for the same reasons that summary judgment was appropriate
3 with respect to the Homeowners Association – *i.e.*, because of uncontested evidence of a release and
4 covenant not to sue that had been signed by Ms. Chang.

5    With respect to the University defendants' motion to dismiss, the Court concluded that some
6 claims were time barred and that Ms. Chang had failed to state a claim for relief for others. As an
7 alternative ruling, the Court granted the University defendants' motion for summary judgment. The
8 Court noted, *inter alia*, that Ms. Chang did not make a Rule 56(f) request in opposing the motion for
9 summary judgment.

10 C.    Final Judgment and Appeal

11    The Clerk of the Court entered a final judgment, consistent with the Court's orders above, on
12 July 3, 2008. *See* Docket No. 182 (judgment). On July 30, 2008, Ms. Chang appealed. *See* Docket
13 No. 183 (notice of appeal). More than a year later, on August 31, 2009, the Ninth Circuit affirmed
14 the decision of this Court. *See* Docket No. 191 (order). In March 2010, Ms. Chang petitioned the
15 Supreme Court for a writ of certiorari. *See* Docket No. 196 (letter from Supreme Court).
16 Subsequently, in June 2010, Ms. Chang filed with this Court the currently pending motion to set
17 aside the judgment.

18                      **II.   DISCUSSION**

19    In the pending motion, Ms. Changes moves to set aside the judgment pursuant to Federal
20 Rule of Civil Procedure 60(b)(2), 60(b)(3), and 60(d)(3). Each ground is discussed below.[1]

21 A.    Rule 60(b)(2)

22    Under Rule 60(b)(2), a court may relieve a party from a final judgment based on "newly
23 discovered evidence that, with reasonable diligence, could not have been discovered in time to move
24 for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In the instant case, Ms. Chang argues

---

[1] The Court notes that, in September 2009, Ms. Chang filed a Rule 60(b) motion with the Ninth Circuit, making many of the same arguments as presented in the motion currently pending before this Court. In December 2009, the Ninth Circuit issued an order denying the motion, without specifying its underlying reasoning. Because a Rule 60(b) motion is a motion to be filed with the trial court, and not an appellate court, the Court does not view the Ninth Circuit's denial as a bar to this Court's consideration of Ms. Chang's Rule 60(b) motion.

that, in September 2008, *i.e.*, some two months after the final judgment, she "discovered new evidence that [the undersigned judge] has [a] long term association with University of Berkeley Defendant School since 1970s both in financial and nonfinancial matters." Mot. at 6.

The Court concludes that Ms. Chang has failed to show that she is entitled to relief from judgment pursuant to Rule 60(b)(2). First, her motion was not timely made. Under Rule 60(c), a motion made pursuant to Rule 60(b)(2) must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). In the instant case, final judgment was entered on July 3, 2008. Ms. Chang did not file the currently pending motion until almost two years later.

Second, even if Ms. Chang's motion was timely made, Rule 60(b)(2) allows for relief only when the new evidence could not have been discovered, *with reasonable diligence*, in time to move for a new trial under Rule 59(b). *See* Fed. R. Civ. P. 59(b) (providing that a motion for a new trial must be filed within 28 days after the entry of judgment). Nearly all of the "evidence"[2] she asserts in support of her challenge to this Court's rulings (*e.g.*, granting of summary judgment without permitting discovery, etc.) was known to her at the time of entry of judgment. The only new "evidence" she asserts is the undersigned's alleged affiliation with the University of California at Berkeley. But Ms. Chang has failed to show that, with reasonable diligence, she could not have found the "evidence" cited within 28 days after the entry of judgment. For example, the undersigned received a J.D. from the University of California, Berkeley, more than 30 years ago, a matter of public record. The same is true of the public record of the undersigned's charitable contributions to the University of California.

Finally, even assuming that Ms. Chang could not have with reasonable diligence discovered the "evidence" cited within 28 days after the entry of judgment, she still would not be entitled to relief on the merits. The Ninth Circuit has expressly held that 28 U.S.C. § 455(a) does not require a judge to recuse himself or herself based on "minimal alumni contacts." *United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1706 (9th Cir. 1998). Such contacts include, *e.g.*, receiving a

---

[2] The Court refers to Ms. Chang's assertions and the documents attached to Ms. Chang's motion as "evidence." However, she has not filed any declarations containing nonhearsay admissible testimony; nor has she authenticated the attached documents.

1  degree from the defendant school, making small yearly financial contributions to an alumni
2  organization of the defendant school, presenting education programs at the defendant school, serving
3  as an unpaid professor at the defendant school, and offering unpaid internships to students of the
4  defendant school. *See id.* (citing cases). Although, in the instant case, Ms. Chang is not asking for
5  recusal, *Hochman* is still instructive. If a party cannot rely on minimal alumni contacts as a basis for
6  a recusal, then a party should not be able to rely on minimal alumni contacts as a basis for relief
7  from a judgment.

8  Other than the undersigned's degrees from the University of California and relatively small
9  contributions to the University, Ms. Chang has provided no evidence other than her bare assertions
10 of other alleged affiliations -- *i.e.*, that the undersigned has been a faculty member of the University
11 of California, Berkeley; has been involved with the *Berkeley Technology Law Journal*; has received
12 compensation for speeches or seminars; or has offered externships to University of California
13 students. These assertions are not supported by any admissible evidence. It is not surprising since
14 these assertions are factually wrong with two minor exceptions: the undersigned was a paid
15 teaching assistant in one undergraduate class at the University of California at Berkeley more than
16 thirty years ago, and has had legal and judicial externs from the University of California as well as
17 many other schools. *Hochman* makes clear that these minimal contacts warrant neither recusal nor
18 setting aside the judgment.

19 As to the other alleged errors committed by this Court in dismissing the case, all of these
20 issues were encompassed by the judgment entered herein and subject to Ms. Chang's appeal to the
21 Ninth Circuit which was denied.

22 Accordingly, Ms. Chang's motion to set aside the judgment pursuant to Rule 60(b)(2) is
23 denied.

24 B.   Rule 60(b)(3)

25 Under Rule 60(b)(3), a court may also relieve a party from a final judgment based on "fraud .
26 . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). As a
27 preliminary matter, the Court notes that, in arguing that the judgment should be set aside under Rule
28 60(b)(3), Ms. Chang largely discusses allegedly improper conduct by the undersigned. *See, e.g.*,

Mot. at 7. However, Rule 60(b)(3) concerns misconduct by an opposing party only. Thus, in evaluating the Rule 60(b)(3) motion tendered by Ms. Chang, the Court looks only at the conduct of the opposing party, not the undersigned. Based on the motion, the alleged misconduct of the opposing party appears to be the failure of counsel for the University defendants to disclose to Ms. Chang the fact that the undersigned is an alumnus of the University. According to Ms. Chang, counsel "must have know[n]" of this fact because counsel is also a graduate from the University. Mot. at 7.

Like the Rule 60(b)(2) motion, the Rule 60(b)(3) motion suffers from multiple flaws. First, the Rule 60(b)(3) motion is untimely, just as the Rule 60(b)(2) motion was. *See* Fed. R. Civ. P. 60(c) (providing that a Rule 60(b)(3) motion must be made "no more than a year after the entry of the judgment").

Second, as discussed above, minimal alumni contacts do not require a judge to recuse himself or herself under § 455(a). Counsel for the University defendants, therefore, had no obligation to make any disclosure to Ms. Chang – even assuming that counsel knew (as Ms. Chang asserts without any supporting evidence) that the undersigned graduated from the University.

C.  Rule 60(d)(3)

Finally, under Rule 60(d)(3), a court has the authority to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The phrase "fraud on the court" is read narrowly to mean "'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003). "Because fraud on the court concerns the integrity of the judicial process itself, a judgment may be set aside for fraud on the court at any time." 12-60 Moore's Fed. Prac. – Civ. § 60.21[4][g]. The fraud, however, must be established by clear and convincing evidence. *See England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960) (stating that a motion to set aside based on a fraud on the court is addressed to the sound discretion of the trial court and the burden is on the moving party to establish fraud by clear and convincing evidence).

Ms. Chang has not cited any authority applying Rule 60(d)(3) to fraud allegedly perpetrated by a court, as opposed to fraud induced by a third party acting as an officer of the court. Even if Rule 60(d)(3) could apply to unilateral action by a court, no such fraud has been established by Ms. Chang. As noted above, the Court's rulings she now attacks as unfair and unjust were open and on the public record and subject to Ms. Chang's appeal. The only alleged new "evidence" she now asserts as fraud is the alleged non-disclosed affiliation the undersigned has had with the University of California. As discussed above, those affiliations were de minimis and legally immaterial under *Hochman*.

In her papers, Ms. Chang maintains still that there was fraud based on one of the responses that the undersigned provided to the Senate Judiciary Committee in conjunction with his nomination by the President to a district court judgeship. One of the questions in the Judiciary Committee questionnaire asked the undersigned to provide information about cases in which a litigant has requested a recusal. Ms. Chang's case was such a case because Ms. Chang herself moved the undersigned to recuse himself shortly after the undersigned issued the order of February 13, 2008, which dismissed the claims asserted by Ms. Chang in her original complaint. *See* Part I.A., *supra*.

In an order filed in March 2008, the undersigned denied Ms. Chang's motion for recusal, stating in relevant part as follows:

> Plaintiffs claim that the Court is biased, prejudiced, and favorably disposed to the adverse party based on the Court's statements in its order of February 13, 2008, in which it granted the motions to dismiss and motion for summary judgment that had been filed by some of the defendants in the case. Plaintiffs take issue in particular with the Court's conclusions in its order that Plaintiffs' allegations of a massive conspiracy among Defendants and her former attorneys were fanciful and speculative. See Docket No. 110, at 14 (order).
>
> The Court's statements in its order, however, do not constitute bias or prejudice stemming from an extrajudicial source. The Court made its statements precisely because of what it learned from its participation in the case, *see United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (explaining that "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."), and not from some source beyond the four corners of the courtroom. *See United States v. Orbiz*, 366 F. Supp. 628, 629 (D.P.R. 1973) (explaining that "a distinction is to be drawn between attitudes and conceptions based on proceedings had before the court and those based in sources beyond the four

7

> corners of the courtroom."). As noted by one court, "[i]t is the duty of a judge to arrive at conclusions from manifestations, writings and all other evidence presented in the course of judicial proceedings before him." *Id.* at 630.

Docket No. 154 (Order at 2-3). The undersigned's response to the Judiciary Committee's reflected the substance of the above:

> I denied the request [for recusal] because the plaintiff was claiming bias based solely on an adverse ruling I had issued. She did not substantiate any claim of extrajudicial bias. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (explaining that "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case").

In the currently pending motion, Ms. Chang contends that the information provided to the Judiciary Committee was false because the undersigned did not reveal his affiliation with the University. This argument is unavailing for several reasons. First, in her motion for recusal, Ms. Chang never made any argument that the undersigned should disqualify himself based on any alleged affiliation with the University. Second, even if she had made such an argument, for the reasons described above, no disqualification would be required because the undersigned has had at best minimal alumni contacts. For the same reason, the undersigned had no obligation to inform the Judiciary Committee of his minimal alumni contacts. Finally, even if the Judiciary Committee should have been informed of the undersigned's minimal alumni contacts, Ms. Chang has failed to explain how this would constitute a fraud on the Court. The Judiciary Committee proceedings are legislative proceedings. Thus, once again, the Court holds that Ms. Chang has failed to prove fraud, let alone any misconduct, by the undersigned, and certainly not by clear and convincing evidence.

///
///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, Ms. Chang's motion to set aside the judgment is denied. This order disposes of Docket No. 197.

IT IS SO ORDERED.

Dated: August 3, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

          Plaintiffs,

   v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

          Defendants.
_____/

No. C-07-4005 EMC

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

Dated: August 3, 2010          RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____
     Leni Doyle
     Deputy Clerk

**United States District Court**
For the Northern District of California