United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | **(Docket No. 211)** |
| Defendants. | |
| _____/ | |

Plaintiff Christine Chang has filed a motion for recusal. She purports to make this filing not only on her own behalf but also on the behalf of her son, Eric Sun. Because Ms. Chang has never been appointed guardian ad litem for Mr. Sun, *see* Docket No. 170 (order), and because, even if she had been, she would need representation by counsel which has not been obtained, *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (stating that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"), the motion as to Mr. Sun is **DENIED** without prejudice. As for the motion as to Ms. Chang, the Court, having considered the papers filed and accompanying submissions, as well as all other evidence of record, hereby **DENIES** the motion for the reasons discussed below.

## I.   FACTUAL & PROCEDURAL BACKGROUND

A judgment in this case was entered on July 3, 2008. *See* Docket No. 182 (judgment). On July 30, 2008, Ms. Chang appealed. *See* Docket No. 183 (notice of appeal). More than a year later, on August 31, 2009, the Ninth Circuit affirmed the decision of this Court. *See* Docket No. 191

(order). In March 2010, Ms. Chang petitioned the Supreme Court for a writ of certiorari. *See* Docket No. 196 (letter from Supreme Court). Subsequently, in June 2010, Ms. Chang filed with this Court a motion to set aside the judgment. *See* Docket No. 197 (motion). In the motion, Ms. Chang argued that the judgment should be set aside based on evidence she discovered in September 2008 (*i.e.*, a few months after the judgment was rendered) that the undersigned was affiliated with the University of California, Berkeley, one of the defendants in the case. This Court denied the motion to set aside the judgment on August 3, 2010, noting, *inter alia*, that, under Ninth Circuit law, minimal alumni contacts are not a basis for a judge to recuse himself or herself. *See* Docket No. 209 (order). Three days after the decision issued, Ms. Chang filed the currently pending motion for recusal.

## II.  DISCUSSION

Ms. Chang has moved for a recusal of the undersigned pursuant to 28 U.S.C. §§ 144 and 455. As a preliminary matter, the Court notes that, arguably, Ms. Chang's motion is untimely. Ms. Chang claims to have discovered the undersigned's affiliation with the University in September 2008. *See* Docket No. 197 (Mot. at 6). However, Ms. Chang did not move for a recusal of the undersigned until almost two years later – notably, after the Ninth Circuit rejected her appeal and after this Court denied her motion to set aside the judgment. *Cf. E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (rejecting proposition that "a party having information that raises a possible ground for disqualification can wait until after an unfavorable judgment before bringing the information to the court's attention"; adding that "a recusal motion must be made in a timely fashion" – *i.e.*, "'should be filed with reasonable promptness after the ground for such a motion is ascertained'").

However, even if her motion were timely filed, Ms. Chang would fare no better. With respect to her request for recusal pursuant to § 455, this Court has already explained to Ms. Chang that, under Ninth Circuit case law, § 455 does not require recusal for minimal alumni contacts. *See United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998). Minimal alumni contacts include receiving a degree from the defendant school, making small yearly financial contributions to an alumni organization of the defendant school, presenting education programs at the defendant school, serving as an unpaid professor at the defendant school, and offering unpaid

internships to students of the defendant school. *See id.* (citing cases); *see also Lunde v. Helms*, 29 F.3d 367, 371 (8th Cir. 1994) (concluding that "making alumni contributions or participating in university educational programs, without more, is [not] a reasonable basis for questioning the judge's impartiality"). Ms. Chang's reliance on *Brody v. President & Fellows of Harvard College*, 664 F.2d 10 (1st Cir. 1981), is unavailing. *Brody* is a First Circuit case and therefore is not binding precedent. In contrast, *Hochman* is a Ninth Circuit case and therefore is binding precedent.

As for Ms. Chang's request for recusal pursuant to § 144, Ms. Chang's contention that the decision must be made by another judge is not entirely correct. Section 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. As the Court has previously explained to Ms. Chang, the language of the statute establishes that "'[t]he simple filing of an affidavit does not automatically disqualify a judge.' Only if a timely and sufficient affidavit is filed must a presiding judge proceed no further and the case be reassigned to another judge." Docket No. 154 (Order at 1) (quoting *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)); *see also United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (noting that "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case").

As noted above, the Court assumes for purposes of this motion that the request for recusal was timely filed. But that still leaves open the question of the legal sufficiency of Ms. Chang's affidavit.

> [T]o be legally sufficient, the affidavit must meet three requirements. It must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits. The focus is not only on the source of the facts and their distorting effect on a decision on the merits . . . but also on (3) the substantiality of the support given by these facts to the allegation of bias . . . .

*Id.* at 739-40. The problem for Ms. Chang is that, as discussed above, the alumni contacts to which she points, *see* Mot., Exs. I-J, L-R (indicating that judicial externships are available with the undersigned and that students from the University law school have been hired as externs, that the

3

undersigned has made in certain years contributions between $500-1,000, that the undersigned had a speech that was published in a University law review, that the undersigned made a presentation at an event celebrating the naming of the Center for Social Justice at the University law school), are nothing but minimal under Ninth Circuit law and therefore her affidavit is not legally sufficient such that her request for recusal must be given to another judge.

### III. CONCLUSION

For the foregoing reasons, Ms. Chang's motion for recusal is **DENIED**.

This order disposes of Docket No. 211.

IT IS SO ORDERED.

Dated: August 11, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG, *et al.*, | No. C-07-4005 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| ROCKRIDGE MANOR CONDOMINIUM, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Christine Chang
341 Tideway Drive #214
Alameda, CA 94501

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

Dated: August 11, 2010     RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____
Leni Doyle
Deputy Clerk