**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

       Plaintiffs,

     v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

       Defendants.

_____/

No. C-07-4005 EMC

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

**(Docket Nos. 218, 220)**

     Previously, this Court issued (1) an order denying Plaintiffs' Christine Chang and Eric Sun's motion to set aside the judgment and (2) an order denying Plaintiffs' motion for recusal. *See* Docket No. 209 (order, filed on 8/3/10); Docket No. 213 (order, filed on 8/11/2010). Ms. Chang has now moved for reconsideration of both orders.[1] Having considered the papers filed and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motions to reconsider.

## I.   DISCUSSION

     Civil Local Rule 7-9 governs motions for reconsideration. Under the rule, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). Moreover, a party moving for leave to file a motion for reconsideration must

---

[1] Ms. Chang purports to make the motions on both her behalf as well as Mr. Sun, her son. However, as the Court has repeatedly noted, Ms. Chang has never been appointed guardian ad litem for her son and, even if she had been, she would need representation by counsel which has not been obtained.

**United States District Court**
For the Northern District of California

1    specifically show:

2    (1)   That at the time of the motion for leave, a material difference
     in    fact or law exists from that which was presented to the Court
3          before entry of the interlocutory order for which
           reconsideration is sought.  The party also must show that in the
4          exercise of reasonable diligence the party applying for
           reconsideration did not know such fact or law at the time of the
5          interlocutory order; or

     (2)   The emergence of new material facts or a change of law
6          occurring after the time of such order; or

7    (3)   A manifest failure by the Court to consider material facts or
           dispositive legal arguments which were presented to the Court
8          before such interlocutory order.

9    Civ. L.R. 7-9(b).

10         In the instant case, Ms. Chang has failed to meet any of the above standards and therefore the

11   Court denies her leave to file her motions for reconsideration.

12         Even if the Court were to permit Ms. Chang to file her motions for reconsideration, she

13   would fare no better on the merits.

14         First, Ms. Chang claims that the undersigned distorted the facts as to when she learned about

15   his affiliations with the University.  According to Ms. Chang, she discovered the affiliations in

16   September 2009 -- not in September 2008 as stated in the Court's order.  But September 2008 was

17   the date that Ms. Chang cited in her original motion to set aside the judgment.  *See* Docket No. 197

18   (Mot. at 6) (asserting that, "[i]n September 2008, Chang and Sun discovered new evidence")

19   (emphasis omitted).  Therefore, Ms. Chang's contention that the undersigned has distorted the facts

20   is without basis.  Furthermore, even if Ms. Chang had not discovered the affiliations until September

21   2009, that does not alter the Court's analysis in its order denying the motion to set aside the

22   judgment.

23         Second, Ms. Chang argues that *United States ex rel. Hochman v. Nackman*, 145 F.3d 1069,

24   1076 (9th Cir. 1998), does not support the Court's denial of her motion for recusal because, in that

25   case, the university with which the judge was affiliated was only tangentially involved in the case

26   and was not an actual party.  Here, the University is a party to the case.  Ms. Chang is correct that

27   the university in *Hochman* was not a named party and that the Ninth Circuit took this fact into

28   consideration in concluding that there was no need for recusal.  *See id.* at 1076 (stating that the

**United States District Court**
For the Northern District of California

judge's "small yearly contribution to the law school's alumni association" was an "insignificant contact [that] would not reasonably lead one to question his impartiality, in particular because USC is not a named party and because the relationship between this case and USC's law school is virtually nonexistent").  However, in the very next breath, the Ninth Circuit spoke in much broader terms:

> We agree with other circuits in holding that § 455(a) does not require recusal for similarly minimal alumni contacts.  *See, e.g.*, *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-university's law school, made financial contributions to an alumni organization, and had presented education programs at the university); *Wu v. Thomas*, 996 F.2d 271, 274-75 & n.7 (11th Cir. 1993) (per curiam) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets, and planned to create scholarship at the university); *Easley v. University of Mich. Bd. of Regents*, 906 F.2d 1143, 1145-46 (6th Cir. 1990) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-law school and member of law school alumni social organization).

*Id.*  As indicated by the authority cited by the Ninth Circuit, minimal alumni contacts are not enough to give rise to recusal *even* where the university or school is a party in the case.

Third, the Court addresses the affiliations that Ms. Chang maintains the undersigned has with the University.  According to Ms. Chang, one such affiliation consisted of the undersigned being counsel in a case, *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090 (1997).  The undersigned was an attorney in that lawsuit but did not represent the University in the action; indeed, the University was not a party to the suit or even tangentially involved.  Ms. Chang suggests that the undersigned provided this case to University law students for a case study but there is nothing to support this assertion.

Other affiliations referred to by Ms. Chang consist of giving a speech for the California Law Review (later published in the journal), attending a reunion, providing small alumni contributions ($500-999), and attending and making a presentation at an event celebrating the naming of the Center for Social Justice in honor of another judge in this District.  While Ms. Chang has offered a declaration to authenticate the evidence she has submitted to support these affiliations, the evidence is largely hearsay and therefore inadmissible.  More important, even taking the evidence as

**United States District Court**
For the Northern District of California

1   inadmissible, the affiliations still are nothing more than minimal alumni contacts under *Hochman*

2   and the authority cited in *Hochman*.

3         Finally, the Court notes that, in her motion seeking reconsideration of the order denying the

4   request to set aside the judgment, Ms. Chang argues that the undersigned failed to discuss Federal

5   Rule of Civil Procedure 60(b)(6).  However, Ms. Chang never cited Rule 60(b)(6) as a basis for her

6   motion to set aside the judgment.  *See* Docket No. 197 (motion).  Even if she had, her motion would

7   have failed because, "[i]f the reasons offered for relief from judgment could be considered under one

8   of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule

9   60(b)(6)."  Moore's Fed. Prac. -- Civ. § 60.48[2]; *see also Arrieta v. Battaglia*, 461 F.3d 861, 865

10  (7th Cir. 2006) (noting that, "if the asserted ground for relief falls within one of the enumerated

11  grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision

12  of Rule 60(b)(6) is not available"); *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993) (noting

13  that "clause (6) is designed as a catchall, and a motion thereunder is only appropriate when none of

14  the first five subsections pertain"; adding that "plaintiffs' attempt to garb their motion in the raiment

15  of clause (6) runs aground on the bedrock principle that clause (6) may not be used as a vehicle for

16  circumventing clauses (1) through (5)").  Moreover, relief under Rule 60(b)(6) is reserved for cases

17  in which there are extraordinary circumstances.  *See Lal v. State of Cal.*, 610 F.3d 518, 524 (9th Cir.

18  2010) (stating that Rule 60(b)(6) is used "'sparingly as an equitable remedy to prevent manifest

19  injustice'" and that to receive relief under the rule, "a party must demonstrate "'extraordinary

20  circumstances which prevented or rendered him unable to prosecute [his case]'").  No such showing

21  was made here.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## II.   <u>CONCLUSION</u>

Accordingly, Ms. Chang's motions for leave to file a motion for reconsideration, as well as her motions to reconsider, are denied.

This order disposes of Docket Nos. 218 and 220.


IT IS SO ORDERED.


Dated:  September 7, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

5

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CHANG, *et al.*,

        Plaintiffs,

     v.

ROCKRIDGE MANOR CONDOMINIUM, *et al.*,

        Defendants.

_____/

No. C-07-4005 EMC

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Christine  Chang
341 Tideway Drive #214
Alameda, CA 94501

Dated:  September 7, 2010

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

RICHARD W. WIEKING, CLERK


By:  _____/s/  Leni Doyle_____
        Leni Doyle
        Deputy Clerk